ORIGINAL

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:10-CV-0953-D

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* GREENBERG VAN DORAN

was received by me on *(date)* 6/01/2011 .

☑ I served the subpoena by delivering a copy to the named person as follows: SERVED ON MIKE MARTIN, MANAGER AT GREENBERG VAN DORAN, WHOM ACCEPTED SERVICE ON BEHALF OF GREENBERG VAN DORAN       on *(date)* 6/01/2011 ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$

My fees are $   6.63   for travel and $   72.00   for services, for a total of $   28.63
                                                                                    0.00 .

I declare under penalty of perjury that this information is true.

Date:  6/1/2011

_____
*Server's signature*

JEFFREY B. ARONSON, ST. LOUIS, MO P.S.L. #478
*Printed name and title*

P.O. BOX 142387, ST. LOUIS, MO. 63114
*Server's address*

Additional information regarding attempted service, etc:

PERSONALLY HANDED TO MIKE MARTIN, THE MANAGER AT
GREENBERG VAN DORAN AT 2:05 P.M.-C.S.T ON 6/1/2011.

DEPUTY CLERK
2011 JUN -6 PM 12:43
CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

# AFFIDAVIT OF SERVICE

MARGUERITE HOFFMAN
**PLAINTIFF/PETITIONER**

CAUSE NO.: 3:10-CV-0953-D

DIVISION NO.: UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF
MISSOURI

vs.

L&M ARTS, DAVID MARTINEZ AND
STUDIO CAPITOL, INC,
**DEFENDANT/RESPONDENT**

COMES NOW JEFFREY B. ARONSON AND STATES THE FOLLOWING:

ON 6/01/2011   AT 2:05 PM - CST,

I SERVED THE WITHIN SUBPOENA, SCHEDULE "A", NOTICE OF SUBPOENA TO GREENBERG VAN DORAN FOR THE PRODUCTION OF DOCUMENT AND CERTIFICATE OF SERVICE

TO: MIKE MARTIN, A MANAGER AT GREENBERG VAN DORAN GALLERY

IN THE FOLLOWING MANNER: ACCEPTED SERVICE ON BEHALF OF GREENBERG VAN DORAN GALLERY

SERVICE WAS EFFECTED AT 3540 WASHINGTON AVE, ST. LOUIS, MISSOURI, 63103

SERVED IN ST. LOUIS   ~~COUNTY~~, (CITY OF ST. LOUIS) STATE OF MISSOURI

JEFFREY B. ARONSON
**PRINTED NAME OF SERVER**

x _____
**SIGNATURE OF SERVER**

LISTED AND SUBSCRIBED BEFORE ME THIS THE 1st DAY OF June, 2011

x _____
**NOTARY PUBLIC**

MY COMMISSION EXPIRES 06/30/2013

STEPHANIE R. FITZPATRICK
Notary Public
Notary Seal
STATE OF MISSOURI
Commission # 09830270

**NOTARY SEAL**

**ARONSON PROCESS SERVICE, LLC**
P.O. BOX 142387
ST. LOUIS, MO. 63114
(314) 498-9514

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## **SCHEDULE A**

Pursuant to Rules 34 and 45 of the Federal Rules of Civil Procedure, Defendants

David Martinez and Studio Capital, Inc. ("Defendants"), by and through their attorneys, hereby

request that Greenberg Van Doren respond fully to each document request set forth herein (the

"Requests") and produce for examination, inspection and copying, within eighteen (18) days of

the service hereof, all documents described below.

### DEFINITIONS

1.      "Communicate" or "communication" means all verbal and written means

of transmission or exchange of information, including but not limited to statements, admissions,

denials, inquiries, discussions, conversations, negotiations, agreements, contracts, understandings

and meetings.

2.      "Concern," "evidence," "refer, "relate to, "concerning," "evidencing,"

"referring," or "relating to" any given subject means all documents which assess, concern,

constitute, contain, describe, discuss, embody, evidence, identify, record, reflect, regard, show,

state, or refer or relate, directly or indirectly, in any way, to the subject matter identified.

3.      "Document(s)" shall have the full meaning ascribed to it in Rule 34 of the

Federal Rules of Civil Procedure and for purposes of this Request shall be deemed to include

"electronically stored information" ("ESI") as also defined in Rule 34.  Examples of documents

include, but are not limited to, all writings in any form, calendars, correspondence, diaries,

manuals, memoranda, notes, reports, records, drawings, graphs, charts, photographs, sound

recordings, images, video recordings, telephone records, Bloombergs, electronic mail messages,

instant messages, spreadsheets, databases, all other forms of electronic communication, and other

data or data compilations of whatever nature stored in any medium (including those from which

information can be obtained or translated if necessary into a reasonably useable form).  For the

avoidance of doubt, document(s) shall include all originals of any nature whatsoever and all non-identical copies thereof, whether different from the originals by reason of any notation made on such copies or otherwise.

4.      "Person" means any natural person, association, business, group, organization, legal entity, government entity, or other entity.

5.      "2007 Sale" means the sale of the Painting referenced in the Agreement.

6.      "Agreement" means the agreement, dated April 24, 2007, "between Greenberg Van Doren Gallery on behalf of the seller and L&M Arts on behalf of the buyer."

7.      "February Draft Agreement" means the draft agreement, dated February 27, 2007, "between L&M Arts (on behalf of buyer) and Greenberg Van Doren Gallery (on behalf of the seller)," which was later superseded by the Agreement.

8.      "Greenberg Van Doren" or "You" means Greenberg Van Doren Gallery, Inc. and each of its divisions, subsidiaries, affiliates, controlled entities, joint ventures, related companies, predecessors, successors and assigns; and present and former officers, directors, employees, agents, attorneys, accountants, and representatives of any of the entities listed above; and any other person who currently or formerly acted or purported to act on behalf, or who are or have been subject to the direction or control of, any of the entities listed above, including but not limited to John Van Doren.

9.      "L&M" means L&M Arts LLC and each of its divisions, subsidiaries, affiliates, controlled entities, joint ventures, related companies, predecessors, successors and assigns; and present and former officers, directors, employees, agents, attorneys, accountants, and representatives of any of the entities listed above; and any other person who currently or formerly acted or purported to act on behalf, or who are or have been subject to the direction or

control of, any of the entities listed above, including but not limited to Dominique Levy and Robert Mnuchin.

10. "Levy" means Dominique Levy, and any person acting for her or on her behalf, whether directly or indirectly, including but not limited to any assignees, agents, attorneys, intermediaries, representatives, trustees, or consultants.

11. "Mnuchin" means Robert Mnuchin, and any person acting for him or on his behalf, whether directly or indirectly, including but not limited to any assignees, agents, attorneys, intermediaries, representatives, trustees, or consultants.

12. "Painting" means the oil painting on canvas by Mark Rothko, *Untitled*, dating from 1961, that is the subject of the Agreement.

13. "Plaintiff" means Marguerite Hoffman, and any person acting for her or on her behalf, whether directly or indirectly, including but not limited to any assignees, agents, attorneys, intermediaries, representatives, trustees, or consultants.

14. "Van Doren" means John Van Doren, and any person acting for him or on his behalf, whether directly or indirectly, including but not limited to any assignees, agents, attorneys, intermediaries, representatives, trustees, or consultants.

INSTRUCTIONS

1. Whenever necessary to bring within the scope of this Request documents that might otherwise be construed to be outside its scope:

(a) "and" and "or" shall be construed conjunctively or disjunctively;

(b) "all" and "each" shall be construed as "all and each;"

(c) the use of the singular form of any word shall include the plural and vice versa;

3

(d)     the use of a verb in any tense shall be construed as the use of that

verb in all other tenses; and

(e)     the use of the feminine, masculine or neuter genders shall include

all genders.

2.     No paragraph herein shall be construed with reference to any other

paragraph for the purpose of limitation.

3.     Unless otherwise indicated, the relevant time period for purposes of these

Requests is between January 1, 2005 and the date of production.

4.     All documents shall be produced in the manner in which they are

maintained in the usual course of business.  A request for a document shall be deemed to include

a request for any and all file folders or binders within which the document was contained,

transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document in addition

to the document itself.

5.     All documents requested herein shall be produced in their entirety, along

with any attachments, drafts, and non-identical copies, including copies that differ due to

handwritten notes or other notes or markings.

6.     Provide all ESI in standard Group IV TIFF format with accompanying text

extraction and metadata in a Concordance load file.  To the extent You produce one form of a

document, it need not be produced in another form; however, Defendants reserve the right to

request native files for any document that is unreadable or has limited accessibility in the Group

IV TIFF format (e.g., MS Excel, PowerPoint, or databases).  Produce audio, audiovisual, and

video files in their native formats.  Produce the metadata for any responsive ESI with the

responsive data, including the following fields as appropriate for the file type:  author(s),

recipient(s), blind copy recipient(s), subject, document type, custodian, file creation date, file modification date, access date, last saved by, file path and folder information.

7.    In the event You withhold any document called for by this Request on the basis of a claim of privilege or other right of nondisclosure, You shall provide a privilege log separately identifying (i) each document withheld; (ii) the type of document withheld (memorandum, letter, report, e-mail, etc.); (iii) the date of its creation, (iv) its subject matter; (v) its author; (vi) all persons who drafted, sent, received or were to receive any copy or version of it; and (vii) the basis for withholding the document.

8.    In the event that any document called for by this Request has been destroyed or discarded, You shall provide a written document identifying the document so lost, discarded, or destroyed as completely as possible, providing at least the following information: (i) the type of document withheld; (ii) any addressor and addressee; (ii) any indicated or blind copy recipients; (iii) the document's date, subject matter, number of pages, and attachments or appendices; (iv) all persons to whom the document was distributed, shown or explained; (v) the document's date of destruction or discard, manner of destruction or discard, and reason for destruction or discard; and (vi) the persons authorizing and carrying out such destruction or discard.

9.    If objection is made to any of the Requests, the response shall state whether documents are being withheld from inspection and production on the basis of such objection, or whether inspection and production of the responsive documents will occur notwithstanding such objection.

10.    If there are no documents responsive to any particular request, the response shall state so in writing.

5

## DOCUMENTS REQUESTED

Request No. 1:

All documents, without regard to the time period limitation in Instruction No. 3, relating to the ownership or possession of the Painting by Plaintiff, her late husband, or any person or entity affiliated with Plaintiff or her late husband.

Request No. 2:

All documents, without regard to the time period limitation in Instruction No. 3, relating to any potential sale of the Painting by Plaintiff, her late husband, or any person or entity affiliated with Plaintiff or her late husband, including but not limited to any draft of any document setting forth terms of any potential sale and any communications with any potential purchasers and/or agents or representatives of potential purchasers.

Request No. 3:

All documents relating to the 2007 Sale, including but not limited to all documents reflecting communications regarding the 2007 Sale and/or any negotiations concerning the 2007 Sale.

Request No. 4:

All documents relating to the February Draft Agreement, including but not limited to all drafts of the February Draft Agreement and all documents concerning or reflecting communications or negotiations regarding the February Draft Agreement.

Request No. 5:

All documents relating to the Agreement, including but not limited to all drafts of the Agreement and all documents concerning or reflecting communications or negotiations regarding the Agreement.

Request No. 6:

All documents relating to any person's understanding of the provision in the Agreement that the

Parties agreed to "make maximum effort to keep all aspects of this transaction confidential

indefinitely."

Request No. 7:

All documents relating to any person's understanding of the provision in the February Draft

Agreement that "[i]t is the specified wish of the seller that the sale and terms of the sale remain

confidential."

Request No. 8:

All documents relating to Plaintiff's dealings or interactions with Greenberg Van Doren

regarding the Painting, including but not limited to all documents concerning Greenberg Van

Doren serving as agent for Plaintiff in the sale of the Painting or any potential sale of the

Painting.

Request No. 9:

All documents, without regard to the time period limitation in Instruction No. 3, relating to the

gift, bequest or potential gift or bequest of any works of art, including but not limited to the

Painting, by Plaintiff, her late husband, or any person or entity affiliated with Plaintiff or her late

husband, to the Dallas Museum of Art.

Request No. 10:

All documents concerning any actual or proposed business relationship or business dealings

between Plaintiff on the one hand and Greenberg Van Doren on the other hand, including but not

limited to any documents concerning any proposed or consummated sale, acquisition,

consignment, auction, or other transaction or negotiation concerning any work of art.

Request No. 11:

All documents related to any estimate regarding the Painting's value or any offer to purchase the Painting, including but not limited to potential private sales or potential public auction of the Painting.

In The United States District Court
For The Northern District Of Texas
Dallas Division

| | | |
|---|---|---|
| Marguerite Hoffman, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:10-cv-0953-D |
| | § | |
| L&M Arts, David Martinez and | § | |
| Studio Capital, Inc., | § | |
| | § | |
| Defendants. | § | |

## NOTICE OF SUBPOENA TO GREENBERG VAN DOREN
## FOR THE PRODUCTION OF DOCUMENT

PLEASE TAKE NOTICE that, pursuant to Rule 34 and 45 of the Federal Rules of

Civil Procedure, Defendants Studio Capital, Inc. and David Martinez ("Defendants") hereby

served the attached subpoena to Greenberg Van Doren on May 31, 2011 for the production of

documents.  The subpoena is in the form attached hereto.

Dated: May 31, 2011

NEWYORK:2395055.1
DRAFT 05/31/11 11:10AM

JACKSON WALKER L.L.P.

Gordon M. Shapiro
Texas Bar No. 18110600
Kurt Schwarz
Texas Bar No. 17871550
Stephanie C. Sparks
Texas Bar No. 24042900
901 Main Street, Suite 6000
Dallas, Texas  75202
Telephone: (214) 953-6000
Facsimile: (214) 953-5822

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Jonathan I. Blackman (*pro hac vice*)
Howard S. Zelbo (*pro hac vice*)
Melissa K. Marler (*pro hac vice*)
One Liberty Plaza
New York, New York  10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

ATTORNEYS  FOR  DAVID  MARINTEZ
AND STUDIO CAPITAL, INC.

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served on the attorneys of record for all parties as specified below, on the 31st day of May, 2011.

**Via Electronic Mail and**
**Certified Mail Return Receipt Requested**
Roger Netzer
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, New York 10019

**Via Electronic Mail and**
**Certified Mail Return Receipt Requested**
Bart Wulff
SHACKELFORD, MELTON & McKINLEY LLP
3333 Lee Parkway, Tenth Floor
Dallas, Texas 75219

**Via Regular Mail**
Jonathan I. Blackman
Howard S. Zelbo
Melissa K. Marler
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, New York  10006

**Via Regular Mail**
Thomas E. Kurth
William Alan Wright
Haynes and Boone, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas  75219

**Via Regular Mail**
Robert M. Abrahams
Kristie Blase
Schulte Roth & Zabel LLP
919 Third Avenue
New York, New York  10022

Kurt Schwarz

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Missouri

| | | |
|---|---|---|
| Marguerite Hoffman, | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   3:10-CV-0953-D |
| L&M Arts, David Martinez, and Studio Capital, Inc., | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Northern District of Texas          ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Greenberg Van Doren
       3540 Washington Avenue, St Louis, MO 63103

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Schedule A attached hereto.

| Place: Greenberg Van Doren 3540 Washington Avenue, St Louis, MO 63103 | Date and Time: 06/15/2011 12:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:    05/31/2011

                  CLERK OF COURT

                                                          OR    _____
_____                                *Attorney's signature*
       *Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*    David Martinez and
Studio Capital, Inc. _____, who issues or requests this subpoena, are:

Kurt Schwarz, Jackson Walker LLP
901 Main Street, Suite 6000, Dallas, Texas  75202
Phone: 214-953-6000, email: kschwarz@jw.com