IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARGUERITE HOFFMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:10-cv-0953-D |
| | § | |
| L&M ARTS, DAVID MARTINEZ | § | |
| and STUDIO CAPITAL, INC., | § | |
| | § | |
| Defendants. | § | |

# DEFENDANT L&M ARTS'S REPLY IN SUPPORT OF MOTION TO DISMISS

Thomas E. Kurth
Texas Bar No. 11768500
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas  75219
214-651-5000 Telephone
214-651-5690 Facsimile
thomas.kurth@haynesboone.com

Of Counsel
Robert M. Abrahams (pro hac vice)
New York Bar No. 1236538
Kristie M. Blase (pro hac vice)
New York Bar No. 4526448
SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, New York  10022
212-756-2000 Telephone
212-593-5955 Facsimile
robert.abrahams@srz.com
kristie.blase@srz.com

**ATTORNEYS FOR DEFENDANT L&M ARTS**

# TABLE OF CONTENTS

SUMMARY ................................................................................................................................... 1

ARGUMENT AND AUTHORITIES ........................................................................................... 1

    A.     Plaintiff fails to properly allege that L&M misrepresented the terms of the Letter Agreement. ........................................................................................................... 1

    B.     Plaintiff fails to state how L&M's alleged contacts with Sotheby's breached the Letter Agreement. ..................................................................................................... 3

    C.     Plaintiff fails to properly allege causation. ............................................................. 7

CONCLUSION ............................................................................................................................... 8

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*American Prairie Constr. Co. v. Hoich*, 594 F.3d 1015 (8th Cir. 2010) ..........................................3

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) ......................................................................................7

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................................2, 7

*Berry v. Indianapolis Life Ins. Co.*, 600 F. Supp. 2d 805 (N.D. Tex. 2009)...................................7

*Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496 (5th Cir. 2000)..........................................2

*Orkin v. Taylor*, 487 F.3d 734 (9th Cir. 2007)................................................................................4

*Pehnke v. City of Galveston*, 977 F. Supp. 827 (S.D. Tex. 1997)..................................................7

*Schakosky v. Client Servs., Inc.*, 634 F. Supp. 2d 732 (E.D. Tex. 2007)........................................5

*Schleif v. Nu-Source, Inc.*, No. 10-4477, 2011 U.S. Dist. LEXIS 44446 (D. Minn. April 25, 2011) ...................................................................................................................................2

*Scotts Co. v. Cent. Garden & Pet Co.*, 403 F.3d 781 (6th Cir. 2005)..............................................3

*Smith Int'l v. Egle Group, LLC*, 490 F.3d 380 (5th Cir. 2007).........................................................3

*Van Kirk & Riles Interests, Inc. v. Forest Oil Corp.*, 206 F. Supp. 2d 856 (S.D. Tex. 2002) ........................................................................................................................................5

**FEDERAL RULES**

Federal Rule of Civil Procedure 8 ....................................................................................................1

Federal Rule of Civil Procedure 12(b)(6) ........................................................................................7

**OTHER AUTHORITIES**

Michol O'Connor, *O'Connor's Texas Causes of Action*, Chapter 5-B § 1.1, at 66 (2011).............7

**SUMMARY**

Plaintiff's Response admits that the only two potential breaches of the one-page letter agreement dated April 24, 2007 (the "Letter Agreement") at issue are (1) an alleged misrepresentation of the terms of the Letter Agreement by L&M Arts ("L&M") to its principal and (2) an alleged failure by L&M to inform Sotheby's about the confidentiality provision of the Letter Agreement.[1] The remainder of Plaintiff's Response either attempts to raise questions of fact out of issues that can clearly be resolved on the pleadings or repeat conclusory allegations that cannot withstand the Rule 8 pleading standard. In effect, Plaintiff's Response only highlights the fact that Plaintiff's claims against L&M should be dismissed on the pleadings as a matter of law.

**ARGUMENT AND AUTHORITIES**

A.   **Plaintiff fails to properly allege that L&M misrepresented the terms of the Letter Agreement.**

The sole factual allegation underlying Plaintiff's claim that L&M breached the Letter Agreement by allegedly misinforming its principal(s) regarding the confidentiality provision is that the April 18, 2007 Invoice allegedly materially misstates the terms of the April 24th Letter Agreement. Second Amended Complaint ("SAC") ¶¶ 35, 41. Now that L&M's Motion has pointed out the impossibility of this allegation due to two facts — (1) the Invoice is not inconsistent with the terms of the Letter Agreement, and (2) the Invoice pre-dates the agreement allegedly breached — Plaintiff's Response portrays the Invoice as "one example" or a "supporting detail" of L&M's "continuous misrepresentation." Response at p. 11, 12. The key paragraph from the Second Amended Complaint cited by Plaintiff to support this theory,

---

[1] L&M further notes that Plaintiff erroneously asserts in her Response that L&M does not dispute (1) whether the Letter Agreement is a valid contract, (2) that Plaintiff performed under the Letter Agreement, or (3) that Plaintiff suffered damages. L&M does not concede any of these issues; rather, they are simply not relevant to L&M's present argument in its motion to dismiss.

however, only states that "L&M continued to insist that the Contract did not require Defendants to keep all aspects of the Transaction confidential indefinitely." SAC ¶ 37. It is axiomatic that an allegation regarding L&M's own internal alleged interpretation of the confidentiality provision does not equate to an affirmative misrepresentation of that provision to David Martinez and/or Studio Capital Inc. ("Studio Capital"). Plaintiff may not rest on the conclusory allegation that L&M continually misrepresented the terms of the Letter Agreement without any additional supporting factual allegations that would elevate this assertion above the "speculative level." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *see also Schleif v. Nu-Source, Inc.*, No. 10-4477 (DWF/SER), 2011 U.S. Dist. LEXIS 44446, at *9-11 (D. Minn. April 25, 2011) (holding that a complaint failed to plead sufficient facts to state a claim for breach of a confidentiality provision when it failed to sufficiently describe the nature of the breach).

Turning to the Invoice itself, Plaintiff attempts to argue that whether the Invoice is consistent with the terms of the Letter Agreement is a question of fact. There is no question of fact concerning the plain terms of the Letter Agreement and the Invoice, and the Court is well able to construe the terms of a document incorporated by reference into a complaint for the purpose of deciding a motion to dismiss, as this Court did in its initial opinion. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). It is simply not plausible under this Court's prior construction of the Letter Agreement's confidentiality provision that the difference between "keeping the terms of this transaction strictly confidential" and keeping "all aspects of this transaction confidential indefinitely" amounts to a breach of the Letter Agreement. Plaintiff's allegations that depend on the Invoice as a basis for a breach of contract claim fail to state that claim as a matter of law.

Plaintiff also apparently argues that there is a distinction between "terms" and "all aspects" such that "terms" does not include the fact that a transaction occurred. However, courts clearly hold that the "terms" of a contract include the identity of the parties. *See American Prairie Constr. Co. v. Hoich*, 594 F.3d 1015, 1024 (8th Cir. 2010) ("It is hard to imagine a contract term more essential than the identity of the parties."); *Scotts Co. v. Cent. Garden & Pet Co.*, 403 F.3d 781, 788 (6th Cir. 2005) (noting that the "identity of the parties to be bound" is "an essential contract term"). Therefore, whether "terms" or "all aspects" is used makes no difference to the obligation to keep the identity of the parties to the transaction confidential.

Finally, Plaintiff fails to rebut the simple fact that the Invoice cannot support a breach of contract claim for a contract that didn't yet exist. It is undisputed that Plaintiff's sole claim against L&M is for breach of the April 24th Letter Agreement. *See* SAC ¶¶ 31 (defining the "Contract" as the April 24, 2007 Letter Agreement), 69 (alleging breach of the "Contract"). It is also undisputed that the Invoice is dated April 18, 2007. *See* Response p. 11. A claim for breach of contract requires the existence of a valid contract at the time of the alleged breach. *See Smith Int'l v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (citing *Valero Mktg. & Supply Co. v. Kalama Int'l, L.L.C.*, 51 S.W.3d 345, 351 (Tex. App.–Houston [1st Dist.] 2001, no pet.)). Therefore, the Invoice, issued on April 18th, cannot support Plaintiff's claim for breach of a contract that did not exist until April 24th.

**B.     Plaintiff fails to state how L&M's alleged contacts with Sotheby's breached the Letter Agreement.**

Plaintiff's second basis for her breach of contract claim involves L&M's alleged contacts with Sotheby's. Despite failing to allege that L&M has any connection to Sotheby's with respect to the auction of the Painting (apart from one discussion regarding the Painting's provenance), Plaintiff attempts to place the blame for the method of the Painting's subsequent sale (public

auction) and liability for her alleged damages caused by that public auction at L&M's feet. The lack of supporting allegations demonstrates the irrationality of Plaintiff's approach and her failure to state a claim for breach of contract against L&M.

First, Plaintiff's Response misconstrues the terms of the Letter Agreement by asserting that L&M allegedly breached the Letter Agreement when it allegedly failed to inform Sotheby's that the Painting's provenance was to remain confidential. However, the Letter Agreement does not require that the Painting's "provenance" remain confidential. As discussed in L&M's Motion, the provenance of a painting is merely its chain of title, and it exists independent of the "terms" or "aspects" of a particular purchase or sale transaction. *See, e.g., Orkin v. Taylor*, 487 F.3d 734, 737 (9th Cir. 2007). The Letter Agreement requires that the parties keep "all aspects of [the] transaction" confidential, but says nothing of maintaining the confidentiality of the Painting's provenance. In any case, a requirement that a painting's provenance be kept confidential would be ineffectual, as much of the provenance is a matter of public record. The Invoice relied upon by Plaintiff is itself a demonstration of how a Painting's provenance may be detailed without revealing Plaintiff's ownership, and Plaintiff has previously admitted that even the marketing materials concerning the Painting omitted the fact of Plaintiff's ownership. Memorandum Opinion and Order, Docket No. 57 ("Opinion") p. 13. Moreover, Plaintiff fails to allege that, in discussing the Painting's provenance with Sotheby's, L&M disclosed Plaintiff's name, the fact that Plaintiff had sold the Painting to Studio Capital, Mr. Martinez, or anyone else, or anything at all about a prior sale of the Painting. Consequently, the allegation that L&M breached the Letter Agreement by merely discussing the Painting's provenance with Sotheby's fails to actually allege a breach.

Plaintiff's alternative argument concerning L&M's alleged connection to Sotheby's, that L&M breached the Letter Agreement by allegedly failing to disclose the confidentiality provision, does nothing more than beg the question of why L&M would even need to disclose the confidentiality provision. Plaintiff's Response claims that L&M was acting as an agent for Mr. Martinez or Studio Capital at the time of the public auction, citing to the Second Amended Complaint which contains no allegation that such an agency relationship existed, instead stating that Mr. Martinez and/or Studio Capital consigned the Painting to Sotheby's. *See* SAC ¶ 48.[2] Plaintiff clearly knows how to properly plead an agency relationship. *See* SAC ¶ 18 ("L&M acted as agent for Martinez and/or Studio Capital as undisclosed principals").

An allegation of an agency relationship must be supported by sufficiently pled facts. *See Schakosky v. Client Servs., Inc.*, 634 F. Supp. 2d 732, 735-36 (E.D. Tex. 2007) (granting a motion to dismiss because the plaintiff failed to adequately plead facts to support the existence of an agency relationship). There are no allegations that L&M acted as Studio Capital's or Mr. Martinez's agent with respect to the Sotheby's transaction. Moreover, Plaintiff's Response offers no rebuttal to the elementary point that, as a matter of law, an agency relationship terminates once the purpose of the agency is accomplished. *See Van Kirk & Riles Interests, Inc. v. Forest Oil Corp.*, 206 F. Supp. 2d 856, 858 (S.D. Tex. 2002) (citing *Clinkenbeard v. Cent. S.W. Oil Co.*, 526 F.2d 649, 652 (5th Cir. 1976)). The Second Amended Complaint itself alleges that the purpose of L&M's agency was to represent the buyer in Plaintiff's sale of the Painting, and that this transaction concluded in 2007. SAC ¶¶ 18, 31. That agency, therefore, ended upon completion of the 2007 sale.

---

[2] In fact, in Plaintiff's First Amended Petition, Plaintiff's theory was that Sotheby's actively "seduced" Martinez and/or Studio Capital into selling the Painting, and the only actions allegedly taken by L&M with respect to the auction were to inform Plaintiff of Sotheby's role in the auction after the decision to auction had been made. *See* Plaintiff's First Amended Petition, Docket No. 1-4, ¶¶ 9, 50-51.

Plaintiff's argument that L&M remained bound to the Letter Agreement as an agent for an undisclosed principal at the time of the Sotheby's marketing campaign is irrelevant to L&M's Motion to Dismiss.  The Letter Agreement requires only that the parties maintain the confidentiality of Plaintiff's sale of the Painting, not that the parties are prohibited from discussing the Painting at all.  As explained above, L&M's alleged discussions with Sotheby's concerning the provenance of the Painting (which is the only topic of any actual communication alleged between L&M and Sotheby's) in no way implies a violation of the Letter Agreement's confidentiality provision.  Moreover, Plaintiff's claim that L&M did not keep all aspects of the transaction confidential, thereby violating the confidentiality provision of the Letter Agreement, by failing to disclose a key term of the transaction — that same confidentiality provision — makes no sense at all.  Whether L&M remained bound to the terms of the Letter Agreement at the time of the public auction is irrelevant to the fundamental issue raised in L&M's Motion, that Plaintiff fails to plead either a breach of the Letter Agreement or causation of damages.

Finally, Plaintiff's argument in her Response, which does not correspond to any allegations in the Second Amended Complaint, that L&M made "no effort" to secure compliance with the Letter Agreement in connection with the Sotheby's auction does not cure the fundamental flaw with this theory of breach: Plaintiff does not allege that L&M has any connection to Sotheby's apart from one discussion regarding the Painting's provenance.  Sotheby's was an unrelated third-party to the transaction memorialized in the Letter Agreement.  The Second Amended Complaint is silent on the key issue of why L&M would have needed to volunteer to this unrelated third-party any details about Plaintiff's sale of the Painting, let alone that all aspects of Plaintiff's sale of the Painting should be kept confidential.  Plaintiff's Response vainly attempts to transform her pleading deficiency into a fact question by positing

that "a stiff letter" to Sotheby's "might or might not" have been enough to comply with the Letter Agreement, but L&M's argument is more fundamental: the Second Amended Complaint fails to allege sufficient facts to reach Plaintiff's "stiff letter" question.

### C. Plaintiff fails to properly allege causation.

Plaintiff does not dispute that causation is an essential element of her breach of contract claim, nor that the only source of damages in this case is the public auction of the Painting. Plaintiff instead attempts to avoid the requirement to plead causation by casting it as a question of fact. However, L&M's argument is not that the facts as pleaded do not support causation; rather, L&M argues that the Second Amended Complaint fails to allege facts supporting an inference of causation *at all*. The failure to allege facts beyond the conclusory recitation of an element is a proper basis for dismissal under Rule 12(b)(6). *See Berry v. Indianapolis Life Ins. Co.*, 600 F. Supp. 2d 805, 814-15 (N.D. Tex. 2009) (granting a motion to dismiss because the complaint was "devoid of any factual allegations supporting [the] formulaic recitation of at least one of the legal elements" of the claim).

Regardless of whether Plaintiff adequately pled a breach of the Letter Agreement, Plaintiff must also plead "factual content that allows the court to draw the reasonable inference" that L&M's actions *caused* the public sale that allegedly damaged Plaintiff. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556); *see also Pehnke v. City of Galveston*, 977 F. Supp. 827, 832 (S.D. Tex. 1997) (to establish a breach of contract under Texas law, a party has to show damages "as a result of the breach."); *see also* Michol O'Connor, *O'Connor's Texas Causes of Action*, ch. 5-B § 1.1, at 66 (2011) (noting that an element of a claim for breach of contract in Texas is that the "defendant's breach caused the plaintiff injury"). But Plaintiff fails to plead that L&M had any control over the disposition of the Painting after

Plaintiff's sale. In fact, the Second Amended Complaint makes clear that L&M acted only as an agent and never owned the Painting. SAC ¶ 18.

Even assuming, which L&M does not concede, that the agency relationship continued past Plaintiff's sale in 2007 of the Painting to Studio Capital or Mr. Martinez, the Second Amended Complaint contains no alleged factual basis to support any inference that L&M's actions could have had any effect on the sale of the Painting through Sotheby's. Instead, Plaintiff makes the conclusory statement in her Response that had L&M made "every reasonable effort" to honor the confidentiality provision, "Martinez and/or Studio Capital or Sotheby's might not have gone through with the sale." Response p. 17. But there are no allegations in the Second Amended Complaint that could support this inference; indeed, as discussed above, the Second Amended Complaint makes clear that L&M *did not* control the Painting after Plaintiff's sale. SAC ¶ 18; *see also* SAC ¶ 48 ("Martinez and/or Studio Capital consigned the Painting to public auction at Sotheby's on or before March 15, 2010."). There are no allegations to support any inference that L&M had any control over a subsequent sale of the Painting or the method of such a sale.

The Court properly recognized in its first Opinion that the conclusory allegation that L&M failed to prevent the Sotheby's sale is not enough to survive a motion to dismiss under *Twombly*. Opinion p. 22. The Second Amended Complaint suffers from the same defect. The Second Amended Complaint should be dismissed because Plaintiff fails to plead any facts supporting a plausible inference that L&M caused any of the damages alleged by Plaintiff.

## CONCLUSION

The Second Amended Complaint fails to sufficiently allege facts to support an inference that L&M breached the Letter Agreement or that L&M's actions caused Plaintiff's alleged

damages.  The Court should dismiss the Second Amended Complaint with prejudice and grant Defendant L&M Arts all such other and further relief to which it may be justly entitled.

                Respectfully submitted,

                /s/ Thomas E. Kurth
                Thomas E. Kurth
                Texas Bar No. 11768500
                HAYNES AND BOONE, LLP
                2323 Victory Avenue, Suite 700
                Dallas, Texas  75219
                214-651-5000 Telephone
                214-651-5690 Facsimile
                thomas.kurth@haynesboone.com

                Robert M. Abrahams (pro hac vice)
                New York Bar No. 1236538
                Kristie M. Blase (pro hac vice)
                New York Bar No. 4526448
                SCHULTE ROTH & ZABEL LLP
                919 Third Avenue
                New York, New York  10022
                212-756-2000 Telephone
                212-593-5955 Facsimile
                robert.abrahams@srz.com
                kristie.blase@srz.com

                **ATTORNEYS FOR DEFENDANT L&M ARTS**

**CERTIFICATE OF SERVICE**

On June 14, 2011, I electronically submitted the foregoing document to the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Roger Netzer
Mary Eaton
Deirdre N. Hykal
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, New York  10019
rnetzer@willkie.com
meaton@willkie.com
dhykal@willkie.com
Attorneys for Plaintiff Marguerite Hoffman

Bart Wulff
Shackelford, Melton & McKinley, LLP
3333 Lee Parkway, Tenth Floor
Dallas, Texas  75219
bwulff@shacklaw.net
Attorneys for Plaintiff Marguerite Hoffman

Gordon M. Shapiro
Kurt A. Schwarz
Stephanie Collett Sparks
Jackson Walker L.L.P.
901 Main Street, Suite 6000
Dallas, Texas  75202
gshapiro@jw.com
kschwarz@jw.com
ssparks@jw.com
Attorneys for Defendants David Martinez and Studio Capital, Inc.

Jonathan I. Blackman
Howard S. Zelbo
Melissa K. Marler
Michael Jacobsohn
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, New York  10006
jblackman@cgsh.com
hzelbo@cgsh.com
mmarler@cgsh.com
mjacobsohn@cgsh.com
Attorneys for Defendants David Martinez and Studio Capital, Inc.

/s/ Thomas E. Kurth
Thomas E. Kurth