In The United States District Court
For The Northern District Of Texas
Dallas Division

| | | |
|---|---|---|
| Marguerite Hoffman, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:10-cv-0953-D |
| | § | |
| L&M Arts, David Martinez and | § | |
| Studio Capital, Inc., | § | |
| | § | |
| Defendants. | § | |

**REPLY BRIEF OF DEFENDANT DAVID MARTINEZ IN FURTHER
SUPPORT OF HIS MOTION FOR JUDGMENT ON THE PLEADINGS**

Gordon M. Shapiro
Kurt Schwarz
Stephanie C. Sparks
JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202
Telephone:  (214) 953-6000
Facsimile:   (214) 953-5822
Attorneys for David Martinez

Of counsel:
Jonathan I. Blackman
Howard S. Zelbo
Melissa K. Marler
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-2999

## <u>TABLE OF CONTENTS</u>

**Page**

TABLE OF AUTHORITIES ........................................................................... ii

PRELIMINARY STATEMENT ................................................................... 1

ARGUMENT ............................................................................................... 2

I.      PLAINTIFF CANNOT ASSERT A CLAIM AGAINST MARTINEZ AS THE PURCHASER OF THE PAINTING ................................................. 2

II.     PLAINTIFF CANNOT ASSERT A CORPORATE VEIL-PIERCING CLAIM AGAINST MARTINEZ ........................................................... 6

PRAYER ...................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Adams v. Cape Indus. Plc
[1990] Ch. 433 ............................................................................... 7, 8, 9

Ashcroft v. Iqbal,
129 S. Ct. 1937 (2009) ................................................................... 2

Bell Atl. Corp. v. Twombly,
550 U.S. 544 (2007) ....................................................................... 5

Dorward v. Ramirez,
No. 3:09-CV-0018-D, 2009 WL 2777880 (N.D.Tex. 2009) ............................ 3

Int'l Equity Invs., Inc. v. Opportunity Equity Partners, Ltd.,
475 F. Supp. 2d 456 (S.D.N.Y. 2007).................................................... 8

Inter-Continental Promotions, Inc. v. MacDonald,
367 F.2d 293 (5th Cir. 1966) ............................................................ 5

Jones v. Lipman
[1962] 1 W.L.R. 832 ...................................................................... 8

Lakewood Devs. Corp. v. Schultheis,
No. 4:03-CV-1224-A, 2004 U.S. Dist. LEXIS 5866 (N.D. Tex. 2004)........................... 4

Lone Star Ladies Inv. Club v Schlotzsky's, Inc.,
238 F.3d 363 (5th Cir. 2001) ............................................................ 8

Union Pac. R.R. Co. v. Innovative Logistics Servs.,
No. Civ. A. H-03-5434, 2005 WL 2897379 (S.D. Tex. Nov. 3, 2005)........................... 5

Ward v. City of Lancaster,
No. 3:09-CV-1794-D, 2010 WL 3582594 (N.D.Tex. 2010) ............................ 2-3

**Other Authorities**

Uniform Foreign Money-Judgments Recognition Act, Tex.Civ.Prac. & Rem.Code
§§ 36.001-36.008 (Vernon 1986 & Supp.1990)................................................. 9

Defendant David Martinez submits this reply memorandum in further support of his motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).

## PRELIMINARY STATEMENT

Plaintiff advances two separate and independent theories with respect to her breach of contract claim against Martinez, both of which fail as a matter of law based on the pleadings and incontrovertible documentary evidence cited in and annexed to the pleadings. First, plaintiff alleges that Martinez "could have been" the buyer of the Painting and, therefore, "could have been" her contractual counter-party. Plaintiff, however, concedes that where an allegation in a complaint is contradicted by documentary evidence relied upon in the complaint or attached to the pleadings, the document controls and the allegation should not be taken as true for purposes of a motion for judgment on the pleadings. The Invoice attached to Studio Capital's answer and relied upon in plaintiff's complaint establishes clearly that Studio Capital, not Martinez, was the purchaser of the Painting and that title to the Painting passed to Studio Capital upon Studio Capital's payment of the purchase price. Plaintiff has not alleged and cannot allege any facts in her complaint that could support her speculation that Martinez *could* have been the purchaser of the Painting in light of this Invoice. Accordingly, plaintiff's complaint fails to satisfy the pleading standards articulated by the United States Supreme Court in Twombly and Iqbal.

Second, plaintiff seeks to hold Martinez liable by attempting to pierce the corporate veil of Studio Capital. Plaintiff agrees that Belize law governs and follows the English common law standard for veil-piercing. As set forth in Martinez's opening brief and below, plaintiff has failed to make any allegations of wrongful use of Studio Capital by Martinez, which under English and, therefore, Belize, law dooms her veil-piercing argument. Plaintiff merely alleges that Martinez formed Studio Capital in order to keep his art purchases secret. Even

taking this allegation as true for purposes of this motion, there is nothing improper about forming a corporation to maintain anonymity, and plaintiff has cited no cases suggesting that there is. This is especially true here given that plaintiff, who herself alleges that she wished to maintain her own anonymity, admits that she dealt solely with an agent of an undisclosed principal in connection with the sale of the Painting, establishing that she did not care to know the identity of the buyer at the time of the transaction and therefore was not relying upon and could not have been deceived in respect of the identity of the buyer.  Plaintiff's allegation in her brief, but not in her complaint, that she would be unable to enforce a judgment against Studio Capital in Belize is incorrect as a matter of Belize law, as demonstrated below and in the June 14, 2011 opinion letter of Nigel O. Ebanks, a Belize attorney, submitted herewith.

Because plaintiff has not stated a breach of contract claim against Martinez either directly or by piercing the corporate veil of Studio Capital, the claim against Martinez should be dismissed on the pleadings.

## ARGUMENT

## I

## PLAINTIFF CANNOT ASSERT A CLAIM AGAINST MARTINEZ AS THE PURCHASER OF THE PAINTING

As set forth in Martinez's opening brief and not disputed by Plaintiff, under Twombly and Iqbal, mere conclusory allegations are not sufficient to state a claim.  Motion for Judgment on the Pleadings (the "Motion") (Dkt. No. 68) filed on May 2, 2011, at 5-6 (and cases cited therein).  Rather, a complaint must allege facts from which a court can reasonably infer that the plaintiff has stated a plausible claim for relief.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct" it fails to state a claim); Ward v. City of Lancaster, No. 3:09-CV-

2

1794-D, 2010 WL 3582594, at *3 (N.D.Tex. 2010) (Fitzwater, J.) (same); Dorward v. Ramirez, No. 3:09-CV-0018-D, 2009 WL 2777880, at *3 (N.D.Tex. 2009) (Fitzwater, J.) (same). Plaintiff also does not dispute what she terms the "unremarkable proposition" that where a document incorporated into a pleading plainly conflicts with an allegation in the complaint, the document controls. Pl.'s Memorandum in Opposition to Motion for Judgment on the Pleadings (Dkt. No. 78) ("Pl. Opp.") at 10.[1]  Applying these undisputed standards, it is clear that the complaint against Martinez fails to state a cause of action for breach of contract and must be dismissed on the pleadings.

Plaintiff does not allege that Martinez *was* the purchaser of the Painting or her contractual counter-party. Instead, as she acknowledges, her complaint merely alleges that Martinez "*could* have been" the purchaser. Pl. Opp. at 1 (emphasis added). Even assuming *arguendo* that such an equivocal speculation could be sufficient to state a claim in the abstract – almost anything *could* be possible, but that is not enough to satisfy the Iqbal/Twombly standard – it plainly is insufficient here because it is negated by the Invoice incorporated into the complaint.

The Invoice, on its face, is directed solely to Studio Capital. Plaintiff does not dispute that the Invoice establishes that L&M Arts, the agent who dealt with plaintiff's agent regarding the 2007 purchase of the Painting, billed Studio Capital for the Painting. The Invoice states that upon Studio Capital's payment of the purchase price, "[t]itle to the property [the Painting] shall pass to you [Studio Capital]." As plaintiff concedes, the Invoice does not refer to Martinez. Pl. Opp. at 1. Despite being aware of the Invoice before filing her current complaint and, indeed, incorporating that Invoice into her complaint, plaintiff made no effort in her pleading to allege any facts that could explain how Martinez could possibly, much less plausibly,

---

[1]     Plaintiff concedes that the Invoice is properly considered on this motion because it is incorporated into the pleadings. Pl. Opp. at 10.

be the purchaser of the Painting in light of this Invoice.  The Invoice establishes that Studio

Capital was the purchaser and, accordingly, plaintiff's conclusory allegation that Martinez

"could have been" the purchaser must be disregarded.  See Motion at 7 (citing cases).

       Plaintiff argues that the Invoice does not contradict the allegation in her complaint

that Martinez could have been the purchaser of the Painting because it "predates the actual

purchase in question, does not identify the actual buyer and makes no reference to Martinez one

way or the other."  Pl. Opp. at 1.  Each of these arguments fails.

       First, the fact that the Invoice is dated 6 days before the Agreement was signed,

Pl. Opp. at 12, is neither relevant nor unusual.  The Invoice clearly states that the purchase price

for the Painting was not due until May 1, 2007, which was after the signing of the Agreement for

the sale of the Painting.  Plaintiff's suggestion that the Invoice "was not final," Pl. Opp. at 12, is

thus impermissible speculation and contradicted by the plain terms of the Invoice.  Nor is this

allegation as to the finality of the Invoice set forth in the complaint, and it therefore cannot be

considered on this motion.  See Lakewood Devs. Corp. v. Schultheis, No. 4:03-CV-1224-A,

2004 U.S. Dist. LEXIS 5866, 16 (N.D. Tex. 2004) (a complaint cannot be amended through a

brief; dismissing breach of contract claim where complaint contained no allegations to justify

statement in opposition brief that corporation was alter ego of two individuals).

       Second, plaintiff's assertion that the Invoice does not "identify the actual buyer,"

Pl. Opp. at 1, is baffling.  As noted, the Invoice on its face provides that title to the Painting

passes to Studio Capital.  The Invoice is thus not merely "addressed to Studio Capital" (Pl. Opp.

at 12) – although this alone would be more than sufficient to establish that Studio Capital was the

purchaser because it would mean that Studio Capital was being billed for the Painting – but the

Invoice also explicitly provides that Studio Capital is to be the owner of the Painting upon

payment.[2]  Plaintiff's acknowledgment that the Invoice "makes no reference to Martinez," Pl.

Opp. 1, 12, obviously supports the fact that Martinez was not the buyer, and does not assist

plaintiff.

          The cases plaintiff cites, in support of her argument that the Invoice is "not

inconsistent" with her allegation that Martinez could have been the purchaser, Pl. Opp. at 11, are

easily distinguishable.  In Union Pac. R.R. Co. v. Innovative Logistics Servs., No. Civ. A. H-03-

5434, 2005 WL 2897379, at *4 (S.D. Tex. Nov. 3, 2005), Pl. Opp. at 7, there apparently was no

written contract, and the issue was whether the plaintiff could "establish the existence of a

contract with Defendants, as opposed to implied or some other contracts with Defendants'

customers."  Here, on the other hand, there is no dispute as to the existence of a contract or the

existence of the Invoice that showed L&M billing Studio Capital for the Painting and stated that

Studio Capital would have title to the Painting.  Plaintiff fares no better with her citation to Inter-

Continental Promotions, Inc. v. MacDonald, 367 F.2d 293, 302 (5th Cir. 1966), Pl. Opp. at 11.

There the defendant boxing promoter sought to escape payment under a contract, alleging that

the contract was illegal because prize fighting was illegal in Florida absent a sponsorship by

certain organizations.   There was no mention of sponsorship one way or the other in the

contract, and there was a pending motion to amend the complaint to include allegations that there

was in fact a proper sponsorship that would have satisfied Florida law.  Moreover, the court

noted that the contract "should be construed to include [imposing upon the promoter] the burden

of making arrangements for a lawful fight."  Id. at 303.  Notably, in that case there was no

---

[2]      Plaintiff contends that the fact "that the Invoice was addressed to Studio Capital is fully consistent with the
allegation that Martinez was the true buyer of the Painting and simply used Studio Capital 'to conceal his art-buying
activities.'"  Pl. Opp. at 12 (quoting Complaint ¶ 65).  But this is simply a restatement of plaintiff's separate veil-
piercing argument, which, as set forth below, is legally deficient and must be dismissed.  Plaintiff's contention is
also nonsensical since, as plaintiff concedes, she was never provided with a copy of the Invoice until after this action
was filed, so it is more than "implausible," see Twombly, 550 U.S. at 560-62, 570, for her to assert that the Invoice
was somehow used for purposes of concealing anything from her.

document, such as the Invoice here, that directly contradicted the complaint's allegations.

Finally, plaintiff argues that even if the Invoice contradicts plaintiff's speculation that Martinez could have been the purchaser – as it does – "there are other documents referenced in the Complaint" that contradict the Invoice.  Pl. Opp. at 12.  Plaintiff, however, points only to one document, an undated letter from Mnuchin of L&M to the plaintiff.  In this letter, Mnuchin does not identify the buyer at all.  In contrast, the Invoice, which was also sent by L&M, clearly states that Studio Capital is the purchaser and new owner of the Painting.[3]

For the reasons set forth above and in Martinez's opening brief, plaintiff's breach of contract claim, to the extent it seeks to impose direct liability on Martinez, should be dismissed because plaintiff has not adequately alleged, and cannot allege, that Martinez was a party to the contract.

## II

## PLAINTIFF CANNOT ASSERT A CORPORATE VEIL-PIERCING CLAIM AGAINST MARTINEZ

Plaintiff asserts that "[t]his Court has already considered and rejected [Martinez's veil piercing] argument in connection with Martinez's motion to dismiss the Petition."  Pl. Opp. at 2.  This is not correct.  In ruling on the motion to dismiss, far from rejecting Martinez's veil-piercing arguments, this Court stated that it was unnecessary to address them "at this time because, at this stage of the litigation, the court must credit Hoffman's allegations that Martinez, not Studio Capital, was the purchaser of the painting."  Memorandum Opinion and Order, dated March 7, 2011, at 7 n. 5 (emphasis added).  Now that an answer has been filed attaching the

---

[3]     The mere fact that Mr. Mnuchin used a shorthand reference to an "individual" in this letter cannot change the terms of the Invoice, which is the legally operative document establishing that Studio Capital was the purchaser of the Painting.  Nor has plaintiff alleged that she relied on any alleged statements by Mnuchin regarding the identity of the purchaser in any way, or that it mattered to her whether the buyer was an individual or corporation – in fact, the letter, although undated, was sent in the context of the 2010 Sotheby's Auction, several years after plaintiff sold the Painting to Studio Capital.

Invoice, which plaintiff herself then cited in her current second amended complaint, showing that Martinez was *not* the purchaser, the Court need no longer credit those allegations. Thus, veil-piercing is now the sole potential basis for plaintiff's claim against Martinez, and it is therefore appropriate for the Court to address the issue.[4]

Plaintiff agrees that the standard for alter ego liability is governed by English law. See Motion at 9 n. 6; Pl. Opp. at 16 n. 5.[5]  Plaintiff also appears to agree that this standard involves the "twin features of <u>control</u> and <u>impropriety</u>."  See Motion at 10 (citing <u>Faiza Ben Hashem v. Abdulhadi Ali Shayif</u> [2008] E.W.H.C. 2380 (Fam) at ¶ 171); Pl. Opp. at 18 (same). Plaintiff's conclusory allegations, however, utterly fail to allege any "impropriety."

At bottom, plaintiff has alleged only that Martinez established Studio Capital "for the purposes of maintaining the secrecy of his purchases and sales of art."  Pl. Opp. at 18; <u>see also</u> Complaint ¶¶ 6, 65.  Even taking this allegation as true for purposes of this motion, there is nothing improper, much less unlawful, about a desire to maintain anonymity or establishing a corporation for the purposes of "secrecy."  <u>See, e.g.</u>, <u>Adams v. Cape Indus. Plc</u> [1990] Ch. 433, 540, 544 (finding that the intention of arranging the corporation in part to "reduc[e] if not eliminat[e] the appearance of any involvement therein" was not sufficient to pierce the corporate veil).  Indeed, the entire basis of the Complaint is the alleged breach of a contract to maintain *plaintiff*'s anonymity.

---

[4]      Plaintiff suggests that "the proper course was for [Martinez] to make a motion for reconsideration."  Pl. Opp. at 16.  This misapprehends the motion for judgment on the pleadings.  The motion does not argue that the Court erred in declining to address the veil-piercing argument at the motion to dismiss stage.  Instead, the present motion is based on the fact that the Invoice that was referenced in plaintiff's second amended complaint and attached to Studio Capital's answer, both of which were filed after the Court's ruling on the motion to dismiss, establishes that there is no direct contract claim.  Accordingly, the Court should now address the veil-piercing claim, which is the only remaining basis alleged by plaintiff to impose liability on Martinez, but fails to state a claim as a matter of law.

[5]      Plaintiff accuses Martinez of "improperly mix[ing] and match[ing] English common law and Texas law."  Pl. Opp. at 20.  Plaintiff misses the point.  Belize law, which adopts English law, governs the substantive law of veil-piercing.  The procedural pleading requirements, however, are governed by U.S. federal law.

7

Further, it is axiomatic that alleging that a defendant has formed a corporation to limit personal liability is not, standing alone, enough to pierce the corporate veil. <u>Faiza</u> [2008] at ¶ 200 ("That does not involve any impropriety . . . namely to obtain perceived financial advantage from insisting upon a proper distinction between personal liability and corporate liability.")  Rather, English law requires identification of "the wrongful misuse or involvement of the corporate structure." <u>Id.</u> at 199; <u>see also</u> <u>Adams</u> [1990] at 539, 544 (a court may only pierce the corporate veil if the arrangement involves "actual or potential illegality or [was] intended to deprive [some]one of their existing rights."); <u>Jones v. Lipman</u> [1962] 1 W.L.R. 832, 835 (corporation must be "under the complete control <u>and</u> must be created or used "for the purpose of defeating the plaintiff's rights" or to commit fraud on the plaintiff.).[6]  Plaintiff does not allege any facts indicating that Martinez employed Studio Capital's corporate form to engage in any conduct intended to deprive plaintiff of her rights or to defraud her.  Plaintiff in fact repeatedly reiterates that the identity of the buyer was unknown to her, Pl. Opp. at 4-5, thereby underscoring that she did not know or care to know the buyer's identity.

In a last-ditch effort to salvage her veil-piercing argument, plaintiff suggests that a court could pierce the corporate veil where it is "necessary or convenient to do so to provide the claimant with an effective remedy to deal with the wrong which has been done to him and where the interposition of a company would, if effective, deprive him of that remedy against him."  Pl. Opp. at 17-18, citing <u>Faiza</u>, [2008] EWHC (Fam.) 2380 at ¶ 165.  However, plaintiff ignores the oft-repeated English law principle that a court should not pierce the corporate veil absent

---

[6]       Plaintiff cites <u>Int'l Equity Invs., Inc. v. Opportunity Equity Partners, Ltd.</u>, 475 F. Supp. 2d 456 (S.D.N.Y. 2007), for the proposition that Rule 9(b) does not apply to a claim alleging veil-piercing under English law.  But, as plaintiff's parenthetical appears to recognize, the reason the court found that Rule 9(b) did not apply there was that "the underlying claim was not one of fraud." Pl. Opp. at 20.  Here, to the extent plaintiff is alleging that Martinez used Studio Capital to perpetrate a fraud on her, Rule 9(b) applies. <u>See, e.g.</u>, <u>Lone Star Ladies Inv. Club v Schlotzsky's, Inc.</u>, 238 F.3d 363, 368 (5th Cir. 2001) ("Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not.")

"special circumstances" of grave impropriety and unlawful purposes intended to deprive plaintiff of rights.  Adams [1990] at 539-44.  Indeed, English law is explicit that "the court is not free to disregard the principle [of corporate inviolability] merely because it considers that justice so requires."  Id. at 536.  In any event, plaintiff has not alleged and cannot allege that pursuing her claim solely against the purchaser, Studio Capital, would somehow deprive her of an effective remedy.  Notably, there is no allegation in the complaint that Studio Capital lacks resources to satisfy any judgment.

In her brief, plaintiff attempts to side-step the fact that she has not and cannot allege any lack of financial responsibility on the part of Studio Capital by arguing that, under the Belize Reciprocal Enforcement of Judgment Act, a Belize court would not enforce a foreign money judgment against Studio Capital.  Pl. Opp. at 21.  This is a blatant red herring.  The Reciprocal Enforcement of Judgment Act supplements Belize's common law procedures for enforcing judgments, by providing for a special statutory expedited procedure to enforce certain judgments.  Where that Act does not apply, Belize common law governs.  Under this law, which adopts the well-established English common law principles for enforcing foreign judgments and which refuses recognition to foreign judgments only on essentially the same grounds as the Uniform Foreign Money-Judgments Recognition Act, Tex.Civ.Prac. & Rem.Code §§ 36.001-36.008 (Vernon 1986 & Supp.1990), Belize courts regularly enforce and respect United States judgments.  See Opinion Letter of Nigel Ebanks, Ex. A.

In sum, plaintiff has failed to plead a veil-piercing claim under governing Belize law and, therefore, the breach of contract claim against Martinez should be dismissed.

**PRAYER**

For the foregoing reasons, Martinez respectfully requests that the Court grant this

Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) and

grant all other relief to which Mr. Martinez has shown himself entitled.


Dated: June 21, 2011                                   Respectfully submitted

                                                       JACKSON WALKER L.L.P.

                                                       /s/ Kurt Schwarz
                                                       Gordon M. Shapiro
                                                       Texas Bar No. 18110600
                                                       Kurt Schwarz
                                                       Texas Bar No. 17871550
                                                       Stephanie C. Sparks
                                                       Texas Bar No. 24042900
                                                       901 Main Street, Suite 6000
                                                       Dallas, Texas  75202
                                                       Telephone: (214) 953-6000
                                                       Facsimile: (214) 953-5822

                                                       CLEARY GOTTLIEB STEEN & HAMILTON LLP
                                                       Jonathan I. Blackman (pro hac vice)
                                                       Howard S. Zelbo (pro hac vice)
                                                       Melissa K. Marler (pro hac vice)
                                                       One Liberty Plaza
                                                       New York, New York  10006
                                                       Telephone: (212) 225-2000
                                                       Facsimile: (212) 225-3999

                                                       ATTORNEYS FOR DAVID MARTINEZ

**CERTIFICATE OF SERVICE**

The undersigned certifies that copies of the foregoing Reply Brief and the Appendix thereto were served on the attorneys of record for all parties via the Court's ECF system.


       /s/ Kurt Schwarz
       Kurt Schwarz