In The United States District Court
For The Northern District Of Texas
Dallas Division

| | | |
|---|---|---|
| Marguerite Hoffman,<br><br>Plaintiff,<br><br>v.<br><br>L&M Arts, David Martinez and Studio Capital, Inc.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:10-cv-0953-D |

**MOTION TO COMPEL OF DEFENDANTS STUDIO CAPITAL, INC. AND DAVID MARTINEZ AND BRIEF IN SUPPORT**

COME NOW, Defendants Studio Capital, Inc. and David Martinez, and, pursuant to Federal Rule of Civil Procedure 37(a), file this Motion to Compel and Brief in Support, and in support thereof respectfully show the Court as follows:

**I.**

**INTRODUCTION AND SUMMARY OF ARGUMENT**

This Motion to Compel concerns plaintiff's outstanding objection to a document request and an interrogatory seeking information that is central to her claims. After meeting and conferring numerous times, the parties have resolved most of the outstanding issues relating to plaintiff's responses to defendants' discovery requests. One dispute remains: after stringing defendants along for weeks by promising a response and failing to provide it, plaintiff still refuses to provide information about her sales of other works of art since the announcement of the bequest of the Painting and her collection to the Dallas Museum of Art, as requested in Document Request No. 10 and Interrogatory No. 13. Instead, she has offered only to provide information sufficient to demonstrate that she was not "selling off" her art collection during the

relevant period, but was "continuing to refine and enhance it," without providing any specifics of other sales.

This is patently insufficient. This action involves a claim of breach of a confidentiality provision in connection with plaintiff's sale of a Rothko painting (the "Painting") that was previously, along with the rest of plaintiff's art collection, the subject of a bequest by her to the Dallas Museum of Art. Plaintiff alleges that, after displaying the Painting and other works from her collection at an exhibition at the Dallas Museum of Art to publicize her bequest, Second Amended Complaint ("Complaint") ¶ 12, she did not want to disclose to the "art community, whose opinion was paramount to her," Complaint ¶ 60, that she was selling the Painting, and therefore insisted on keeping the sale – which occurred as soon as the Museum show ended – confidential. She claims she was "embarrass[ed]" when the fact of her sale of the Painting became public as a result of the alleged breach of the confidentiality provision, Complaint ¶ 60, and that avoiding such embarrassment was "a material … component" of the sale (id.).

Plaintiff's sale of other works of art from her collection (and bequest) are obviously relevant to these claims. Even if she was not "selling off" her collection, defendants are entitled to know what other works of art she *was* selling then and later (as her coy "refine and enhance" formulation indicates she was doing), whether she was selling them publicly or privately, and whether the sales were subject to confidentiality provisions (and if so, what those provisions were). Even plaintiff concedes that her sales of other works from her collection are relevant to whether people in the "art community" would have known or suspected that she was selling the Painting as well. Whether other sales were public or private, and whether they contained confidentiality provisions, also go directly to her argument that confidentiality was important to her with respect to this particular sale and that her "privacy" (Complaint ¶ 63) had been a key

element of that sale. The existence of such other sales, whether public or private, and whether they had any confidentiality provisions, is also obviously relevant to her damages, if any, for the alleged breach of confidentiality and failure to respect her "privacy" in the particular case of the Painting.

Plaintiff should therefore be compelled to provide a full response to Interrogatory No. 13 and produce documents regarding sales of other works of art in response to Document Request No. 10, and defendants should be awarded their expenses incurred in making this motion.

## II.

## PROCEDURAL BACKGROUND AND SUMMARY OF DISCOVERY SOUGHT

The gravamen of the Complaint is that defendants allegedly breached a contract (Appendix, Ex. A, p. 1),[1] under which plaintiff sold the Painting to Studio Capital in 2007, by revealing the fact of that sale (although not any of its terms or her identity as seller), in alleged violation of a provision of the contract that "all parties make maximum effort to keep all aspects of this transaction confidential indefinitely," when Studio Capital re-sold the Painting at auction in 2010.[2] Key issues in the case therefore include: 1) what this confidentiality provision means, and the extent, if any, to which it limits a re-sale of the Painting;[3] 2) how the parties' actions

---

1 All Exhibits referenced in this Motion are attached to the Appendix filed herewith.

2 The contract does not identify either the plaintiff as seller, nor the buyer, but was negotiated by two art galleries, as the respective agents for the undisclosed parties. Although plaintiff sued both Mr. Martinez and Studio Capital, alleging that one "and/or" the other was the buyer of the Painting, the buyer was in fact Studio Capital, as set forth in Mr Martinez's pending motion for judgment in the pleadings on this issue.

3 In denying defendants' motion to dismiss for failure to state a claim under Fed. R. Civ. 12(b)(6), which was predicated on the argument that, as a matter of law, the confidentiality provision of the contract at issue could not be interpreted to prevent a resale of the Painting, the Court proffered a construction of the provision that required defendants to make "every reasonable effort to keep all aspects of the 2007 transaction confidential, measured according to what an average, prudent, and comparable person (i.e. peers in the professional art buying community) would or would not have done, under the same or similar circumstances, to make every reasonable effort when exercising due diligence and in the absence of neglect." Memorandum Opinion and Order, dated March 7, 2011, at 20. This ruling, in the context of denying the motion to dismiss, of course does not foreclose discovery on the parties' understanding of the confidentiality provision or what such "reasonable effort" would entail, as plaintiff suggested during the course of the unsuccessful "meet and confer" process. In any event, discovery regarding the

between 2007 and 2010 bear on this issue, *e.g.*, did plaintiff herself disclose the sale to anyone during this period, and if so, to whom and under what circumstances; and 3) what, if any, damages plaintiff suffered as a result of the sale becoming known, again an issue on which disclosure of the sale by plaintiff herself (or anyone else other than defendants) *before* the alleged breach three years later is obviously relevant.

On April 6, 2011, defendants served document requests on plaintiff (Defendants' First Request for the Production of Documents, Appendix, Ex. B, p. 3, (the "Document Requests")), and Studio Capital served interrogatories on plaintiff (Studio Capital's First Set of Interrogatories, Appendix, Ex. C, p. 23 (the "Interrogatories")). Under a scheduling order entered by the Court, plaintiff served responses to these discovery requests on May 20, 2011.

After receiving plaintiff's responses and objections, defendants' counsel sent plaintiff's counsel a letter on May 26, 2011, outlining numerous deficiencies in plaintiff's responses and requesting a meet and confer to discuss these deficiencies. (Letter, dated May 26, 2011, from Schwarz to Netzer, Appendix, Ex. D, p. 37). After receiving no response to this letter for over a week, defendants' counsel contacted plaintiff's counsel on June 3, 2011, requesting that plaintiff's counsel participate in a meet and confer. The parties met and conferred by telephone on June 7, 9, 15, and 16, and were able to resolve a number disputes during those sessions. Plaintiff's counsel sent defendants' counsel a letter memorializing areas of agreement on June 20, 2011. (Letter, dated June 20, 2011, from Netzer to Blackman, Appendix, Ex. E, p. 42).

While the parties had resolved most disputes, plaintiff still refused to answer Interrogatory No. 13, which seeks identification of her sales of other works of art since the first announcement of the bequest of her collection to the Dallas Museum of Art. Instead, plaintiff's

---

existence and terms of her sales of other paintings from her collection at and after the time of the sale of the Painting are relevant to all of the other issues identified in this motion as well.

counsel offered only to "provide information demonstrating that in 2007 and thereafter she continued to refine and enhance her collection." June 20 Letter (Appendix, Ex. E, p. 52) at 10. In addition, plaintiff has limited her response to Document Request No. 10, which seeks documents regarding her other sales of art works since the bequest's announcement, to documents concerning any potential sale of the Painting itself. June 20 Letter (Appendix, Ex. E, pp. 45-46) at 3-4.

In an effort to resolve the dispute without this Court's intervention, defendants' counsel wrote to plaintiff's counsel on June 21 and offered to accept a list of plaintiff's sales, omitting the title and artist, but including the date, price, whether the sale was private or public, and whether or not the sale included a confidentiality provision. (Letter, dated June 21, 2011, from Blackman to Netzer, Appendix, Ex. F, p. 55). That letter remained unanswered for over two weeks, during which defendants' counsel made numerous efforts to contact plaintiff's counsel. (Emails, dated June 28, June 29, and July 5, from Zelbo to Netzer and Eaton, Appendix, Ex. G, p. 58).[4]

Plaintiff's counsel finally sent a reply to the June 21 letter on July 6, 2011, declining to provide the list requested in the June 21 letter. (Letter, dated July 6, 2011, from Netzer to Blackman, Appendix, Ex. H, p. 64). Defendants' counsel promptly responded, later on July 6, reiterating the reasons why this information is relevant (Letter, dated July 6, 2011, from Zelbo to Netzer, Appendix, Ex. I, p. 67), but plaintiff did not change her position. Studio Capital therefore brings this motion to seek a full response to Interrogatory No. 13 and production of

---

4 As referenced in the July 5 email, defendants' counsel also spoke with plaintiff's counsel by telephone on June 30, and plaintiff's counsel promised, but failed to deliver, a response to the June 21 letter by the end of that week.

documents relating to sales of other works of art in response to Document Request No. 10.[5]

## III.

## ARGUMENTS AND AUTHORITY

The Federal Rules of Civil Procedure provide that the "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," and "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.; see also Swicegood v. Med. Protective Co., No. Civ. A. 395CV0335D, 2004 WL 1698285 (N.D. Tex. July 29, 2004) (Fitzwater, J.). Plaintiff's refusal to provide information about her other sales of art falls far short of her obligations under these well-known standards.

### A. Plaintiff Should Be Required to Provide A Complete Answer to Interrogatory No. 13 and Produce Documents in Response to Document Request No. 10

Interrogatory No. 13 requests identification of all works of art plaintiff has sold, publicly or privately, since the announcement of the bequest of her collection to the Dallas Museum of Art, and Document Request No. 10 seeks documents relating to all of plaintiff's art sales since the announcement of the bequest. Other than information relating to the Painting itself, plaintiff has offered only to provide information sufficient to show that she "continued to refine and enhance her collection" after the bequest was announced. June 20 Letter (Appendix, Ex. E, p. 52), at 10. She claims the only relevance of her other sales to this case is "if it were publicly known that Plaintiff were selling off her art collection, then someone might have inferred that the Painting was for sale," and she therefore claims that "an interrogatory answer demonstrating that

---

[5] In the interest of avoiding motion practice on this issue, defendants were willing to accept the compromise proposed in their June 21 letter. Having been forced to bring the motion, however, defendants believe they are entitled to a full answer to Interrogatory No. 13 and production of documents in response to Document Request No. 10.

Plaintiff was not selling off her art collection but rather was engaged in the normal course of refining and enhancing her collection should suffice." July 6 Letter (Appendix, Ex. H, p. 65), at 1.

The relevance of plaintiff's other sales of art, however, goes far beyond whether she was "selling off" her collection. She has claimed that confidentiality of the sale at issue in this case was important because she did not want others in the "art community" to know she was selling the Painting, and she was "embarrassed" when these members of the art community found out, via the publicity surrounding the 2010 auction, that she had previously sold the Painting. See Second Amended Complaint, ¶ 60. Even if she was not "selling off" her collection, if others in the art community were aware that she was selling other pieces from her collection, as her proposed but inadequate answer suggests she was, it is less likely that no one knew or suspected that she might have sold the Painting as well. The specifics of the sales: when, what paintings for what price, publicly or privately, and with or without confidentiality provisions (and if with such provisions, their terms) are all highly relevant to this subject. The more sales, and the more important the works, the more other people would know about them, and the less plausible would be plaintiff's claims that no one would have suspected the sale of this particular Painting, or her claims of "embarrassment" from the disclosure of that sale.

The public or private nature of other sales is also relevant to plaintiff's contention that confidentiality was important to her with respect to this particular sale, and, to the extent other sales included confidentiality provisions, the content and parameters of those provisions are relevant to plaintiff's understanding of what confidentiality did and did not entail with respect to this and other sales. Discovery of other sales and their confidentiality provisions, or lack thereof, will enable defendants to determine whether that provision was really "material," as plaintiff

claims, and, by examining what later happened to these paintings, to determine whether she believed any confidentiality provision would prohibit resale.

Finally, the specifics of sales of other paintings from her collection go to the issue of damages. Plaintiff claims she was damaged by a breach of the confidentiality provision in the instant case because she did not want people to know that she was selling the Painting from her collection, but if she was engaged in other sales that were publicly known, that would obviously undercut any claim of damage here.

Plaintiff should therefore be required to provide a complete answer to Interrogatory No. 13 and produce documents regarding other sales in response to Document Request No. 10. Plaintiff has put the questions of "embarrassment," "privacy," and confidentiality regarding sales of art from her collection at issue by her allegations in this action, and she should be required to provide discovery regarding them.[6]

B. <u>Defendants Are Entitled To Payment of Expenses Incurred in Making this Motion</u>

Under Rule 37, when a court grants a motion to compel or the discovery is provided after the motion was filed, the court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless the motion was filed before a good faith attempt to obtain the discovery without court action, the objection was substantially justified, or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5).

Here, as outlined above, defendants have plainly made a good faith effort to obtain the discovery without this Court's intervention by repeatedly meeting and conferring with plaintiff's

---

[6] Nor can plaintiff claim any further concerns about confidentiality from providing this discovery on matters that she herself has put into issue, as defendants from the outset have told her that they would agree to a confidentiality order governing all discovery in this case.

counsel. Plaintiff's objections are not "substantially justified," and no other circumstances make the payment of expenses unjust. Thus, the Court should order plaintiff or her counsel to pay Defendants' reasonable expenses, including attorneys' fees, incurred in making this motion. See, e.g., T-M Vacuum Prods., Inc. v. Taisc, Inc., No. Civ. A. H-07-4108, 2008 WL 5082413, at *5 (S.D. Tex. Nov. 25, 2008) (ordering party against whom motion to compel was granted to show cause why it should not be required to pay prevailing party's attorneys' fees).

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, defendants respectfully request that the Court grant their Motion to Compel, overrule the objections asserted by plaintiff and compel her to produce the responsive information and documents, order payment of defendants' expenses, including attorneys' fees, incurred in making this motion, and grant such other and further relief to which defendants may be justly and equitably entitled.

Dated: July 11, 2011

Respectfully submitted,

JACKSON WALKER L.L.P.

/s/ Kurt Schwarz
Gordon M. Shapiro
Texas Bar No. 18110600
Kurt Schwarz
Texas Bar No. 17871550
Stephanie C. Sparks
Texas Bar No. 24042900
901 Main Street, Suite 6000
Dallas, Texas 75202
Telephone: (214) 953-6000
Facsimile: (214) 953-5822

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Jonathan I. Blackman (pro hac vice)
Howard S. Zelbo (pro hac vice)
Melissa K. Marler (pro hac vice)
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

ATTORNEYS FOR DEFENDANTS STUDIO CAPITAL, INC. AND DAVID MARTINEZ

**CERTIFICATE OF CONFERENCE**

Defendants' counsel conferred with plaintiff's counsel on several occasions in an attempt to resolve all pending discovery disputes. The parties met and conferred by telephone on June 7, 9, 15, and 16, 2011. While the parties resolved most disputes, the issues contained in this motion were not resolved and are presented for determination by the Court.

_/s/_ Kurt Schwarz_________
Kurt Schwarz

**CERTIFICATE OF SERVICE**

The undersigned certifies that copies of the foregoing Motion to Compel and Brief in Support and the Appendix thereto were served on the attorneys of record for all parties via the Court's ECF system.

/s/ Kurt Schwarz
Kurt Schwarz