In The United States District Court
For The Northern District Of Texas
Dallas Division

| | | |
|---|---|---|
| Marguerite Hoffman, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:10-cv-0953-D |
| | § | |
| L&M Arts, David Martinez and | § | |
| Studio Capital, Inc., | § | |
| | § | |
| Defendants. | § | |

## SECOND MOTION TO COMPEL AND BRIEF IN SUPPORT OF DEFENDANTS STUDIO CAPITAL, INC. AND DAVID MARTINEZ

Gordon M. Shapiro
Kurt Schwarz
Stephanie C. Sparks
JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202
Telephone:  (214) 953-6000
Facsimile:  (214) 953-5822
Attorneys for David Martinez
and Studio Capital, Inc.

Of counsel:
Jonathan I. Blackman
Howard S. Zelbo
Melissa K. Marler
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-2999

COME NOW, Defendants Studio Capital, Inc. ("Studio Capital") and David Martinez ("Martinez," and, collectively with Studio Capital, "Defendants"), and, pursuant to Federal Rule of Civil Procedure 37(a), file this Motion to Compel Discovery Reponses, and in support thereof respectfully show the Court as follows:

## I.

## INTRODUCTION AND SUMMARY OF ARGUMENT[1]

This Motion to Compel concerns Plaintiff's abuse of the meet and confer process to avoid providing key discovery for over two months.  First, after an agreed extension of time, on May 20, Plaintiff made wholesale and baseless objections and grossly deficient responses to Defendants' document requests and interrogatories.  Defendants repeatedly sought to meet and confer with Plaintiff's counsel, who initially refused even to answer Defendants' letters.  After Plaintiff's counsel eventually made themselves available to participate in a series of meet and confer teleconferences between June 7 and June 16, Plaintiff sent Defendants a letter dated June 20, 2011 (the "June 20 Letter") (Appendix, Ex. G, p. 105) memorializing the agreements reached and setting forth a number of areas in which Plaintiff would provide additional documents and supplemental interrogatory responses.  On July 11, Defendants filed a motion to compel regarding the few areas on which the parties had not reached agreement, Dkt. No. 86, believing, naively as it turned out, that Plaintiff would honor the agreements set forth in the June 20 Letter as to the other issues.

However, over a month later, Plaintiff *still* has provided almost nothing that was promised in the June 20 Letter, and Defendants can only conclude that the June 20 Letter was

---

[1] For a fuller description of the underlying facts and issues raised by Defendants' discovery requests, we respectfully refer the Court to our pending motion to compel responses to certain of them.  Dkt No. 86.  We had thought that would be the only such motion that would be necessary, as Plaintiff had agreed to provide responses to other requests notwithstanding her original objections, but as this Motion sets forth, that expectation was unfortunately not fulfilled.

simply a pretext to delay the discovery process and prevent Defendants from moving to compel. While Plaintiff finally produced some additional documents on July 20, this production was deficient and consisted mostly of news articles.  It included no contemporaneous documents about the 2007 sale of the Painting or the contract for that sale that is the basis for Plaintiff's claims, nothing about what Plaintiff told people about that sale, which she claims was the object of a confidentiality provision barring any disclosure about it, nothing about individuals who would have known the Painting was no longer in Plaintiff's possession (such as its curator or insurer), and nothing about a number of other key topics on which documents would be expected to exist.   See Letter, dated July 25, 2011, from Zelbo to Netzer, Appendix, Ex. L, p. 126.  In addition, Plaintiff still has not supplemented her interrogatory responses, as set forth in the June 20 Letter, despite several promises to do so.

It is hard to see this as other than the culmination of a deliberate abuse of the meet and confer process and an attempt to run out the clock on discovery and hamper efforts by Defendants to take depositions.  This delay comes after Plaintiff insisted (and Defendants agreed) on a tight discovery schedule, under which expert reports are due in less than two months.  See Amended Scheduling Order, dated May 6, 2011, Dkt. No. 69.

Plaintiff's delays in providing the discovery promised during the parties' meet and confer sessions relate to key issues in this action.  In her original responses and objections to the Discovery Requests, Plaintiff objected wholesale to requests that seek the basis for the core allegations of her complaint, including requests for documents relating to her own allegations about how she interpreted the contract for sale of the Painting.  Plaintiff similarly stonewalled on more than half of Studio Capital's Interrogatories that go to key issues in the case, such as the identity of people who knew she had sold the Painting before Defendants allegedly breached the

contract by revealing this supposedly secret fact.  The June 20 Letter promised to address these

deficiencies, but Plaintiff has not done so.  Thus, Defendants still do not have basic documents or

even the names of potentially important witnesses, despite Plaintiff's promise over a month ago

to produce this information.  Plaintiff should be ordered to provide the discovery promised in the

June 20 Letter immediately.

**II.**

**<u>PROCEDURAL BACKGROUND AND SUMMARY OF DISCOVERY SOUGHT</u>**

The gravamen of the Complaint is that Defendants allegedly breached a contract

(Appendix, Ex. A, p. 1),[2] under which Plaintiff sold the Painting to Studio Capital in 2007, by

revealing the fact of that sale (although not any of its terms or her identity as seller), in alleged

violation of a provision of the contract that "[a]ll parties make maximum effort to keep all

aspects of this transaction confidential indefinitely," when Studio Capital re-sold the Painting at

auction in 2010.  Key issues in the case therefore include: 1) what this confidentiality provision

means, and the extent, if any, to which it limits a re-sale of the Painting; 2) how the parties'

actions between 2007 and 2010 bear on this issue, *e.g.*, did Plaintiff herself disclose the sale to

anyone during this period, and if so, to whom and under what circumstances; and 3) what, if any,

damages Plaintiff suffered as a result of the sale becoming known, again an issue on which

disclosure of the sale by Plaintiff herself (or by anyone else other than Defendants) *before* the

alleged breach three years later is obviously relevant.

On April 6, 2011, Defendants served document requests on Plaintiff (Defendants' First

Request for the Production of Documents, Appendix, Ex. B, p. 3, (the "Document Requests")),

and Studio Capital served interrogatories on Plaintiff (Studio Capital's First Set of

---

[2] All Exhibits referenced in this Motion are attached to the Appendix filed herewith.

3

Interrogatories, Appendix, Ex. C, p. 23 (the "Interrogatories," and, together with the Document Requests, the "Discovery Requests")). Under an agreed scheduling order entered by the Court (Dkt. No. 69), Plaintiff served responses to these discovery requests and interrogatories, consisting largely of objections, as well as making a small original production of documents on May 20, 2011.[3]

After receiving Plaintiff's responses and objections, Defendants' counsel promptly sent Plaintiff's counsel a letter on May 26, 2011, outlining numerous deficiencies in Plaintiff's responses and requesting a meet and confer to discuss these deficiencies. (Letter, dated May 26, 2011, from Schwarz to Netzer, Appendix, Ex. F, p. 100). After receiving no response to this letter for over a week, Defendants' counsel contacted Plaintiff's counsel on June 3, 2011, again requesting that Plaintiff's counsel participate in a meet and confer. The parties met and conferred by telephone on June 7, 9, 15, and 16, and were able to resolve a number of disputes during those sessions. Plaintiff's counsel sent Defendants' counsel a letter memorializing areas of agreement on June 20, 2011. (Appendix, Ex. G, p. 105).

Defendants believed that the June 20 Letter resolved the outstanding disputes except for Plaintiff's continued refusal to respond to Interrogatory No. 13 and Document Request No. 10 regarding Plaintiff's sales of other works of art since the first announcement of the bequest of her collection to the Dallas Museum of Art. Defendants filed a motion to compel production of this information after spending more than two weeks waiting for a final response from Plaintiff on this issue. See Motion to Compel, dated July 11, 2011, Dkt. No. 86, and Exhibits F-I thereto. The Court referred Defendants' motion to compel to Magistrate Judge Paul D. Stickney on July 13, 2011. Dkt. No. 87.

---

[3] Plaintiff's Responses and Objections to the Document Requests are Ex. D, p.37 in the Appendix, and Plaintiff's Responses and Objections to the Interrogatories are Ex. E, p.75.

On July 13, 2011, Defendants wrote to Plaintiff asking when Defendants could expect to receive the additional documents and supplemental interrogatory responses that Plaintiff had promised in her letter of June 20. (Email, dated July 13, 2011, from Marler to Spital, Appendix, Ex. H, p. 118). The next day, Plaintiff's counsel represented that Plaintiff would produce additional documents early during the week of July 18 and provide the supplemental interrogatory responses by the end of that week. (Email, dated July 14, 2011, from Spital to Marler, Appendix, Ex. I, p. 120).

On July 20, 2011 – a month after first promising to do so – Plaintiff finally produced additional documents. (Letter, dated July 20, 2011, from Scott to Counsel attaching documents, Appendix, Ex. J, p. 122).[4] For the reasons set forth below, however, this document production remains woefully deficient and does not include *any* documents in several key categories despite Plaintiff's clear agreement, in the June 20 Letter, to provide them.

Moreover, Plaintiff has utterly failed to supplement her interrogatory responses, as also promised in the June 20 Letter. Defendants once again reached out to Plaintiff on July 21 to ask whether she intended to supplement her interrogatory responses by July 22, as previously represented. (Email from Marler to Spital, dated July 21, 2011, Appendix, Ex. K, p. 124). On July 22, Plaintiff's counsel informed Defendants' counsel by telephone that the responses would not be delivered that day, but that Plaintiff's counsel intended to provide them by Monday, July 25.

On Monday, July 25, Defendants wrote Plaintiff about the inadequate document production, setting out a number of categories in which responsive documents should exist but for which Plaintiff had provided no documents. The letter also noted that Plaintiff still had not

---

[4] Plaintiff's counsel apparently sent the documents by email on July 20, but the email "bounced back" and was not delivered to Defendant's counsel. Plaintiff's counsel then sent a CD containing the documents, which Defendant's counsel received on July 21.

supplemented the interrogatory responses and stated that Defendants expected to receive those responses that day.  (Letter, dated July 25, 2011, from Zelbo to Netzer, Appendix, Ex. L, p. 126).  When Defendants still had not received the delinquent interrogatory responses the next day, nor received any explanation from Plaintiff as to why they were late, Defendants once again reached out to Plaintiff's counsel, demanding the overdue responses.  (Email, dated July 26, 2011, from Marler to Netzer, Appendix, Ex. M, p. 130).  Plaintiff's counsel has failed to respond either to the July 25 letter or the July 26 email and still has not provided the supplemental interrogatory responses.  Defendants therefore bring this motion to seek production of documents and interrogatory responses that Plaintiff already agreed, in the June 20 Letter, to provide.

## III.

## ARGUMENT

A.      Plaintiff's Inadequate Document Production

        In the first instance, Plaintiff refused to respond at all to almost half of Defendants' Document Requests (Nos. 1, 2, 3, 8, 9, 10, 11, 12, 13, 14, 15, 18, 21, 23, 30, 31, 32, 34, 35, 36, and 44), and where she indicated that she would respond subject to objections, she did not indicate whether she was withholding responsive documents on the basis of those objections.  Most glaringly, Plaintiff refused to produce documents regarding the core allegations in her complaint.

        Thus, Plaintiff objected to the following requests in their entirety:

- Document Request 21:  "All documents supporting, providing a basis for, or otherwise concerning the allegation in Paragraph 27 of the Petition that the confidentiality provision in the Agreement meant that the purchaser of the Painting could not 'sell the Painting at public auction.'"

- Document Request 30:  "All documents supporting, providing a basis for, or otherwise concerning Plaintiff's understanding of the provision in the Agreement, as alleged in Paragraph 37 of the Petition, that the Parties agreed to 'make maximum effort to keep all

aspects of the transaction confidential.'"

- Document Request 31: "All documents supporting, providing a basis for, or otherwise concerning the allegation in Paragraph 38 of the Petition that the 'confidentiality provision was a material part of the agreement going to the essence of the Contract,' including but not limited to all communications between or among Plaintiff, Greenberg Van Doren [the agent representing Plaintiff], Van Doren, L&M, Mnuchin, and/or Levy [the principals of L&M]."

Plaintiff's objection to these requests, which go to the heart of this case, was that she "objects to the Requests to the extent they seek the production of documents regarding the parties' understanding or interpretation of [the Agreement or the February Draft Agreement] on the grounds that the Court, in its Memorandum Opinion and Order dated March 7, 2011 (the 'Opinion') ruled on the meaning of the Agreement as a matter of law." General Objection No. 13, Plaintiff's Responses and Objections, dated May 20, 2011, Appendix, Ex. D, p. 41.[5] During the meet and confers, Plaintiff nonetheless agreed to inform Defendants if any documents were withheld on the basis of this objection. June 20 Letter at 11, Appendix, Ex. G, p. 116. She also agreed, as set forth in the June 20 Letter, to produce documents in a variety of categories set forth below, including in response to Requests 1, 2, 3, 8, 10, 13, 18, 21, 30, 31 and 35.

Despite these agreements, when Plaintiff finally produced additional documents on July 20, 2011, the additional document production on its face appeared to be woefully incomplete (and was unaccompanied by any privilege log). Most of the new production consists of online news articles and blog posts. It includes *no* documents concerning the 2007 sale of the Painting – including any emails or communications with Greenberg Van Doren Gallery (Plaintiff's agent in the 2007 sale), notes, memoranda or anything else concerning the confidentiality provision of

---

[5] Plaintiff also initially objected to requests that quoted language from a previous version of her complaint. See General Objection 12 to Document Requests ("Plaintiff objects to the Requests to the extent they refer to allegations set forth in a pleading the operative language of which (in whole or in part) has been superseded."); General Objection 12 to Interrogatories ("Plaintiff objects to the Interrogatories to the extent they refer to allegations set forth in a pleading that has been superseded and is no longer operative."). Plaintiff agreed to inform Defendants if documents are withheld on this basis. June 20 Letter at 11, Appendix, Ex. G, p. 116.

the Agreement that is the basis of Plaintiff's claim, despite Plaintiff's agreement in the June 20

Letter to produce these documents (and the absence of any indication that any documents were

being withheld based on any of the objections).  See June 20 Letter at 1 (Request No. 1), 2-3

(Requests No. 4 concerning potential sale and No. 6 concerning February Draft Agreement), 4

(Request No. 13), 5 (Request No. 21), and 6 (Requests No. 30 and 31).

In addition, Plaintiff has not provided *any* documents in the following categories despite

having agreed in the June 20 Letter to do so:

- Documents "sufficient to show the amount Plaintiff paid for the Painting." June 20 Letter at 1 (Request No. 1).

- Documents concerning "what Plaintiff told people about the Transactions." Id. at 1-3 (Requests No. 1, 2, 3, 8).

- Documents . . . sufficient to identify . . . persons who discovered, suggested, expressed suspicion, or questioned whether Plaintiff sold or no longer owned the Painting." Id. at 7 (Request No. 35).

- Documents "sufficient to disclose the identity of those with principal responsibility for curating, maintaining and insuring the Painting." Id. at 2 (Request No. 3).

- "[A]ny post-bequest documents relating to Plaintiff's dealings or interactions with the Dallas Museum of Art concerning Plaintiff's intention to sell the Painting." Id. at 3 (Request No. 8).

- Any "documents concerning any potential sale of the Painting by Plaintiff." Id. at 4 (Request No. 10); see also id. at 2 (Request No. 4).

- Documents "sufficient to show what motivated her sale of the Painting in 2007." Id. at 5 (Request No. 18).

It is obvious that documents must exist that are responsive to at least some of these

requests, and Plaintiff has not suggested otherwise in response to Defendants' July 25 Letter.

Without these key documents that go to the heart of Plaintiff's case, it is impossible for

Defendants to conduct effective depositions or otherwise prepare a defense in this matter.

Plaintiff has had more than enough time since Defendants' document requests and interrogatories were first served on April 6, 2011, to gather the relevant documents (which cannot be numerous) and produce them. Plaintiff should be ordered to produce these documents immediately, along with a privilege log so that Defendants may evaluate any claim of privilege.

B.      Plaintiff's Refusal to Supplement Her Interrogatory Responses

In the first instance, Plaintiff refused to respond at all to more than half of Studio Capital's Interrogatories (Nos. 3, 4, 6, 10, 11, 12, 13, 15, 16, 19, and 20), and other responses were incomplete or non-responsive. As with the Document Requests that Plaintiff objected to in their entirety, many of these Interrogatories go to the very heart of Plaintiff's case. Plaintiff agreed in the June 20 Letter to provide supplemental responses to most of these Interrogatories (see June 20 Letter, agreeing to supplement responses to Nos. 1, 4, 6-17, and 19), but to date she has failed to do so. These interrogatory answers are of particular importance because, without knowing such things as who knew the Painting had been sold or questioned whether it had been sold, Defendants cannot determine who to depose in this matter.

For example, Interrogatory No. 4 seeks a list of "persons who were responsible for or had knowledge of the display, curating, cleaning, maintenance, insurance, and care of the Painting" while Plaintiff owned it, and Interrogatory No. 10 seeks a list of people who were aware of the removal or absence of the Painting after the 2007 Sale. Thus, these Interrogatories plainly go to a key issue in this case: whether, before any publicity surrounding the 2010 auction allegedly alerted members of "the art community whose opinion was paramount to Plaintiff" to the fact that she had sold the Painting (Second Amended Complaint, ¶ 60), people in or with access to the "art community" *already* knew Plaintiff had sold or no longer owned the Painting. These

people clearly have relevant information, and Defendants are entitled to know their names.[6]

C.      Defendants Are Entitled To Payment of Expenses Incurred in Making this Motion

Under Rule 37, when a court grants a motion to compel or the discovery is provided after the motion was filed, the court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless the motion was filed before a good faith attempt to obtain the discovery without court action, the objection was substantially justified, or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5).

Here, as outlined above, Defendants have plainly made a good faith effort to obtain the discovery without this Court's intervention by repeatedly meeting and conferring with Plaintiff's counsel and repeatedly asking for the discovery Plaintiff has agreed to provide. Plaintiff has ignored Defendants' recent letters and has provided no justification for the continued delay in providing discovery. Thus, the Court should order Plaintiff or her counsel to pay Defendants' reasonable expenses, including attorneys' fees, incurred in making this motion. See, e.g., T-M Vacuum Prods., Inc. v. Taisc, Inc., No. Civ. A. H-07-4108, 2008 WL 5082413, at *5 (S.D. Tex. Nov. 25, 2008) (ordering party against whom motion to compel was granted to show cause why it should not be required to pay prevailing party's attorneys' fees).

---

[6] Additional responses are incomplete or non-responsive. For example, Interrogatory 9 requests identification of all persons Plaintiff informed after the 2007 Sale but before the filing of this lawsuit "that she had sold or no longer owned or possessed the Painting," and Interrogatory 14 seeks identification of persons "'[w]ithin the art community' . . . who, at any time before the filing of this lawsuit, suggested or indicated that they knew Plaintiff had sold or no longer owned or possessed the Painting, or questioned whether Plaintiff had sold or no longer owned or possessed the Painting." Instead of answering these questions, Plaintiff provided a list of persons with whom "Plaintiff *discussed* selling the Painting" (emphasis added). These responses are evasive and do not answer the questions posed, which sought to identify persons who *knew* the Painting had been sold, not merely persons with whom Plaintiff *discussed* a sale. Plaintiff agreed to supplement these responses but has not done so.

10

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that the

Court grant their Motion to Compel, compel Plaintiff to produce the responsive information and

documents immediately, order payment of Defendants' expenses, including attorneys' fees,

incurred in making this motion, and grant such other and further relief to which Defendants may

be justly and equitably entitled.


Dated: July 28, 2011                          Respectfully submitted

                                              JACKSON WALKER L.L.P.

                                              /s/ Kurt Schwarz
                                              Gordon M. Shapiro
                                              Texas Bar No. 18110600
                                              Kurt Schwarz
                                              Texas Bar No. 17871550
                                              Stephanie C. Sparks
                                              Texas Bar No. 24042900
                                              901 Main Street, Suite 6000
                                              Dallas, Texas  75202
                                              Telephone: (214) 953-6000
                                              Facsimile: (214) 953-5822

                                              CLEARY GOTTLIEB STEEN & HAMILTON LLP
                                              Jonathan I. Blackman (pro hac vice)
                                              Howard S. Zelbo (pro hac vice)
                                              Melissa K. Marler (pro hac vice)
                                              One Liberty Plaza
                                              New York, New York  10006
                                              Telephone: (212) 225-2000
                                              Facsimile: (212) 225-3999

                                              ATTORNEYS FOR DEFENDANTS
                                              STUDIO CAPITAL, INC. AND DAVID
                                              MARTINEZ

## CERTIFICATE OF CONFERENCE

Defendants' counsel conferred with plaintiff's counsel on several occasions in an attempt to resolve all pending discovery disputes. The parties met and conferred by telephone on June 7, 9, 15, and 16, 2011, in addition to exchanging letters and emails. As set forth herein, despite ostensible agreements, the issues contained in this motion were not resolved and are presented for determination by the Court.

/s/ Kurt Schwarz

## CERTIFICATE OF SERVICE

The undersigned certifies that copies of the foregoing Motion to Compel and the Appendix thereto were served on the attorneys of record for all parties via the Court's ECF system.

_____
Kurt Schwarz