IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARGUERITE HOFFMAN, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | Civil Action No. 3:10-CV-0953-D |
| § | |
| L&M ARTS, DAVID MARTINEZ § | |
| and STUDIO CAPITAL, INC., § | |
| § | |
| § | |
| § | |
| Defendants. § | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO
COMPEL OF DEFENDANTS STUDIO CAPITAL, INC. AND DAVID MARTINEZ**

Plaintiff Marguerite Hoffman submits this memorandum in opposition to the Motion to Compel of Defendants Studio Capital, Inc. and David Martinez, dated July 11, 2011 (the "Motion").

**PRELIMINARY STATEMENT**

This is an action for breach of a confidentiality provision in a contract for the sale of a single work of art, a painting by Mark Rothko (the "Painting") that Defendants agreed to buy from Plaintiff on April 24, 2007.  In the one-page purchase contract (the "Letter Agreement"), Defendants committed to Plaintiff, a major collector of contemporary art and current Trustee and former Chair of the Dallas Museum of Art, "to make maximum effort to keep all aspects of this transaction confidential indefinitely."  (Appendix, Ex. A, p. 2.)  Defendants breached the Letter Agreement when the Painting was resold through a highly publicized auction in 2010.

Defendants' Motion does not seek information about the Painting, or its sale to them in April 2007, or its resale by them at public auction in 2010, however.  Rather, Defendants demand

to be provided with all details and communications regarding Plaintiff's sales of *art other than the Painting* to *persons other than the Defendants*, for a period of *more than six years*, namely, "since the announcement of the bequest of the Painting and her collection to the Dallas Museum of Art . . ." (Motion at 1.)  As Defendants are well aware, Plaintiff never bequeathed the Painting to the Dallas Museum of Art.  Rather, Plaintiff bequeathed her collection as it would exist at the time of her death (the "Bequest").  The Dallas Museum of Art announced the Bequest on February 16, 2005, and therefore, Plaintiff assumes Defendants are seeking information after that date.

In actions for breach of contract, "it is well-settled in Texas that transactions of a party to a lawsuit with persons who are not parties to the same lawsuit are inadmissible, as they are irrelevant, immaterial and highly prejudicial." *State v. Buckner Const. Co.*, 704 S.W.2d 837, 848 (Tex. App. – Houston [14th Dist.] 1985, writ ref'd n.r.e.); *accord Davidson Oil Country Supply Co. v. Klockner, Inc.*, 908 F.2d 1238, 1241 n.5 (5th Cir. 1990).  The Motion entirely ignores this law.  Instead, Defendants offer the following theory of relevance for their patently overbroad request:  "The more sales, and the more important the works, the more other people would know about them, and the less plausible would be plaintiff's claims that no one would have suspected the sale of this particular Painting, or her claims of 'embarrassment' from the disclosure of the sale." (Motion at 7.)  In other words, Defendants contend that *if* her sales were of a sufficient magnitude, and *if* the public learned of them, then it is possible that others might have "suspected" that Plaintiff had sold the Painting before Defendants committed their breach.  (Motion at 7.)

But what others might "suspect" is irrelevant to whether Plaintiff was entitled to Defendants' performance of their promise to keep the sale confidential and to the damages

Plaintiff suffered as a result of selling "the painting for far less than she would have been able to obtain through a public sale" in exchange for that promise of confidentiality. (03/07/11 Mem. Op. and Order [Dkt. No. 57] at 6.) Therefore, the Motion, which is a transparent fishing expedition, seeks irrelevant information and its intrusiveness far outweighs any conceivable probative value.

## **PROCEDURAL BACKGROUND**

On April 6, 2011, Defendants Studio Capital and Martinez served their initial document requests on Plaintiff and Defendant Studio Capital served interrogatories on Plaintiff. By agreement of the parties, Plaintiff responded to both discovery requests on May 20, 2011. Defendants served Plaintiff with 44 document requests and 20 interrogatories.

Defendants raised issues with respect to no fewer than 35, or over half, of Plaintiff's responses to those 64 discovery requests. (05/26/2011 Letter from K. Schwarz to R. Netzer, Appendix, Ex. B, pp. 4-6.) After numerous meet-and-confers and concessions by Plaintiff, the only dispute that remained outstanding was the one that is the subject of this Motion.

The Motion seeks documents and interrogatory replies concerning the details of all sales Plaintiff has made since the Dallas Museum of Art first announced the Bequest. Defendants insist that they are entitled to inquire into these personal matters even though the Letter Agreement only concerns the Painting, and Plaintiff does not make any claims with respect to any other works of art. (*See* Letter Agreement, Appendix, Ex. A, p. 2; Pl.'s Second Am. Compl. [Dkt. No. 64] ¶ 31.)

Defendants never offered Plaintiff—and have not offered the Court—any authority for the proposition that they are entitled to discovery into Plaintiff's sales of art that are not at issue in this case. Nevertheless, and despite the irrelevance of the requested information, Plaintiff offered to compromise by demonstrating that she continued to refine and enhance rather than

diminish her collection in 2007 and thereafter. (06/20/11 Letter from R. Netzer to J. Blackman, Appendix, Ex. D, p. 38.) Defendants rejected Plaintiff's compromise and brought this Motion instead.

## ARGUMENT

In determining whether a contract has been breached, "it is well-settled in Texas that transactions of a party to a lawsuit with persons who are not parties to the same lawsuit are inadmissible, as they are irrelevant, immaterial and highly prejudicial." *State v. Buckner Const. Co.*, 704 S.W.2d 837, 848 (Tex. App. – Houston [14th Dist.] 1985, writ ref'd n.r.e.); *accord Davidson Oil Country Supply Co. v. Klockner, Inc.*, 908 F.2d 1238, 1241 n.5 (5th Cir. 1990) (transactions between a party and a non-party were "absolutely and totally irrelevant to any issue" in the case); *cf. University City v. Home Fire & Marine Ins. Co.*, 114 F.2d 288, 294 (8th Cir. 1940) ("Transactions with a third person are not admissible to prove the terms of a contract."). "The doctrine of 'res inter alios acted' says that each act or transaction sued on must be established by its own particular facts and circumstances." *Buckner*, 704 S.W.2d at 848 (citations omitted).

Defendants seek information concerning the specifics of Plaintiff's other sales of artwork since the announcement of the Bequest, including the identity of the works sold, whether such sales were public or private and whether they involved a confidentiality provision. In addition, Defendants seek "all contracts or draft contracts regarding any sale or potential sale, all documents reflecting any communications or negotiations about any sale or potential sale, and any documents reflecting the terms of any sale or potential sale." (Defs.' First Doc. Reqs. to Pl., Appendix, Ex. C, pp. 17-18.)

Defendants dedicate just over a page of their nine-page brief to why the requested information is relevant.  One theory relates to damages, the other theory relates to materiality of the confidentiality provision, and neither is persuasive.

Defendants contend that *if* her sales were of a sufficient magnitude, and *if* the public learned of them, then "the less plausible would be plaintiff's claims that no one would have suspected the sale of this particular Painting . . . ."  (Motion at 7.)  But what others might "suspect" is irrelevant to whether Defendants breached their promise to "make maximum effort to keep all aspects of this transaction confidential indefinitely."  (Letter Agreement, Appendix, Ex. A, p. 2.)

Defendants' relevance theory with respect to damages suffers from another fundamental problem:  Even if Plaintiff's sales exceeded her purchases, which they do not, the details of those sales would not be probative of her embarrassment as a result of the disclosure of the sale of the Painting.  Short of some well-publicized wholesale selloff of her collection, details of Plaintiff's other sales would not help a finder of fact draw any meaningful conclusions about whether the art community could have, or in fact did, anticipate the sale of the Painting.  Moreover, the details of other sales simply have no bearing on the amount of premium Plaintiff sacrificed by foregoing selling the Painting at a public auction in exchange for Defendants' promise to keep the sale of the Painting confidential.

Furthermore, Defendants, despite being highly sophisticated art collectors, have not cited a single piece of evidence supporting their assumption that perhaps Plaintiff was selling some amount of her collection that would make it "less plausible . . . that no one would have suspected the sale of this particular Painting."  (Motion at 7.)  Surely if that assumption had a shred of plausibility they would be able to point to some other sale by Plaintiff that was well known

within the art community. Yet, they point to none. Therefore, because Plaintiff was not engaged in any wholesale selloff of her collection (and Defendants cannot point to any evidence to suggest otherwise), Defendants' relevance theory with respect to damages should be rejected.

Defendants also argue that "[d]iscovery of other sales and their confidentiality provisions, or lack thereof, will enable defendants to determine whether that provision was really 'material,' as plaintiffs claims . . . ." (Motion at 7.) But Defendants' argument that the terms of other sales are relevant to the materiality or scope of the confidentiality provision in this case is wholly without legal support, and Defendants do not even try to offer any.

Defendants also maintain that "[t]he public or private nature of other sales is also relevant to plaintiff's contention that confidentiality was important to her with respect to this particular sale . . . ." (Motion at 7.) This argument is incoherent. Whether Plaintiff's other sales were private or public has no bearing on the fact that Plaintiff bargained to keep *this transaction* confidential or on the fact that Defendants agreed to "make maximum effort to keep all aspects of *this transaction* confidential indefinitely." (Letter Agreement, Appendix, Ex. A, p. 2 (emphasis added).) Moreover, the materiality of the confidentiality provision does not depend on Plaintiff demonstrating the subjective "importance" of that provision to her. And in any event, as Defendants are well aware, maintaining confidentiality of this sale was so important to Plaintiff that she would not have sold the Painting absent a firm commitment to secrecy by all parties involved.

Not only is the requested information irrelevant, but it also constitutes proprietary business information that Plaintiff should not be required to disclose. High-end art collectors and dealers, such as Plaintiff and Defendants, compete with one another. The requested sale

details would disclose to Defendants the nature and scope of both Plaintiff's collection itself and her collection strategy.

Furthermore, the requested information is highly private, and it would reveal details about the nature and extent of Plaintiff's collection, almost all of which is housed on her private residence, which could pose a potential security risk. Given the legitimate proprietary, privacy and security concerns disclosure would implicate, and that the requested information is irrelevant, the Motion should be denied.

The premise of Defendants' relevance theory is entirely without foundation and Plaintiff should not be required to undertake the burden of disclosing the requested information, which is both personal and proprietary.

## **ATTORNEY'S FEES**

If the Court denies the Motion, it should award Plaintiff her attorney's fees in opposing the Motion. Under Rule 37 of the Federal Rule of Civil Procedure, when a motion to compel is denied the court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees," unless "the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B).

Here, the information Defendants seek is irrelevant and constitutes propriety business information, and Plaintiff and her attorneys made a good faith effort to come to a reasonable compromise, agreeing to produce documents concerning any potential sale of the Painting and agreeing to demonstrate that in 2007 and thereafter she continued to refine and enhance her collection. Therefore, Defendants' motion was not "substantially justified," no other circumstances make an award of expenses unjust, and the Court should order Defendants or their

counsel to pay Plaintiff's reasonable expenses incurred in making this motion, including attorney's fees. *See De Angelis v. City of El Paso*, 265 F. App'x 390, 398, 2008 WL 444660, at *6 (5th Cir. Feb. 18, 2008) (affirming award of attorney's fees where motion to compel was not substantially justified).

In the unlikely event that the Court grants Defendants the relief they seek, it should deny Defendants' request for payment of expenses incurred in making this Motion. Considering the highly personal and proprietary nature of the requested information, and Plaintiff's security concerns, her objection was certainly substantially justified. Fed. R. Civ. P. 37(a)(5)(A) ("[T]he court must not order [payment of expenses] if the opposing party's nondisclosure, response, or objection was substantially justified."); *see also Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-cv-37-SEB-TAB, 2010 WL 2560032, at *6 (S.D. Ind. June 23, 2010) (denying request for attorney's fees where objection to information sought in motion to compel was substantially justified).

## **DEMAND FOR RELIEF**

Plaintiff respectfully requests that the Motion be denied in its entirety.

Dated:  August 9, 2011

Respectfully submitted,

WILLKIE FARR & GALLAGHER LLP

By: \_/s/Roger Netzer_____
   Roger Netzer
   Mary Eaton
   787 Seventh Avenue
   New York, NY  10019-6099
   rnetzer@willkie.com
   Tel: (212) 728-8000
   Fax: (212) 728-8111


SHACKELFORD, MELTON & MCKINLEY LLP
   Bart Wulff
   State Bar No. 22086100
   3333 Lee Parkway, Tenth Floor
   Dallas, TX  75219
   BWULFF@shacklaw.net
   Tel: (214) 780-1400
   Fax: (214) 780-1401

*Attorneys for Plaintiff*

6894654

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true copy of the foregoing is being served electronically via ECF on all counsel of record on the 9th day of August 2011.

    /s/Andrew Spital
Andrew Spital