In The United States District Court
For The Northern District Of Texas
Dallas Division

| | |
|---|---|
| Marguerite Hoffman,<br><br>    Plaintiff,<br><br>v.<br><br>L&M Arts, David Martinez and<br>Studio Capital, Inc.,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§   Civil Action No. 3:10-cv-0953-D<br>§<br>§<br>§<br>§<br>§ |

# THIRD MOTION TO COMPEL AND BRIEF IN SUPPORT OF
## DEFENDANTS STUDIO CAPITAL, INC. AND DAVID MARTINEZ

Gordon M. Shapiro
Kurt Schwarz
Stephanie C. Sparks
JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202
Telephone: (214) 953-6000
Facsimile: (214) 953-5822
Attorneys for David Martinez

Jonathan I. Blackman (pro hac vice)
Howard S. Zelbo (pro hac vice)
Melissa K. Marler (pro hac vice)
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-2999

COME NOW, Defendants Studio Capital, Inc. ("Studio Capital") and David Martinez ("Martinez," and, collectively with Studio Capital, "Defendants"), and, pursuant to Federal Rule of Civil Procedure 37(a), file this Motion to Compel Discovery Reponses, and in support thereof respectfully show the Court as follows:

## INTRODUCTION AND SUMMARY OF ARGUMENT

Defendants have been forced to file this third Motion to Compel due to Plaintiff Marguerite Hoffman's apparent withholding of documents and communications with John Van Doren of Greenberg Van Doren Gallery (the "Gallery"), her agent in the 2007 Sale, and continued refusal to provide a privilege log to enable Defendants to evaluate her claims of privilege. Defendants served a third-party subpoena pursuant to Rule 45 on the Gallery. In response, the Gallery produced certain documents and a privilege log listing several documents from 2010 that it claimed were protected from discovery. In the privilege log, the documents are described as communications between the Plaintiff and John Van Doren, one of the principals of the Gallery and the person who signed the letter agreement at issue in this case on Plaintiff's behalf. In the log, the Gallery states that these documents are being withheld because they consist of "principal agent discussion[s] regarding legal strategy." Notably, the privilege log makes clear that no legal counsel authored or received these documents.

While Defendants are unable to know with certainty whether Plaintiff still has these documents that she either sent or received in her possession – due to Plaintiff's failure to produce a privilege log despite numerous requests and a motion to compel seeking a privilege log – Defendants have good reason to believe that Plaintiff still has the documents and that Plaintiff is withholding them from production on the same baseless privilege claim invoked by the Gallery. This is particularly so because the documents were created at a time when Plaintiff

was contemplating litigation, and therefore she should have preserved them. In addition, Plaintiff produced one of the documents on the Gallery's privilege log in unredacted form, although Plaintiff thereafter claimed it was inadvertently produced, indicating further that Plaintiff has these documents in her possession but is withholding them from production. For this reason, and because to the extent any privilege exists it belongs to Plaintiff and not to the Gallery, Defendants are filing this motion to compel in this Court. Defendants reserve the right to file a motion to compel the Gallery to produce these documents in the appropriate court in the event Plaintiff does not still have these documents.

As noted, there is no lawyer copied on the documents at issue, and most of them, based on the description in the Gallery's privilege log, do not appear even to discuss legal advice received from a lawyer. Instead, they appear to be communications between a potential plaintiff, Ms. Hoffman, and a key fact witness, Mr. Van Doren, exchanged before the filing of a lawsuit regarding the facts of the underlying dispute. Communications like these are simply not privileged; recognizing such an expansive privilege would encourage potential litigants to discuss the facts with key witnesses and attempt to cloak those discussions in privilege. The one communication on the privilege log that does appear to discuss legal advice is also not privileged, because Plaintiff waived any privilege by discussing that advice with Van Doren, a fact witness who does not have a financial interest in the outcome of the case.

Plaintiff should therefore be ordered to produce the documents included on the Gallery's privilege log, as well as any other responsive communications between Plaintiff and Van Doren or the Gallery that are within Plaintiff's possession, custody, or control. Even if Plaintiff does not still have the documents in her possession, for the reasons set forth herein, she should be ordered to inform the Gallery that she is no longer invoking this baseless privilege

claim and does not object to their production by the Gallery.

## PROCEDURAL BACKGROUND AND SUMMARY OF DISCOVERY SOUGHT

The gravamen of the Complaint is that Defendants allegedly breached a letter agreement (the "Agreement," Appendix, Ex. A, p. 1),[1] under which Plaintiff sold the Painting to Studio Capital in 2007, by revealing the fact of that sale (although not any of its terms or her identity as seller), in alleged violation of a provision of the Agreement that "[a]ll parties make maximum effort to keep all aspects of this transaction confidential indefinitely," when Studio Capital re-sold the Painting at auction in 2010. The 2007 Agreement was signed by Van Doren of the Gallery, which acted as Plaintiff's agent in connection with that contract, on behalf of the Plaintiff.

On May 31, 2011, Defendants served a subpoena on the Gallery. Defendants David Martinez's and Studio Capital's Subpoena for the Production of Documents, Appendix, Ex. B, p. 3 (the "Subpoena"). The Gallery responded to the Subpoena on June 29, 2011. Non-Party Greenberg Van Doren Gallery's Responses and Objections to Defendants David Martinez's and Studio Capital's Subpoena for the Production of Documents, Appendix, Ex. C, p. 19 (the "Responses"). The Gallery's objections to the Subpoena closely mirrored, and sometimes matched word-for-word, Plaintiff's initial objections to Defendant's document requests and interrogatories to her, including, for example, a blanket objection to "the production of documents regarding the parties' understanding or interpretation of" the Agreement "on the grounds that the Court [in denying Defendants' motion to dismiss] ruled on the meaning of the Agreement as a matter of law." Id. at p. 22.

The Gallery made its first document production on July 28, 2011. The Gallery's

---

[1] All Exhibits referenced in this Motion are attached to the Appendix filed herewith.

3

production included no communications from early 2007 surrounding the negotiation of the Agreement, and the Gallery redacted a document bates-stamped GVD0040, an email from Plaintiff to Van Doren in which Plaintiff appeared to discuss a conversation with her attorney.

After Defendants made several attempts to confer with the Gallery regarding the basis of the redaction and determine whether communications surrounding the negotiation of the Agreement existed and were being withheld or might potentially exist only on backup tapes, the Gallery made a supplemental production and provided a privilege log on August 8. See Email from Leadlove to Counsel, dated August 8, 2011, Appendix, Ex. D, p. 32. The Gallery's privilege log indicated that the Gallery had either significantly redacted or entirely withheld numerous communications between Plaintiff and Van Doren that did *not* involve a lawyer on the basis of a purported privilege for discussion of legal strategy between principal and agent. See Gallery's Privilege Log, dated August 8, 2011, Appendix, Ex. E, p. 34. During a meet and confer with the Gallery on August 10, the Gallery conceded that this was Plaintiff's privilege to assert and that the Gallery had asserted it at the direction of Plaintiff's counsel.

Of the nine documents included on the Gallery's privilege log, Plaintiff has produced only one, PL000230, which she initially produced unredacted but sought to redact shortly after the Gallery produced it in redacted form on August 8.[2] After the Gallery's counsel informed Defendants' counsel that the Gallery was asserting the alleged privilege on Plaintiff's behalf and at the direction of her counsel, Defendants' counsel informed Plaintiff's counsel on August 12 that Defendants would move to compel production of the documents on the Gallery's privilege log as well as other communications the Gallery had produced but Plaintiff had not

---

[2] Defendants will provide the unredacted version of this document for in camera review to demonstrate the nature of the information over which Plaintiff is claiming a privilege. See Stipulated Protective Order, dated July 15, 2011, at ¶ 12, p. 14.

unless Plaintiff's counsel agreed to produce them by Tuesday, August 16. See Email from Marler to Netzer, dated August 12, 2011, Appendix, Ex. F, p. 38. Plaintiff's counsel responded that Plaintiff would be making a supplemental production early the next week that Plaintiff's counsel "expect[ed] will include copies of the documents you refer to." Email from Netzer to Marler, dated August 12, 2011, Appendix, Ex. G, p. 40. On August 15, Defendants' counsel forwarded Plaintiff's counsel's email to the Gallery's counsel asking that the Gallery produce the documents by Wednesday, August 17 since Plaintiff was apparently no longer asserting a privilege. See Email from Marler to Leadlove, dated August 15, 2011, Appendix, Ex. H, p. 43.

On August 15, Plaintiff made a supplemental production that did not include the documents that were listed on the Gallery's privilege log.[3] On August 16, Defendants' counsel emailed Plaintiff's counsel noting that the documents on the Gallery's privilege log were not in the August 15 production and notifying Plaintiff's counsel that Defendants would file a motion to compel production of the documents if Plaintiff's counsel did not inform Defendants' counsel by 5 p.m. Eastern on August 16 that Plaintiff would produce the documents by August 17. See Email from Marler to Netzer, dated August 16, 2011, Appendix, Ex. I, p. 47. Plaintiff's counsel responded that Plaintiff's counsel's previous statement that Plaintiff would produce the documents referred to in Defendants' counsel's email applied only to communications the Gallery had produced that did not appear on its privilege log, and Plaintiff had "no intention" of producing the documents included on the Gallery's privilege log. See Email from Spital to Marler, dated August 16, 2011, Appendix, Ex. J, p. 51.[4] Defendants therefore make this motion

---

[3] The production included most, but not all, of the other communications between Plaintiff and Van Doren that the Gallery had produced and Plaintiff had not produced.

[4] The statement that Plaintiff has "no intention" of producing the documents further suggests that the documents are in Plaintiff's possession and she is withholding them.

5

to compel production of the documents listed on the Gallery's privilege log, as well as any additional responsive correspondence between Plaintiff and Van Doren in Plaintiff's possession, custody, or control.

## ARGUMENT

### I

### THE DOCUMENTS ARE NOT PRIVILEGED

No attorneys were copied on any of the communications included on the Gallery's privilege log, and most of them do not even appear to involve discussion of advice received from an attorney. For example, according to the privilege log, the document bates-stamped GVD0025 is an email from Van Doren to Plaintiff "concerning transaction as related to legal issues that had arisen and also regarding selection of potential legal counsel to handle possible litigation." Gallery's Privilege Log, Appendix, Ex. E, p. 35. Van Doren is not an attorney, and any discussion of "legal issues" between Plaintiff and Van Doren is therefore not privileged.[5] Similarly, the following documents do not involve an attorney and appear, from the descriptions on the Gallery's privilege log, to contain only non-privileged discussions between Plaintiff and Van Doren:

- GVD0026: email from Van Doren to Plaintiff "providing status of search for attorney to handle possible litigation";

- GVD0050: email from Plaintiff to Van Doren "informing gallery of legal strategy plaintiff considered and requesting gallery's assistance with documentation";

- GVD0053 (lower): email from Van Doren to Plaintiff "providing contact information for use by plaintiff in developing strategy";

---

[5] As noted above, Plaintiff initially produced an unredacted copy of this document as PL000230 but later sought to redact it after the Gallery produced it. In camera review of this document will demonstrate that the information Plaintiff seeks to redact is plainly not privileged.

6

- GVD0053 (upper): email from Plaintiff to Van Doren "informing gallery of strategy plaintiff considered";
- GVD0055: email from Plaintiff to Van Doren "laying out reason for initial transaction and seeking advice on selection of counsel."

See Privilege Log at 1-3, Appendix, Ex. E, pp. 35-37.

As noted above, Plaintiff has not provided a privilege log (and that failure is the subject of a pending motion to compel, see Dkt. No. 89), and Defendants are aware of the existence of these documents only because of the privilege log provided by the Gallery. Thus, Plaintiff has not even begun to meet her burden of "proving the applicability of the particular privilege." Texas Dept. of Mental Health and Retardation v. Davis, 775 S.W.2d 467, 470 (Tex. Ct. App. 1989) (party asserting a privilege has burden of proving its applicability). The Gallery has cited Benedict v. Amaducci, No. 92 CIV. 5239 (KMW), 1995 WL 23555 (S.D.N.Y. Jan. 20, 1995), and Texas Rule of Evidence 503 in support of the purported principal-agent "legal strategy" privilege it has asserted on Plaintiff's behalf. See email from Leadlove to Zelbo, dated August 10, 2011, Appendix, Ex. K, p. 55. To the extent Plaintiff as well seeks to rely on this same inapposite authority, such reliance is meritless.

The Benedict case involved plaintiffs' communications with an individual (McDonald) who was both a family friend and a financial expert and provided financial expertise to assist plaintiffs in litigation. McDonald apparently did not, however, have factual knowledge of the underlying dispute; instead, plaintiffs needed only his general financial expertise to assist them in bringing their claims. Plaintiffs agreed to compensate McDonald for his work assisting them with the litigation. Id. at *1. In those circumstances, the court found that communications between plaintiffs and McDonald "involving financial or other information, if made for the purpose of assisting Mr. McDonald either in retaining suitable attorneys for plaintiffs or in

consulting with such attorneys with respect to this litigation, were made for the purpose of obtaining legal advice from a lawyer." Id. The Court further found, however, that the privilege applied only to communications in which "he was acting as plaintiffs' representative with respect to litigation," and not to communications in which he was acting as "a family friend." Id. at *2.

Here, as far as Defendants are aware, Plaintiff did not compensate Van Doren for discussing her legal strategy with her, and, as a non-lawyer, Van Doren had no particular expertise that was necessary to assist Plaintiff in bringing her claims. More importantly, he is one of the primary fact witnesses in the underlying dispute, because he negotiated and signed the Agreement on Plaintiff's behalf. In claiming a "legal strategy" privilege over communications with Van Doren, Plaintiff is essentially arguing that, before bringing suit, a potential plaintiff can communicate with a key fact witness and then shield those communications from discovery because the witness acted as the plaintiff's agent with respect to the transaction. That is not the law of privilege. See, e.g., MortgageAmerica Corp. v. Nat. Bank of Austin, 651 S.W. 2d 851, 857-58 (Ct. App. Tex. 1983) (holding that privilege "extends only to those disclosures relevant to the litigation made by the client to retained counsel or made in order to obtain legal counsel and advice," and memo drafted by representative of corporate client before counsel was retained and later transmitted to counsel was not privileged).

Moreover, a "representative of the client" for purposes of Texas Rule of Evidence 503 is

> a person having authority to obtain professional legal services, or to act on advice thereby rendered, on behalf of the client, or any other person who, for the purpose of effectuating legal representation for the client, makes or receives a confidential communication while acting in the scope of employment for the client.

8

There is a vast difference, however, between a representative employed to obtain or effectuate legal representation for the client, as happened in the Benedict case, and a fact witness communicating with the plaintiff about the underlying facts and potential legal strategies, as is the case here. See, e.g., Wright and Miller, 24 Fed. Prac. & Prod. Evid. § 5483 "Representative of the Client" (1st ed. 2011) (noting that "the common law did not suppose that one could cast the privilege over communications from a witness to the attorney by the simple expedient of appointing the witness as the agent of the client," and privilege should not extend to "source agents" (who are communicating their personal knowledge on behalf of a client) as opposed to "communicating agents" (who are communicating confidential information from the client)).

In addition to the documents on the Gallery's privilege log that include only conversations between Plaintiff and Van Doren, neither copying a lawyer nor discussing legal advice received from a lawyer, the Gallery also produced a redacted copy of a document, which, again, Defendants have reason to believe is in Plaintiff's possession as well, in which Plaintiff waived any privilege by discussing legal advice from her attorney with Van Doren. According to the Gallery's privilege log, the document bates-stamped GVD0040 is an email dated March 25, 2010, from Plaintiff to Van Doren, "regarding discussion with counsel Roger Netzer." The stated basis for this redaction is "principal agent discussion regarding information received from counsel." See Privilege Log at 2, Appendix, Ex. E, p. 36. But the agency relationship between Plaintiff and the Gallery for purposes of negotiating the contract to sell the Painting does not transform the Gallery or Van Doren into Plaintiff's agent for all purposes and at all times, and Mr. Van Doren is a fact witness who has no legal interest in the outcome of this lawsuit. Plaintiff's discussion of the advice she received from Mr. Netzer in an email to Van Doren therefore served to waive the privilege, and the email should be produced in unredacted form.

See, e.g. Ayers Oil Co. v. Am. Bus. Brokers, Inc., No. 2:09 CV 02DDN, 2009 WL 4725297, at *2 (E.D. Mo. Dec. 2, 2009) (privilege was waived where party forwarded otherwise privileged email to third party who shared a commercial interest but no legal interest in the lawsuit).

Plaintiff should therefore be required to produce unredacted copies of all of the documents included on the Gallery's privilege log, as well as any other responsive communications between Plaintiff and Van Doren. If Plaintiff does not have these documents in her possession (putting aside spoliation issues which can be addressed at a later time), Plaintiff should nonetheless be ordered to inform the Gallery that she is no longer invoking this privilege claim and has no objection to the Gallery producing the documents.

## II

## DEFENDANTS ARE ENTITLED TO PAYMENT OF EXPENSES INCURRED IN MAKING THIS MOTION

Under Rule 37, when a court grants a motion to compel or the discovery is provided after the motion was filed, the court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless the motion was filed before a good faith attempt to obtain the discovery without court action, the objection was substantially justified, or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5).

Here, as outlined above, Defendants have plainly made a good faith effort to obtain the discovery without this Court's intervention, and Plaintiff has stated she has "no intention" of producing the documents. Plaintiff's assertion of a purported privilege over communications between herself and a key witness before she retained counsel is utterly

10

baseless. Thus, the Court should order Plaintiff or her counsel to pay Defendants' reasonable expenses, including attorneys' fees, incurred in making this motion. <u>See, e.g.</u>, <u>T-M Vacuum Prods., Inc. v. Taisc, Inc.</u>, No. Civ. A. H-07-4108, 2008 WL 5082413, at *5 (S.D. Tex. Nov. 25, 2008) (ordering party against whom motion to compel was granted to show cause why it should not be required to pay prevailing party's attorneys' fees).

# **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that the Court grant their Motion to Compel, compel Plaintiff to produce unredacted copies of the documents listed on the Gallery's privilege log and any other responsive communications between Plaintiff and Van Doren, order Plaintiff to inform the Gallery that she is no longer invoking the alleged privilege and has no objection to the Gallery producing the documents, order payment of expenses, including attorneys' fees, incurred in making this motion, and grant such other and further relief to which defendants may be justly and equitably entitled.

Dated: August 17, 2011

Respectfully submitted

JACKSON WALKER L.L.P.

_____
Gordon M. Shapiro
Texas Bar No. 18110600
Kurt Schwarz
Texas Bar No. 17871550
Stephanie C. Sparks
Texas Bar No. 24042900
901 Main Street, Suite 6000
Dallas, Texas 75202
Telephone: (214) 953-6000
Facsimile: (214) 953-5822

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Jonathan I. Blackman (pro hac vice)
Howard S. Zelbo (pro hac vice)
Melissa K. Marler (pro hac vice)
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

ATTORNEYS FOR DEFENDANTS
STUDIO CAPITAL, INC. AND DAVID MARTINEZ

## CERTIFICATE OF CONFERENCE

Defendants' counsel conferred with Plaintiff's counsel on several occasions in an attempt to resolve all pending discovery disputes. With respect to the particular dispute set forth in this Motion, Defendants' counsel asked Plaintiff's counsel by emails dated August 12 and August 16, 2011 to produce the documents listed on the Gallery's privilege log. Plaintiff's counsel indicated by email on August 16 that Plaintiff would not be producing the documents. Thus, the issues contained in this motion were not resolved and are presented for determination by the Court.

_____
Kurt Schwarz

## CERTIFICATE OF SERVICE

The undersigned certifies that copies of the foregoing Motion to Compel and the Appendix thereto were served on the attorneys of record for all parties via the Court's ECF system.

_____
Kurt Schwarz