IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARGUERITE HOFFMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 3:10-CV-0953-D |
| | § | |
| L&M ARTS, DAVID MARTINEZ | § | |
| and STUDIO CAPITAL, INC., | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO SECOND MOTION TO COMPEL OF DEFENDANTS STUDIO CAPITAL, INC. AND DAVID MARTINEZ

Plaintiff Marguerite Hoffman submits this memorandum in opposition to the Second Motion to Compel of Defendants Studio Capital, Inc. and David Martinez (collectively, the "Defendants"), dated July 28, 2011 (the "Motion").

## PRELIMINARY STATEMENT

This is an action for breach of a confidentiality provision in a contract for the sale of a single work of art, a painting by Mark Rothko (the "Painting") that Defendants agreed to buy from Plaintiff on April 24, 2007. In the one-page purchase contract (the "Letter Agreement"), Defendants committed to Plaintiff, a major collector of contemporary art and current Trustee and former Chair of the Dallas Museum of Art, "to make maximum effort to keep all aspects of this transaction confidential indefinitely." Defendants breached the Letter Agreement when the Painting was resold through a highly publicized auction in 2010.

The Motion is no more than a complaint about the pace of Plaintiff's production, and one that is moot and premature to boot. The Motion is moot because it seeks discovery that Plaintiff has already produced (either prior to or after Defendants made the Motion). The Motion is premature because, as the Defendants are aware, Plaintiff began producing documents on May 20th and is continuing to supplement her productions. To the extent any discovery that Plaintiff agreed to produce remains outstanding, Plaintiff is in the process of producing it.

The Defendants' impatience is particularly striking given the fact that they themselves did not begin to produce documents until July 28, 120 days after they were served with Plaintiff's document requests. That very day, the Defendants made the present motion. As of last Friday, however, they were still producing responsive documents.

This Motion does not seek to compel discovery into a matter to which Plaintiff objects. Rather, Defendants are simply asking the Court to instruct Plaintiff to hurry up, even though Defendants themselves did not produce a single document until they decided it was time to complain about the pace of Plaintiff's production. Plaintiff has already produced a substantial amount of discovery that the Motion claims remains outstanding (set forth in more detail below), and Plaintiff is continuing her efforts to produce responsive information.

## PROCEDURAL BACKGROUND

On April 6, 2011, the Defendants served Plaintiff with a set of 44 separate document requests as well as 20 interrogatories (excluding subparts). By agreement of the parties, Plaintiff responded to both the document requests and the interrogatories on May 20, 2011. That same day Plaintiff made her initial document production, which included the key documents in this case, including the Letter Agreement that Defendants breached, the 2007 Sale invoice, correspondence concerning both the 2007 Sale and the 2010 Auction, and Sotheby's publicity materials promoting the Auction. (*See* PL000001-PL000011, Appendix, Ex. A, pp. 1-12.)

Following that initial production, on May 26, 2011, Plaintiff produced three videos concerning the 2010 Auction. The following day, Plaintiff made yet another production consisting of the news stories referenced in the Second Amended Complaint. (*See* 05/26/2011 Letter from A. Spital to Counsel, Appendix, Ex. B, pp. 13-15; 05/27/2011 Letter from A. Spital to Counsel, Appendix, Ex. C, pp. 16-17.). Thus, as of May 27, Plaintiff had made three productions. Defendants, by contrast, had yet to produce so much as a single piece of paper, even though Plaintiff had served her document requests upon Defendants before Defendants served theirs.

Notwithstanding Defendants' failure to provide any discovery beyond that required by Rule 26 (which they resisted providing for several weeks), they were quick to find fault with Plaintiff's disclosure efforts. Almost immediately after Plaintiff made her initial productions, Defendants raised issues with respect to no fewer than 35, or over half, of Plaintiff's responses to Defendants' 64 discovery requests. (05/26/2011 Letter from K. Schwarz to R. Netzer, Appendix, Ex. D, pp. 18-22.) After a multitude of meet-and-confer sessions and numerous concessions by Plaintiff so as to avoid unnecessary motion practice, the parties were able to resolve most of their differences. Plaintiff's counsel memorialized Plaintiff's offers regarding the discovery requests in a letter to Defendants, dated June 20, 2011. (*See* 06/20/2011 Letter from R. Netzer to J. Blackman (the "June 20 Letter"), Appendix, Ex. E, pp. 23-35.) Plaintiff assumed that the June 20 Letter resolved all outstanding discovery disputes between the parties except for one that is the subject of a pending motion to compel. (*See* Defendants' Motion to Compel, dated July 11, 2011 [Dkt. No. 86].)

Shortly after the parties' negotiated a protective order, which was entered on July 15, 2011, and which Defendants insisted was a prerequisite to their production of any documents (whether confidential or not), Plaintiff made a fourth production of 181 pages on July 20, 2011.

(*See* 07/20/2011 Letter from K. Scott to Counsel, Appendix, Ex. F, pp. 36-38.)  Five days later, Defendants professed their "disappointment" with Plaintiff's production, even though they still had yet to produce a single document.  (07/25/2011 Letter from H. Zelbo to R. Netzer, Appendix, Ex. G, p. 40.)  A mere three days later, on July 28, Defendants made the present Motion.

On July 29, 2011, the day after Defendants made this Motion, Plaintiff supplemented her interrogatory responses.  (*See* 07/29/2011 Email from A. Spital to Counsel, attaching Plaintiff's Supplemental Responses and Objections to Defendant Studio Capital's First Set of Interrogatories, Appendix, Ex. H, pp. 43-70.)  Plaintiff's Supplemental Interrogatory Responses provided additional information in response to 13 of Defendants' 20 interrogatories, including much of the information the Motion wrongfully claims Plaintiff is withholding.  For example, Plaintiff informed Defendants of who was responsible for insuring and maintaining the Painting (Interrogatory No. 4) and of who was aware of the Painting's removal or absence after the 2007 Sale (Interrogatory No. 10).

On August 15, 2011, Plaintiff made an additional production of 95 pages.  (*See* 08/15/2011 Letter from A. Spital to Counsel, Appendix, Ex. I, pp. 71-72.)  On August 17, Plaintiff made yet another production of 107 pages.  (*See* 08/17/2011 Letter from A. Spital to Counsel, Appendix, Ex. J, pp. 73-74.)

## ARGUMENT

A motion to compel should be denied as moot where the discovery sought is furnished before the motion is resolved.  *See Garcia v. Hackman*, No. C-10-311, 2011 WL 1627057, at *3 (S.D. Tex. Apr. 28, 2011) (denying as moot plaintiff's motion to compel defendants to produce certain Texas prison system policies because the policies in question were produced prior to the

decision); *Purviance v. Maye*, No. A-10-CV-793-LY, 2011 WL 2173611, at *1 n.1 (W.D. Tex. June 2, 2011) (dismissing as moot petitioner's motion to compel answers to interrogatories because defendant had already responded to the interrogatories at the time of the decision); *Walker v. Alta Colleges, Inc., No.* A-09-CV-894-LY, 2010 WL 2710769, at *5 (W.D. Tex. July 6, 2010) (finding that plaintiff's agreement to produce documents in response to one of defendant's document requests would render defendant's motion to compel moot).

A motion to compel should likewise be denied where it is brought before the dispute is ripe for judicial resolution. A dispute is ripe for judicial resolution only after the parties have exhausted efforts to resolve the dispute without the court's assistance. *See* Local Rule 7.1(b)(2) (requiring parties to file a Certificate of Conference with a motion to compel that explains "why agreement could not be reached"). When the parties have not exhausted all means of resolving a dispute without judicial intervention, a motion to compel is premature and should be dismissed. *See generally Dondi Properties Corp. v. Commerce Savings and Loan Ass'n*, 121 F.R.D. 284, 289 (N.D. Tex. 1988) ("Because the present controversies may well be resolved, or appreciably narrowed, following further communications among counsel and because the court is not presented with circumstances which warrant dismissal under Rule 37, the movant defendants' motions will be denied at this time."). Dismissal is particularly appropriate in circumstances such as here, where the supposed dispute involves discovery that the party opposing the motion has already agreed to provide. *See Automated Merch. Sys. Inc. v. Crane Co.*, No. 3:03–cv–88, 2011 WL 2648887, at *4 (N.D. W. Va. July 6, 2011); *American Health Sys., Inc. v. Visiting Nursh Ass'n of Greater Philadelphia*, Civ. A. No. 93-0542, 1994 WL 594424, at *4-*5 (E.D. Pa. Oct. 20, 1994).

Defendants' Motion suffers from both of these fatal flaws.

First, Plaintiff has already produced information in response to most of the requests and interrogatories at issue in the Motion.  With respect to the document demands, for example, Plaintiff has produced documents sufficient to show the amount she paid for the Painting, which is responsive to Request No. 1.  (*See* PL000437, Appendix, Ex. K, pp. 75-76.)  Plaintiff has also produced documents concerning what she told people about the 2007 Sale and 2010 Auction, which are responsive to Request Nos. 1, 2, 3 and 8.  (*See, e.g.*, PL000010, PL000240-41, PL000249, PL000260-61, and PL000315-17, Appendix, Ex. L, pp. 77-86.)  Plaintiff has also produced documents concerning offers to buy the Painting, which are responsive to Request Nos. 4 and 10.  (*See* PL000329; PL000330, Appendix, Ex. M, pp. 87-89.)  As for the Interrogatories, Plaintiff has disclosed the identities of those who insured and maintained the Painting, which are responsive to Interrogatory No. 4.  Plaintiff has also disclosed information regarding who saw or was aware of the Painting's absence from where Plaintiff had kept it after the 2007 Sale, as well as information regarding with whom Plaintiff had discussed selling the Painting from the time of sale until the commencement of litigation.  This information is responsive to Interrogatory Nos. 9, 10 and 14.[1]  (*See* Plaintiff's Supplemental Responses and Objections to Defendant Studio Capital's First Set of Interrogatories, Appendix, Ex. H, pp. 54, 57-59 and 61-62.)  The motion is therefore moot.

Second, to the extent any discovery requests remain to be answered, apart from the one request that is the subject of Defendants' prior motion to compel, Plaintiff has already given Defendants a representation that she will do so.  Plaintiff informed the Defendants what

---

[1]    Defendants' argument that Plaintiff's responses to Interrogatory Nos. 9 and 14 are somehow "evasive" is without merit.  Defendants claim that the responses are "incomplete or non-responsive" because they identify persons with whom Plaintiff discussed the sale of the Painting, and Defendants asked for who knew the Painting had been sold.  The problem with Defendants' argument is that Plaintiff's answers specifically indicate that the individuals listed are those with whom she discussed selling the Painting *after the Painting was sold*, which means one can infer they *knew* the Painting had been sold.

documents and information she was willing to produce during several meet-and-confer sessions and confirmed that commitment in her June 20 Letter. To date, Plaintiff has made six document productions and has responded to Defendants' interrogatories twice, all in an effort to abide by that commitment. At no point did Plaintiff ever suggest that her production was complete, that she was unwilling to further supplement her responses, or that she was in any way reneging on her June 20 commitment. Defendants have not contended – and cannot contend – otherwise.

That much is clear from Defendants' Certificate of Conference, which fails to "explain why agreement could not be reached" as required by Local Rule 7.1. In the Certificate, Defendants cite four dates on which the parties met and conferred regarding their document requests and interrogatories. Significantly, all of those meet-and-confer sessions took place *prior* to the parties' agreement, memorialized in the June 20 Letter, with which Plaintiffs have been complying. The Certificate does not reference any meet-and-confer sessions that took place *after* the June 20 Letter because there were none: Defendants did not make any meaningful attempt to confer with Plaintiff regarding the present dispute and instead opted to bring the matter directly to the Court. Thus, the controversy raised by the instant Motion is an entirely manufactured one, brought about not because of a genuine disagreement between the parties, but because of Defendants' unreasonable impatience with Plaintiff's discovery efforts. Because there is no genuine disagreement between the parties, the Motion is premature.

What this dispute boils down to is nothing more than a complaint that Plaintiff is not moving fast enough for Defendants' liking. But that is not a sufficient basis to burden Plaintiff or this Court with time-consuming and expensive motion practice. The fact of the matter is that the Defendants have in no way been hampered from "conduct[ing] effective depositions or otherwise prepar[ing] a defense in this matter," as they claim. (*See* Motion at 8.) Defendants are

presently engaged in an aggressive non-party discovery campaign, having already served document subpoenas on six non-parties, all of whom Plaintiff identified in her interrogatory responses.   No depositions have been noticed, let alone scheduled.   And discovery is not scheduled to close until January 15, 2012, some five months from now.   What is more, Defendants themselves have adopted a wholly lackadaisical approach to their own discovery obligations, taking some four months after Plaintiff served her discovery requests to produce a single scrap of paper.   Accordingly, the notion that Defendants have somehow been prejudiced by Plaintiff's alleged "delay" is entirely without merit and should be rejected.

In short, if discovery in this matter is to be timely completed, the parties should get on with it, rather than wasting precious time and resources on needless motion practice like this. The Motion should therefore be denied.

## ATTORNEY'S FEES

If the Court denies the Motion, it should award Plaintiff her attorney's fees in opposing the Motion.   Under Rule 37 of the Federal Rule of Civil Procedure, when a motion to compel is denied the court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees," unless "the motion was substantially justified or other circumstances make an award of expenses unjust."   Fed. R. Civ. P. 37(a)(5)(B).

Here, Defendants' Motion is nothing more than an unjustified attack on the pace of Plaintiff's production, even though Plaintiff began producing documents over two months before Defendant.   Furthermore, Plaintiff has in fact produced documents and information in response to many of the requests and interrogatories at issue in the Motion.   Therefore, Defendants' motion is not "substantially justified," no other circumstances make an award of expenses unjust,

- 8 -

and the Court should order Defendants or their counsel to pay Plaintiff's reasonable expenses incurred in making this motion, including attorney's fees. *See De Angelis v. City of El Paso*, 265 F. App'x 390, 398, 2008 WL 444660, at *6 (5th Cir. Feb. 18, 2008) (affirming award of attorney's fees where motion to compel was not substantially justified).

In the unlikely event that the Court grants Defendants the relief they seek, it should deny Defendants' request for payment of expenses incurred in making this Motion. Considering the significant production efforts Plaintiff has undertaken and Defendants' substantial production delays, her objection is certainly substantially justified. Fed. R. Civ. P. 37(a)(5)(A) ("[T]he court must not order [payment of expenses] if the opposing party's nondisclosure, response, or objection was substantially justified."); *see also Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-cv-37-SEB-TAB, 2010 WL 2560032, at *6 (S.D. Ind. June 23, 2010) (denying request for attorney's fees where objection to information sought in motion to compel was substantially justified).

## **DEMAND FOR RELIEF**

Plaintiff respectfully requests that the Motion be denied in its entirety and that Plaintiff be awarded expenses, including attorneys' fees, incurred in opposing the Motion.

Dated:  August 18, 2011                    Respectfully submitted,

                                           WILLKIE FARR & GALLAGHER LLP


                                           By:  _/s/Roger Netzer_____
                                               Roger Netzer
                                               Mary Eaton
                                               787 Seventh Avenue
                                               New York, NY  10019-6099
                                               rnetzer@willkie.com
                                               Tel: (212) 728-8000
                                               Fax: (212) 728-8111


                                           SHACKELFORD, MELTON & MCKINLEY LLP
                                               Bart Wulff
                                               State Bar No. 22086100
                                               3333 Lee Parkway, Tenth Floor
                                               Dallas, TX  75219
                                               BWULFF@shacklaw.net
                                               Tel: (214) 780-1400
                                               Fax: (214) 780-1401


                                           *Attorneys for Plaintiff*


6921048


- 10 -

## CERTIFICATE OF SERVICE

The undersigned certifies that a true copy of the foregoing is being served electronically via ECF on all counsel of record on the 18th day of August 2011.

  /s/Andrew Spital
Andrew Spital