D ORIGINAL

3:10 CV 953-D

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:10-CV-0953-D

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*  WENDELL HOLLOWAY, HOLLOWAY + Co.

was received by me on *(date)* August 4, 2011.

☑ I served the subpoena by delivering a copy to the named person as follows:  WENDELL HOLLOWAY, HOLLOWAY + CO. AT his RESIDENCE 3500 CORNELL DRIVE DALLAS TEXAS                                on *(date)* August 20, 2011; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $  65⁰⁰  for services, for a total of $  65⁰⁰  0.00 .

I declare under penalty of perjury that this information is true.

Date: August 22, 2011

Larry M Merrell
Server's signature

LARRY M. MERRELL
Printed name and title

1720 REGAL ROW DALLAS, TEXAS
Server's address

Additional information regarding attempted service, etc:

SUBSCRIBED AND SWORN TO BEFORE ME, THE UNDERSIGNED NOTARY PUBLIC, THIS 22 DAY OF August YEAR 2011

Sixto Quezada Jr



SIXTO QUEZADA, JR.
MY COMMISSION EXPIRES
January 23, 2014

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

### (c) Protecting a Person Subject to a Subpoena.

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

### (d) Duties in Responding to a Subpoena.

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

### (e) Contempt.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A

Pursuant to Rules 34 and 45 of the Federal Rules of Civil Procedure, Defendants David Martinez and Studio Capital, Inc. ("Defendants"), by and through their attorneys, hereby request that Wendell Holloway respond fully to each document request set forth herein (the "Requests") and produce for examination, inspection and copying, within eighteen (18) days of the service hereof, all documents described below at the offices of Jackson Walker LLP (attn.: Kurt Schwarz), 901 Main Street, Suite 6000, Dallas, Texas, 75202, or at such other place or time, or in such other manner, as may be agreed upon by counsel.

### DEFINITIONS

1.     "Communicate" or "communication" means all verbal and written means of transmission or exchange of information, including but not limited to statements, admissions, denials, inquiries, discussions, conversations, negotiations, agreements, contracts, understandings and meetings.

2.     "Concern," "evidence," "refer," "relate to," "concerning," "evidencing," "referring," or "relating to" any given subject means all documents which assess, concern, constitute, contain, describe, discuss, embody, evidence, identify, record, reflect, regard, show, state, refer or relate, directly or indirectly, in any way, to the subject matter identified.

3.     "Document(s)" shall have the full meaning ascribed to it in Rule 34 of the Federal Rules of Civil Procedure and for purposes of this Request shall be deemed to include "electronically stored information" ("ESI") as also defined in Rule 34.  Examples of documents include, but are not limited to, all writings in any form, calendars, correspondence, diaries, manuals, memoranda, notes, reports, records, drawings, graphs, charts, photographs, sound recordings, images, video recordings, telephone records, Bloombergs, electronic mail messages, instant messages, spreadsheets, databases, all other forms of electronic communication, and other

data or data compilations of whatever nature stored in any medium (including those from which information can be obtained or translated if necessary into a reasonably useable form). For the avoidance of doubt, document(s) shall include all originals of any nature whatsoever and all non-identical copies thereof, whether different from the originals by reason of any notation made on such copies or otherwise.

4.     "Person" means any natural person, association, business, group, organization, legal entity, government entity, or other entity.

5.     "2007 Sale" means the sale of the Painting referenced in the Agreement.

6.     "2010 Auction" means the May 12, 2010 auction of the Painting by Sotheby's.

7.     "Agreement" means the agreement, dated April 24, 2007, "between Greenberg Van Doren Gallery on behalf of the seller and L&M Arts on behalf of the buyer."

8.     "Dallas Museum of Art" means the Dallas Museum of Art, where the Painting was exhibited as part of "Fast Forward: Contemporary Collections for the Dallas Museum of Art," and each of its divisions, subsidiaries, affiliates, controlled entities, joint ventures, related companies, predecessors, successors and assigns; and present and former officers, directors, employees, agents, attorneys, accountants, and representatives of any of the entities listed above; and any other person who currently or formerly acted or purported to act on behalf, or who are or have been subject to the direction or control of, any of the entities listed above.

9.     "Painting" means the oil painting on canvas by Mark Rothko, *Untitled*, dating from 1961, that is the subject of the Agreement.

2

10.    "Plaintiff" means Marguerite Hoffman, and any person acting for her or on her behalf, whether directly or indirectly, including but not limited to any assignees, agents, attorneys, intermediaries, representatives, trustees, or consultants.

11.    "Wendell Holloway" or "You" means Wendell Holloway, and any person acting for You or on Your behalf, whether directly or indirectly, including but not limited to any assignees, agents, attorneys, intermediaries, representatives, trustees, or consultants.

<u>INSTRUCTIONS</u>

1.    Whenever necessary to bring within the scope of this Request documents that might otherwise be construed to be outside its scope:

    (a)    "and" and "or" shall be construed conjunctively or disjunctively;

    (b)    "all" and "each" shall be construed as "all and each;"

    (c)    the use of the singular form of any word shall include the plural and vice versa;

    (d)    the use of a verb in any tense shall be construed as the use of that verb in all other tenses; and

    (e)    the use of the feminine, masculine or neuter genders shall include all genders.

2.    No paragraph herein shall be construed with reference to any other paragraph for the purpose of limitation.

3.    Unless otherwise indicated, the relevant time period for purposes of these Requests is between January 1, 2005 and the date of production.

4.    All documents shall be produced in the manner in which they are maintained in the usual course of business.  A request for a document shall be deemed to include a request for any and all file folders or binders within which the document was contained,

3

transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document in addition to the document itself.

5.     All documents requested herein shall be produced in their entirety, along with any attachments, drafts, and non-identical copies, including copies that differ due to handwritten notes or other notes or markings.

6.     Provide all ESI in standard Group IV TIFF format with accompanying text extraction and metadata in a Concordance load file. To the extent You produce one form of a document, it need not be produced in another form; however, Defendants reserve the right to request native files for any document that is unreadable or has limited accessibility in the Group IV TIFF format (e.g., MS Excel, PowerPoint, or databases). Produce audio, audiovisual, and video files in their native formats. Produce the metadata for any responsive ESI with the responsive data, including the following fields as appropriate for the file type: author(s), recipient(s), blind copy recipient(s), subject, document type, custodian, file creation date, file modification date, access date, last saved by, file path and folder information.

7.     In the event You withhold any document called for by this Request on the basis of a claim of privilege or other right of nondisclosure, You shall provide a privilege log separately identifying (i) each document withheld; (ii) the type of document withheld (memorandum, letter, report, e-mail, etc.); (iii) the date of its creation, (iv) its subject matter; (v) its author; (vi) all persons who drafted, sent, received or were to receive any copy or version of it; and (vii) the basis for withholding the document.

8.     In the event that any document called for by this Request has been destroyed or discarded, You shall provide a written document identifying the document so lost, discarded, or destroyed as completely as possible, providing at least the following information:

(i) the type of document withheld; (ii) any addressor and addressee; (ii) any indicated or blind copy recipients; (iii) the document's date, subject matter, number of pages, and attachments or appendices; (iv) all persons to whom the document was distributed, shown or explained; (v) the document's date of destruction or discard, manner of destruction or discard, and reason for destruction or discard; and (vi) the persons authorizing and carrying out such destruction or discard.

9.     If objection is made to any of the Requests, the response shall state whether documents are being withheld from inspection and production on the basis of such objection, or whether inspection and production of the responsive documents will occur notwithstanding such objection.

10.     If there are no documents responsive to any particular request, the response shall state so in writing.

DOCUMENTS REQUESTED

Request No. 1:

All documents, without regard to the time period limitation in Instruction No. 3, relating to the purchase or acquisition of the Painting by Plaintiff, her late husband, or any person or entity affiliated with Plaintiff or her late husband, including but not limited to documents reflecting the Painting's purchase price.

Request No. 2:

All documents, without regard to the time period limitation in Instruction No. 3, relating to the ownership or possession of the Painting by Plaintiff, her late husband, or any person or entity affiliated with Plaintiff or her late husband.

Request No. 3:

All documents, without regard to the time period limitation in Instruction No. 3, relating to any potential sale of the Painting by Plaintiff, her late husband, or any person or entity affiliated with Plaintiff or her late husband, including but not limited to any estimates Plaintiff may have received in connection with any proposed or potential sale of the Painting.

Request No. 4:

All documents, without regard to the time period limitation in Instruction No. 3, relating to the gift, bequest or potential gift or bequest of the Painting, whether as a part of Plaintiff's collection or otherwise, by Plaintiff, her late husband, or any person or entity affiliated with Plaintiff or her late husband, to the Dallas Museum of Art, including but not limited to any financial advice provided in connection with the potential bequest.

Request No. 5:

All documents supporting, providing a basis for, or otherwise concerning Plaintiff's "unsettled" financial condition at the time she sold the Painting, including but not limited to all financial statements, prenuptial or antenuptial agreements between or among Plaintiff, her late husband, and/or any person or entity affiliated with Plaintiff or her late husband, and all documents reflecting the disposition of the estate of Plaintiff's late husband.

Request No. 6:

All documents relating to the 2010 Auction, including but not limited to all documents reflecting communications regarding the 2010 Auction.

Request No. 7:

To the extent not covered by the previous requests, all documents reflecting communications between You and Plaintiff concerning the 2007 Sale of the Painting or the 2010 Auction.

<u>Request No. 8:</u>

To the extent not covered by the previous requests, all documents, without regard to the time period limitation in Instruction No. 3, related to any estimate or appraisal regarding the Painting's value at any time.

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

## for the

### Northern District of Texas

| | | |
|---|---|---|
| Marguerite Hoffman, | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   3:10-CV-0953-D |
| L&M Arts, David Martinez, and Studio Capital, Inc., | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Wendell Holloway, Holloway & Co.
     2800 Routh Street, Dallas, TX 75201

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Schedule A attached hereto.

| Place:  JACKSON WALKER LLP                   901 Main Street, Suite 6000                   Dallas, Texas  75202 | Date and Time:                   08/23/2011 12:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  ___08/04/2011___

         *CLERK OF COURT*
                                                                OR

    _____              _____
      *Signature of Clerk or Deputy Clerk*                    *Attorney's Signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   David Martinez and
Studio Capital, Inc. _____ , who issues or requests this subpoena, are:

    Kurt Schwarz, Jackson Walker LLP
    901 Main Street, Suite 6000, Dallas, Texas  75202
    Phone: 214-953-6000, email: kschwarz@jw.com