In The United States District Court
For The Northern District Of Texas
Dallas Division

| | | |
|---|---|---|
| Marguerite Hoffman, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:10-cv-0953-D |
| | § | |
| L&M Arts, David Martinez and | § | |
| Studio Capital, Inc., | § | |
| | § | |
| Defendants. | § | |

## REPLY BRIEF IN FURTHER SUPPORT OF SECOND MOTION TO COMPEL OF DEFENDANTS STUDIO CAPITAL, INC. AND DAVID MARTINEZ

Gordon M. Shapiro
Kurt Schwarz
Stephanie C. Sparks
JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202
Telephone:  (214) 953-6000
Facsimile:  (214) 953-5822

Jonathan I. Blackman (pro hac vice)
Howard S. Zelbo (pro hac vice)
Melissa K. Marler (pro hac vice)
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

Defendants Studio Capital, Inc. and David Martinez submit this Reply Brief in Further Support of their Second Motion to Compel Discovery Responses (the "Motion").

## ARGUMENT

A. Defendants' Motion Is Neither Moot Nor Premature

Plaintiff does not dispute that she must produce the documents and information sought in this motion to compel, but has not done so. The Motion should be granted for this reason alone.

Her sole response is *not* to deny the discoverability of these documents and information, but to claim that the Motion is "moot" and "premature," that it is an "entirely manufactured dispute," and that Defendants have shown "unreasonable impatience with Plaintiff's discovery efforts." Pl. Opp. at 7. This is simply not true. Defendants have extended every courtesy to Plaintiff over the period of almost five months since they first served their discovery requests, and made the present motion only because Plaintiff has failed to produce basic documents and provide basic information despite agreeing to do so in several meet and confers, and without answering Defendants' letters, explaining her delay, or even saying when the promised documents and interrogatory responses will be forthcoming. This is not a case of lawyers squabbling over the details of discovery, but of a basic failure by Plaintiff to play by the rules.

Defendants served the discovery requests at issue on Plaintiff on April 6, 2011. After an agreed extension of time and several meet and confers, by letter dated June 20, 2011, Plaintiff agreed to produce the documents and respond to the interrogatories that are the subject of this motion. Thus, Plaintiff has had the discovery requests for almost five months, and over two months have passed since Plaintiff agreed to provide the requested discovery. Nonetheless, Plaintiff admits that she still has not provided the agreed discovery. And she has not done so

despite the fact that it was Plaintiff who insisted upon a very tight discovery schedule in this case, to which Defendants agreed.[1]

These failures are all the more glaring because it should have been a very simple thing for Plaintiff to have provided the agreed discovery months ago, and Plaintiff has never contended otherwise. This is not a large document case – Plaintiff has to date only produced approximately 120 documents consisting of a total of 437 pages, approximately 100 pages of which are redacted in their entirety. And of these documents, Plaintiff produced almost all of the documents referenced in her opposition *after* Defendants filed this Motion, and (except for a collection of news articles) *after* Plaintiff's agent, the Greenberg Van Doren Gallery (the "Gallery"), produced many of the same documents in response to a third-party subpoena. In other words, apart from newspaper articles, the documents Plaintiff produced after the filing of this Motion primarily consisted of written communications that she had with her own agent in 2010 – which Plaintiff obviously had in her possession and should have, and could have, easily provided earlier and only produced after she saw that her agent had produced them. What Plaintiff seeks to characterize as an ordinary rolling production thus in fact appears to be a deliberate effort slowly to trickle out her document production and interrogatory responses, bit by bit, and even then only when forced to do so.

But this is not primarily a matter simply of *late* production, as Plaintiff seeks to "spin" it: the categories of discovery that Plaintiff agreed to provide but has still inexplicably not provided *at all* are the *most critical* to the case. For example, Plaintiff *still* has produced no contemporaneous communications from the time of the sale of the Painting in 2007, including nothing reflecting her interpretation or understanding of the confidentiality provision, despite her

---

[1] Plaintiff's assertion that Defendants are not being prejudiced by the slow pace of her production since no depositions have been scheduled is baseless. Defendants have not been able to schedule depositions yet because we do not have the requested documents and information that Plaintiff agreed to provide.

2

agreement to produce these documents.  See June 20 Letter, Appendix to Def.'s Second Mot. to

Compel, Ex. G, p. 105, at 2 (Request No. 6, agreeing to produce documents relating to February

Draft Agreement); 4 (Request No. 13, agreeing to produce documents concerning her allegation

that the buyer promised to hold the Painting in a private collection); 5 (Request No. 21, agreeing

to produce documents concerning her allegation that the confidentiality provision meant the

buyer could not sell the Painting at public auction); and 6 (Request No. 30, agreeing to produce

documents concerning her understanding of the confidentiality provision).  She also has

produced no documents reflecting her alleged motivation for selling the Painting, and only on

August 31 – the day before this reply brief was due – did she provide anything at all on that

topic, and it consisted only of a two-sentence supplemental interrogatory response, although in

her June 20 letter she specifically agreed to provide both "documents" and interrogatory

responses on this subject.  See id. at 5 (Request No. 18, agreeing to produce "documents and

interrogatory responses sufficient to show what motivated her sale of the Painting in 2007").  She

obviously could have provided this information months ago, and her failure to do so until now is

emblematic of her discovery delays in this case and further demonstrates that this Motion was

necessary in order to motivate her to provide even part of the discovery she promised long ago.

     Plaintiff does not and could not seriously contend that those critical documents are

numerous or would otherwise be burdensome to produce.  In fact, she has not offered *any* reason

why she has still not produced these documents, all of which Plaintiff's counsel almost certainly

collected and reviewed before even commencing this lawsuit.

     In an effort to deflect attention from her discovery failures, Plaintiff claims that

Defendants did not sufficiently meet and confer before filing this motion.  This is untrue.  As

Plaintiff acknowledges, counsel for the parties met and conferred on several occasions with

respect to Plaintiff's discovery failures, resulting in Plaintiff's June 20, 2011 agreement to produce the requested discovery. As set forth in Defendants' opening brief on this Motion, but ignored by Plaintiff in her response, after over one month passed without receiving *any* of the promised discovery or *any* explanation from the Plaintiff as to why she had not produced that discovery, Defendants wrote to Plaintiff on July 25 setting forth the deficiencies in Plaintiff's document production and supplemental interrogatory responses. Defendants wrote again to Plaintiff on July 26 demanding the requested discovery that she had agreed by then over one month ago to provide. See Opening Br. at 5-6. Plaintiff ignored these letters, leaving Defendants no choice but to file this motion.

In a similar effort to deflect attention from the issues in this motion to compel, Plaintiff complains about the pace of *Defendants'* document production. She ignores the fact that Defendants had to collect documents from overseas in Switzerland and that, subject to objections that Defendants asserted at the outset, Defendants have represented to Plaintiff that their production is complete. In contrast, Plaintiff acknowledges that she has not completed her production, including in the critical areas set forth above, without even attempting to explain the delay. As a result, Defendants are left to guess whether crucial documents are yet to be produced or do not exist.[2]

B. Attorney's Fees

Plaintiff claims that she should not be required to pay Defendants' expenses if this Motion is granted because of "the significant production efforts Plaintiff has undertaken and Defendants' substantial production delays." Pl. Opp. at 9. But, as noted, this is not a document-

---

[2] The Motion also sought to compel Plaintiff to produce a privilege log. See Motion at 7, 9. Plaintiff's opposition did not even mention, let alone attempt to justify, her failure to produce one up to that point. Apparently recognizing that she had no basis to withhold the privilege log, Plaintiff finally belatedly provided it the day this reply brief was due. Defendants have not yet had a chance to review Plaintiff's privilege log and reserve all rights with respect to it.

intensive case. Plaintiff has thus far produced a total of only 437 pages of documents in the almost five months since Defendants first served their discovery requests (and approximately 100 pages were redacted in their entirety). The fact that Plaintiff only produced certain documents *after* the filing of this motion – and even then it was a paltry production that did not include critical categories of documents – shows that this motion was necessary to prod Plaintiff to fulfill her discovery obligations.[3] Plaintiff's discovery strategy is an obvious attempt to deprive Defendants of key discovery and hamper their efforts to conduct effective depositions and otherwise prepare a defense.

Plaintiff's assertion that Defendants should be required to pay her fees in opposing the Motion if it is denied is even less well-founded. Pl. Opp. at 7. Rule 37 provides that expenses should not be awarded when a motion is denied if the motion was "substantially justified." Fed. R. Civ. P. 37(a)(5)(B). Here, the Motion was more than substantially justified, because Plaintiff has dragged out the discovery process and failed to provide discovery she has promised in a case that is not document-heavy and in the face of a tight discovery schedule. Defendants made reasonable efforts to resolve the disputes, but their many overtures to Plaintiff went unanswered. Thus, the Motion was, at a minimum, substantially justified within the meaning of Rule 37(a)(5)(B), and if it is denied, Defendants should not be required to pay Plaintiff's expenses.

---

[3] Because of Plaintiff's failure to provide a privilege log until the day this reply brief was due, the reply brief originally contained a section regarding that failure. Plaintiff's gamesmanship in belatedly providing the privilege log should not shield her from having to pay the costs Defendants needlessly incurred in researching and drafting that argument.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that the

Court grant their Motion to Compel, overrule the objections asserted by Plaintiff and compel her

to produce the responsive information and documents, order payment of Defendants' expenses,

including attorneys' fees, incurred in making this motion, and grant such other and further relief

to which Defendants may be justly and equitably entitled.

Dated: September 1, 2011

Respectfully submitted

JACKSON WALKER L.L.P.

Gordon M. Shapiro
Texas Bar No. 18110600
Kurt Schwarz
Texas Bar No. 17871550
Stephanie C. Sparks
Texas Bar No. 24042900
901 Main Street, Suite 6000
Dallas, Texas 75202
Telephone: (214) 953-6000
Facsimile: (214) 953-5822

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Jonathan I. Blackman (pro hac vice)
Howard S. Zelbo (pro hac vice)
Melissa K. Marler (pro hac vice)
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

ATTORNEYS FOR DEFENDANTS
STUDIO CAPITAL, INC. AND DAVID
MARTINEZ

## CERTIFICATE OF SERVICE

The undersigned certifies that copies of the foregoing Reply Brief thereto were served on the attorneys of record for all parties via the Court's ECF system.

Kurt Schwarz