In The United States District Court
For The Northern District Of Texas
Dallas Division

| | |
|---|---|
| Marguerite Hoffman, § § Plaintiff, § § v. § § L&M Arts, David Martinez and § Studio Capital, Inc., § § Defendants. § | Civil Action No. 3:10-cv-0953-D |

# REPLY BRIEF IN FURTHER SUPPORT OF THIRD MOTION TO COMPEL OF DEFENDANTS STUDIO CAPITAL, INC. AND DAVID MARTINEZ

Gordon M. Shapiro
Kurt Schwarz
Stephanie C. Sparks
JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202
Telephone: (214) 953-6000
Facsimile: (214) 953-5822

Jonathan I. Blackman (pro hac vice)
Howard S. Zelbo (pro hac vice)
Melissa K. Marler (pro hac vice)
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

Defendants Studio Capital, Inc. and David Martinez submit this Reply Brief in Further Support of their Third Motion to Compel Discovery Responses (the "Motion").

## PRELIMINARY STATEMENT

When Defendants filed the Motion, it was based on entries in a privilege log produced by the Gallery in response to a third-party subpoena indicating that the Gallery withheld numerous communications between Van Doren and Plaintff on the basis of "principal agent discussion[s] regarding legal strategy," a purported privilege which the Gallery admitted belongs to Plaintiff (if anyone). See Opening Brief at 1. Defendants were forced to file the Motion based on the Gallery's privilege log because Plaintiff had failed to produce either the documents or a privilege log stating they were being withheld, despite numerous requests from Defendants and a motion to compel seeking a privilege log. Plaintiff's own privilege log – finally provided nearly five months after Defendants initially served their document requests and the day their reply brief on the motion to compel it was due – revealed that Plaintiff is withholding not only the documents that appear on the Gallery's privilege log, but also communications among Plaintiff, Van Doren, and Plaintiff's counsel that did not appear on the Gallery's log. Defendants agree with Plaintiff (see Pl. Opp. at 3-4) that it is appropriate and efficient for the Motion to be deemed to address all of her communications with Van Doren even though the Motion as filed could not address all of the specific documents listed in Plaintiff's privilege log because Plaintiff had not yet provided it.[1]

Plaintiff has cited no authority for her novel position that communications between a plaintiff and a key fact witness in a potential lawsuit are somehow privileged. Instead, in an

---

[1] Defendants, however, reserve their right to challenge Plaintiff's privilege assertions regarding other documents that do not reflect communications with Van Doren.

attempt to shield her communications with Van Doren from discovery, she seeks to parlay her agency relationship with him and his Gallery for purposes of selling the Painting into some sort of agency relationship three years later for purposes of seeking legal advice and pursuing her claims. As for the entries on Plaintiff's privilege log that reflect communications among Plaintiff, her counsel, and Van Doren, to the extent any of these communications could have been privileged as between Plaintiff and her counsel, Plaintiff waived that privilege by discussing legal advice with Van Doren, a third-party fact witness. And to the extent Van Doren was providing information to Plaintiff's counsel, that information was non-privileged factual knowledge gleaned from his involvement in the underlying transaction, and is protected neither by the attorney-client privilege nor the work product doctrine.

Plaintiff should therefore be ordered to produce the documents included on her privilege log that are communications between Plaintiff and Van Doren or communications between Plaintiff and her counsel that were disclosed to Van Doren.

## ARGUMENT

A. <u>Plaintiff Has Not Met Her Burden Of Proving That Any Privilege Applies</u>

The burden of proving that the attorney-client privilege applies to protect the documents at issue from production rests entirely with Plaintiff as the party asserting the privilege. <u>Texas Dept. of Mental Health and Retardation v. Davis</u>, 775 S.W.2d 467, 470 (Tex. App. – Austin 1989, mand. mot. overrr'd) (party asserting a privilege has burden of proving its applicability).[2] By failing to provide any authority for her position that communications between a plaintiff and a fact witness can be protected by the attorney-client privilege, Plaintiff has utterly failed to carry this burden.

---

[2] Texas privilege law of course applies in this diversity action.

2

Plaintiff claims that her agency agreement with Van Doren extends beyond negotiation and execution of the Letter Agreement in 2007 and serves to immunize her 2010 communications with him from discovery. Plaintiff's Opp. at 5. At no time, however, has Plaintiff produced an agency agreement with Van Doren or any other evidence of any agency relationship in 2010, instead providing only a self-serving assertion in her opposition brief that the scope of Van Doren's agency includes "acting as Plaintiff's agent in connection with litigating or otherwise resolving the dispute that arose from" the Letter Agreement. Plaintiff's Opp. at 4-5.[3] In any event, the purported scope of Van Doren's agency is neither determinative of nor even relevant to the privilege issue in this case, because Van Doren is indisputably a fact witness with no protection under the attorney-client privilege.

Plaintiff's argument relies almost exclusively on Benedict v. Amaducci, No. 92 CIV, 5239 (KMW), 1995 WL 23555 (S.D.N.Y. Jan. 20, 1995), the facts of which are detailed in the Opening Brief. However, Plaintiff's Opposition entirely fails to address the key distinctions between that case and the present one: the third party whose communications with the plaintiffs were deemed privileged in Benedict was not a fact witness in the underlying case, and was instead a paid consultant to the plaintiffs who was retained because of his general financial expertise, which was necessary in assisting the plaintiffs in retaining counsel and asserting their claims. Id. at *1. Plaintiff does not and cannot dispute that Van Doren is a key fact witness in this case, nor has she suggested that he is being paid for his assistance with her lawsuit or that he has any particular expertise she needed in retaining counsel or preparing her litigation strategy.

---

[3] Plaintiff suggests that defendant L&M "knew" Van Doren was Plaintiff's agent "concerning all matters related to the Letter Agreement" because L&M's principal, Robert Mnuchin, allegedly told Van Doren that Studio Capital had consigned the Painting to Sotheby's. See Pl. Opp. at 5. Mr. Mnuchin's communications with Mr. Van Doren are of course irrelevant to whether Plaintiff's communications with him are privileged. Moreover, Plaintiff acknowledges that Mr. Mnuchin also felt free to communicate directly with Plaintiff regarding matters relating to the Letter Agreement. Id.

Id. Rather, it appears that Van Doren was merely a participant in the transaction at issue and consequently has knowledge of facts pertinent to the Plaintiff's claims.

Texas Rule of Evidence 503 protects from disclosure "confidential communications made for the purpose of facilitating the rendition of professional legal services" between or among the client, the lawyer, and the representative. Tex. R. Evid. 503 (emphasis added). The communication at issue in Benedict was protected because it was made "'for the purpose of obtaining legal advice from [a] lawyer.'" Benedict, 1995 WL 23555, *1 (quoting United States v. Kovel, 296 F.2d 918, 922 (2d Cir. 1961)). In other words, the benefit of the paid third party's financial expertise was necessary in order to facilitate consultations with counsel about the financial matters at issue in the litigation. The ruling in Benedict was based on the Second Circuit's limited extension of the privilege "if the purpose of the third party's participation is to improve the comprehension of the communications between attorney and client." United States v. Ackert, 169 F.3d 136, 139 (2d Cir. 1999) (construing the decision in Kovel) (emphasis added). When the purpose for communicating with a third party is anything other than to translate or interpret (not merely transmit) information between the lawyer and the client, including when the purpose is to seek out factual information from the third party that the client did not have, the communications are simply not protected under Kovel or its progeny. See id. at 139-140 (holding that communications between counsel for a corporate client and a third party who had proposed an investment transaction to that client were not protected because the third party's "role was not as a translator or interpreter of client communications" but rather to provide counsel with information about the proposed transaction in order that counsel might better advise his client).

Even if Van Doren may have been authorized to act on Plaintiff's behalf in some manner,

4

Plaintiff does not suggest how or why Van Doren's involvement was in any way necessary for her to select and retain legal counsel, prepare a litigation strategy, or otherwise be rendered legal services. Plaintiff's Opp. at 5. To Defendants' knowledge, Van Doren does not possess any skill or expertise that would be necessary to translate or interpret Plaintiff's communications with counsel. Similarly, there is no reason why Plaintiff – a very wealthy and sophisticated business person – was not herself capable of retaining counsel and then working with counsel to prepare her case without assistance from Van Doren. The only conceivable purpose for consulting with Van Doren about the case was to obtain the factual information he possessed about the Letter Agreement. Communications for this purpose are simply not privileged. See Ackert, 169 F.3d at 139-40. If Plaintiff's privilege assertion is recognized, any party in any litigation could similarly claim she granted agency status to a fact witness for purposes of the litigation, involve that fact witness in her search for and discussions with counsel, and thereby cloak her communications with that witness in privilege. Such a rule would be antithetical to the limited purpose privilege assertions are meant to serve. See, e.g., Texas Dept. of Mental Health and Retardation, 775 S.W.2d at 473 ("Because it tends to prevent full disclosure of the truth, the application of the privilege is narrowly construed.").

B. The Documents Are Not Protected Under The Work Product Doctrine

For similar reasons, the work product doctrine does not apply to protect the communications with Van Doren from being produced. Van Doren did not possess any knowledge or expertise, aside from his knowledge of the underlying facts, that would qualify him as a "representative" of Plaintiff for purposes of Rule 26(b)(3) of the Federal Rules of Civil Procedure. Any work product protection that applied to documents and communications between Plaintiff and her counsel were waived when she disclosed them to Van Doren.

5

Disclosing communications with counsel or other work product to Van Doren, a fact witness, is "inconsistent with maintaining secrecy." Benedict, 1995 WL 23555, at *2 (citing United States v. American Tel. and Tel. Co., 642 F.2d 1285, 1299 (D.C. Cir. 1980)).

Plaintiff also claims in her Opposition that Van Doren retained her counsel, Willkie Farr & Gallagher LLP ("Willkie Farr"), to represent him in the dispute over the Letter Agreement and "to assist with the development of Plaintiff's legal strategy." However, neither Plaintiff nor Van Doren has provided an engagement letter between Van Doren and Willkie Farr, despite the fact that engagement letters generally are not privileged. See, e.g., Beanal v. Freeport McMoRan, Inc., Civ. A. No. 961474, 1996 WL 251839, at *1 (E.D. La. May 10, 1996) (holding that, "as a general rule, client identity and employment contracts are not protected as privileged") (citing In re Grand Jury Subpoena, 926 F.2d 1423, 1431 (5th Cir. 1991)). Instead, Plaintiff again expects Defendants and this Court to accept her word that there was at some point an attorney-client relationship between Willkie Farr and Van Doren and that this relationship blessed her communications with a fact witness with work product protection.[4] In any event, even in Plaintiff's telling, the purpose of Van Doren's alleged retention of Willkie Farr was "to assist with the development of Plaintiff's legal strategy," Pl. Opp. at 7. Even assuming such a retention occurred, it would plainly be a transparent attempt by Plaintiff and her counsel to attempt to cloak the transmission of factual information from Van Doren to Plaintiff and her counsel in privilege or work product protection. A party plainly cannot have key fact witnesses retain the party's counsel as a way of shrouding in secrecy otherwise non-privileged communications between the party and the witness about the underlying facts.

---

[4] Despite Plaintiff's assertion that Van Doren retained Willkie Farr "to represent him concerning Defendants' breach of the Letter Agreement and to assist with the development of Plaintiff's legal strategy," Pl. Opp. at 7, when Defendants served a third party subpoena on the Gallery, Bryan Cave LLP, and not Willkie Farr, represented the Gallery. And even more tellingly, the Gallery asserted that it was not even coordinating its objections and responses to the subpoena with Plaintiff's counsel at Willkie Farr.

C.  <u>Defendants Are Entitled To Payment Of Expenses Incurred In Making This Motion</u>

Plaintiff claims that she should not be required to pay Defendants' expenses if this Motion is granted because "[c]onsidering her privilege claim, Plaintiff's refusal to produce these documents was certainly substantially justified." Pl. Opp. at 8. However, as noted, the privilege Plaintiff claimed as grounds for withholding these documents was meritless, and Plaintiff cited no case recognizing such a privilege. Plaintiff's refusal to produce these documents is indicative of her overall stonewalling approach to discovery in this case.

Plaintiff's assertion that Defendants should be required to pay her fees in opposing the Motion if it is denied is even less well-founded. Pl. Opp. at 7-8. Rule 37 provides that expenses should not be awarded when a motion is denied if the motion was "substantially justified." Fed. R. Civ. P. 37(a)(5)(B). Here, the Motion was more than substantially justified, because there is utterly no precedent or authority indicating that the type of documents at issue – communications between Plaintiff and a key fact witness – should be protected from production by the attorney-client privilege or work product doctrine. Thus, the Motion was, at a minimum, substantially justified within the meaning of Rule 37(a)(5)(B), and if it is denied, Defendants should not be required to pay Plaintiff's expenses.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that the Court grant their Motion, overrule the objections asserted by Plaintiff and compel her to produce the responsive information and documents, order payment of Defendants' expenses, including attorneys' fees, incurred in making this motion, and grant such other and further relief to which Defendants may be justly and equitably entitled.

Dated: September 21, 2011

Respectfully submitted

JACKSON WALKER L.L.P.

_____
Gordon M. Shapiro
Texas Bar No. 18110600
Kurt Schwarz
Texas Bar No. 17871550
Stephanie C. Sparks
Texas Bar No. 24042900
901 Main Street, Suite 6000
Dallas, Texas 75202
Telephone: (214) 953-6000
Facsimile: (214) 953-5822

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Jonathan I. Blackman (pro hac vice)
Howard S. Zelbo (pro hac vice)
Melissa K. Marler (pro hac vice)
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

ATTORNEYS FOR DEFENDANTS
STUDIO CAPITAL, INC. AND DAVID MARTINEZ

## CERTIFICATE OF SERVICE

The undersigned certifies that copies of the foregoing Reply Brief were served on the attorneys of record for all parties via the Court's ECF system.

_____
Kurt Schwarz