In The United States District Court
For The Northern District Of Texas
Dallas Division

| | |
|---|---|
| Marguerite Hoffman, §<br>§<br>Plaintiff, §<br>§<br>v. §<br>§<br>L&M Arts, David Martinez and §<br>Studio Capital, Inc., §<br>§<br>Defendants. § | Civil Action No. 3:10-cv-0953-D |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY AND APPENDIX IN FURTHER OPPOSITION TO THIRD MOTION TO COMPEL OF DEFENDANTS STUDIO CAPITAL, INC. AND DAVID MARTINEZ**

Defendants Studio Capital, Inc. and David Martinez (collectively, "Defendants") submit this Opposition to Plaintiff's Motion for Leave to File Sur-Reply and Appendix in Further Opposition to Third Motion to Compel of Defendants Studio Capital, Inc. and David Martinez (the "Motion for Leave").

**ARGUMENT**

Sur-replies "are highly disfavored, as they usually are a strategic effort by the nonmovant to have the last word on a matter. The court has found that surreplies usually are not that helpful in resolving pending matters, and only permits pleadings beyond Local Civil Rule 7.1 in exceptional or extraordinary circumstances." Lacher v. West, 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001) (emphasis added); see also Appel v. Inspire Pharmaceuticals, Inc., 712 F. Supp. 2d 538, 549 (N.D. Tex. 2010) ("the court frowns on sur-replies"). "A sur-reply is appropriate by the non-movant only when the movant raises new legal theories or attempts to present new evidence at the reply stage." Murray v. TXU Corp., et al., No. 303-CV-0888-P,

2005 WL 1313412, at *4 (N.D. Tex. May 27, 2005) (emphasis added); see also Ponder Research Group, LLP v. Aquatic Navigation, Inc., No. 4:09-CV-322-Y, 2009 WL 2868456, at *13 (N.D. Tex. Sept. 4, 2009) ("Leave to file a surreply should be granted only in limited circumstances."); Racetrac Petroleum, Inc. v. J.J.'s Fast Stop, Inc., No. 3:01-CV-1397, 2003 WL 251318, at *21 (N.D. Tex. Feb. 3, 2003); McCoy v. Tx. Dept. of Criminal Justice, No. C-05-370, 2006 WL 2434289, at *1 (S.D. Tex. Aug. 21, 2006) ("The mere fact that the movant cites new cases and makes new 'arguments' is not alone sufficient" to grant leave to file a sur-reply.). A sur-reply is not permitted where the movant's reply "rebut[s] Plaintiff's Response, or bolster[s] the arguments made in Defendants' initial Motion." Murray, 2005 WL 1313412, at *4. In fact, "[t]he purpose for having a motion, response, and reply is to give the movant the final opportunity to be heard, and to *rebut* the nonmovants' response, thereby persuading the court that the movant is entitled to the relief requested by the motion." Id. (internal citations and quotations omitted).

Plaintiff's Motion for Leave flatly neglects to acknowledge this heavy presumption against permitting sur-replies. It falls far short of proving the existence of any exceptional or extraordinary circumstances that might make a sur-reply appropriate, because no such exceptional or extraordinary circumstances exist. Plaintiff claims she should be permitted to file a sur-reply "in order to respond to new legal arguments that the Martinez Defendants raised for the first time in their reply brief," Pl. Mot. for Leave at 2, but this assertion is meritless. In fact, "Plaintiff is not challenging any newly-presented legal theories raised by Defendants in their Reply. Plaintiff simply wants an opportunity to continue the argument." Murray, 2005 WL 1313412, at *4.

The first purportedly new legal argument Plaintiff identifies is "that the Court should not

have to 'accept [Ms. Hoffman's] word' that there was an attorney-client relationship between John Van Doren and Willkie Farr, as neither she nor Mr. Van Doren 'has provided an engagement letter' documenting that relationship." Pl. Mot. for Leave at 2. In fact, the issue of the existence of an attorney-client relationship between Van Doren and Willkie Farr was first raised in Plaintiff's Opposition to the Motion, Pl. Opp. at 7; until then Defendants had not heard of such a relationship, and Defendants' Reply appropriately pointed out that Plaintiff had provided no evidence that it existed. In doing so, Defendants did not assert a new legal theory or new evidence but rather rebutted a new argument raised by Plaintiff herself. Reply at 6.

Defendants' incredulity in their Reply about an attorney-client relationship between Van Doren and Willkie Farr was hardly cause for Willkie Farr to be "personally offended." Pl. Sur-Reply at 2. To the contrary, not once during discussions concerning Van Doren's document productions – or since this litigation commenced – did Van Doren or Plaintiff ever suggest that Van Doren was represented by Willkie Farr. To the contrary, Van Doren's documents and privilege log were produced by Bryan Cave LLP ("Bryan Cave"), Van Doren was represented solely by Bryan Cave in meet and confers with defense counsel in which Willkie Farr did not participate or ask to participate, during the meet and confers Van Doren, represented by Bryan Cave, never once contended that a basis for the privilege being asserted was an attorney-client relationship between Van Doren and Willkie Farr, and Willkie Farr explicitly represented to Defendants' counsel that they had not coordinated their responses and objections to Defendants' subpoenas with Bryan Cave. Against the background of these facts, if there is such a relationship, the time for Van Doren to establish it was surely earlier than a sur-reply brief.

The second purportedly new legal argument Plaintiff seeks to respond to is "that the principal case on which [Plaintiff] relied in support of her claim of privilege – Benedict v.

Amaducci, No. 92 CIV 5239 (KMW), 1995 WL 23555 (S.D.N.Y. Jan. 20, 1995) – is distinguishable because there (unlike here) the 'third party whose communications with the plaintiffs were deemed privileged ... was not a fact witness in the underlying case, and was instead a paid consultant to the plaintiffs....'" In fact, Defendants' arguments distinguishing Benedict were squarely made in their Opening Brief. Even prior to Defendants filing the Motion, Plaintiff had cited Benedict as purported authority in support of her privilege assertion. Defendants therefore addressed it in their Opening Brief, distinguishing the third party in Benedict from Van Doren on the ground that Van Doren "is one of the primary fact witnesses in the underlying dispute," "Plaintiff did not compensate Van Doren for discussing her legal strategy with her, and ...Van Doren had no particular expertise that was necessary to assist Plaintiff in bringing her claims." Opening Brief at 8.

Plaintiff had an obvious and meaningful opportunity to respond to these arguments: in her Opposition. Plaintiff's failure to address in her Opposition the distinctions made by Defendants does not entitle her to a sur-reply, nor does her desire to now assert new arguments concerning Benedict. Plaintiff acknowledges in the sur-reply attached to her Motion for Leave that Defendants' arguments as to Benedict are not new, but rather contends that Defendants' interpretation of Benedict is inaccurate. Pl. Sur-Reply at 1, 3. But the fact that Plaintiff purports to think that Defendants' Reply on Benedict is mistaken cannot serve as a basis for granting leave to file a sur-reply, just so Plaintiff can get the last word on the subject. See Murray, 2005 WL 1313412, at *4; Racetrac Petroleum, Inc., 2003 WL 251318, at *21 (denying leave to file sur-reply when non-movant sought to "challenge certain alleged 'factual inaccuracies' contained in Defendants' reply brief").

In any event, there is nothing mistaken about Defendants' treatment of Benedict. Neither

it nor any other case supports Plaintiff's view that a privilege attaches to her communications with every fact witness from whom Plaintiff seeks recommendations for legal counsel or exchanges general impressions of her potential claims and the legal advice she has received.[1] Further, Van Doren has no special expertise necessary for Plaintiff to effectively be rendered legal services, Plaintiff has not claimed he does, and he is not being compensated for his "services" to Plaintiff in this action. He is a key fact witness, pure and simple, and there is nothing privileged about Plaintiff's communications with him about his own potential evidence or any other aspect of this action.

---

[1] Indeed, Plaintiff seems to take an exceptionally broad view of this novel friends' and associates' "privilege" since she has asserted the same privilege claim as a basis for withholding her communications with other third parties, including Roland Augustine, Deedie Rose, and Cindy Rachofsky, all of whom are friends and associates who she has identified as fact witnesses, and as to whom she claims privilege over her communications.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that the Court deny Plaintiff's Motion for Leave.  In the alternative, if the Court decides to grant Plaintiff's Motion for Leave, Defendants respectfully request that the Court permit them to file a final reply in further support of the Motion.

Dated: October 5, 2011

Respectfully submitted

JACKSON WALKER L.L.P.

_____
Gordon M. Shapiro
Texas Bar No. 18110600
Kurt Schwarz
Texas Bar No. 17871550
Stephanie C. Sparks
Texas Bar No. 24042900
901 Main Street, Suite 6000
Dallas, Texas  75202
Telephone: (214) 953-6000
Facsimile: (214) 953-5822

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Jonathan I. Blackman (pro hac vice)
Howard S. Zelbo (pro hac vice)
Melissa K. Marler (pro hac vice)
One Liberty Plaza
New York, New York  10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

ATTORNEYS FOR DEFENDANTS STUDIO CAPITAL, INC. AND DAVID MARTINEZ

## CERTIFICATE OF SERVICE

The undersigned certifies that copies of the foregoing Reply Brief were served on the attorneys of record for all parties via the Court's ECF system.

_____
Kurt Schwarz