TIN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARGUERITE HOFFMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 3:10-CV-0953-D |
| | § | |
| L&M ARTS, DAVID MARTINEZ | § | |
| and STUDIO CAPITAL, INC., | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO FOURTH MOTION
TO COMPEL OF DEFENDANTS STUDIO CAPITAL, INC. AND DAVID MARTINEZ**

Plaintiff Marguerite Hoffman submits this Memorandum of Law in Opposition to the

Fourth Motion to Compel of Defendants Studio Capital, Inc. and David Martinez, dated October

19, 2011 (the "Motion").

**PRELIMINARY STATEMENT**

This is an action for breach of the confidentiality provision in a contract for the sale of a

painting by Mark Rothko (the "Painting") that Defendants agreed to buy from Plaintiff on April

24, 2007.  In the one-page purchase contract (the "Letter Agreement"), Defendants committed to

Plaintiff, a major collector of contemporary art and current Trustee and former Chair of the

Dallas Museum of Art, "to make maximum effort to keep all aspects of this transaction

confidential indefinitely."  Defendants breached the Letter Agreement when the Painting was

resold through a highly publicized auction in 2010.

The present motion seeks to compel Plaintiff to produce confidential and privileged

communications with (a) Roland Augustine, who assisted Plaintiff in obtaining legal counsel to

represent her in this matter and then communicated with Plaintiff and her counsel concerning litigation and settlement strategy; and (b) certain trustees and a former director of the Dallas Museum of Art (the "DMA Individuals") concerning litigation advice she received from counsel.

All of these communications occurred *after* the present dispute arose – that is, after Defendant L&M notified Plaintiff that Defendants intended to sell the Painting at public auction in 2010.  None of the communications occurred at the time of the Letter Agreement in 2007, nor did they occur in 2008 or 2009.

All the communications were for the purpose of furthering Plaintiff's retention of litigation counsel or, once counsel had been retained, of assisting Plaintiff and/or her counsel in the preparation of the present case.  The communications with Mr. Augustine are covered by the attorney-client privilege and the work-product doctrine and the communications with the DMA Individuals are protected by the work-product doctrine.

## PROCEDURAL BACKGROUND

On April 6, 2011, Defendants Studio Capital and Martinez served their initial document requests on Plaintiff.  By agreement of the parties, Plaintiff responded to the document requests on May 20, 2011.  Plaintiff has made eight document productions and served a privilege log on August 31, 2011 and an amended privilege log and redaction log on October 5, 2011.  Plaintiff's privilege and redaction logs consistently assert the attorney-client privilege and work product protection over communications between Plaintiff and Mr. Augustine concerning the retention of counsel in this matter, as well as communications for the purpose of developing legal strategy and or securing legal advice from counsel.  Similarly, Plaintiff consistently asserts that the work product doctrine protects communications between Plaintiff and the DMA Individuals concerning issues related to this litigation.  (*See* Pl.'s Am. Privilege Log, Defs.' App., Ex. H, pp. 53-62; Pl.'s Redaction Log, App., Ex. G, pp. 50-52.)

After Plaintiff served her amended privilege log and redaction log, Defendants Studio Capital and Martinez requested a meet-and-confer concerning the redaction log.  At the meet-and-confer on October 11, 2011, Defendants requested authority for Plaintiff's position that work-product protection is not waived by disclosure to third parties who are not adverse to the disclosing party, even though Plaintiff's position is a hornbook statement of the work-product doctrine.

Nevertheless, on October 13, 2011, Plaintiff provided authority consistent with this position and asked Defendants to supply authority to support their opposing position.  (Defs.' App., Ex. K, p. 72.)  On October 19, Defendants responded, refusing to provide any authority and merely stating that they continue to disagree with Plaintiff's position and, as a result of this impasse, would move to compel.  (Defs.' App., Ex. L, p. 79.)

Defendants filed the present motion the same day.  Defendants had no intention of meeting-and-conferring in good faith.  Rather, they disingenuously asked Plaintiff to provide authority for her positions, refused to reciprocate, and used Plaintiff's proffer only to assist in drafting the motion to compel that Defendants inevitably planned to file.

Simultaneously with this Opposition, Plaintiff is submitting for *in camera* review the confidential communications with Roland Augustine and the DMA Individuals that are identified on Plaintiff's redaction and amended privilege logs.

## ARGUMENT

**I.     THE WITHHELD COMMUNICATIONS BETWEEN PLAINTIFF AND ROLAND AUGUSTINE ARE PROTECTED BY THE WORK PRODUCT DOCTRINE AND THE ATTORNEY-CLIENT PRIVILEGE.**

The challenged communications between and among Roland Augustine, Plaintiff, and Plaintiff's counsel, Roger Netzer, all occurred after this dispute arose and none include a discussion of the facts underlying this litigation.  Because all of these communications concerned

either Plaintiff's attempts to find and retain litigation counsel, proposals to settle this litigation, analyses of Plaintiff's legal claims, and discussions regarding Plaintiff's communications with litigation counsel, these communications are all protected by the attorney-client privilege and/or work product doctrine.

> A.     The Augustine Communications Are Protected From Production By The Work Product Doctrine.

In briefing on Defendants' Third Motion to Compel, Plaintiff established that the work product doctrine prevents discovery of "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3); *see also SEC v. Brady*, 238 F.R.D. 429, 441 (N.D. Tex. 2009).

Plaintiff also established that work product protection is not waived by disclosing protected materials to third parties as long as such disclosure is "not inconsistent with maintaining secrecy against opponents." *Benedict v. Amaducci*, No. 92 CIV. 5239, 1995 WL 23555, at *2 (S.D.N.Y. Jan. 20, 2005); *see also Aiken v. Texas Farm Bureau Mut. Ins. Co.*, 151 F.R.D. 621, 623 (E.D. Tex. 1993) ("[M]ere voluntary disclosure to a third person is insufficient in itself to waive it.  The touchstone of inquiry seems to be whether the prior disclosure had been made to a present adversary: if not, the privilege survives.") (internal quotations and citations omitted); *GAF Corp. v. Eastman Kodak Co.*, 85 F.R.D. 46, 52 (S.D.N.Y. 1979) ("[O]nly if such disclosure substantially increases the possibility that an opposing party could obtain the information disclosed will the disclosing party's work product privilege be deemed waived."); *Cellco P'ship v. Nextel Commc'n, Inc.*, No. 03-725-KAJ, 2004 U.S. Dist. LEXIS 12717, at *4-5 (D. Del. July 9, 2004) ("Generally, courts find that the work-product privilege is waived only if disclosure to the third party substantially increases the opportunity for potential adversaries to obtain the information.") (internal quotations and citations omitted).  Relatedly, Plaintiff

established that a party may share work product with third parties who are not "representatives" without effectuating a waiver. *Benedict*, 1995 WL 23555 at *2; *see also* Pl.'s Sur-Reply in Further Opp'n to Third Mot. to Compel at 4-5. Rather, work product can be shared with third parties so long as such disclosure does not increase the likelihood that the work product will be shared with those adverse to the disclosing party. *Id.*

Finally, Plaintiff established that discovery of work product will be ordered only if a party can show "substantial need for the materials." *See generally* Fed. R. Civ. P. 26(b)(3)(A).

The cases cited by Defendants in the Motion do not contradict any one of these points. Defendants argue that the "work product doctrine only protects documents produced by or for an attorney preparing for litigation." (Mot. at 6.) While the doctrine is most commonly asserted on behalf of documents prepared by or for an attorney, as indicated in the cases cited by Defendants, the doctrine is, by its very terms, significantly broader. Indeed, Federal Rule of Civil Procedure 26(b)(3)(A) explicitly states that there can be no discovery (absent an applicable exception) of "documents and tangible things that are prepared in anticipation of litigation or for trial <u>by or for another party or its representative (including the other party's attorney</u>…)" Fed. R. Civ. P. 26(b)(3)(A) (emphasis added). As is clear from the text of the Rule, documents prepared by <u>a party</u> are covered by the work product doctrine if prepared in anticipation of litigation. And, indeed, each of the communications at issue was prepared by or for Plaintiff or her representative, Roger Netzer, in furtherance of this litigation.

As discussed above, many of the communications with Mr. Augustine withheld by Plaintiff were written electronic documents prepared in anticipation of litigation by or for Plaintiff's litigation counsel or Plaintiff herself. As a review of the documents submitted for *in camera* review will confirm, these documents are: (a) communications between Roger Netzer

and Plaintiff and/or Mr. Augustine concerning the retention of Willkie Farr & Gallagher LLP ("Willkie Farr") by Plaintiff, (b) analyses of Plaintiff's legal claims by Roger Netzer and Plaintiff that were shared with Mr. Augustine, (c) discussions about settlement by Roger Netzer and Plaintiff that were shared with Mr. Augustine; and (d) communications prepared by or for Plaintiff and shared with Mr. Augustine and/or John Van Doren (Plaintiff's agent whose communications are the subject of Defendants' Third Motion to Compel) concerning this dispute. In sum, each of these documents was prepared because of and in anticipation of this litigation and is solely related to this litigation. There was no reason other than this litigation that these documents were prepared.

The protection from discovery provided to these documents by the work product doctrine was not waived by disclosure to Mr. Augustine. He is a personal friend of Plaintiff who was asked to assist her in obtaining legal counsel and advise her regarding ways to effectively obtain the relief she sought as a result of Defendants' breach. Plaintiff, Mr. Augustine, and Mr. Netzer each had an understanding that communications among them concerning the issues relevant to this litigation were to be treated as privileged and confidential and were not to be shared with others, especially those adverse to Plaintiff in this matter. (Netzer Decl. ¶¶ 2-3, App., Ex. A, p. 2.) Also, Mr. Augustine, as a client of Willkie Farr, understood that his communications with Mr. Netzer were privileged and confidential.

Defendants suggest that a third party to whom work product is disclosed must have a common interest agreement or other contractual obligation to keep the documents confidential with the disclosing party. (*See* Mot. at 12-13.) The cases cited by Defendants stand for no such proposition. *See Mondis Tech., Ltd. v. LG Elecs., Inc.*, 2:08-CV-478-TJW, 2011 WL 1714304, at *3 (E.D. Tex. May 4, 2011) ("[D]isclosure of work-product waives the work-product

protection *only if work-product is given to adversaries or treated in a manner that substantially increases the likelihood that an adversary will come into possession of the material.*") (emphasis added); *Brown v. Adams (In re Fort Worth Osteopathic Hosp.)*, No. 07-04015-DML, 2008 WL 2095601, at *2 (N.D. Tex. May 15, 2008) (requiring a "meeting of the minds that documents subject to attorney-client or work product privilege are being shared in the expectation that the privilege is not being waived by the sharing and that each party will protect the documents from disclosure or loss of the privilege"). The standard for waiver set forth in *Mondis Tech* is consistent with the standard for waiver discussed *supra* at pages 4-5 and is consistent with the understanding that existed among Plaintiff, Mr. Augustine, and Mr. Netzer.

Finally, Defendants have made no attempt whatsoever to show that they have a substantial need for these communications and, indeed, any such attempt would be futile. Without a showing of substantial need, there is no basis for discovery of this protected work product. Fed. R. Civ. P. 26(b)(3)(A)(ii).

B.    The Augustine Communications Are Protected From Production By The Attorney-Client Privilege.

Pursuant to Texas Rule of Evidence 503, confidential communications made for the purpose of facilitating the rendition of professional legal services between or among the client, her lawyer, and her representatives are privileged. Tex. R. Evid. 503; *see also Seibu Corp. v. KPMG LLP*, No. 3-00-CV-1639-X, 2002 WL 87461, at *1 (N.D. Tex. Jan. 18, 2002). "A 'representative' is any person: (1) who has authority to obtain professional legal services on behalf of the client; (2) who has authority to act on legal advice rendered to the client; or (3) who makes or receives a confidential communication while acting within the scope of the client's employment for the purpose of effectuating legal representation of the client." *Seibu Corp*, 2002 WL 87461 at *2; Tex. R. Evid. 503. "Texas law does not require that a lawyer be the author or

recipient of a communication in order for it to be privileged." *Seibu Corp.*, 2002 WL 87461, at *2.

For the same reasons set forth in Plaintiff's Memorandum of Law in Opposition to the Third Motion to Compel (which is hereby incorporated by reference), the communications with Mr. Augustine that are the subject of this Motion are protected by the attorney-client privilege. (*See* Pl.'s Memo. of Law in Opp'n to Third Mot. to Compel at 4-6.)

## II.   PLAINTIFF'S COMMUNICATIONS WITH THE DMA INDIVIDUALS ARE PROTECTED FROM DISCLOSURE BY THE WORK PRODUCT DOCTRINE.

As with the privileged communications involving Roland Augustine, Plaintiff's communications with certain trustees and a former director of the DMA are protected by the work product doctrine.

Again, all of the communications at issue were electronic documents prepared by or for Plaintiff after this dispute arose and in anticipation of this litigation.  The withheld communications relate solely to this litigation and were not prepared for any other purpose. Moreover, Plaintiff did not waive work product protection by sharing these communications with the DMA Individuals.  These individuals are close friends of Plaintiff and they each understood that these communications were to be treated confidentially and certainly were not to be shared with anyone whose interests were adverse to Plaintiff.  And, again, Defendants have not argued that they have a substantial need for these documents.  For these reasons, Plaintiff's communications with the DMA Individuals are subject to the work product doctrine and are protected from disclosure in discovery.

## III.   ATTORNEY'S FEES

If the Court denies the Motion, it should award Plaintiff her attorney's fees in opposing the Motion.  Under Rule 37 of the Federal Rule of Civil Procedure, when a motion to compel is

denied the court "must, after giving an opportunity to be heard, require the movant, the attorney

filing the motion, or both to pay the party or deponent who opposed the motion its reasonable

expenses incurred in opposing the motion, including attorney's fees," unless "the motion was

substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P.

37(a)(5)(B).

Here, the communications Defendants seek are privileged.  Therefore, Defendants'

motion was not "substantially justified," no other circumstances make an award of expenses

unjust, and the Court should order Defendants or their counsel to pay Plaintiff's reasonable

expenses incurred in making this motion, including attorney's fees.  *See De Angelis v. City of El

Paso*, 265 F. App'x 390, 398, (5th Cir. 2008) (affirming award of attorney's fees where motion

to compel was not substantially justified).

In the unlikely event that the Court grants Defendants the relief they seek, it should deny

Defendants' request for payment of expenses incurred in making this Motion.  Considering her

privilege claim, Plaintiff's refusal to produce these documents was certainly substantially

justified.  Fed. R. Civ. P. 37(a)(5)(A) ("[T]he court must not order [payment of expenses] if the

opposing party's nondisclosure, response, or objection was substantially justified."); *see also

Sanimax AGS, Inc. v. Gulf Hydrocarbon, Inc.*, No. 1:09-cv-37-SEB-TAB, 2010 WL 2560032, at

*6 (S.D. Ind. June 23, 2010) (denying request for attorney's fees where objection to information

sought in motion to compel was substantially justified).

## DEMAND FOR RELIEF

Plaintiff respectfully requests that the Motion be denied in its entirety.

Dated:  November 9, 2011                    Respectfully submitted,

                                            WILLKIE FARR & GALLAGHER LLP


                                            By:  _/s/Roger Netzer_____
                                                 Roger Netzer
                                                 Mary Eaton
                                                 787 Seventh Avenue
                                                 New York, NY  10019-6099
                                                 rnetzer@willkie.com
                                                 Tel: (212) 728-8000
                                                 Fax: (212) 728-8111


                                            SHACKELFORD, MELTON & MCKINLEY LLP
                                                 Bart Wulff
                                                 State Bar No. 22086100
                                                 3333 Lee Parkway, Tenth Floor
                                                 Dallas, TX  75219
                                                 BWULFF@shacklaw.net
                                                 Tel: (214) 780-1400
                                                 Fax: (214) 780-1401

                                            *Attorneys for Plaintiff*


7152671

## CERTIFICATE OF SERVICE

The undersigned certifies that a true copy of the foregoing is being served electronically via ECF on all counsel of record on the 9th day of November 2011.

 /s/Kennon Scott                   
Kennon Scott
