IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARGUERITE HOFFMAN, §<br>§<br>Plaintiff, §<br>§ Civil Action No. 3:10-CV-0953-D<br>L&M ARTS, DAVID MARTINEZ, §<br>and STUDIO CAPITAL, INC., §<br>§<br>Defendants. §<br>§ | |

### PLAINTIFF'S REPLY BRIEF IN FURTHER SUPPORT
### OF HER SEALED MOTION TO COMPEL DEFENDANT L&M ARTS
### TO COMPLY WITH ITS DISCOVERY OBLIGATIONS

|  |  |
|---|---|
|  | OF COUNSEL |
| **SHACKELFORD, MELTON & MCKINLEY LLP** | **WILLKIE FARR & GALLAGHER LLP** |
| Bart Wulff | Roger Netzer |
| State Bar No. 22086100 | Mary Eaton |
| 3333 Lee Parkway, Tenth Floor | 787 Seventh Avenue |
| Dallas, TX  75219 | New York, NY  10019-6099 |
| BWULFF@shacklaw.net | rnetzer@willkie.com |
| Tel: (214) 780-1400 | Tel: (212) 728-8000 |
| Fax: (214) 780-1401 | Fax: (212) 728-8111 |

**TABLE OF CONTENTS**

SUMMARY OF ARGUMENT ..................................................................................................1

ARGUMENT ..................................................................................................................................3

I.      L&M SHOULD BE COMPELLED TO PROVIDE FULL DISCLOSURE CONCERNING ITS INFORMATION TECHNOLOGY SYSTEMS AND THE EFFORTS IT TOOK TO PRESERVE, SEARCH FOR AND PRODUCE RESPONSIVE ELECTRONIC INFORMATION. ............................................3

    A.    L&M Should Be Compelled To Produce a Rule 30(b) (6) Witness. ................3

    B.    L&M Should Be Compelled To Conduct A Proper Search For Responsive Documents. ..................................................................................5

    C.    L&M Should Be Compelled To Explain Why It Failed To Preserve Documents. ..................................................................................9

II.      PLAINTIFF'S MOTION IS NOT DUPLICATIVE. ..........................................9

III.     L&M SHOULD BE REQUIRED TO PAY THE EXPENSES PLAINTIFF INCURRED IN MAKING THIS MOTION. .....................................................10

CONCLUSION ..............................................................................................................................10

Plaintiff Marguerite Hoffman submits this Reply Brief in Further Support of her Sealed Motion to Compel Defendant L&M Arts to Comply with its Discovery Obligations (the "Motion").

## SUMMARY OF ARGUMENT

L&M's evasive response to the Motion underscores the necessity of a Court order requiring L&M to finally acknowledge and disclose the nature of its efforts to preserve and search electronically stored information ("ESI"). L&M has not offered any reason why it should not be compelled to disclose what ESI systems it has, what ESI custodians it searched, and what date ranges and search terms it used. L&M asks the Court to excuse its failure to produce more than 50 responsive emails in light of L&M's supposed lack of "extensive electronic document systems." But this unsupported assertion is the very reason that Plaintiff is seeking information about L&M's electronic document systems -- information readily available to L&M yet which L&M refuses to divulge. *See* Point I (A), *infra*. L&M should therefore be ordered to produce a Rule 30(b)(6) witness regarding its IT systems infrastructure.

The sketchy information L&M volunteers in its Opposition does nothing to reduce Plaintiff's legitimate concerns. L&M does not dispute that it did *not* produce more than 50 responsive emails to which it was a party, including communications which took place *after* L&M's duty to preserve potentially relevant information and ESI indisputably arose. Given L&M's account of its document collection process, this failure is unsurprising. First, L&M asked certain employees -- it still refuses to disclose which ones -- to conduct what it calls a "manual" search of that employee's hard copy and email files. (Opp'n at 2.) Courts recognize, however, that self-collection efforts such as L&M relied on here do not satisfy a party's obligation to conduct a reasonable search for responsive documents. *See* Point I (B), *infra*. Second, while L&M's IT consultant is said to have conducted an automated search, that search

was woefully insufficient because (a) the search terms used were patently inadequate and (b) the search was limited to the files of Robert Mnuchin and his assistant and excluded other key custodians, including Dominique Levy, L&M's principal contact with defendants Studio Capital and David Martinez.  (*See id.*)

Unable to respond to the substance of the Motion, L&M resorts to outright falsehoods about Plaintiff's exhaustive-meet-and-confer efforts.  According to L&M, "Had Hoffman bothered to conference with L&M prior to filing the Motion to Compel, L&M would have provided" information regarding the search terms it used and the contact information for its IT consultant.  (Opp'n at 4.)  In fact, however, Plaintiff made multiple inquiries regarding these very topics.  As regards the use of search terms, for example, on September 27, 2011, Plaintiff's counsel emailed L&M's counsel, stating:  "Below is our list of the search terms we used to locate Plaintiff's responsive emails.  Will you provide us with the list you used for L&M?"  (Sept. 27-30, 2011 Emails from M. Eaton to counsel for L&M, App., Ex. K, p. 173.)  When L&M did not respond, Plaintiff reiterated her request on September 30, but that message likewise went unanswered.  (*Id.*)  With respect to L&M's IT consultant, on August 18, 2011, Plaintiff asked L&M for the name of the company where L&M's IT consultant worked.  (Aug. 18, 2011 Email from M. Eaton to K. Blase and others, App., Ex. R, p. 199.)  L&M refused to respond.  And, after receiving L&M's Opposition, Plaintiff asked L&M what relief sought in her Motion L&M would agree to provide.  (Jan. 3, 2012 Email from S. Vogel to counsel for L&M, App., Ex. S, p. 205.)  Again, L&M did not respond.

That is by way of example only.  L&M's stonewalling forced Plaintiff  repeatedly to spend time and money chasing L&M for information it was obligated to provide without

demand. These efforts are detailed, in part, in Plaintiff's opening brief on page 7. L&M ignores, and therefore does not dispute, any aspect of that account.

## ARGUMENT

I. **L&M SHOULD BE COMPELLED TO PROVIDE FULL DISCLOSURE CONCERNING ITS INFORMATION TECHNOLOGY SYSTEMS AND THE EFFORTS IT TOOK TO PRESERVE, SEARCH FOR AND PRODUCE RESPONSIVE ELECTRONIC INFORMATION.**

　　A.　L&M Should Be Compelled To Produce a Rule 30(b) (6) Witness.

Plaintiff's Motion established that parties must be forthcoming about their IT systems and must identify their electronic sources of information. (*See* Mot. at 10-11). A party who refuses to provide such disclosure must produce a knowledgeable representative regarding those issues under Rule 30(b)(6). *See Beye v. Horizon Blue Cross Blue Shield*, Civ. A. Nos. 06-5337(FSH), 06-6219(FSH), 2007 WL 7403210, at *5 (D.N.J. Oct. 30, 2007) (ordering deposition of Rule 30(b)(6) witness to explain defendant's IT system).

L&M does not dispute that it had a legal obligation to furnish Plaintiff with the information she sought. Nor does L&M contend that it satisfied that obligation before Plaintiff moved for relief. L&M's Response remains strangely mute about its IT systems and the categories of ESI that it uses, disclosing only the contact information for its IT consultant (Opp'n at 2), which Plaintiff had requested before moving and which L&M had inexplicably refused to provide (Aug. 18, 2011 Email from M. Eaton to K. Blase and others, App., Ex. R, p. 199). Rather, L&M provides a non-sequitur: "L&M is not a major corporation with its own IT department and always in-place litigation protocols." (Opp'n at 2.) That is not sufficient.

As an initial matter, the duty of disclosure does not turn on whether the party is a "major corporation" or a mom-and-pop shop. As Plaintiff's Motion established, all parties, regardless of

their size and level of sophistication, have an equal duty to be forthcoming about their IT systems. (Mot. at 10-11.) *See also* Fed. R. Civ. P. 26(f).

Even if the rule were otherwise, L&M is too modest about the scope of its enterprise. According to its web site, L&M's principals, Mnuchin and Levy, are perennially featured in Art+Auction's annual "Power Issue." http://www.lmgallery.com/press/ (last visited Jan. 1, 2012). L&M is reputed to be one of the most influential and commercially successful art dealers in the United States. (*See, e.g.*, Excerpt, Art+Auction, *The Power Issue 2011*, App., Ex. T, pp. 210-211; Art Review, *2010 Power 100*, App., Ex. U, pp. 213-214.)

If its operations are as modest as L&M suggests, on the other hand, then L&M should have little difficulty in disclosing its IT infrastructure. By way of example, what types of servers does L&M use? How does L&M back up its electronic systems? Does each employee have a unique personal computer? Can employees save information directly to these computers? Do employees save information to a central server(s)? For how long are emails and other electronic documents automatically preserved on L&M's active server(s)? How and when are electronic documents deleted or purged from L&M's system? What types of mobile electronic devices do L&M employees use and can employees save information to these devices? L&M has not provided information on any of these topics, nor explained why it is not able to do so. That failure is telling since it is clear from documents that have been produced to date that L&M in fact frequently engaged in email correspondence concerning the Painting and the relevant transactions.

Nor has L&M provided a satisfactory response to Plaintiff's demand for a Rule 30(b)(6) deposition, which seeks testimony regarding L&M's preservation and production efforts as well as technical information regarding the makeup and infrastructure of its IT systems. (Rule

30(b)(6) Notice, App., Ex. M, pp. 179-185). Rather than produce a witness, L&M is only willing to make unidentified "fact witnesses" available to testify at a later, unspecified time. (*See* Mot. at 9.) This is nonsensical. As Plaintiff established in her Motion, it is inefficient to force Plaintiff to wait until fact depositions commence to obtain the information she needs to determine whether L&M's document production is complete. (*See* Mot. at 12.) Plaintiff has received no indication from L&M's counsel that any fact witness is likely to be knowledgeable about these technological topics. This deposition should therefore be scheduled now.

   B. L&M Should Be Compelled To Conduct A Proper Search For Responsive Documents.

 Plaintiff has established that L&M is obliged to be forthcoming about its electronic search efforts and to demonstrate that its search for documents was reasonable. (*See* Mot. at 9-12.) *See also* The Sedona Conference, *The Sedona Conference Cooperation Proclamation* 1 (2008) (noting that "gamesmanship" and "hiding the ball" over electronic discovery strains the legal system to no practical effect); *Wm. A. Gross Constr. Assocs., Inc. v. Am. Manuf. Mut. Ins. Co.*, 256 F.R.D. 134, 136 (S.D.N.Y.) (endorsing Cooperation Proclamation; "the best solution in the entire area of electronic discovery is cooperation among counsel"); *In re Direct Southwest, Inc. FLSA Litig.*, No. 08-1984-MLCF-SS, 2009 WL 2461716, at *1-2 (E.D. La. Aug. 7, 2009) (endorsing the Cooperation Proclamation and noting that the parties' dispute over search terms 'should have been resolved at the beginning of the discovery process and not at the end").

 L&M does not dispute that it had a duty to provide such information nor does it contend that it has already furnished Plaintiff with the information she requested. Rather, for the first time after many inquiries by Plaintiff, L&M provides limited and incomplete information about

the search efforts it has undertaken. L&M's additional, information, however, only heightens Plaintiff's concerns, for the reasons below.[1]

First, L&M asserts that "relevant employees conducted a manual search of their files for responsive documents. These searches included each relevant employee's email account as well as physical files." (Opp'n at 2.) L&M still refuses to identify which employees were asked to search their own files even though Plaintiff has repeatedly asked L&M to identify the custodians whose files were searched. (*See* App. Ex. E, App. 54.) L&M has also not indicated what sources of information these employees were asked to search (such as email servers, their local computers, portable electronic devices, or back-up tapes) or whether they were capable of doing so on their own.

In any event, the work of preserving, collecting and producing documents cannot be solely delegated to individuals to self-collect their own documents. Counsel has an obligation to, at minimum, supervise a client's search for responsive documents. *See Phx. Four, Inc. v. Strategic Res. Corp.*, No. 05 Civ. 4837(HB), 2006 WL 1409413, at *6 (S.D.N.Y. May 23, 2006) (failure to supervise client search for sources of electronic information was gross negligence); *Northington v. H&M Int'l*, No. 08-cv-6297, 2011 WL 663055, at *17 (N.D. Ill. Jan. 12, 2011) (holding search unreasonable where "defendant never tasked anyone other than the custodians themselves to search their computer hard drives, hard copy documents, or other sources for potentially relevant evidence" because it is not sufficient for a defendant to rely on its employees to determine whether documents were potentially responsive to litigation); *Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC*, 685 F. Supp. 2d 456, 473 (S.D.N.Y.

---

[1] Although L&M repeatedly asserts that its production is complete, this representation only concerns all documents in its possession that concern the Painting, the 2007 Sale, and the 2010 Auction. L&M has refused to search for and produce documents relating to all of Plaintiff's document requests, which is the subject of Plaintiff's first motion to compel discovery from L&M.

- 6 -

2010) (holding that it is improper for an attorney to "place[] total reliance on the employee to search and select what that employee believed to be responsive records without any supervision from Counsel.").

Self-collection is inherently problematic because it is very rarely conducted in a systemized, repeatable, or defensible manner. Counsel who rely on self-collection cannot have confidence in the thoroughness of the process or determine how much relevant information a custodian -- especially one with a vested interest in the outcome of a litigation -- may have failed to produce. *See Northington*, 2011 WL 663055, at \*17 (employees lack sufficient knowledge to make relevancy determinations). These recognized problems have presented themselves here. Plaintiff has identified at least fifty communications that should have been produced by L&M, but were not. (*See* Mot. at 6-7.) L&M has nowhere even attempted to explain why those documents were not produced, nor could it given that it delegated the task of searching for relevant documents to its employees. Simply put, L&M is not in a position to vouch for the search effort that was made because it did not take responsibility for that effort itself.

Second, and equally problematic, L&M concedes that it maintains ESI on workstations (computers), email servers and backup media and that it conducted an extremely limited search of these sources for responsive ESI. (Email from K. Blase to M. Eaton, App., Ex. I, pp. 165-166.) Although L&M has not asserted that it would be burdensome to conduct a search of all these sources for multiple custodians, it has elected to only search certain files of Robert Mnuchin and his assistant. (Opp'n at 4.) It is outrageous that L&M declined to search the email servers for other custodians -- such as Dominique Levy, Leila Saadai, Cari Brentegani, Francois Renet, or Lisa Zermann -- who are known to have communicated with third parties regarding the

Painting and who have been identified in interrogatory responses as knowledgeable witnesses. (*See* Studio Capital and Martinez's Supp. Interrog. Resps., App., Ex. V, pp. 218-223.)

The search terms L&M used in this extraordinarily limited electronic search cannot be defended on forensic or any other grounds, moreover. L&M used the terms "Rothko Untitled 1961," "Marguerite Hoffman," and "Greenberg Van Doren." (Opp'n at 4.) These terms were almost guaranteed to fail to identify any responsive documents because they do not use proper syntax and will not identify documents containing slight variations of these terms.[2] Apart from these self-evidence shortcomings, L&M has not explained – because it cannot explain – why it did not use additional obvious terms such as "Martinez" or "Studio Capital" (with appropriate syntax) that are equally pertinent here.

L&M's search efforts, in short, were grossly inadequate. L&M should be required to conduct a proper search for electronic documents. This search should include all sources of ESI (whether on workstations, portable devices, servers or backup media), all custodians who are known to have corresponded regarding the Painting and should be conducted using at least the following search terms: *rothko*, *hoffman*, *vandoren*, (van w/2 doren), (studio w/2 capital), *martinez*, *fintech*, *diretora*, *kendris*, *gass*, *safra*, *haas*, *artralog*, (moebel mobel w/2 transport), *marino*, (dl w/2 fine w/2 arts), *calza*, *gorvey*, *sotheby*, and *meyer*.

---

[2] By way of example, if Mnuchin had sent an email to Plaintiff at her email address and addressed it to "Ms. Hoffman" or "Marguerite," then L&M's search would have failed to identify the document because he did not use the precise term "Marguerite Hoffman." Similarly, if Mnuchin had sent an email to John Van Doren -- Plaintiff's agent in the 2007 Sale -- at his email address john@greenbergvandoren.com and addressed it to "John" then L&M's search would have failed to identify this document because there are no spaces in the email address and it contains more characters.

C.     **L&M Should Be Compelled To Explain Why It Failed To Preserve Documents.**

The duty to preserve potentially relevant evidence is well-established. *See* Fed. R. Civ. P. 26, 34; *see also Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 217-18 (S.D.N.Y. 2003) (the duty to preserve extends to electronic discovery). In her Motion, Plaintiff set forth the extensive efforts she undertook to ensure that L&M was aware of its preservation obligations and L&M's refusal at that time to make any commitment to or agreement with Plaintiff regarding her preservation requests. (*See* Mot. at 2-4.) As also detailed in the Motion, it appears L&M failed to satisfy its preservation obligations because there are numerous documents missing from L&M's production, including communications from or to every individual associated with L&M who has been identified by Defendants as a person with knowledge of the relevant facts, as well as communications involving L&M which took place *after* Plaintiff sent L&M a document preservation letter on April 12, 2010. (*See* Mot. at 6.)

In its Opposition, L&M fails to discuss any steps it took to preserve documents or to offer any explanation as to how the Missing Documents went missing. Instead, it merely states: "The fact that other parties to this case have produced documents that Hoffman alleges L&M should have produced is an obvious red herring. That other parties may have more extensive electronic document systems that allowed them to retain these documents has no bearing on L&M." (Opp'n at 3.) That there are documents missing from L&M's production is no "red herring." Rather, L&M appears to be conceding that it no longer possesses responsive documents that it should have preserved and produced. L&M should be required to explain what steps it took to preserve documents for each of the systems and ESI that are discussed in Section I(A) above.

**II.    PLAINTIFF'S MOTION IS NOT DUPLICATIVE.**

L&M also complains that the Motion is a "reprise of her earlier motion arguing the same grounds" and thus "serves no purpose except to burden these proceedings, the Court, and

[L&M]." (Opp'n at 1.) Plaintiff's two motions to compel L&M focus on entirely separate issues and seek completely different relief. The first motion to compel [Dkt. No. 101] concerned L&M's *objections* to three of Plaintiff's document requests and L&M's wrongful refusal to clarify a host of boilerplate *objections* that it interposed as to all of Plaintiff's document requests. This Motion, by contrast, relates to L&M's failure to disclose information about its IT systems and electronic sources of information and its failure to properly search for and preserve potentially responsive documents. The overall failure by L&M to comply with its discovery obligations by disclosing information about its electronic systems and the efforts that it has taken to search for potentially responsive documents was not at issue in the earlier motion and Plaintiff did not seek relief in that motion to rectify these discovery abuses.[3]

### III. L&M SHOULD BE REQUIRED TO PAY THE EXPENSES PLAINTIFF INCURRED IN MAKING THIS MOTION.

L&M's Opposition supports Plaintiff's position that she is entitled to receive the expenses incurred in making this Motion. Instead of refuting the Motion's substantive arguments, L&M relies on inaccurate procedural objections. For this reason, and for the reasons set forth in the Motion, the Court should order L&M or their counsel to pay Plaintiff's reasonable expenses.

### CONCLUSION

For the reasons stated above, and in Plaintiff's Motion, Plaintiff respectfully requests that the Court grant her Motion.

---

[3] While Plaintiff's earlier motion [Dkt. No. 101] briefly raised the issue of L&M's discovery deficiencies, it was in the context of Plaintiff's argument that there should be heightened concern about L&M's reliance on boilerplate objections where it refuses to disclose any information regarding its search efforts.

- 11 -

Dated: January 6, 2012 　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　WILLKIE FARR & GALLAGHER LLP

　　　　　　　　　　　　　　　　　　　By:  /s/Roger Netzer
　　　　　　　　　　　　　　　　　　　　　Roger Netzer
　　　　　　　　　　　　　　　　　　　　　Mary Eaton
　　　　　　　　　　　　　　　　　　　　　787 Seventh Avenue
　　　　　　　　　　　　　　　　　　　　　New York, NY  10019-6099
　　　　　　　　　　　　　　　　　　　　　rnetzer@willkie.com
　　　　　　　　　　　　　　　　　　　　　Tel: (212) 728-8000
　　　　　　　　　　　　　　　　　　　　　Fax: (212) 728-8111

　　　　　　　　　　　　　　　　　　　SHACKELFORD, MELTON & MCKINLEY LLP
　　　　　　　　　　　　　　　　　　　　　Bart Wulff
　　　　　　　　　　　　　　　　　　　　　State Bar No. 22086100
　　　　　　　　　　　　　　　　　　　　　3333 Lee Parkway, Tenth Floor
　　　　　　　　　　　　　　　　　　　　　Dallas, TX  75219
　　　　　　　　　　　　　　　　　　　　　BWULFF@shacklaw.net
　　　　　　　　　　　　　　　　　　　　　Tel: (214) 780-1400
　　　　　　　　　　　　　　　　　　　　　Fax: (214) 780-1401

　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true copy of the foregoing is being served electronically via ECF on all counsel of record on the 6th day of January 2011.

    /s/Kennon Scott  
Kennon Scott