In The United States District Court
For The Northern District Of Texas
Dallas Division

| | |
|---|---|
| Marguerite Hoffman, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> L&M Arts, David Martinez and § <br> Studio Capital, Inc., § <br> § <br> Defendants. § | Civil Action No. 3:10-cv-0953-D |

**DEFENDANTS STUDIO CAPITAL'S AND DAVID MARTINEZ'S RESPONSE TO PLAINTIFF'S MOTION FOR ISSUANCE OF A REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE**

Defendants Studio Capital, Inc. and David Martinez (collectively, the "Studio Capital Defendants") submit this response to Plaintiff's Motion for Issuance of a Request of International Judicial Assistance (the "Motion") [Dkt. No. 181] directed to the Senior Master of the Queen's Bench Division of the Supreme Court of England and Wales, requesting the deposition and production of documents by Lavinia Calza, a non-party in England (the "Letter of Request"). A copy of the draft Letter of Request is attached as Exhibit A to the Declaration of Mary Eaton [Dkt. 181-1], dated January 18, 2012.

On January 12, 2012, Plaintiff sent Defendants a draft of the Motion and Letter of Request and asked whether Defendants would consent to the Motion. On January 17, 2012, Defendants provided Plaintiff with comments on the draft Letter of Request, stating that subject to Plaintiff making the appropriate changes to the Letter of Request, Defendants would not object to the Motion for its issuance. Plaintiff never responded to Defendants' comments. Instead, rather than engaging in any discussion with Defendants regarding their concerns,

Plaintiff simply filed her Motion. As a result, Defendants have no choice but to present their objections and concerns to the Court.

As stated in Plaintiff's Certificate of Conference, Defendants object to deposition topics 8 and 12 listed in Schedule A to the draft Letter of Request and document requests 8 and 12, listed in Schedule B to the draft Letter of Request. Pl. Mot. at 4. Defendants have objected to the Plaintiff's discovery requests to them on the same topics, because those topics are irrelevant to the claims and defenses of the parties in this action, and overbroad as well. Defendants' objections are currently the subject of motions to compel that are pending before Magistrate Judge Stickney. Pl.'s Sealed Mot. to Compel Def. L&M Arts to Produce Documents [Dkt. No. 103]; Pl.'s Sealed Mot. to Compel Defs. Martinez and Studio Capital, Inc. to Produce Documents [Dkt. No. 110]. These motions have been briefed, and are scheduled for oral argument before Judge Stickney on January 26, 2012. If, as Defendants contend, these topics should be outside the scope of relevant discovery in this action, then Plaintiff should not be permitted to seek discovery on them from a third party. Accordingly, these topics should be deleted from the Request for Judicial Assistance at this time. Of course, if the Court were to rule in Plaintiff's favor on the pending motions, then Defendants would consent to the Court immediately issuing a supplemental Letter of Request to the English court covering these topics in conformity with the Court's ruling.

In addition, Defendants in their email of January 17 raised with Plaintiff other concerns about the draft Letter of Request, which Plaintiff's Certificate of Conference fails to acknowledge. First, because a Letter of Request is signed by the Court, the summary of the Plaintiff's allegations in section 7(b) of the Letter of Request, which is designed to assist the English court to which the Letter is addressed, may appear to be endorsed by this Court. To

avoid any such implication, Defendants suggested that Plaintiff include a sentence that would clarify that what is recited in section 7(b) are what are alleged by Plaintiff in her pleadings, that many of the allegations are disputed by Defendants, and that the Court's summary of these allegations implies no view as to their correctness.

Second, Defendants requested that the text concerning the "Special Methods or Procedures to be Followed" be modified to ensure that Defendants have a right to cross-examine the witness in person. Request at § 14, ¶ 3 (deleting "or submitting additional questions").

Third, Defendants suggested revisions to the "Request for Notification" to ensure that the examination be taken before a court-appointed examiner (we understand that there are several barristers on the English High Court's roster identified for such a purpose) and that the date and place of the examination be as agreed by the parties on a date before April. Request at §15.

None of these points should be controversial, and we do not know why Plaintiff did not simply agree to these changes. Exhibit A hereto sets forth a blackline version of the draft Letter of Request that reflects the objections and suggested revisions set forth above, and Exhibit B sets forth a clean version of the Letter of Request incorporating these edits. Subject to these objections and changes to the Letter of Request, Defendants would consent to the Court's issuing it.

Dated: January 23, 2012

Respectfully submitted,

JACKSON WALKER L.L.P.

*[signature]*

Gordon M. Shapiro
Texas Bar No. 18110600
Kurt Schwarz
Texas Bar No. 17871550
Stephanie C. Sparks
Texas Bar No. 24042900
901 Main Street, Suite 6000
Dallas, Texas 75202
Telephone: (214) 953-6000
Facsimile: (214) 953-5822

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Jonathan I. Blackman (pro hac vice)
Howard S. Zelbo (pro hac vice)
David H. Herrington (pro hac vice)
Melissa K. Marler (pro hac vice)
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

ATTORNEYS FOR DEFENDANTS
STUDIO CAPITAL, INC. AND DAVID
MARTINEZ

**CERTIFICATE OF SERVICE**

The undersigned certifies that copies of the foregoing documents, with all exhibits thereto, were served on the attorneys of record for all parties via the Court's ECF system.

*[signature]*
Kurt Schwarz

4