# EXHIBIT A

Case 3:10-cv-00953-D   Document 184-1   Filed 01/23/12   Page 1 of 15   PageID 3374

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARGUERITE HOFFMAN, | § § | |
| Plaintiff, | § § | |
| vs. | § § | Civil Action No. 3:10-CV-0953-D |
| L&M ARTS, DAVID MARTINEZ, and STUDIO CAPITAL, INC., | § § § § | |
| Defendants. | § | |

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE TO OBTAIN EVIDENCE TO BE USED IN A CIVIL OR COMMERCIAL PROCEEDING**

The United States District Court for the Northern District of Texas presents its compliments to the Senior Master of the Queen's Bench Division of the Supreme Court of England and Wales, and requests international judicial assistance to obtain evidence to be used at trial in a civil proceeding before this Court in the above-captioned matters. This Court has determined that it would further the interests of justice if Lavinia Calza of Ben Brown Fine Arts were examined, under oath, as to her knowledge of the facts which are relevant to the issues in this case.

This Request is made pursuant to, and in conformity with, Chapter I of the *Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters*, (the "Hague Convention") to which both the United States and United Kingdom are parties. This Request fully complies with the United Kingdom's reservations under the Hague Evidence Convention.

## SECTION I

### 1. Sender

The Honorable Sidney A. Fitzwater
United States District Judge
United States District Court for the Northern District of Texas
1100 Commerce Street
Room 1528
Dallas, Texas 75242-1003
USA

### 2. Central Authority Of The Requested State

Senior Master of the Queen's Bench Division of the Supreme Court of England and Wales
Royal Courts of Justice
Strand
London, WC2A 2LL
England, U.K.

### 3. Party to Whom Request is Directed

Lavinia Calza
Ben Brown Fine Arts
21 Cork Street, 1st Floor
London W1S 3LZ
England, U.K.

### 4. Person To Whom Executed Request Is To Be Returned

Roger Netzer, Esq.
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, New York 10019
USA
(212) 728-8000

Copied to:

The Honorable Sidney A. Fitzwater
United States District Judge
United States District Court for the Northern District of Texas
1100 Commerce Street
Room 1528
Dallas, Texas 75242-1003
USA

SECTION II

5. IN CONFORMITY WITH ARTICLE 3 OF THE HAGUE CONVENTION ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS (THE "CONVENTION"), THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING REQUEST:

   a. **Requesting Judicial Authority (Article 3(a))**

   The Honorable Sidney A. Fitzwater
   United States District Judge
   United States District Court for the Northern District of Texas
   1100 Commerce Street
   Room 1528
   Dallas, Texas 75242-1003
   USA

   b. **To The Competent Authority Of The United Kingdom (Article 3(a))**

   Senior Master of the Queen's Bench Division of the Supreme Court of
   England and Wales
   Royal Courts of Justice
   Strand
   London, WC2A 2LL
   England, U.K.

   c. **Names Of The Cases And Identifying Numbers**

The evidence requested relates to a civil litigation entitled Hoffman v. L&M Arts, David Martinez, and Studio Capital, Inc., Civil Action No. 3:10-CV-0953-D, that is currently pending in the United States District Court for the Northern District of Texas before the Honorable Sidney A. Fitzwater.

6. **Names And Addresses Of The Parties And Their Representatives (Article 3(b))**

   a. **Plaintiff**

   MARGUERITE HOFFMAN
   9963 Rockbrook Drive
   Dallas, Texas 75220
   USA

**Representatives**

WILLKIE FARR & GALLAGHER LLP
Roger Netzer, Esq.
Mary Eaton, Esq.
787 Seventh Avenue
New York, New York 10019
USA
(212) 728-8000

SHACKELFORD, MELTON & MCKINLEY LLP
Bart Wulff, Esq.
3333 Lee Parkway, Tenth Floor
Dallas, Texas 75219
USA
(214) 780-1400

**b.     Defendant**

L&M ARTS
45 East 78th Street
New York, New York 10075-0204
USA

**Representatives**

HAYNES & BOONE LLP
Thomas E. Kurth, Esq.
Wm. Alan Wright, Esq.
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
USA
(214) 651-5000

SCHULTE ROTH & ZABEL LLP
Robert M. Abrahams, Esq.
Kristie M. Blase, Esq.
919 Third Avenue
New York, New York 10022
USA
(212) 756-2000

**Defendants**

STUDIO CAPITAL, INC.
35A Regent Street, Jasmine Court, Suite 101
P.O. Box 1777

Belize City
BELIZE

DAVID MARTINEZ
25 Columbus Circle, ST PH75 and 56
New York, New York 10019
USA

**Representatives**

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Jonathan I. Blackman, Esq.
City Place House
55 Basinghall Street
London EC2V 5EH
Tel: +44 20 7614 2200

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Howard S. Zelbo, Esq.
One Liberty Plaza
New York, New York 10006
USA
(212) 225-2000

JACKSON WALKER L.L.P.
Gordon M. Shapiro, Esq.
Kurt A. Schwarz, Esq.
901 Main Street
Suite 6000
Dallas, Texas 75202-3797
USA
(214) 953-6000

7. **Nature And Purpose Of The Proceedings And Summary Of The Facts (Article 3(c))**

    a. **Nature of the Proceedings**

This lawsuit, which has been brought in the United States District Court for the Northern District of Texas, asserts a claim for breach of contract.

    b. **Plaintiff's Allegations**

The Plaintiff makes the following allegations in her pleadings in this action, many of which are disputed by the Defendants. The Court's summary of the allegations implies no view

as to their correctness. This lawsuit seeks relief for injuries plaintiff Marguerite Hoffman suffered in connection with the 2010 sale at public auction of a celebrated painting by Mark Rothko, *Untitled*, dating from 1961 (the "Painting"), that Plaintiff had sold to Defendants Studio Capital and/or David Martinez for $17.6 million in a private sale in 2007 (the "Transaction") pursuant to a written contract (the "Contract"). The Contract was signed by John Van Doren as agent for its undisclosed principal, the seller and by L&M Arts as agent for its undisclosed principal(s), the buyer(s). Plaintiff alleges that the public auction and the attendant publicity it generated breached the contractual obligation of Defendants David Martinez, Studio Capital, and L&M Arts, to make "maximum effort" to keep confidential "all aspects of the transaction indefinitely."

Plaintiff's ownership of the Painting was well known prior to her decision to sell it in 2007. While still in Plaintiff's collection, the Painting was exhibited as part of "Fast Forward: Contemporary Collections for the Dallas Museum of Art," a special two-part exhibition of works from Plaintiff's collection, among others, that took place in Dallas, Texas. Early in 2007, Plaintiff decided to sell the Painting via a private and confidential sale. To secure the benefit of total confidentiality, Plaintiff sacrificed the substantial premium she could have realized from a public sale of the Painting. Obtaining the Painting through a private sale allowed Defendants to purchase the Painting for a substantially reduced price. To obtain that benefit, L&M, Martinez and/or Studio Capital agreed to incur certain obligations including, in particular, the duty to "make maximum effort to keep confidential all aspects of the transaction indefinitely."

Rather than honor the confidentiality they had promised to Plaintiff as part of the consideration for the sale, Defendants elected to pursue, through Sotheby's, a high-profile marketing and publicity campaign that inevitably and swiftly exposed Plaintiff's sale of the

Painting to Defendants in 2007. The public auction received considerable press coverage from numerous media sources, and the Sotheby's website posted a large color photo of the Painting and stated that it was exhibited in "Fast Forward: Contemporary Collections for the Dallas Museum of Fine Arts" in 2007. Avoiding this publicity through the undertaking of confidentiality obligations was a material component of the Contract.

The Painting was auctioned by Sotheby's on May 12, 2010. It sold for $31,442,500. The goal and purpose of the auction was to procure for Martinez the premium from a public sale that Plaintiff decided to forgo when she elected to engage in a private and confidential sale. Plaintiff sacrificed that premium as consideration for preserving her privacy. Defendants' breach of the Contract permitted them to capture the public sale premium at the expense of preserving the confidentiality of the Transaction.

### 8. Evidence To Be Obtained And Purpose Of The Evidence (Article 3(d))

Lavinia Calza has knowledge potentially important to Plaintiff's breach of contract claim. Specifically, on May 20, 2011, Defendants Studio Capital and Martinez served their initial disclosures (the "Initial Disclosures") pursuant to Rule 26(A) of the Federal Rules of Civil Procedure ("Rule 26"). Under Rule 26, each of the parties is required to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses." In their Initial Disclosures required under Rule 26, Defendants Studio Capital and Martinez averred that "Ms. Calza may have knowledge regarding the facts and circumstances of attempts by Studio Capital to sell the Painting before the 2010 Sotheby's auction, as well as other facts alleged in the Complaint," and identified Ms. Calza as a witness whom they may call at trial. In addition, documents produced by Defendants confirm that Ms. Calza had communications with one or more of Defendants and/or their representatives

> **Deleted:** central

concerning the Painting and its sale. Accordingly, Ms. Calza has knowledge of several issues highly pertinent to the resolution of this dispute, including whether Defendants honored the Contract's confidentiality provision. Ms. Calza may be aware, for instance, whether Defendants, in attempting to sell the Painting, failed to disclose the existence of a confidentiality provision or misstated its terms, which would support Plaintiff's claim that Defendants breached the Contract by failing to make maximum effort to keep all aspects of the transaction confidential. Ms. Calza may also have knowledge of who the true owner of the Painting was, who the undisclosed principal was, and the relationship between Martinez and Studio Capital. Consequently, knowledge in the possession of Ms. Calza may be central to the claims in this action and critical to presenting evidence at trial.

[Deleted: is]

The evidence to be obtained consists of testimony and documents for use in the trial of the civil matter entitled, Hoffman v. L&M Arts, Civil Action No. 3:10-CV-0953-D, and is necessary for the just and proper disposal of the proceedings before this Court. Lavinia Calza is beyond the subpoena power of this Court and therefore cannot be compelled to testify in person at trial. Therefore, this Court respectfully requests that a competent judicial authority of the United Kingdom compel Ms. Calza to appear and be examined, under oath, as to her knowledge of the facts that are relevant to the issues in this case.

### 9. Identity and Address of Person to be Examined

Lavinia Calza
Ben Brown Fine Arts
21 Cork Street, 1st Floor
London W1S 3LZ
England, U.K.

### 10. Subject Matter About Which Lavinia Calza is to be Examined

The subject matter about which Lavinia Calza is to be examined is set forth in Schedule A attached hereto.

## 11. Document Requests to Lavinia Calza

The document requests to Lavinia Calza are set forth in Schedule B attached hereto.

## 12. Requirement that the Evidence be Given on Oath or Affirmation and Specific Form to Be Used

This Court respectfully requests that the examination of Lavinia Calza be taken under oath before a person authorized to administer oaths in the United Kingdom or as provided by local law on the formal taking of evidence. This Court further requests that you require the testimony given during the examination to be given under the following oath: "I, Lavinia Calza, swear that the testimony that I am about to give is the truth, the whole truth and nothing but the truth, so help me God."

In the event that local law does not permit the swearing of an oath by Lavinia Calza, the duly appointed officer shall make inquiry of Ms. Calza to ensure that she understands the gravity of the procedure and affirms that her statement will be true and correct in all respects.

## 13. Special Methods or Procedure to be Followed

This Court respectfully requests that testimony be taken orally and be recorded verbatim in writing. This Court further requests that the examination be recorded by both stenographic procedure and videotape. This Court further requests that such examination be authenticated by the seal of your court or in such other ways as is in accordance with your procedure.

This Court respectfully requests that the judicial authority of the United Kingdom order that the examination take place before a barrister or such other person as the judicial authority shall deem fit.

In addition, this Court requests that counsel for the Defendants be permitted to attend the examination and to participate by asking questions of the witness.

**Deleted:** or submitting additional questions to the court

14. **Request For Notification (Article 7)**

This Court respectfully requests that the examination of Lavinia Calza <u>be taken before a court-appointed examiner and</u> commence on a date as soon as practicable <u>to be agreed upon by the parties</u> and, in all events, prior to April 1, 2012 at a location the parties agree upon prior thereto.

This Court respectfully requests that the following be notified of the time and place for the execution of the Request:

    Clerk of the United States District Court
    for the Northern District of Texas
    1100 Commerce Street
    Dallas, Texas 75242-1003
    USA

    WILLKIE FARR & GALLAGHER LLP
    Roger Netzer, Esq.
    Mary Eaton, Esq.
    787 Seventh Avenue
    New York, New York 10019
    USA
    (212) 728-8000

    SHACKELFORD, MELTON & MCKINLEY LLP
    Bart Wulff, Esq.
    3333 Lee Parkway, Tenth Floor
    Dallas, Texas 75219
    USA
    (214) 780-1400

    HAYNES & BOONE LLP
    Thomas E. Kurth, Esq.
    Wm. Alan Wright, Esq.
    2323 Victory Avenue, Suite 700
    Dallas, Texas 75219
    USA
    (214) 651-5000

    SCHULTE ROTH & ZABEL LLP
    Robert M. Abrahams, Esq.
    Kristie M. Blase, Esq.
    919 Third Avenue

New York, New York 10022
USA
(212) 756-2000

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Jonathan I. Blackman, Esq.
Howard S. Zelbo, Esq.
One Liberty Plaza
New York, New York 10006
USA
(212) 225-2000

JACKSON WALKER L.L.P.
Gordon M. Shapiro, Esq.
Kurt A. Schwarz, Esq.
901 Main Street
Suite 6000
Dallas, Texas 75202-3797
USA
(214) 953-6000

Please also send the original authenticated verbatim transcripts of the examination to:

WILLKIE FARR & GALLAGHER LLP
Roger Netzer, Esq.
Mary Eaton, Esq.
787 Seventh Avenue
New York, New York 10019
USA
(212) 728-8000

Copied to:

Clerk of the United States District Court
for the Northern District of Texas
1100 Commerce Street
Dallas, Texas 75242-1003
USA

15. **The Fees And Costs Incurred Which Are Reimbursable Under The Second Paragraph Of Article 14 Or Under Article 26 Of The Convention Will Be Borne By:**

The fees and costs incurred, which are reimbursable under the second paragraph of article 14 or under article 26 of the Convention, will be borne by Plaintiff in care of:

WILLKIE FARR & GALLAGHER LLP
Roger Netzer, Esq.
787 Seventh Avenue
New York, New York 10019
USA
(212) 728-8000

16. **Date Of Request**

Dated: New York, New York, USA

_____, 2012

17. **Signature Of The Requesting Authority**

                                                _____

                                                **The Honorable Sidney A. Fitzwater**
                                                **United States District Judge for**
                                                **the Northern District of Texas**
                                                1100 Commerce Street
                                                Room 1528
                                                Dallas, Texas 75242-1003
                                                USA

                                                **Requesting Authority**

## SCHEDULE A

### Subject Matters About Which Lavinia Calza Is To Be Examined

1. Knowledge concerning the Painting.

2. Knowledge concerning the sale of the Painting in 2007.

3. Knowledge concerning the Contract.

4. Knowledge concerning L&M Arts, Studio Capital, and/or Martinez's efforts to keep all aspects of the 2007 sale of the Painting confidential.

5. Knowledge concerning the facts and circumstances of attempts by L&M Arts, Studio Capital, and/or Martinez to sell the Painting prior to May 2010.

6. Knowledge of the Sale of the Painting in 2010.

7. Knowledge of the identity of the owner of the Painting.

8. [Defendants object to this request as irrelevant and overbroad, and note that it is the subject of pending motion practice.]

    > **Deleted:** Knowledge of the relationship between Martinez and Studio Capital including whether Martinez is an agent of Studio Capital or controls Studio Capital.

9. Knowledge of the attempts or efforts by or an behalf of Studio Capital and/or Martinez to sell the Painting.

10. Knowledge concerning L&M Arts, Studio Capital, and/or Martinez's failure to disclose the existence of the Contract's confidentiality agreement in the course of attempting to sell the Painting.

11. Knowledge concerning any misstatements or mischaracterizations of the terms of the Contract's confidentiality provisions.

12. [Defendants object to this request as irrelevant and overbroad, and note that it is the subject of pending motion practice.]

    > **Deleted:** Knowledge concerning the relationship between L&M, on the one hand, and Studio Capital or Martinez, on the other hand, including but not limited to knowledge concerning the existence, nature, scope, terms, and duration of any agency relationship.

- 14 -

## SCHEDULE B

### Document Requests to Lavinia Calza

1. Communications concerning the Painting.

2. Communications concerning the sale of the Painting in 2007.

3. Communications concerning the Contract.

4. Communications concerning L&M Arts, Studio Capital, and/or Martinez's efforts to keep all aspects of the 2007 sale of the Painting confidential.

5. Communications concerning the facts and circumstances of attempts by L&M Arts, Studio Capital, and/or Martinez to sell the Painting prior to May 2010.

6. Communications concerning the Sale of the Painting in 2010

7. Communications concerning the identity of the owner of the Painting.

8. [Defendants object to this request as irrelevant and overbroad, and note that it is the subject of pending motion practice.]Communications concerning the attempts or efforts by or an behalf of Studio Capital and/or Martinez to sell the Painting.

9. Communications concerning L&M Arts, Studio Capital, and/or Martinez's failure to disclose the existence of the Contract's confidentiality agreement in the course of attempting to sell the Painting.

10. Communications concerning any misstatements or mischaracterizations of the terms of the Contract's confidentiality provisions.

[Defendants object to this request as irrelevant and overbroad, and note that it is the subject of pending motion practice.]

**Deleted:** Communications concerning the relationship between Martinez and Studio Capital including whether Martinez is an agent of Studio Capital or controls Studio Capital.

**Deleted:** ¶

**Deleted:** Communications concerning the relationship between L&M, on the one hand, and Studio Capital or Martinez, on the other hand, including but not limited to knowledge concerning the existence, nature, scope, terms, and duration of any agency relationship

**Deleted:** ¶

- 15 -