IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARGUERITE HOFFMAN, | § § | |
| Plaintiff, | § § | |
| vs. | § § | Civil Action No. 3:10-CV-0953-D |
| L&M ARTS, DAVID MARTINEZ and STUDIO CAPITAL, INC., | § § § § § § | |
| Defendants. | § | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT L&M ARTS' MOTION TO CONTINUE TRIAL SETTING**

Plaintiff submits this memorandum in opposition to the motion of defendant L&M Arts ("L&M") to Continue Trial Setting, dated February 28, 2012 (the "Motion").

**CASE SCHEDULING HISTORY**

Plaintiff commenced this action nearly two years ago, on May 5, 2010. Discovery is set to close on May 30, 2012. (Am. Scheduling Order, dated Nov. 1, 2011 ¶ 3.) Motions for summary judgment are due 30 days later, on June 30, 2012. (*Id.* ¶ 4.) The trial setting is November 5, 2012. (Trial Setting Order, dated Dec. 16, 2011.)

The ostensible reason why L&M wants to adjourn the trial -- that November is auction season in New York City -- was entirely known to L&M on the day the Court issued the Trial Setting Order last December 16. Indeed that reason has been known to L&M at all times, because the November auctions are an annual New York occurrence. Yet L&M waited ten weeks, until February 28, to raise the issue with the Court. L&M offers no explanation for its delay.

L&M's delay was prejudicial. It was during the 10-week delay that Defendants' counsel scheduled the proceedings in Europe that L&M now cites as the reason the trial setting cannot be advanced to October 2012.

The first time L&M told Plaintiff about its purported concern about the November auctions was on January 26, 2012. This was during a break from a hearing before Magistrate Judge Stickney in this case. Because Plaintiff Hoffman was present in the courtroom, her counsel were able to consult with her and responded to L&M immediately.

Plaintiff's counsel explained to L&M, Studio Capital, and Martinez that Plaintiff remained prepared to go to trial consistent with the Court's Trial Setting Order. As an accommodation to Defendants, however, Plaintiff was also willing to consent to advance the trial setting to October 2012. Plaintiff was not willing, however, to consent to a further adjournment.

There the matter rested until February 7, 2012, when L&M advised Plaintiff that New York counsel for defendants Studio Capital and Martinez were busy in October, information they had not disclosed on January 26 even though three attorneys for Studio Capital and Martinez were present at the time. (Feb. 7-10, 2012 Email chain between B. Wulff and T. Kurth, App., Ex. A, pp. 2-3.) Plaintiff reiterated her willingness to keep to the November trial setting, or to advance the trial to October. (*Id.*)

Another three weeks passed before L&M made the present Motion. It states that New York counsel for Studio Capital and Martinez are unavailable in either September or October because of European proceedings in other matters and "long-planned vacations." As a result, we contacted L&M to inquire when counsel for Studio Capital and Martinez had learned of the European proceedings that conflict, L&M claims, with conducting the trial in Dallas during that month. (Mar. 3, 2012 Email from A. Spital to K. Blase, App., Ex. B, pp. 5-6.)

L&M's response was telling. The "October" proceedings were not scheduled until January 11, 2012, a month after this Court ordered the November trial setting. (Mar. 12, 2012 Email from K. Blase to A. Spital, App., Ex. B, p. 5.) In short, had L&M raised the issue in a timely fashion, there would have been no such conflict.

## **ARGUMENT**

Rule 16, which governs motions to continue trial setting, provides that a scheduling order "may be modified only for good cause." Fed. R. Civ. P 16(b)(4). "Good cause can be shown, for example, when a new issue has been raised, a pleading has been amended, or evidence or witnesses are missing." *Daniels v. Dallas Cnty. Hosp. Dist.*, Civ. A. No. 3:05-CV-1739-M, 2008 WL 763164, at *1-2 (N.D. Tex. Mar. 18, 2008).[1] "The 'good cause' standard focuses on the diligence of the party seeking to modify the scheduling order." *L&C Consultants v. Ash Petroleum, Inc.*, Civ. A. No. 3:07-CV-1904-D, 2008 U.S. Dist. LEXIS 61855, at *2-3 (N.D. Tex. Aug. 12, 2008) (Fitzwater, C.J.). "Mere inadvertence on the part of the movant, and the absence of prejudice to the nonmovant, are insufficient to establish 'good cause.' Instead, the movant must show that, despite his diligence, he could not reasonably have met the scheduling deadline." *Id.* (citations omitted).

L&M's motion does not address this standard, let alone meet it. Instead, L&M offers two reasons why the trial date should be moved. First, the November trial setting overlaps with semi-annual art auctions in New York City. (Mot. at 3.) Second, an "important potential witness in this case," Tobias Meyer, likewise will be preoccupied with the November auctions, and hence

---

[1] Plaintiff will likely move to amend her complaint to conform to evidence obtained in discovery. Such an amendment may assert a claim for fraudulent inducement against L&M. Plaintiff expects to require no additional discovery based on such amendment. Furthermore, we expect it would be based on communications on the part of L&M that had already been pleaded in the current complaint.

- 3 -

will be unavailable to testify at trial during that time.  (*Id.*)  Both of these reasons fall well short of establishing the "good cause" necessary to warrant granting a continuance.

L&M's first reason amounts to a request to accommodate Mr. Mnuchin's and Ms. Levy's work schedules.  We do not suggest that Mr. Mnuchin and Ms. Levy are not important people with serious business commitments in November.  However, "the press of other business and scheduling conflicts" does not constitute "good cause" under Rule 16(b)(4).  *Agile Sky Alliance Fund LP v. RBS Citizens, N.A.*, Civ. A. No. 09-cv-02786-MSK-BNB, 2011 U.S. Dist. LEXIS 13589, at *6 (D. Colo. Feb. 2, 2011); *see also Crowley v. Epicept Corp.*, Civ. A. No. 09-cv-641-L, 2010 U.S. Dist. LEXIS 99732, at *2-3 (S.D. Cal. Sept. 22, 2010); *Hernandez v. Mario's Auto Sales, Inc.*, 617 F. Supp. 2d 488, 495 (S.D. Tex. 2009).

But L&M has not established that an actual conflict exists.  Neither Mr. Mnuchin nor Ms. Levy has stated an intention to remain in Dallas for the duration of the trial, and their time on the witness stand should not exceed one day each.  As L&M concedes, the date for the auctions has not yet been set and it is premature to suppose that the auction date will occur in the midst of trial.  Moreover, L&M employs numerous senior professionals besides Mr. Mnuchin and Ms. Levy, and the auction houses allow for telephone bidding and bidding by proxy so Mr. Mnuchin and Ms. Levy could bid from Dallas if necessary.

Finally, L&M fails to mention that the leading auction houses -- including Sotheby's, Christie's and Phillips de Pury -- conduct major auctions of contemporary art not just in November, but in three other months as well -- February (in London), May (New York) and June (London again).  L&M is a major participant each time.

L&M's second reason for requesting a continuance, the unavailability of non-party Mr. Meyer, is also insufficient.  Certainly, Mr. Meyer was involved with the events underlying this

lawsuit and his testimony will be relevant here. However, that does not render his physical presence at trial necessary, nor does it assure that he will appear in person in Dallas if the trial occurs at a time other than November. He has not agreed to do so, according to L&M. (Mar. 12, 2012 Email from K. Blase to A. Spital, App., Ex. B, p. 5.)

In any event, Mr. Meyer is a non-party who resides outside this Court's subpoena power, and his deposition testimony will be admissible in his absence. *See* Fed. R. Civ. P. 804(b)(1). So Mr. Meyer's business schedule should not dictate, particularly when there are "numerous" other witnesses Defendants evidently intend on presenting at trial. *See Aunt Sally's Praline Shop, Inc. v. United Fire & Cas. Co.*, Civ. A. No. 06-7674, 2008 U.S. Dist. LEXIS 69666, at *1-2 (E.D. La. Sept. 16, 2008) (denying motion for continuance based on the unavailability of a non-essential witness whose presence at trial was unnecessary).

Other factors also weigh against finding that L&M has satisfied the "good cause" standard. First, L&M does not (and cannot) claim that keeping the November 5, 2012 trial date would prejudice its ability to be ready for trial, as discovery is scheduled to close on May 30, 2012, over five months prior to the trial setting. *See Mary Kay, Inc. v. Weber*, Civ. A. No. 3:08-CV-0776-G, 2009 U.S. Dist. LEXIS 11646, at *2 (N.D. Tex. Feb. 13, 2009) (denying motion to continue the trial setting where keeping scheduled date "should have only a minimal impact, if any, on the defendants' ability to prepare for trial"); *White v. Fairfax Cnty. Gov't*, Civ. A. No. 1:07cv696, 2008 U.S. Dist. LEXIS 65573, at *3 (E.D. Va. Aug. 26, 2008) (denying continuance of trial date where Plaintiff had "ample time to develop her case"); *Cf. Johnson v. Potter*, 364 F. App'x 159, 164 (5th Cir. 2010) (upholding a refusal to grant a continuance of trial, even though "the denial was tantamount to a default judgment" and "was obviously extremely prejudicial.")

Second, L&M's delay in bringing this motion also undercuts any contention that it was brought with good cause. As the Motion makes clear, L&M's basis for requesting the continuance -- the November auctions -- are annual events that L&M knew about when the Court entered its trial setting order on December 16, 2011. (Mot. at 2.) Nevertheless, L&M waited until February 28, 2012 before filing this Motion. Plaintiff made clear that she was willing to accommodate L&M's desire that the trial not proceed around the time of the auctions so long as L&M agreed to proceed to trial earlier and provided the Court agreed. (Feb. 7-10, 2012 Email chain between B. Wulff and T. Kurth, App., Ex. A, pp. 2-3.) The Court should not have to adjust its schedule as a result of L&M's delay, which allowed the parties' calendars to fill up and made adjustment of the trial setting significantly more difficult. L&M's delay in bringing this Motion shows that it was brought for strategic reasons, not for "good cause." *See Moore v. Yellow Freight Sys., Inc.*, No. 87-1031-T, 1990 U.S. Dist. LEXIS 5787, at *2 (D. Kan. Apr. 16, 1990) (denying motion to continue trial date where "[c]ounsel offers no explanation for the two month delay in filing a motion for continuance").

Third, there is simply no reason to drag this case out any further. The current trial date is eleven months later than the December 2011 trial date L&M requested in the parties' joint June 30, 2012 Rule 26(f) submission. Any further delay is neither warranted nor just. *See White*, 2008 U.S. Dist. LEXIS 65573 at *3 (denying continuance of trial date where Plaintiff had already received multiple discovery extensions); Fed. R. Civ. P. 1 (the Federal Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding").[2]

---

[2] Although Plaintiff prefers an October or November trial setting, Plaintiff is available for a December trial setting if the Court prefers to proceed in December.

In sum, the circumstances here are not remotely like those in other cases where the Court has found good cause for a continuance. *Inline Corp. v. Tricon Rests. Int'l*, No. 87-1031-T, 2001 U.S. Dist. LEXIS 23409 (N.D. Tex. Sept. 5, 2001) (Fitzwater, J.) (to allow parties to conduct additional discovery); *Morin v. Chevron U.S.A., Inc.*, Civ. A. No. 11-0045, 2012 U.S. Dist. LEXIS 9717, at *5 (E.D. La. Jan. 24, 2012) (where depositions were scheduled up until the eve of the pretrial conference); *United States v. Faulkner*, Crim. No. 3:09-CR-249-D, 2010 U.S. Dist. LEXIS 141816, at *1-2 (N.D. Tex. Dec. 28, 2010) (Fitzwater, C.J.) (in a criminal context under the Speedy Trial Act where the case was unusually complex); *Miller v. City of Dallas*, Civ. A. No. 3:98-CV-2955-D, 2001 U.S. Dist. LEXIS 14005, at *1-2 (N.D. Tex. Sept. 5, 2001) (Fitzwater, J.) (where the Court did not have time to decide summary judgment prior to trial). Nor does this case present any unique circumstances warranting a continuance. The Motion should therefore be denied.

## CONCLUSION

While Plaintiff respectfully submits that for all the reasons set forth above, L&M has totally failed to meet the legal standard which would <u>require</u> this Court to delay the trial setting, Plaintiff also acknowledges that arriving at a convenient and just trial setting is entirely within the Court's discretion. While Plaintiff is content with the current November trial setting (which all parties have been proceeding pursuant to for several months), in light of the ever increasing cost of this proceeding, Plaintiff would welcome an earlier October trial setting and while preferring, for the same reason, that the trial not be delayed, Plaintiff has at all times candidly confirmed that a December trial setting is feasible if preferred by the Court.

Dated:  March 20, 2012                    Respectfully submitted,

                                         WILLKIE FARR & GALLAGHER LLP

                                         By:  /s/Roger Netzer
                                             Roger Netzer
                                             Mary Eaton
                                             787 Seventh Avenue
                                             New York, NY  10019-6099
                                             rnetzer@willkie.com
                                             Tel: (212) 728-8000
                                             Fax: (212) 728-8111

                                        SHACKELFORD, MELTON & MCKINLEY LLP
                                             Bart Wulff
                                             State Bar No. 22086100
                                             3333 Lee Parkway, Tenth Floor
                                             Dallas, TX  75219
                                             BWULFF@shacklaw.net
                                             Tel: (214) 780-1400
                                             Fax: (214) 780-1401

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true copy of the foregoing is being served electronically via ECF on all counsel of record on the 20th day of March 2012.

      /s/Kennon Scott
    Kennon Scott

7571483