IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARGUERITE HOFFMAN, | § | |
| | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:10-cv-0953-D |
| | § | |
| L&M ARTS, DAVID MARTINEZ | § | |
| and STUDIO CAPITAL, INC., | § | |
| | § | |
|     Defendants. | § | |

## DEFENDANT L&M ARTS'S EMERGENCY MOTION FOR PROTECTIVE ORDER

Thomas E. Kurth
Texas Bar No. 11768500
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas  75219
214-651-5000 Telephone
214-651-5690 Facsimile
thomas.kurth@haynesboone.com

Of Counsel
Robert M. Abrahams (pro hac vice)
New York Bar No. 1236538
Kristie M. Blase (pro hac vice)
New York Bar No. 4526448
SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, New York  10022
212-756-2000 Telephone
212-593-5955 Facsimile
robert.abrahams@srz.com
kristie.blase@srz.com

**ATTORNEYS FOR DEFENDANT L&M ARTS**

Pursuant to Federal Rules of Civil Procedure 26 and 45 and the Court's inherent authority, Defendant L&M Arts ("L&M") respectfully requests that the Court enter an order protecting L&M's owner Robert Mnuchin ("Mr. Mnuchin") from Plaintiff's unreasonable notice of deposition. Because Mr. Mnuchin's deposition is currently noticed for March 27, 2012, L&M asks that the Court consider the motion on an expedited basis and immediately grant the relief sought.

## INTRODUCTION

Until late last week, negotiations between counsel to reschedule Mr. Mnuchin's deposition were on-going in connection with the required rescheduling of the deposition of Plaintiff's agent, John Van Doren, who is one of two people with personal knowledge of the negotiations of the contract underlying this dispute. The deposition schedule was specifically negotiated between the parties with Mr. Van Doren to give testimony before Mr. Mnuchin. The rescheduling discussions have been animated by the fact that the parties are still waiting for a ruling on several outstanding motions to compel the production of relevant documents, including communications between Plaintiff and Mr. Van Doren. On Thursday, March 22, 2012, Magistrate Judge Stickney ordered additional oral argument on the outstanding motions to take place on April 2, 2012.[1] Moreover, on Tuesday, March 20, 2012, Plaintiff's counsel, through Plaintiff's response in opposition to L&M's motion to continue the trial setting, alerted the Court and defendants that Plaintiff intended to amend her complaint to include a claim for fraudulent inducement against L&M — almost two years after she initially commenced this action. On Friday evening, March 23, 2012, counsel for Plaintiff reneged on his prior agreement that Mr. Mnuchin's deposition would follow Mr. Van Doren's and stated definitively that he would not agree to withdraw the deposition notice for Mr. Mnuchin. Because Mr. Mnuchin's deposition is

---

[1] Magistrate Judge Stickney previously held oral argument on these motions in January 2012.

DOC ID-18357657.1

1

currently noticed for March 27, 2012, L&M asks that the Court consider the motion on an expedited basis and immediately grant the relief sought.

## BACKGROUND

This case concerns the sale of a significant piece of postwar art by Plaintiff through Mr. Van Doren's gallery and L&M to defendant Studio Capital, Inc., in 2007 and Studio Capital's resale of the work in 2010. The discovery process in this case has been long and complex. It has involved nine motions to compel, over twenty third parties, and potential international depositions. *See* Docket Nos. 86, 89, 97, 101, 110, 142, 163, 175, 181, 193, and 203. L&M has responded to three separate sets of requests for production from Plaintiff, as well as interrogatories. The parties worked together to schedule depositions that fit into the personal and professional obligations of lawyers from more than six different law firms, as well as the principal witnesses, namely Plaintiff's agent Mr. Van Doren, Plaintiff, defendant David Martinez, and L&M's principals, Dominique Lévy and Mr. Mnuchin. The schedule was arranged so that as agreed, Defendants would take Mr. Van Doren's deposition before Plaintiff took Mr. Mnuchin's. This scheduling was purposeful and explicit.

Unfortunately, Mr. Van Doren's deposition, which was scheduled for March 2nd, had to be cancelled because of the unexpected death of Mr. Van Doren's counsel's father. The parties continued the deposition scheduled, with Mr. Martinez, Ms. Lévy, and Plaintiff being deposed on March 1st, March 5th, and March 7th. Discussions between counsel began immediately about rescheduling Mr. Van Doren. *See* February 29, 2012 Letter from Kristie Blase to Roger Netzer, App. 1-4. At all times, counsel for L&M indicated and Plaintiff's counsel agreed that Mr.

Mnuchin's deposition would need to be rescheduled to occur after Mr. Van Doren's.[2] Negotiations concerning the rescheduling of Mr. Van Doren and Mr. Mnuchin continued through last week, when on Tuesday, March 20th, Plaintiff's counsel informed the Court and Defendants that she intended to amend her complaint to include a new claim for fraudulent inducement against L&M.[3] Plaintiff's Memorandum in Opposition to Defendant L&M Arts's Motion to Continue Trial Setting at 3 n.1 (March 20, 2012) [Docket 199] ("Plaintiff will likely move to amend her complaint. . . . Such an amendment may assert a claim for fraudulent inducement against L&M.") Such amendment presumably must be based on Mr. Van Doren's statements to Plaintiff and Plaintiff's counsel, as Plaintiff had no direct communications with L&M: all communications in 2007 were between the principals' agents, Mr. Van Doren for Plaintiff and Mr. Mnuchin for defendant Studio Capital.

Counsel for L&M wrote to Plaintiff's counsel on Wednesday concerning the depositions of Mr. Van Doren, other third parties, and Mr. Mnuchin, again stating as was the agreement that Mr. Mnuchin's deposition would not go forward the following week because it was explicitly scheduled to occur after Mr. Van Doren's, which has not been rescheduled, and identifying Plaintiff's threatened amendment of her complaint in the previous day's letter to the Court as an additional reason that Mr. Mnuchin's deposition would not go forward, unless and until Mr. Van Doren was deposed. *See* March 21, 2012 Letter from Kristie Blase to Roger Netzer, App. 3-4. Plaintiff's counsel responded by letter on Thursday that he would not agree to reschedule Mr.

---

[2] Mr. Mnuhcin's deposition was the next scheduled deposition in this case. Defendants' counsel had long-planned vacations and commitments for other cases that could not be moved between March 7th, the date of Plaintiff's deposition, and March 27th.

[3] Plaintiff's stated intent to amend her complaint is untimely and prejudicial to L&M. The scheduling order in this case required parties to file motions for leave to amend pleadings by October 1, 2011, **five months before** Plaintiff informed the Court and L&M that it was considering an amendment, and **almost two full years after** she instituted this action. With discovery set to be completed in the next two months by May 30, 2012 under the current scheduling order, her intent to amend also clearly takes L&M by surprise and disadvantages L&M in defending itself against this threatened claim. L&M intends to oppose any motion by Plaintiff to amend her complaint at this late date.

DOC ID-18357657.1

Mnuchin. *See* March 22, 2012 Letter from Roger Netzer to Kristie Blase, App. 5-6. On Friday, March 23rd, at the deposition of L&M employee Leila Saadai, counsel for L&M informed Plaintiff's counsel that L&M would move for a protective order if the parties could not resolve the dispute by Monday, March 26th. Plaintiff's counsel reaffirmed Friday night, March 23rd, that he would not agree to reschedule Mr. Mnuchin's deposition.

## ARGUMENT

A court may issue a protective order to protect a person from a discovery request which is likely to cause "annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c). "Discovery is not justified when cost and inconvenience will be its sole result." *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990). As the Court is aware, the parties are awaiting a ruling on the outstanding motions to compel the production of withheld claimed privileged communications between Plaintiff and many witnesses, including Mr. Van Doren. Because Plaintiff has withheld these documents, Defendants have not yet been able to depose these important witnesses. Mr. Van Doren, for example, is one of two people with personal knowledge of the contract at the heart of this case. Other witnesses are the only members of the art world whose opinions Plaintiff has identified as of paramount importance to her, as alleged in her complaint. Magistrate Judge Stickney held oral argument on these and other motions in January 2012, and, just last week, ordered an additional oral argument for April 2, 2012 on these motions. Defendants are entitled to a decision on the motions to compel before taking Mr. Van Doren's testimony — otherwise Defendants will incur additional costs and expenses in taking a second deposition, not to mention the possibility that Defendants will not be able to recall Mr. Van Doren, a non-party, and the scheduling issues that will undoubtedly occur as the close of discovery, May 30, 2012, looms closer and closer.

Because the depositions were specifically scheduled by agreement to allow Defendants to take Mr. Van Doren's testimony before Plaintiff took Mr. Mnuchin's testimony, it would be unfair and unreasonable to allow Plaintiff to take advantage of the unfortunate death of the father of Mr. Van Doren's counsel to avoid the parties' explicitly negotiated and agreed upon deposition sequence. In addition to the negotiated deposition sequence, because Mr. Van Doren and Mr. Mnuchin are the only two witnesses with personal knowledge of the negotiation of the contract underlying this dispute, it would be unfair and unreasonable for the Plaintiff to plumb Mr. Mnuchin's recollections before Defendants are able to probe Mr. Van Doren's recollections, which undoubtedly underpin the majority of Plaintiff's allegations. In particular, Mr. Van Doren's statements to Plaintiff's counsel must underlie her recent decision to tell the Court that she intends to amend her complaint to allege a claim of fraudulent inducement against L&M.

Unless Plaintiff intends to add Mr. Van Doren as a defendant in this action, because Plaintiff herself has no personal knowledge of the contract's negotiation, this threatened by not-yet-alleged fraud claim must be based on Mr. Van Doren's statements. As such, Plaintiff's attempt to depose Mr. Mnuchin before Defendants depose Mr. Van Doren is designed to harass L&M, disadvantage L&M while informing her threatened complaint amendment, and is completely unreasonable. L&M therefore respectfully requests that the Court grant its motion for a protective order and stay the deposition notice to Mr. Mnuchin until Mr. Van Doren's deposition has been noticed and taken, at a minimum until after oral argument on the pending motions scheduled for April 2, 2012.

Parties are required to cooperate during discovery. *See, e.g.*, FED. R. CIV. P. 37; s*ee also Carroll v. Jaques Admiralty Law Firm, P.C.*, 110 F.3d 290, 292 n.2 (5th Cir. 1997) ("Rule 37, in part, permits the court to order the offending party or its attorneys or both to pay the opposing

counsel's reasonable expenses and fees incurred as sanctions for the offending party's failure to . . . cooperate during discovery."). L&M has cooperated with Plaintiff in the discovery process, agreeing to produce its principals and one of its employees for deposition. Plaintiff has now had the opportunity to take the depositions of Mr. Martinez, Ms. Lévy, and Ms. Saadai (an L&M employee), while Defendants have only been able to make an incomplete examination of Plaintiff (due to Plaintiff's continued withholding of relevant documents). L&M also voluntarily agreed to run searches on its ESI requested by Plaintiff, has run those searches, and has produced additional documents to Plaintiff.

Whereas L&M has cooperated with Plaintiff in this long and complex discovery process, Plaintiff's counsel refused to cooperate until the eve of L&M's filing of this Motion. Counsel for L&M conferred extensively with Plaintiff's counsel on Friday, March 23rd about L&M's intention to move for a protective order on Monday, March 26th. This intention was disclosed not only as an attempt to resolve the dispute, as required under the Federal and local Rules, but also as a professional courtesy to give Plaintiff's counsel sufficient notice to change any travel plans. Plaintiff's counsel did not agree to produce the withheld documents and did not agree to move the date of Mr. Mnuchin's deposition. Although Plaintiff's counsel queried the possibility of adopting L&M's suggestion from two weeks prior of moving Mr. Mnuchin's deposition to Friday, March 30th (and correspondingly taking Mr. Van Doren's deposition on March 27th), he only offered Mr. Van Doren for Thursday, March 29th, a date that did not work for Defendants' counsel due to scheduling conflicts.

Then, late Sunday night, March 25th, Plaintiff's counsel sent Defendants' counsel a letter that (1) announced that he would produce the withheld documents so that Defendants could take Mr. Van Doren's deposition with those documents this coming week — but has failed to produce

DOC ID-18357657.1

any documents as of the filing of this Motion, (2) chastised Studio Capital and Mr. Martinez's counsel for not keeping the entire week of March 26th open for the possibility of depositions in this case (when Plaintiff's counsel had never responded to L&M's suggested dates), (3) stated that Plaintiff's counsel still intended to open Mr. Mnuchin's deposition on March 27th, and (4) added that Plaintiff's counsel had not cancelled travel plans to New York for Tuesday, March 27th, despite being informed by L&M's counsel on Wednesday, March 22nd that Mr. Mnuchin's deposition would not take place that day.  *See* March 25, 2012 Letter from Roger Netzer to David Herrington and Kristie Blase, App. 7-8.

Therefore, L&M respectfully asks this Court to enter an emergency protective order staying the notice of deposition for Mr. Mnuchin until after the deposition of Mr. Van Doren has been taken, and after Magistrate Judge Stickney has ruled on the outstanding motions currently scheduled for oral argument on April 2, 2012.  Plaintiff's notice of deposition to Mr. Mnuchin before Mr. Van Doren's deposition and her unwillingness to reschedule serves no purpose in this litigation other than to harass L&M.

Finally, this Court should award L&M its attorneys' fees incurred in seeking a protective order.  Under Federal Rule of Civil Procedure 26(c)(3), the Court may award attorneys' fees in connection with a motion for protective order pursuant to Rule 37(a)(5).  Rule 37(a)(5) provides for the recovery of reasonable fees and expenses incurred in making a motion for a protective order.  Plaintiff's unwillingness to honor her prior agreement relative to the scheduling sequence of the depositions of Messrs. Van Doren and Mnuchin is unreasonable; that is, by refusing to withdraw the Notice of Deposition of Mr. Mnuchin until after Mr. Van Doren's deposition and Magistrate Judge Stickney's ruling on the outstanding motions to compel the production of withheld claimed privileged communications between Plaintiff and many witnesses.

## CONCLUSION

L&M respectfully requests that the Court grant its Emergency Motion for Protective Order and stay the deposition notice to Robert Mnuchin.

Respectfully submitted,

*/s/ Thomas E. Kurth*
Thomas E. Kurth
Texas Bar No. 11768500
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas  75219
214-651-5000 Telephone
214-651-5690 Facsimile
thomas.kurth@haynesboone.com

Robert M. Abrahams (pro hac vice)
New York Bar No. 1236538
Kristie M. Blase (pro hac vice)
New York Bar No. 4526448
SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, New York  10022
212-756-2000 Telephone
212-593-5955 Facsimile
robert.abrahams@srz.com
kristie.blase@srz.com

**ATTORNEYS FOR DEFENDANT L&M ARTS**

**CERTIFICATE OF SERVICE**

On March 26, 2012, I electronically submitted the foregoing document to the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. Notice of this filing will be sent to the attorneys of record for all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Thomas E. Kurth*
Thomas E. Kurth

**CERTIFICATE OF CONFERENCE**

This is to certify that on March 23, 2012, Kristie M. Blase, counsel for L&M Arts, conferred regarding the merits of the instant Motion with Roger Netzer, counsel for Plaintiff. Plaintiff's counsel responded that Plaintiff will not agree to withdraw the notice of deposition to Robert Mnuchin. Therefore, the Motion is opposed.

/s/ *Kristie M. Blase*
Kristie M. Blase