IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARGUERITE HOFFMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:10-cv-0953-D |
| | § | |
| L&M ARTS, DAVID MARTINEZ | § | |
| and STUDIO CAPITAL, INC., | § | |
| | § | |
| Defendants. | § | |

# APPENDIX TO
# DEFENDANT L&M ARTS'S EMERGENCY MOTION FOR PROTECTIVE ORDER

Thomas E. Kurth
Texas Bar No. 11768500
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas  75219
214-651-5000 Telephone
214-651-5690 Facsimile
thomas.kurth@haynesboone.com

Of Counsel
Robert M. Abrahams (pro hac vice)
New York Bar No. 1236538
Kristie M. Blase (pro hac vice)
New York Bar No. 4526448
SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, New York  10022
212-756-2000 Telephone
212-593-5955 Facsimile
robert.abrahams@srz.com
kristie.blase@srz.com

**ATTORNEYS FOR DEFENDANT L&M ARTS**

Defendant L&M Arts ("L&M") submits this Appendix in Support of its Emergency Motion for Protective Order.

**APPENDIX**

| Exhibit | Description | APP No. |
|---|---|---|
| A | February 29, 2012 letter from Kristie M. Blase at Schulte Roth & Zabel to Roger Netzer at Wilkie Farr & Gallagher | 1 - 2 |
| B | March 21, 2012 letter from letter from Kristie M. Blase at Schulte Roth & Zabel to Roger Netzer at Wilkie Farr & Gallagher | 3 - 4 |
| C | March 22, 2012 letter from Roger Netzer at Wilke Farr & Gallagher to Kristie M. Blase at Schulte Roth & Zabel | 5 - 6 |
| D | March 25, 2012 letter from Roger Netzer at Wilke Farr & Gallagher to David H. Herrington at Cleary Gottlieg Steen & Hamilton and Kristie M. Blase at Schulte Roth & Zabel | 7 - 8 |

Respectfully submitted,

*/s/* Thomas E. Kurth
Thomas E. Kurth
Texas Bar No. 11768500
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
214-651-5000 Telephone
214-651-5690 Facsimile
thomas.kurth@haynesboone.com

Robert M. Abrahams (pro hac vice)
New York Bar No. 1236538
Kristie M. Blase (pro hac vice)
New York Bar No. 4526448
SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, New York 10022
212-756-2000 Telephone
212-593-5955 Facsimile
robert.abrahams@srz.com
kristie.blase@srz.com

# CERTIFICATE OF SERVICE

On March 26, 2012, I electronically submitted the foregoing document to the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. Notice of this filing will be sent to the attorneys of record for all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

>                    */s/* Thomas E. Kurth
>                    Thomas E. Kurth

# EXHIBIT A

# Schulte Roth&Zabel LLP

919 Third Avenue
New York, NY 10022
212.756.2000
212.593.5955 fax

www.srz.com

Writer's Direct Number
212.756.2466

Writer's E-mail Address
kristie.blase@srz.com

February 29, 2012

**VIA EMAIL**

Roger Netzer
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, New York 10019-6099

Re: Hoffman v. L&M Arts, et al.

Dear Roger:

   Thank you for notifying us of the adjournment of Mr. Van Doren's deposition, previously scheduled for this Friday. Please send our condolences to Mr. Leadlove, and we and Cleary will work with you and him to schedule a new date for Mr. Van Doren's deposition.

   As you know, Mr. Van Doren's deposition was deliberately scheduled to occur before Mrs. Hoffman's deposition. Accordingly, given the adjournment of Mr. Van Doren's deposition, we would like to reschedule Mrs. Hoffman's deposition. Because Mrs. Hoffman's knowledge of the negotiations for the 2007 sale of the painting will largely, if not exclusively, be based on what Mr. Van Doren told her, our questioning of her will be guided by information that Mr. Van Doren provides in his deposition. We therefore continue to want to take Mr. Van Doren's deposition first.

   We are open to discussing dates in March and April to reschedule their depositions. We have conferred with counsel for Studio Capital and Mr. Martinez, and they have agreed to reschedule these depositions.

DOC ID-18263018.1

**APP-001**

Roger Netzer
February 29, 2012
Page 2

      This rescheduling will not affect the scheduled depositions of Mr. Martinez or Ms. Lévy. Counsel for all defendants still plan to go forward with the scheduled depositions of Mr. Martinez on Thursday, March 1st (at Cleary's offices) and Ms. Lévy on Monday, March 5th (at Haynes & Boone's offices).

Very truly yours,

*Kristie M. Blase* (signature)

Kristie M. Blase

cc:    All counsel

DOC ID-18263018.1

APP-002

# EXHIBIT B

# Schulte Roth & Zabel LLP

919 Third Avenue
New York, NY 10022
212.756.2000
212.593.5955 fax

www.srz.com

Writer's Direct Number
212.756.2466

Writer's E-mail Address
kristie.blase@srz.com

March 21, 2012

**VIA EMAIL**

Roger Netzer
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, New York 10019-6099

Re: <u>Hoffman v. L&M Arts, et al.</u>

Dear Roger:

      I am writing on behalf of all defendants regarding the upcoming depositions scheduled in this case. We have tried unsuccessfully to reach you by phone earlier this week to discuss these issues.

      As you are aware, we are still waiting for Magistrate Judge Stickney's ruling on the outstanding motions to compel the production of withheld claimed privileged communications between Ms. Hoffman and many of these witnesses.

      Last Friday, you proposed that Plaintiff and third parties would produce the withheld documents before Magistrate Judge Stickney rules on the motions, recognizing that (1) Magistrate Judge Stickney indicated at oral argument in January 2012 that he would order production of these withheld documents, and (2) defendants are entitled to these documents before taking the testimony of Ms. Hoffman's friends, including Mr. Van Doren.

      If you produce the withheld documents today, we will proceed with the third party depositions previously noticed. These include the depositions of Mr. Van Doren, Mr. Augustine, Ms. Rose, Ms. Pitman, and Mr. Rachofsky. If you do not produce the documents today, we will reschedule these depositions until after Magistrate Judge Stickney rules and you and/or the third parties produce the withheld documents. Of course, if you will agree in writing that each of these witnesses will return for additional testimony after the withheld documents are produced, we will take these depositions on the current schedule.

Roger Netzer
March 21, 2012
Page 2

       As you are also aware, Mr. Van Doren's deposition was deliberately scheduled to occur before those of Ms. Hoffman, Ms. Lévy, and Mr. Mnuchin. Because of the unfortunate passing of Mr. Leadlove's father, we agreed to take Ms. Hoffman's testimony and allow you to take Ms. Lévy's testimony before we took Mr. Van Doren's. We also did not reschedule Mr. Martinez's deposition. But we will not agree to Plaintiff taking Mr. Mnuchin's testimony before we are able to take Mr. Van Doren's. You have already taken three depositions to our one, and your wrongful withholding of documents should give you the advantage of taking depositions while we cannot.

       We will not produce Mr. Mnuchin for deposition on Tuesday, March 27, 2012, particularly in light of your stated intent to amend the complaint to include a claim of fraudulent inducement, which can only be based on Mr. Van Doren's testimony. We will work with you to reschedule Mr. Mnuchin's deposition for a date in the future after Magistrate Judge Stickney has ruled on the outstanding motions, you and/or third parties have produced the withheld documents, and we have taken Mr. Van Doren's testimony.

       Finally, as I told you on Friday, Ms. Saadai will be available for deposition at my offices (919 Third Avenue) on Friday, March 23, 2012 starting at 10 am. Please let me know who from your office will be attending.

                                                                        Very truly yours,

                                                                       Kristie M. Blase

cc:    All counsel

# EXHIBIT C

# WILLKIE FARR & GALLAGHER LLP

ROGER NETZER
212 728 8249
rnetzer@willkie.com

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

March 22, 2012

**VIA EMAIL**

Kristie M. Blase, Esq.
Schulte Roth & Zabel LLP
919 Third Avenue
New York, New York 10022

Re:   *Hoffman v. Martinez*, Case No. 3:10-cv-00953-D

Dear Kristie:

Plaintiff will not withdraw the Notice of Deposition of Mr. Mnuchin, which was served on February 27, 2012, and then only after extensive back and forth that included L&M's assurance that Mr. Mnuchin would appear on that day.

Here is a sampling of Plaintiff's efforts to obtain Mr. Mnuchin's deposition. We wrote you a letter on December 23 asking for dates when Mr. Mnuchin would be available in January. We received no response.

Not having received a response, we followed up with a second letter on January 4. That day we also noticed Mr. Mnuchin's deposition for January 17. As you will recall, we wanted his deposition to be the first of any of the Defendants.

Again we received no response. After nine days of radio silence, and with the deposition approaching, we emailed you on January 13 seeking confirmation that Mr. Mnuchin would be appearing. It was only then you advised us that Mr. Mnuchin was not available on January 17.

In a phone conference on February 6, we reiterated our request that Mr Mnuchin's deposition go first, before that of Mr. Martinez or Ms. Levy. But you advised us that the first date when Mr. Mnuchin would be available was March 27. We accepted that date, opting for the certainty of a confirmed availability for the hard-to-schedule Mr. Mnuchin, even if it meant sacrificing our preferred sequence for developing the deposition evidence.

Your complaint about when Mr. Van Doren's deposition was "deliberately scheduled to occur" therefore rings hollow, since Defendants made no effort to accommodate our preferred sequence. It

NEW YORK   WASHINGTON   PARIS   LONDON   MILAN   ROME   FRANKFURT   BRUSSELS
in alliance with Dickson Minto W.S., London and Edinburgh

APP-005

Kristie M. Blase, Esq.
March 22, 2012
Page 2

goes without saying that Plaintiff nevertheless proceeded as you demanded, and it was only an individual's unforeseen death that frustrated your plan.

Plan may be the wrong word, because Defendants themselves twice proposed scheduling Mr. Van Doren's deposition to occur after Plaintiff Hoffman's. On December 20, 2011, Defendants noticed Ms. Hoffman's deposition for January 17, 2012; the following day, they subpoenaed Mr. Van Doren for deposition on January 18, 2012. Defendants again proposed scheduling Mr. Van Doren after Ms. Hoffman on a January 23 call during which they proposed deposing Ms. Hoffman the week of March 5 and deposing Mr. Van Doren on March 9, 10, 13 or 14.

Mr. Van Doren was available to be deposed on March 15 or 16, we told you on March 12, 2012. You declined to go forward.

He was also available on March 22 or 23. Again you declined to go forward.

I learned yesterday that Mr. Van Doren is available to be deposed in New York on either Thursday, March 29 or Friday, March 30. He is not available on March 27, however.

If you choose to cancel all of the depositions you have scheduled in Dallas over the next few weeks, that is certainly your prerogative. Please bear very clearly in mind, however, that Plaintiff will not consider the need to reschedule them later as an emergency. Still less will we treat it as justification for an extension of the discovery deadline or trial setting.

The proposal you describe in your letter (not accurately, by the way) was one that I prefaced in the following way: "Kristie, I am not proposing this yet, but let's both consider it as something we might agree on." The temptation to trot that sort of thing out in on-the-record correspondence is one that an attorney of your caliber will learn to resist in time.

Sorry about not returning your call of Tuesday afternoon. Due diligence has turned up no message. I have no doubt you left one, but my assistant, like all of us, makes mistakes sometimes. In future try Mr. Vogel if I am unavailable and it is an emergency, or Mr. Wulff in Dallas, or prompt me with an email.

Very truly yours,

Roger Netzer

cc:   All Counsel (via email)

# EXHIBIT D

# WILLKIE FARR & GALLAGHER LLP

ROGER NETZER
212 728 8249
rnetzer@willkie.com

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

March 25, 2012

**VIA EMAIL AND FIRST-CLASS MAIL**

David H. Herrington, Esq.
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006

Kristie M. Blase, Esq.
Schulte Roth & Zabel LLP
919 Third Avenue
New York, NY 10022

Re: *Hoffman v. Martinez*, Case No. 3:10-cv-00953-D

Dear David and Kristie:

This letter concerns L&M's announced intention to move for a protective order tomorrow, Monday, March 26. Such a motion is both meritless and premature, because Defendants have failed to meet their obligation to meet and confer.

Plaintiff has had no written response to my letter to Kristie of Thursday, March 22. In that letter, Plaintiff offered Mr. Van Doren for deposition in New York on either of Thursday, March 29 or Friday, March 30. This was in an effort to meet Defendants' demands that (a) Defendants conduct Mr. Van Doren's deposition as a condition precedent to "permitting" Plaintiff to depose Mr. Mnuchin and (b) Mr. Mnuchin's deposition be moved from March 27 to March 30.

Neither of Defendants' demands was reasonable or justified, but in an effort to avoid motion practice and move discovery forward, Plaintiff acceded.

Defendants have also demanded that, as a condition precedent to taking Mr. Van Doren's deposition, Plaintiff produce certain communications to which Mr. Van Doren was a party that that are the subject of *in camera* review before Judge Stickney.

Again, Plaintiff regards this demand as entirely unreasonable. Nevertheless, I told counsel last Friday, at the deposition of Ms. Saadai, that in an effort to avoid motion practice and move discovery forward, Plaintiff would accede. Accordingly, Plaintiff intends to produce items 10, 39, 56, 57, 98, and 99 from Plaintiff's privilege log, subject to Defendants' agreement that such production does not waive any privilege.·

NEW YORK   WASHINGTON   PARIS   LONDON   MILAN   ROME   FRANKFURT   BRUSSELS
in alliance with Dickson Minto W.S., London and Edinburgh

APP-007

7591776.5

Finally, Defendants also demand that as a further condition precedent to Mr. Van Doren's deposition, Mr. Van Doren must produce the documents he agreed to produce in response to Defendants' document subpoena dated January 31, 2012.

Again, I told counsel on Friday, at the deposition of Ms. Saadai, that in an effort to avoid motion practice and move discovery forward, Plaintiff and Mr. Van Doren would accede.

In short, Plaintiff has agreed to capitulate to Plaintiff's unreasonable ultimatums in order to avoid the motion practice you have threatened to commence tomorrow.

But it appears that Plaintiff's and Mr. Van Doren's efforts to satisfy Defendants' demands are futile. It turns out that counsel for Studio Capital and Martinez are not even available for the deposition of Mr. Mnuchin that Defendants had proposed for March 30. This sudden unavailability is remarkable in itself, given that Studio Capital and Martinez are represented in this case by two partners of Jackson Walker and two of Cleary Gottlieb, plus senior litigation counsel from Cleary and multiple associates from both firms.

Worse still is the failure of counsel for Studio Capital and Martinez to notify any of Plaintiff, L&M, or Mr. Van Doren of their unavailability until the afternoon of Friday, March 23. Counsel's silence is inexplicable, since they well knew of Plaintiff's efforts to satisfy Defendants' demands, of Mr. Van Doren's efforts to change his schedule to accommodate them, and of L&M's intention to move for a protective order on Monday, March 26.

In summary we have attempted in every way possible to accommodate your demands but all of those efforts have been rebuffed. The situation then is this: Approximately a month ago, after months of trying to get Mr. Mnuchin's deposition scheduled, you finally gave us a date acceptable to both the witness and his counsel. We promptly issued a notice for that deposition to which no one objected. You are now threatening to file a motion for protective order on the day before the deposition and then use it as an excuse for failing to appear for the deposition. In the meantime we are prepared for the deposition, and our Dallas counsel is planning to leave for the deposition by midday tomorrow. We would urge you not to file the threatened motion and would request that if you are going to do so, you do so first thing tomorrow morning so we have time to apply to Judge Fitzwater for emergency relief directing you to appear for the deposition as scheduled.

Very truly yours,

*Roger Netzer*/IMC

Roger Netzer

cc.: All counsel (via email)