IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARGUERITE HOFFMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:10-cv-0953-D |
| | § | |
| L&M ARTS, DAVID MARTINEZ | § | |
| and STUDIO CAPITAL, INC., | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT L&M ARTS'S REPLY IN FURTHER SUPPORT OF
ITS EMERGENCY MOTION FOR PROTECTIVE ORDER**

Thomas E. Kurth
Texas Bar No. 11768500
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas  75219
214-651-5000 Telephone
214-651-5690 Facsimile
thomas.kurth@haynesboone.com

Of Counsel
Robert M. Abrahams (pro hac vice)
Kristie M. Blase (pro hac vice)
SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, New York  10022
212-756-2000 Telephone
212-593-5955 Facsimile
robert.abrahams@srz.com
kristie.blase@srz.com

ATTORNEYS FOR DEFENDANT L&M ARTS

Defendant L&M Arts ("L&M") submits this reply in further support of its Emergency Motion for a Protective Order, dated March 26, 2012 (the "Motion").

First, Plaintiff mischaracterizes Defendants' efforts to confer, avoid unnecessary motion practice, and keep discovery moving forward. Defendants reasonably insisted that Plaintiff produce documents so that they can depose witnesses, reasonably sought to enforce an agreed sequencing, and reasonably sought to avoid prejudice in the face of a newly-stated intent to amend the complaint. Defendants' motion to continue the trial date [Dkt. 198] was not based on any of these concerns, but because trial is currently scheduled at the same time as the November art auctions, during which time L&M previously informed the Court that it would not be available. (*See* Dkt. 22 at 9-10, Ex. A.)

Second, Plaintiff falsely states that testimony from David Martinez and Dominique Lévy shows that Robert Mnuchin "fraudulently misrepresented to all concerned virtually everything about the 2007 art transaction." (*See* Dkt. 210 at 7.) To the contrary, Mr. Martinez and Ms. Lévy's testimony was that they both knew and understood the terms of the transaction. The simple fact that Mr. Martinez and Ms. Lévy's testimony concerning what confidentiality meant differed from Plaintiff's testimony is not evidence that Mr. Mnuchin fraudulently misrepresented anything, let alone "virtually everything" about the transaction. Again, L&M will vigorously oppose any effort by Plaintiff to amend her complaint at this late date, nearly two years after she initially filed this action.

Third, Plaintiff is not entitled to sanctions or reasonable expenses incurred in opposing this Motion or incurred because Mr. Mnuchin did not appear for deposition on March 27th. This is pure gamesmanship on the part of Plaintiff; if any party should be sanctioned it is Plaintiff's counsel. L&M provided adequate notice that Mr. Mnuchin would not

appear and L&M filed this Motion as soon as possible after negotiations between counsel failed. Counsel for L&M told Plaintiff on March 21st (in writing) that Mr. Mnuchin would not appear on March 27th for various reasons, including Plaintiff's newly stated intent to amend her complaint to include a fraudulent inducement claim and Plaintiff's withholding of necessary and relevant documents. Counsel began negotiating about rescheduling Mr. Mnuchin's deposition and addressing Defendants' other issues immediately thereafter. L&M believed that counsel would reach a resolution. When, late Sunday night, March 25th, Plaintiff's counsel wrote rejecting any compromise resolution, L&M was forced to file this Motion the following morning. Counsel for L&M replied to Plaintiff's counsel after filing the Motion. (*See* Letter from K. Blase to R. Netzer, March 26, 2012, Ex. B.) Mr. Mnuchin did not appear for deposition on March 27th. This is specifically contemplated by F.R.C.P. 37(d)(2), which provides that failing to appear for a scheduled deposition is excused where a motion for a protective order is pending, as here.

For the foregoing reasons and those in the Motion, L&M respectfully requests that the Court grant its Emergency Motion for a Protective Order.

Dated: New York, New York
      March 30, 2012

Respectfully submitted,

/s/ Kristie M. Blase
Robert M. Abrahams (pro hac vice)
New York Bar No. 1236538
Kristie M. Blase (pro hac vice)
New York Bar No. 4526448
SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, New York 10022
(212) 756-2000 Telephone
(212) 593-5955 Facsimile
robert.abrahams@srz.com
kristie.blase@srz.com

Thomas E. Kurth
Texas Bar No. 11768500
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
(214) 651-5000 Telephone
(214) 651-5690 Facsimile
Thomas.kurth@haynesboone.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

  On March 30, 2012, I electronically submitted the foregoing document to the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. Notice of this filing will be sent to the attorneys of record for all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

            /s/ Kristie M. Blase
            Kristie Blase