IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARGUERITE HOFFMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:10-cv-0953-D |
| | § | |
| L&M ARTS, DAVID MARTINEZ | § | |
| and STUDIO CAPITAL, INC., | § | |
| | § | |
| Defendants. | § | |

**APPENDIX TO
DEFENDANT L&M ARTS'S REPLY IN FURTHER SUPPORT OF
ITS EMERGENCY MOTION FOR PROTECTIVE ORDER**

Thomas E. Kurth
Texas Bar No. 11768500
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas  75219
214-651-5000 Telephone
214-651-5690 Facsimile
thomas.kurth@haynesboone.com

Of Counsel
Robert M. Abrahams (pro hac vice)
Kristie M. Blase (pro hac vice)
SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, New York  10022
212-756-2000 Telephone
212-593-5955 Facsimile
robert.abrahams@srz.com
kristie.blase@srz.com

ATTORNEYS FOR DEFENDANT L&M ARTS

Defendant L&M Arts ("L&M") submits this Appendix in further support of its

Emergency Motion for a Protective Order.

## APPENDIX

| Exhibit | Description | APP No. |
|---------|-------------|---------|
| A | Rule 26(f) Report and Proposal filed June 30, 2010 | 1 - 13 |
| B | March 26, 2012 letter from Kristie M. Blase at Schulte Roth & Zabel to Roger Netzer at Willkie Farr & Gallagher | 14 - 16 |

Dated:  New York, New York
        March 30, 2012

Respectfully submitted,


/s/ Kristie M. Blase
Robert M. Abrahams (pro hac vice)
New York Bar No. 1236538
Kristie M. Blase (pro hac vice)
New York Bar No. 4526448
SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, New York  10022
(212) 756-2000 Telephone
(212) 593-5955 Facsimile
robert.abrahams@srz.com
kristie.blase@srz.com


Thomas E. Kurth
Texas Bar No. 11768500
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
(214) 651-5000 Telephone
(214) 651-5690 Facsimile
Thomas.kurth@haynesboone.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

On March 30, 2012, I electronically submitted the foregoing document to the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court.  Notice of this filing will be sent to the attorneys of record for all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ Kristie M. Blase
Kristie M. Blase

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARGUERITE HOFFMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 3:10-CV-0953-D |
| | § | |
| L&M ARTS, SOTHEBY'S, INC., | § | |
| TOBIAS MEYER, DAVID MARTINEZ, | § | |
| and STUDIO CAPITAL, INC., | § | |
| | § | |
| | § | |
| Defendants. | § | |

## RULE 26(f) REPORT AND PROPOSAL

Pursuant to Federal Rule of Civil Procedure 26(f) and this Court's Orders of May 20 and June 14, 2010, the parties to the above-referenced case submit this report and proposal.

### 1.    Rule 26(f) Conference

On June 8, 2010, the parties met in person at the offices of Shackelford, Melton & McKinley, LLP in Dallas, Texas to discuss the issues required by Federal Rule of Civil Procedure 26(f) and the Court's May 20, 2010 Order.  Bart Wulff and Roger Netzer attended on behalf of Plaintiff.  Kurt Schwarz and Gordon Shapiro attended on behalf of Defendants David Martinez and Studio Capital, Inc.  Tom Kurth attended on behalf of Defendant L&M Arts.  Vance Beagles attended on behalf of Defendants Sotheby's, Inc. and Tobias Meyer.  In addition, Howard Comet participated by phone on behalf of Sotheby's, Inc. and Tobias Meyer, and Howard Zelbo participated by phone on behalf of David Martinez and Studio Capital.

**APP-001**

Counsel for Defendants Martinez and Studio Capital responded to Plaintiff's question concerning the identity of the Defendant that bought the painting from Plaintiff and consigned it to Defendant Sotheby's, and counsel for Defendant Sotheby's answered Plaintiff's question about the financial terms of the consignment.

A.    Plaintiff's Position

Plaintiff's counsel responded to all questions presented by defense counsel concerning the nature of plaintiff's claims and the legal theories supporting them. Other than as stated above, Defendants generally declined to respond to questions concerning evidence or legal theories, indicating that these would become clear when they filed their motion to dismiss.

Defendants stated their intention to make a motion under Rule 12(b)(6) to be filed on or before June 30, 2010.

B.    Defendants' Position

Defendants deny that they declined to respond to any questions concerning evidence or legal theories. In any event defendants are filing their motions to dismiss today. Defendants never stated that all such motions to dismiss would be based solely on Rule 12(b)(6).

**2.    Settlement**

A.    Plaintiff's Position

Prior to the auction of the Painting, Plaintiff offered to rescind the 2007 sale of the Painting, return all consideration Plaintiff received for the Painting and donate the painting to the Dallas Museum of Art. The offer was rejected.

APP-002

Also prior to the auction, Plaintiff offered to accept a portion of the difference between the 2007 private sale price and the 2010 auction price to resolve the dispute, based on a formula applied to what was recovered at auction. That offer was rejected as well .

At the Rule 26(f) conference, Plaintiff offered once again to accept a portion of the actual sale price of the Painting to resolve the case, applying the same formula to the actual price for which the Painting sold at auction. Plaintiff will donate any amount received (after deduction of legal expenses) to the Dallas Museum of Art. Defendants have not responded to this offer.

Plaintiff would welcome a Court supervised settlement conference at an early stage of the litigation.

B.    Defendants' Position

Plaintiff's description of settlement discussions is both inappropriate and inaccurate. This Court requires that the parties report on "the progress made toward settlement or other resolution and the present status of settlement negotiations" and provide "more than a rote recitation that settlement was discussed but was unsuccessful." (May 20, 2010 Order pp. 2-3.) Plaintiff's statement, however, goes well beyond these requirements and contains a skewed version of the details of settlement discussions that has no place in a publicly filed document, including an obviously irrelevant statement regarding what plaintiff currently says she may intend to do with the proceeds of any settlement. Defendants object to the inclusion of specifics of settlement discussions, including pre-litigation discussions, in this publicly filed Report,

**APP-003**

secure Defendants' participation in alternate dispute resolution prior to 90 days before trial.

B.   Defendants' Position

Defendants object to proceeding to mediation prior to resolution of the motions which they state they intend to file today (June 30, 2010), although they are prepared to select a mediator no later than 120 days prior to trial and agree to a mediation no later than 90 days prior to trial.

## 4.   Referral to a Magistrate Judge

The parties do not consent to referral of this case to a magistrate judge for trial.

## 5.   Initial Disclosures Pursuant to Rule 26(a)(1) and 26(a)(2)

Plaintiff proposes that initial disclosures pursuant to Rule 26(a)(1) be exchanged by the parties on or before July 15, 2010.  Defendants propose that initial disclosures pursuant to Rule 26(a)(1) be exchanged by the parties on or before August 20, 2010.

Plaintiff proposes that expert disclosures pursuant to Rule 26(a)(2) be exchanged on or before October 1, 2010.  Defendants propose that the deadline for initial expert disclosures pursuant to Rule 26(a)(2) be 180 days prior to the date set for trial.

## 6.   Discovery Plan

The parties propose that fact discovery be completed not later than 150 days prior to the date set for trial and expert discovery be completed not later than 120 days prior to the date set for trial.

A.   Plaintiff's Position

Plaintiff believes that discovery, other than initial disclosures, should be conducted pursuant to the Federal Rules of Civil Procedure without alteration, including

which plaintiff seems to have done purely for public relations purposes and to taint any potential jury pool, should this action survive that far.

Plaintiff's statements about past settlement discussions are inaccurate in several respects. Contrary to plaintiff's discussion, no proposal for rescission of the 2007 sale of the Painting has ever been conveyed to or discussed with the Sotheby's Defendants. Nor was any settlement proposal of any type conveyed to Tobias Meyer prior to the commencement of this litigation. In addition, plaintiff's discussion omits mention of pre-litigation proposals which Sotheby's made to plaintiff, including a proposal for mediation. Plaintiff rejected Sotheby's proposals, including Sotheby's proposal for mediation. Sotheby's can provide information about the specifics of those discussions if the Court requests.

In keeping with this Court's May 20 Order, and attempting to provide the Court with an accurate description of the status of settlement discussions, defendants state that plaintiff made a specific demand at the parties' June 8 conference but that given the exorbitant nature of this demand, the weakness of plaintiff's case, and defendants' pending motions to dismiss, defendants do not agree to plaintiff's demand. Defendants will provide further detail if the Court requests.

### 3.   Alternative Dispute Resolution

The parties also discussed possible alternative dispute resolution measures in this case.

A.   Plaintiff's Position

Plaintiff is prepared to select a mediator and proceed to mediation as soon as possible. Given Defendants' position stated below, a court order may be required to

the timing and sequence of discovery set forth in Rule 26(d)(1), which permits discovery to commence after the Rule 26(f) conference.   Plaintiff also understands that the subjects on which discovery may be needed are required to be stated in a Rule 26(f) discovery plan, which plan is incorporated herein.   *See* F.R.C.P. 26(f)(2), (3)(B). Plaintiff proposes to conduct discovery on at least the following subject matters:

  a. The Painting;

  b. The various 2007 negotiations and contracts concerning the sale of the Painting;

  c. Negotiations, discussions, and promises regarding confidentiality and the purchaser's plans concerning the Painting;

  d. Information regarding publicity and breaches of confidentiality with respect to the initial agreements to sell the Painting;

  e. The identity of the purchaser;

  f. The premium forfeited by Ms. Hoffman (and corresponding benefit to the purchaser) by her 2007 sale of the Painting in a private sale instead of a public auction;

  g. Sotheby's acquisition of the Painting for public auction;

  h. The methods and customs employed by Sotheby's and Mr. Meyer to obtain art for public auction, to the extent necessary to determine whether their conduct in connection with the Painting conformed with such methods and customs;

  i. Publicity and public disclosures concerning the Painting and the Auction;

  j. The 2010 sale of the Painting;

  k. Efforts by Mr. Martinez and Studio Capital to disguise or conceal either of their roles with respect to the Painting;

  l. Information concerning Studio Capital and its relationship with Mr. Martinez.

  m. The  nature of the variance between the market for private sales and public auction sales of art, the disparity between the prices

APP-006

expected therein and the changes, if any, in market conditions from 2007 to 2010.

n.   Legal and ethical obligations and standards of practice for art galleries and art auction houses in 2007 and 2010 concerning due diligence procedures to determine the provenance of works of art consigned, or any restrictions or limitations on, a consignor's rights to consign, works of art for public auction.

o.   Transactions between and/or among (a) Sotheby's, (b) L&M Arts, (c) Studio Capital and/or (d) Martinez.

p.   The Sveaas Litigation, including (i) the lawsuit entitled *Sveaas v. Martinez et al.,* Index No. 603577/20008, which was filed on March 6, 2009 in New York Supreme Court; (ii) the lawsuit entitled *Sveaas v. Botez, et. al.,* Case No.: 07-153490TVI-OTIR/01, which was filed on October 12, 2007 in Oslo District Court, Norway; and (iii) the lawsuit entitled *Botez v. Sveaas,* General Roll No.: 07/12847, seeking withdrawal of two orders dated August 31, 2007 and September 18, 2007, which was filed on September 28, 2007 in Paris Regional Civil Court, France.

B.   Defendants' Position

Defendants propose that discovery in this action be stayed, and no further scheduling dates be set, until resolution of defendants' motions to dismiss, which were filed on June 30, 2010. Resolution of these motions is likely to result in the complete dismissal, or at least significant limitation, of the parties and claims at issue in this case. Any remaining parties would thereafter be able to conduct discovery in a more efficient and focused fashion, and set further scheduling dates with greater certainty as to the time necessary to accomplish particular tasks. A stay would therefore serve the interests of economy and justice with respect to all parties. It would also obviate the possibility that this Court will have to spend time and resources resolving discovery disputes that may ultimately become moot. In the alternative, defendants propose that discovery commence on November 15, 2010 to allow for the completion of briefing and

APP-007

a possible decision on their motions to dismiss, should the Court not wish to impose a stay until the motions are actually decided.

Defendants believe that plaintiff's laundry list of specific discovery topics is inappropriate for this Report and generally overbroad, and again appears designed largely for public relations purposes prior to resolution of defendants' motions to dismiss and before actual discovery requests have been served.  Such detail about anticipated discovery is not required either by this Court's May 20 Order or F.R.C.P. 26(f)(3).  The nature and extent of plaintiff's discovery topics illustrate why a stay of discovery is needed in this case until resolution of defendants' motion to dismiss.  Defendants disagree that all of the discovery topics on plaintiff's list are relevant to this action, and defendants will object at the proper time.

Should the Court deny defendants' motions to dismiss, defendants intend to seek discovery on at least the following general topics: plaintiff's purchase, ownership, and sale of the painting in dispute; persons with whom plaintiff has discussed the painting and her sale of it at any time; persons who viewed the painting while in plaintiff's possession; plaintiff's dealings with the Dallas Museum of Art concerning the painting; and plaintiff's financial condition at the time she sold the painting, which she alleges compelled her to enter into a private sale, and any purported embarrassment or other harm she has suffered as a result of the painting's auction by Sotheby's.

### 7.    Amendment of Pleadings and Joinder of Parties

The parties propose that all pleadings be amended and any new additional parties be joined by November 23, 2010 and all pleadings be amended by January 24,

APP-008

2011. In the meantime, Plaintiff withdraws her claim for rescission, which has been mooted by intervening events.

### 8.   Motions for Summary Judgment and Other Dispositive Motions

The parties propose that all motions for summary judgment or other dispositive motions be filed not less than 90 days prior to the date set for trial.

### 9.   Final Pre-Trial Conference and Trial Scheduling

The parties propose that a final pre-trial conference be set by the Court 14 – 21 days prior to the date set for trial subject to the Court's discretion and calendar.

A.   Plaintiff's Position

Plaintiff proposes that the Court set this case for trial in the month of March 2011 subject to the Court's discretion and calendar.

B.   Defendants' Position

As described above, defendants propose that this Court stay discovery and the entry of further scheduling dates until resolution of defendants' motions to dismiss. However, should the Court wish to set a trial date, defendants believe that, subject to the Court's discretion and calendar, December 2011 is the appropriate date for trial, permitting time for the full discovery of facts relevant to this case, which according to the allegations in plaintiff's First Amended Petition implicates, at a minimum, the knowledge of the art community of Dallas, Texas.

Plaintiff's proposed March 2011 trial date would not allow sufficient time for full and fair discovery. Due to prior commitments of defendants' counsel and very heavy business demands placed on Sotheby's and its personnel during its principal auction periods, not all defendants are available to participate in a trial from late April through

July, in early September, or in October through November.  If this Court cannot set a December 2011 trial date, defendants respectfully propose that the last two weeks of September 2011 present the next most viable time for trial.

### 10.   Discovery of Electronically Stored Information and Preservation of Evidence

The parties discussed issues relating to the discovery of electronically stored information and preservation of evidence.  All parties agreed to preserve all hard copy and electronic information concerning the transaction which forms the basis of this lawsuit.

### A.   Plaintiff's Position

Plaintiff previously notified Defendants of the obligation to preserve all potentially relevant documents by letters dated March 26 (Studio Capital and Martinez), April 12 (Studio Capital, Martinez, Sotheby's, and L&M Arts), and April 19, 2010 (Studio Capital, Martinez, Sotheby's, and L&M Arts). The April 19, 2010 letter enclosed a draft document request, which included a number of the discovery subjects set forth in Section 6 of this proposed order, to assist in the preservation process without limiting the scope of any preservation obligation.  Although Plaintiff understood that progress regarding a preservation agreement had been made, including an agreement between and among all parties made during a telephonic meet and confer on June 28, 2010, that all parties agreed to preserve all hard copy and electronic information concerning any transactions among or between the parties to this lawsuit (For this purpose, Meyer and Sotheby's are considered one party, and Martinez and Studio Capital are considered one party), Defendants' position below makes both the status of negotiations and Defendants willingness to preserve documents unclear.

Plaintiff is willing to continue to meet and confer on the subject of preservation with all Defendants and reserves all rights to return to the court to assist in resolution of this matter, including entry of a preservation order, should that become necessary in the future.

B.    Defendants' Position

Defendants believe that plaintiff's position regarding preservation of information has repeatedly changed and the changes in that position, as well as plaintiff's description of the parties' discussions, are not fully or accurately described by plaintiff in this Report.  For example, defendants believed that some possible compromises had been discussed in the parties' telephone conference on June 28, 2010, but those discussions were negated when plaintiff circulated an entirely new and vastly greater request for preservation on June 29, 2010.  In light of those changes, defendants do not believe that any agreement has been reached regarding preservation, other than an agreement regarding the transactions that form the basis for this action.  Defendants are willing to meet and confer with plaintiff on this issue in an effort to reach agreement.

11.    **Claims of Privilege or of Protection as Trial Preparation Materials After Production and Protection of Confidential Information**

The parties agreed to attempt to work out an agreed protective order relating to production of confidential information and preservation of privilege issues.  In the event agreement is not feasible, the parties reserve the right to apply directly to the Court for assistance with these areas.

APP-011

Dated:          June 30, 2010.

Respectfully submitted,


_____/s/  Bart Wulff_____
Bart Wulff
State Bar No. 22086100

Shackelford, Melton & McKinley LLP
3333 Lee Parkway, Tenth Floor
Dallas, TX 75219
Telephone:  (214) 780-1400
Telecopy:    (214) 889-9715

ATTORNEYS FOR PLAINTIFF MARGUERITE
HOFFMAN


OF COUNSEL:

WILLKIE FARR & GALLAGHER LLP

Roger Netzer
787 Seventh Avenue
New York, NY  10019
(212) 728-8000
rnetzer@willkie.com


_____/s/  Thomas E. Kurth_____
Thomas E. Kurth
State Bar No. 11768500

Haynes and Boone, LLP
2323 Victory Avenue, Suite 700
Dallas, TX 75219-7673
Telephone:  (214) 651-5621
Telecopy:    (214) 200-0506

ATTORNEYS FOR DEFENDANT L&M ARTS

APP-012

_____ /s/ Vance I. Beagles _____
Vance I. Beagles
State Bar No. 00787052

Weil, Gotshal & Manges LLP
200 Crescent Court, Suite 300
Dallas, TX 75201
Telephone:  (214) 746-7700
Telecopy:   (214) 746-7777

ATTORNEYS FOR DEFENDANTS
SOTHEBY'S, INC. AND TOBIAS MEYER


_____ /s/ Gordon M. Shapiro _____
Gordon M. Shapiro
  State Bar No. 18110600
Kurt Schwarz
  State Bar No. 17871550

Jackson Walker L.L.P.
901 Main Street, Suite 6000
Dallas, TX 75202
Telephone:  (214) 953-6000
Telecopy:   (214) 953-5822

ATTORNEYS FOR DEFENDANTS DAVID
MARTINEZ AND STUDIO CAPITAL, INC.


## CERTIFICATE OF SERVICE

The undersigned certifies that a true copy of the foregoing is being served electronically via ECF on all counsel of record on the 30th day of June, 2010.


_____ /s/ Bart Wulff _____
Bart Wulff

# EXHIBIT B

# Schulte Roth&Zabel LLP

919 Third Avenue
New York, NY 10022
212.756.2000
212.593.5955 fax

www.srz.com

Writer's Direct Number
212.756.2466

Writer's E-mail Address
kristie.blase@srz.com

March 26, 2012

**VIA EMAIL**

Roger Netzer
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, New York  10019-6099

Re:  Hoffman v. L&M Arts, et al.

Dear Roger:

I write on behalf of all Defendants in response to your letter of last night concerning depositions, documents, and L&M's intention to move for a protective order.  Your letter contains numerous inaccuracies designed solely to put Defendants in a negative light and imply that we have been uncooperative or somehow unreasonable.  I will address each of those inaccuracies below to correct the record and attempt to move forward with the scheduling of the depositions of Messrs. Van Doren and Mnuchin.

On March 14, 2012, following our in-person discussions at Ms. Lévy's deposition on March 5th and a telephone discussion earlier that day, I sent you an email suggesting March 27th and March 30th as possible dates for the depositions of Messrs. Van Doren and Mnuchin, respecitvely.  You did not respond to this proposal.

After a week with no response, I again wrote to you on March 21, 2012, regarding the depositions of Messrs. Van Doren and Mnuchin, after unsuccessfully attempting to reach you by phone.  I indicated in that letter that we did not intend to produce Mr. Mnuchin for deposition on March 27, 2012 in light of the parties' agreement that Mr. Van Doren's deposition would precede Mr. Mnuchin's, our inability to go forward with Mr. Van Doren's deposition because of the many documents that Plaintiff has wrongfully withheld, and Plaintiff's newly stated intent to amend her complaint to include a claim of fraudulent inducement against L&M.  On March 22nd, you responded by letter that you would not withdraw the Notice of Deposition for Mr. Mnuchin on March 27th.

**APP-014**

Roger Netzer
March 26, 2012
Page 2

The next day, at the deposition of L&M employee Ms. Leila Saadai, you discussed with me, my colleague Katie Burke, and Melissa Marler, counsel for Studio Capital and David Martinez, the scheduling of the depositions of Messrs. Van Doren and Mnuchin. Your description of those discussions in your March 25th letter is completely inaccurate. You did not, as you claim, offer to produce withheld documents, either the so-called privileged communications or the documents requested in Defendants' January 31st subpoena to Mr. Van Doren and the Greenberg Van Doren Gallery. Instead, you posed a hypothetical question asking whether, if you were to produce the withheld and so-called privileged documents, Defendants would be willing and able to take Mr. Van Doren's deposition on Thursday, March 29th and defend Mr. Mnuchin's deposition on Friday, March 30th. You emphasized that you were not committing to produce the documents, but that you would "consider" producing them if Defendants said they could go forward with the depositions on those dates. We agreed to determine if counsel for Defendants had any scheduling conflicts and get back to you.

When you and I spoke by telephone that evening, I informed you that March 29th and March 30th were not viable options for the depositions of Messrs. Van Doren and Mnuchin because of counsel's other scheduling commitments. (As discussed, you had never responded to my March 14th email suggesting possible dates for these depositions.) Further, during this conversation, you did not state that you would produce the withheld documents. Instead, you claimed that, had Defendants agreed to Thursday and Friday for Messrs. Van Doren and Mnuchin's depositions, respectively, you would have offered to produce the withheld documents.

In your letter of last night, you said you would be willing to produce certain communications to which Mr. Van Doren was a party that are the subject of the pending motions to compel. You listed six items from Plaintiff's privilege log that you intend to produce: 10, 39, 56, 57, 98, and 99. But you still have not produced these documents, and even if you were to do so, these documents comprise at most one-sixth of the withheld or redacted documents on which Mr. Van Doren's name appears. In order to proceed with scheduling of Mr. Van Doren's deposition (and subsequently Mr. Mnuchin's deposition), Plaintiff must produce **all** of the withheld and redacted communications on which Mr. Van Doren's name appears,[1] not merely a small fraction of those documents. Alternatively, we will need to wait for Magistrate Judge Stickney to rule on the pending motions to compel the production of these documents.

Once Plaintiff has produced **all** the documents on her privilege and redaction logs on which Mr. Van Doren's name appears, Defendants will work cooperatively with Plaintiff and

---

[1] Because of the way Plaintiff's privilege log is set up, we cannot determine if Mr. Van Doren is associated with all documents on which his name may appear, however, there are at least 30 additional documents on which his name appears that you did not identify in you March 25th letter. In order to move forward with the scheduling of Mr. Van Doren's deposition, Defendants require the production of the following documents: 10, 15, 20, 22, 23, 26, 27, 28, 39, 44, 45, 47, 48, 49, 51, 52, 56, 57, 65, 66, 67, 68, 69, 70, 71, 72, 73, 75, 76, 77, 96, 97, 98, 99, 113, and 117. Additionally, Defendants require the production of the following redacted documents listed on Plaintiff's Amended Redaction Log: PL000230-REP, PL000365-PL000385, PL000441-PL000442, PL000471, PL000474, PL000608-PL000609, PL000612-PL000613, PL000697 (GVD), PL000702 (GVD), and PL000732 (GVD).

Roger Netzer
March 26, 2012
Page 3

Mr. Van Doren to expeditiously schedule Mr. Van Doren's deposition, followed by
Mr. Mnuchin's.

        For the same reasons, we cannot proceed with the depositions of other third party
witnesses until Magistrate Judge Stickney has ruled on the outstanding motions to compel the
production of withheld and redacted documents relating to those witnesses or these documents
have been produced voluntarily.[2]

        Very truly yours,

        Kristie M. Blase


cc:    All counsel

---

[2] To proceed with the depositions of third party witnesses, Defendants require the production of the following
documents from Plaintiff's Amended Redaction Log:  PL000452, PL000453, PL000455-PL000456, PL000608-
PL000609, PL000612-PL000613; and documents 2, 3, 8, 9, 11, 12, 13, 14, 21, 32, 33, 34, 49, 54, 57, 100, and 113
from Plaintiff's Amended Privilege Log.

**APP-016**