IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARGUERITE HOFFMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:10-cv-0953-D |
| | § | |
| L&M ARTS, DAVID MARTINEZ and STUDIO CAPITAL, INC., | § § | |
| | § | |
| Defendants. | § | |

**DEFENDANT L&M ARTS'S REPLY IN FURTHER SUPPORT OF
ITS MOTION TO CONTINUE THE TRIAL SETTING**

Thomas E. Kurth
Texas Bar No. 11768500
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
214-651-5000 Telephone
214-651-5690 Facsimile
thomas.kurth@haynesboone.com

Of Counsel
Robert M. Abrahams (pro hac vice)
Kristie M. Blase (pro hac vice)
SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, New York 10022
212-756-2000 Telephone
212-593-5955 Facsimile
robert.abrahams@srz.com
kristie.blase@srz.com

ATTORNEYS FOR DEFENDANT L&M ARTS

Defendant L&M Arts ("L&M"), by and through its undersigned counsel, respectfully submit this reply in further support of its Motion to Continue the Trial Setting (the "Motion") (Dkt. No. 198).

## BACKGROUND

The trial in this case is currently set to begin on November 5, 2012. After conferring with Plaintiff and Defendants Studio Capital and David Martinez in January and February 2012, L&M moved to continue the trial setting to a date in December 2012 compatible with the Court's calendar because of scheduling conflicts. In her opposition filed March 20, 2012, Plaintiff concedes that she is available for a December 2012 trial setting, but nonetheless continues to oppose the Motion, not because of any inconvenience to her, but because she claims that L&M is trying to delay her day in court by requesting a short continuance. Moving the trial setting to an earlier date is impossible because counsel for Defendants Studio Capital and Martinez are unavailable in either September or October 2012 due to conflicts with other matters. And Plaintiff is not available later in November 2012. Therefore, L&M proposed the following month, December 2012, when all parties and counsel are available.

## ARGUMENT

The court should grant L&M's Motion because a December 2012 trial setting is a convenient and just trial setting for all parties and L&M has shown good cause why the current trial setting should be adjourned: its principals are unable to participate in trial preparation or the trial as it is currently set. The November conflict was previously disclosed to the Court and Plaintiff in June 2010, and L&M acted reasonably to confer with all parties before making this Motion.

The action requested by this Motion, a movement of the trial setting, is based on the unavailability of L&M's principals and a potential trial witness in November, not Defendants' supposed lack of diligence in pursuing the defense of this case or their desire to avoid a just and speedy trial, as Plaintiff disingenuously claims in her opposition. Because of the nature of L&M's business, its principals have commitments in early November of each year associated with the auctions held by Christie's and Sotheby's. (*See* Motion at 1-3.) L&M previously alerted the Court in June 2010 L&M has "very heavy business demands" during the November auction period. (*See* Rule 26(f) Report and Proposal, Dkt. 22 at 9.) Some of those business demands were detailed in the Motion at page 3. The parties explored the idea of moving the trial to October or September 2012, but lead counsel for other Defendants are unavailable because of conflicts with other cases. (*See* Motion at 4.) To accommodate Plaintiff's schedule, who stated that she is unavailable at the end of November, L&M reasonably requested a trial date in December 2012 that is convenient for the Court.

L&M did not delay in bringing its Motion. Between the date that trial was set in December 2011 and the date that L&M made its Motion, L&M conferred with the other parties regarding an alternative trial setting. (*See* Motion at 4.) L&M learned that counsel for Defendants Studio Capital and Mr. Martinez were not available in October or September 2012 due to conflicts with other cases, and Plaintiff was not available later in November 2012. By mid-February it was clear that Plaintiff would not accommodate L&M's request for a consented motion. L&M filed this Motion shortly thereafter. December 2012 is the most convenient and just trial setting for all parties and counsel. And Plaintiff concedes that she is available in December 2012, but persists in opposing this Motion.

3

Plaintiff claims that L&M has failed to show good cause, but her complaints ring hollow. The good cause standard found in Federal Rule of Civil Procedures 16(b)(4) focuses on the diligence of the party seeking to modify a scheduling order. Good cause means that the scheduling deadline cannot be met despite a party's diligent efforts. *Agile Sky Alliance Fund LP, and Sky Bell Select, LP v. RBS Citizens, N.A.*, Civ. A. No. 09-cv-02786-MSK-BNB, 2011 U.S. Dist. LEXIS 13589 (D. Colo. Feb. 2, 2011). Good cause can include scheduling conflicts. *E.g.*, *Doctor's Hospital of Jefferson, Inc. v. Southeast Medical Alliance, Inc.*, 1995 WL 120137 (E.D. La. March 17, 1995) (noting that trial was continued due to a scheduling conflict); *Janopoulos v. Harvey L. Walner & Associates, Ltd.*, 1994 WL 127267 (N.D. Ill. April 13, 1994) (trial reset due to scheduling conflicts); *Cantu v. Salameh*, 2009 WL 1688456 (Tex. App. Hous. (1 Dist.) June 18, 2009) (resetting trial date due to scheduling conflicts).

Plaintiff's citations are all inapposite. They focus on requested extensions in discovery deadlines resulting from lack of diligence on the part of the moving party, which is not at issue here. Each of *Agile Sky*, *Crowley v. Epicept Corp.*, *Daniels v. Dallas County Hospital*, *Hernandez v. Mario's Auto Sales, Inc.*, *L&C Consultants v. Ash Petroleum*, and *Mary Kay, Inc. v. Weber,* cited by Plaintiff at pages 3 to 5 of her opposition, concern parties seeking extensions of discovery deadlines. This Motion does not seek an extension of a discovery deadline. Plaintiff's citation to *Johnson v. Potter*, 364 Fed. Appx. 159 (5th Cir. Feb. 10, 2010), has no application here because the facts weighted by the court in denying the motion to continue are completely different: (1) The plaintiff had previously been granted two trial continuances,[1] whereas no party here has requested even a single continuance. (2) The motion to continue was filed on the morning that the trial was to commence, whereas this Motion was filed more than

---

[1] So, too, in *Moore*, where continuance was denied because trial had already been continued once by the movant and several other times to accommodate the trial court's schedule. *Moore v. Yellow Freight System, Inc., and Richard Weston*, 1990 U.S. Dist. LEXIS 5787 (D. Kans. April 16, 1990).

eight months before trial.  And (3) the motion would have required the court to indefinitely postpone the trial, whereas L&M has proposed December 2012 as a convenient setting for all parties and counsel.

## CONCLUSION

For the foregoing reasons and those in the Motion, L&M respectfully requests that the Court grant its Motion to Continue the Trial Setting and reset this case for trial in December 2012, on a date compatible with the Court's schedule.

Dated: New York, New York
April 3, 2012

Respectfully submitted,

____S/ Kristie M. Blase_____
Robert M. Abrahams (pro hac vice)
New York Bar No. 1236538
Kristie M. Blase (pro hac vice)
New York Bar No. 4526448
SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, New York  10022
(212) 756-2000 Telephone
(212) 593-5955 Facsimile
robert.abrahams@srz.com
kristie.blase@srz.com

Thomas E. Kurth
Texas Bar No. 11768500
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
(214) 651-5000 Telephone
(214) 651-5690 Facsimile
thomas.kurth@haynesboone.com

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

      On April 3, 2012, I electronically submitted the foregoing document to the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. Notice of this filing will be sent to the attorneys of record for all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

      S/ Kristie M. Blase

      Kristie M. Blase