IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARGUERITE HOFFMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:10-cv-0953-D |
| | § | |
| L&M ARTS, DAVID MARTINEZ | § | |
| and STUDIO CAPITAL, INC., | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT L&M ARTS'S SEALED MOTION FOR PROTECTIVE ORDER

    Thomas E. Kurth
    Texas Bar No. 11768500
    HAYNES AND BOONE, LLP
    2323 Victory Avenue, Suite 700
    Dallas, Texas  75219
    214-651-5000 Telephone
    214-651-5690 Facsimile
    thomas.kurth@haynesboone.com

    Of Counsel
    Robert M. Abrahams (pro hac vice)
    New York Bar No. 1236538
    Kristie M. Blase (pro hac vice)
    New York Bar No. 4526448
    SCHULTE ROTH & ZABEL LLP
    919 Third Avenue
    New York, New York  10022
    212-756-2000 Telephone
    212-593-5955 Facsimile
    robert.abrahams@srz.com
    kristie.blase@srz.com

    **ATTORNEYS FOR DEFENDANT L&M ARTS**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

I.          INTRODUCTION ........................................................................................1

II.         BACKGROUND ..........................................................................................2

III.        ARGUMENT AND AUTHORITIES ...........................................................4

          A.     Plaintiff has already deposed L&M's two principals ...........................4

          B.     Many of Plaintiff's topics are the subject of pending motions to compel or are patently overbroad and harassing.................................5

          C.     L&M will present a witness for deposition concerning L&M's document retention and collection efforts for this case and its electronic and physical filings systems...................................................7

          D.     L&M is entitled to its attorneys' fees and costs.......................................7

CONCLUSION..................................................................................................................8

CERTIFICATE OF SERVICE..........................................................................................1

CERTIFICATE OF CONFERENCE ................................................................................1

DOC ID-18574335.1

## TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*A.I.A. Holdings, S.A. v. Lehman Bros.*,
   No. 97-CIV-4978, 2002 WL 1041356 (S.D.N.Y. May 23, 2002) ............................................. 5

*Carroll v. Jaques Admiralty Law Firm, P.C.*,
   110 F.3d 290 (5th Cir. 1997) .................................................................................................. 8

*Dondi Properties Corp. v. Commerce Savings & Loan Ass'n*,
   121 F.R.D. 284, 292 (N.D. Tex. 1988) ................................................................................... 8

*Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*,
   901 F.2d 404 (5th Cir. 1990) .................................................................................................. 5

*Prewitt v. Miss. State Univ.*,
   No. 1:06-cv-338, 2008 WL 4224919 (N.D. Miss. Sept. 11, 2008) ......................................... 4

*Thomas v. Capital Security Servs, Inc.*,
   836 F.2d 866 (5th Cir. 1988) (en banc) .................................................................................. 8

*Tiberi v. CIGNA Ins. Co.*,
   40 F.3d 110 (5th Cir. 1994) .................................................................................................... 4

*Williams ex rel. Williams v. Greenlee*,
   210 F.R.D. 577 (N.D. Tex. 2002) ........................................................................................... 4

**FEDERAL: STATUTES, RULES, REGULATIONS, CONSTITUTIONAL PROVISIONS**

FED. R. CIV. P. 37 ........................................................................................................................ 7, 8

FED. R. CIV. PROC. 26 ............................................................................................................ 1, 4, 7

FED. R. CIV. PROC. 30(b)(6) ................................................................................................. passim

Pursuant to Federal Rule of Civil Procedure 26 and the Court's inherent authority, Defendant L&M Arts ("L&M") respectfully requests that the Court enter an order protecting it from Plaintiff's unreasonable notice of deposition, specifically limiting such deposition to L&M's document retention and collection efforts for this case and its electronic and physical filings systems.

## I.   INTRODUCTION

This motion is about Plaintiff's unreasonable, overbroad, and harassing Rule 30(b)(6) notice of deposition to L&M. L&M is owned entirely by Robert Mnuchin and Dominique Lévy, and it has approximately only twelve employees in New York. Mr. Mnuchin and Ms. Lévy are the sole principals of L&M. Plaintiff has deposed both Mr. Mnuchin and Ms. Lévy, and the parties were in agreement that the testimony of both was binding on L&M. Now, Plaintiff has served L&M with a 30(b)(6) deposition notice covering eighty (80) separate primary topics, in two schedules, over seventeen pages.

Schedule A of Plaintiff's notice includes topics that (a) were already the subject of extensive inquiry in the depositions of Mr. Mnuchin and Ms. Lévy, (b) are the subject of fully-briefed, pending motions to compel in front of Magistrate Judge Stickney, or (c) are patently irrelevant, unreasonable, and harassing. Schedule B of Plaintiff's notice includes fifty-four (54) topics all related to L&M's information technology infrastructure and its electronic document retention and filing systems. As L&M is a small business, it does not employ any information technology personnel. Rather, as is common for small businesses, it contracts with a third-party for those services. L&M has agreed to designate a 30(b)(6) witness to testify as to its document retention and collection efforts and its electronic and physical filings systems, and previously produced Ms. Lévy to testify on this subject but Plaintiff deferred the conducting of that

deposition. However, in a case such as this one with relatively narrow issues and few documents, the remainder of the topics in Schedule B of Plaintiff's notice are harassing and unreasonable, and L&M should not be forced to prepare a witness on fifty-four separate information technology-related topics.

## II.   BACKGROUND

On April 6, 2012, Plaintiff served her Amended Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) (the "Notice"). *See* Notice (App. 1-20). The Notice lists twenty-six (26) substantive factual topics (not including subtopics), with fifty-four (54) additional topics covering information technology issues. *See id.* (App. 3-19). The Notice provided May 9, 2012 as the date of the deposition. *See id.* (App. 1).

On April 25, 2012, Kristie M. Blase, counsel for L&M wrote a letter to Plaintiff's counsel setting forth in detail L&M's objections to the Notice. *See* April 25, 2012 Letter (App. 21-23). First, the letter notes the obvious objection that the Notice is duplicative and harassing because Plaintiff has already deposed *all* of L&M's principals, and Plaintiff understood that their testimony was binding on L&M. L&M also offered to designate certain testimony from the depositions of Mr. Mnuchin and Ms. Lévy in response to those topics in Schedule A of the Notice that are related to the Painting at issue in this lawsuit.[1] The letter also pointed out the multiple other topics are inappropriate at this time because they are already the subject of fully-briefed, pending motions to compel in this lawsuit, or are obviously inappropriate in and of themselves, such as the topics related to L&M's relationship with its attorneys and topics related to the "financial performance" and litigation history of L&M. Finally, the letter pointed out that although the Notice's fifty-four additional topics covering information technology issues are

---

[1] The "Painting" is the 1961 *Untitled*, by Mark Rothko, sold by Plaintiff in 2007 through Greenberg Van Doren Gallery.

DOC ID-18574335.1

2

overbroad and harassing in a case of this nature, L&M has agreed to present a Rule 30(b)(6) witness to testify to L&M's document retention and collection efforts for this case and its electronic and physical filings systems. L&M previously produced Ms. Lévy to testify on the subject of L&M's document retention and collection efforts and its electronic and physical filings systems, but Plaintiff deferred the conducting of that deposition. The letter offered to meet and confer with counsel for Plaintiff.

On May 2, 2012, counsel for Plaintiff and counsel for L&M met and conferred by telephone. L&M again agreed to provide Plaintiff with designations of Mr. Mnuchin and Ms. Levy's prior testimony on relevant topics from Schedule A of the Notice. Plaintiff agreed to drop its request from topic A(12), concerning L&M's relationship with thirty-five separately listed persons or entities, that L&M designate a witness with respect to its relationship with Schulte Roth & Zabel LLP and Cleary Gottlieb Steen & Hamilton LLP, as well as Plaintiff's request in topic A(22) concerning ongoing and future relationships with the same thirty-five persons or entities that are listed for topic A(12).

On May 8, 2012, counsel for L&M sent a letter to counsel for Plaintiff confirming that L&M had no knowledge of the formation, purpose, capital structure, ownership structure, management, or business of Studio Capital, Inc., other than as described by Dominique Lévy and Robert Mnuchin in their depositions, which is the subject of topic A(14) in the Notice. *See* May 8, 2012 Letter (App. 24).

On May 11, 2012, L&M provided Plaintiff with a list of designations of certain testimony from the depositions of Mr. Mnuchin and Ms. Lévy in response to certain topics from Schedule A of the Notice that are relevant to this case and that relate to the Painting (topics A(1), A(2), A(3), A(4), A(5), A(6), A(7), A(8), A(9), A(10), A(11), A(16), A(18), A(23), A(24), A(25), or

A(26)). *See* Designations (App. 25-30). L&M also noted that it had reached an agreement with Plaintiff regarding the remaining persons or entities listed for topic A(12), and that L&M would provide designations of testimony with respect to all but fourteen of the persons or entities under topic A(12) and would otherwise withdraw its objections as to that topic.

### III.   ARGUMENT AND AUTHORITIES

A court may issue a protective order to protect a person from a discovery request which is likely to cause "annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c). The Court may forbid the discovery sought, forbid inquiry into certain matters, and/or require that confidential information not be revealed. *Id.* "The court must balance the competing interests of allowing discovery and protecting the parties and deponents from undue burdens." *Williams ex rel. Williams v. Greenlee*, 210 F.R.D. 577, 579 (N.D. Tex. 2002). Courts have discretion whether to quash or modify an overbroad discovery request, including a Rule 30(b)(6) notice. *Tiberi v. CIGNA Ins. Co.*, 40 F.3d 110, 112 (5th Cir. 1994); *see also Prewitt v. Miss. State Univ.*, No. 1:06-cv-338, 2008 WL 4224919, at *2 (N.D. Miss. Sept. 11, 2008) (limiting the scope of a 30(b)(6) deposition notice where the "initial request was overbroad and impossible to comply with.").

**A.   Plaintiff has already deposed L&M's two principals.**

L&M is owned entirely by Robert Mnuchin and Dominique Lévy, and it has approximately twelve employees in New York. *See* Deposition of Dominique Lévy ("Lévy Depo.") at 249:13-16 (App. 33). On March 5, 2012, April 19, 2012, and April 24, 2012, Plaintiff deposed Ms. Lévy and Mr. Mnuchin. Plaintiff acknowledged at each deposition that the testimony of Mr. Mnuchin and Ms. Lévy was that of L&M. *See* Deposition of Robert Mnuchin

("Mnuchin Depo.") at 102:22-103:2 (App. 35-36); Lévy Depo. at 116:18-23 (App. 32). Plaintiff was free to ask questions concerning any topic on the Notice at these depositions.

L&M is a small, closely-held company. In this context, "common sense teaches that in the case of relatively small, closely-held entities, . . . there may be no difference between the knowledge of the entity and the knowledge of its principals." *A.I.A. Holdings, S.A. v. Lehman Bros.*, No. 97-CIV-4978, 2002 WL 1041356, at *3 (S.D.N.Y. May 23, 2002). Moreover, L&M has agreed to formally designate testimony from Mr. Mnuchin and Ms. Lévy's depositions that is responsive to eighteen of Plaintiff's twenty-six factual topics from Schedule A of the Notice. Allowing a separate Rule 30(b)(6) deposition on these same topics would amount to granting Plaintiff a "do-over" deposition of Mr. Mnuchin and/or Ms. Lévy (L&M's principals), and would accomplish nothing beyond harassing L&M and increasing litigation costs. *See Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990) ("Discovery is not justified when cost and inconvenience will be its sole result.").

**B.     Many of Plaintiff's topics are the subject of pending motions to compel or are patently overbroad and harassing.**

Plaintiff's topics concern multiple subject areas that are the subject of pending motions to compel. For example, Plaintiff's topics include information regarding the "formation, purpose, [and] capital structure" of Defendant Studio Capital, Inc. (topic A(14)), litigation in which L&M was involved as a witness or otherwise (topic A(13)), L&M's general confidentiality policies and practices (topic A(17)), and other works of art owned at some point by Defendant Studio Capital (topics A(23), A(24), and A(25)). Also, many of the topics concern, either directly or indirectly, transactions completely unrelated to Plaintiff or the Painting.

There are pending motions to compel regarding all of these issues already before this Court. For example, Plaintiff's first motion to compel filed against L&M seeks, among other

categories, (a) discovery of documents related to prior litigation involving L&M's role in a lawsuit concerning a Brancussi sculpture, (b) documents related to transactions between L&M and Studio Capital that are unrelated to the Painting, and (c) documents related to L&M's confidentiality policies in general.[2] *See* Plaintiff's Sealed Motion to Compel Defendant L&M Arts to Produce Documents and Memorandum of Law in Support, Docket No. 101. To the extent necessary, L&M incorporates its response to that motion to compel herein. *See* Defendant L&M Arts's Response in Opposition to Plaintiff's Sealed Motion to Compel, Docket No. 129. But L&M should not even have been forced to do so, because rather than cooperate in discovery and wait for the Court's rulings, Plaintiff decided to serve a 30(b)(6) notice on the same contested issues and press the dispute yet again. Plaintiff's Notice is just one more example of Plaintiff's continued, sustained effort to harass L&M and drive up litigation costs.

In addition, many of the Notice's topics are patently unreasonable and irrelevant. Topic A(13) seeks information regarding any other art-related litigation or actions involving L&M, and topic A(14) seeks information concerning L&M's "financial performance." The present dispute concerns L&M's alleged role with respect to one sale and one auction of one particular work of art. Plaintiff is simply not entitled to L&M's entire litigation history, which is entirely irrelevant, nor is Plaintiff entitled to information concerning L&M's finances, which are also not at issue in this lawsuit and are entirely irrelevant. Finally, the topics concerning L&M's knowledge of the art market (A(19), A(20), and A(21)) seek to improperly expertise L&M and have no relationship to the dispute in this case: the purported breach of a sales agreement. These requests are nothing more than pure harassment and an abuse of the discovery process.

---

[2] Plaintiff's Notice includes several topics that involve pending motions to compel against Studio Capital and David Martinez, including a recently fully-submitted motion seeking documents concerning other art transactions and other works of art listed in Topics A(23), A(24), and A(25). *See* Plaintiff's Sealed Motion to Compel Defendants Studio Capital and David Martinez to Produce Documents Concerning Other Art Transactions, Docket No. 203.

**C.     L&M will present a witness for deposition concerning L&M's document retention and collection efforts for this case and its electronic and physical filings systems.**

Schedule B on Plaintiff's Notice contains fifty-four (54) separate topics, all related in general to L&M's information technology systems and electronic document filing and retention policies. L&M has already agreed to present a witness for deposition concerning L&M's document retention and collection efforts for this case and its electronic and physical filings systems, and indeed did produce a witness to testify as to these subjects, but Plaitniff declined to go forward with that deposition. But Plaintiff's fifty-four separate topics on this issue are unreasonably broad, complex, and duplicative. Just by way of example, there are eleven separate topics on L&M's "system profile" alone, including, among others, "network architecture and usage policies," "brands and versions of software used," and "any file naming and saving conventions." *See* Notice p. 16 (App. 16). This lawsuit involves individuals and small private companies, with a comparatively small amount of electronic documents at issue. As noted above, L&M does not even have any internal information technology personnel. Although L&M will present a Rule 30(b)(6) witness on electronic document filing, retention, and collection, and indeed previously produced Ms. Lévy to testify as to these subjects, L&M should not be forced to prepare a witness on Plaintiff's patently unreasonable set of topics contained in Schedule B.

**D.     L&M is entitled to its attorneys' fees and costs.**

Finally, this Court should award L&M its attorneys' fees incurred in seeking a protective order. Under Federal Rule of Civil Procedure 26(c)(3), the Court may award attorneys' fees in connection with a motion for protective order pursuant to Rule 37(a)(5). Rule 37(a)(5) provides for the recovery of reasonable fees and expenses incurred in making a motion for a protective order. Parties are required to cooperate during discovery. *See, e.g.*, FED. R. CIV. P. 37; s*ee also Carroll v. Jaques Admiralty Law Firm, P.C.*, 110 F.3d 290, 292 n.2 (5th Cir. 1997) ("Rule 37, in

part, permits the court to order the offending party or its attorneys or both to pay the opposing counsel's reasonable expenses and fees incurred as sanctions for the offending party's failure to make disclosures or to cooperate during discovery."). This court's seminal case of *Dondi Properties Corp. v. Commerce Savings & Loan Ass'n* makes clear that a lawyer owes opposing counsel owes a duty of cooperation, and that "it is apparent that cooperation between opposing counsel is essential to the efficient operation of our justice system." 121 F.R.D. 284, 292 (N.D. Tex. 1988). Plaintiff action in serving a twenty-page Rule 30(b)(6) notice, when both principals of the target small business have already been deposed, and multiple topics are already the subject of multiple motions to compel, clearly does not meet the *Dondi* standard. Counsel who fail to abide by the *Dondi* standards are subject to monetary sanctions, including an award of attorneys' fees. *Id.* at 288 (citing *Thomas v. Capital Security Servs, Inc.*, 836 F.2d 866, 878 (5th Cir. 1988) (en banc)). Plaintiff's Notice is far beyond reasonable and constitutes plain harassment. L&M therefore respectfully requests that Plaintiff be ordered to pay L&M's attorneys' fees and costs incurred in connection with this motion.

## CONCLUSION

L&M respectfully requests that the Court grant its Motion to for Protective Order and limit the testimony of L&M's 30(b)(6) witness to L&M's document retention and collection efforts for this case and its electronic and physical filings systems.

Respectfully submitted,

*/s/ Thomas E. Kurth*
Thomas E. Kurth
Texas Bar No. 11768500
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas  75219
214-651-5000 Telephone
214-651-5690 Facsimile
thomas.kurth@haynesboone.com

Robert M. Abrahams (pro hac vice)
New York Bar No. 1236538
Kristie M. Blase (pro hac vice)
New York Bar No. 4526448
SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, New York  10022
212-756-2000 Telephone
212-593-5955 Facsimile
robert.abrahams@srz.com
kristie.blase@srz.com

**ATTORNEYS FOR DEFENDANT L&M ARTS**

## CERTIFICATE OF SERVICE

On May 15, 2012, I electronically submitted the foregoing document to the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. Notice of this filing will be sent to the attorneys of record for all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Thomas E. Kurth*
Thomas E. Kurth

## CERTIFICATE OF CONFERENCE

This is to certify that on May 2 and 11, 2012, Kristie Blase, counsel for L&M Arts conferred regarding the merits of the instant Motion with Mary Eaton and Andy Spital, counsel for Plaintiff. Counsel could not agree as to the scope of the 30(b)(6) deposition. Therefore, the Motion is opposed.

*/s/ Kristie M. Blase*
Kristie M. Blase

DOC ID-18574335.1