IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARGUERITE HOFFMAN, | § |
| | § |
| Plaintiff, | § |
| | § |
| vs. | § Civil Action No. 3:10-CV-0953-D |
| | § |
| L&M ARTS, SOTHEBY'S, INC., | § |
| TOBIAS MEYER, DAVID MARTINEZ, | § |
| and STUDIO CAPITAL, INC., | § |
| | § |
| Defendants. | § |

## PLAINTIFF'S UPDATED STATUS REPORT

COMES NOW, Plaintiff Marguerite Hoffman and files this her Updated Status Report to inform the Court of the current status of certain pretrial proceedings in the above-referenced action.

Prior to June 27th, the parties had discussed filing with the Court a joint updated status report coupled with a motion to amend the scheduling order to delay the final motion due date until July 13, 2012. Counsel for David Martinez and Studio Capital, without consulting with or securing the permission of Plaintiff's counsel filed the Motion to Amend the Scheduling Order representing it to be an agreed motion, but without including any updated status report. When Plaintiff's counsel took exception to that procedure, counsel for Studio Capital and David Martinez forwarded to them a draft of a revised joint status report which omitted certain items Plaintiff believed needed to be included. Since then all efforts to finalize the document as a joint report have been unsuccessful and Plaintiff is filing this unilateral status report rather than having the

parties continue to conduct discovery activity without having informed the Court they are doing so.

**EXPERT WITNESS DEPOSITIONS:**

The parties had indicated in the most recent status report that the expert witness depositions would be completed during June. Due to variety of scheduling issues, that did not occur. The current status is as follows:

1. The deposition of Victor Weiner, expert for Plaintiff Marguerite Hoffman, commenced on July 3, 2012. By 7:00 that evening, it had not been completed and was recessed over the objection of counsel for Studio Capital and Martinez. Efforts are underway to schedule the completion of the deposition

2. The deposition of David Nash, expert for Defendant L&M Arts, commenced on July 5, 2012. By 7:00 that evening, it was not completed. Efforts are underway to agree on a time for completion of the deposition.

3. The deposition of Ben Heller, expert for Defendants Studio Capital and David Martinez is scheduled to take place on July 12, 2012. Counsel for Studio Capital and Martinez have threatened to unilaterally cancel that deposition. Plaintiff is issuing a notice and subpoena to attempt to enforce the deposition date.

**FACT DISCOVERY:**

1. In a series of six orders issued June 21st and 22nd, 2012, Magistrate Judge Stickney disposed of all of the outstanding discovery motions [Dkt. 260, 261, 262, 264, 265, 266] except one relating to the 30(b)(6) deposition of Defendant L&M Arts which was not fully briefed at that time [Dkt. 230]. The Magistrate Judge's orders directed the Defendants to produce additional documents. On July 6, 2012, Studio Capital and

Martinez's counsel produced fourteen pages of documents. L&M Arts's counsel produced one page of documents. Both sets of counsel have represented that that is all of the additional production they will make in response to the Magistrate's orders.

2.  <u>Nathalie Sutter Deposition</u>. Magistrate Judge Stickney ordered that Nathalie Sutter be made available for deposition in Europe at a time and place to be agreed to by counsel [Dkt. 260]. Counsel have agreed that Ms. Sutter will be produced in London, England. Counsel for Studio Capital and Martinez, who control Ms. Sutter, have informed Plaintiff that they will make her available only on one day, July 11th between the Magistrate Judge's order and the beginning of August. Plaintiff's counsel promptly responded that in light of the Heller deposition previously scheduled in New York for July 12th, it was not feasible to take Ms. Sutter's deposition in London on July 11th and have asked repeatedly for other dates. No other dates have been forthcoming.

3.  <u>30(b)(6) Deposition of Studio Capital</u>. The Magistrate Judge directed that Studio Capital produce one or more witnesses for its Rule 30(b)(6) deposition on some, but not all, of the topics originally noticed by Plaintiff [Dkt. 265]. To date, counsel for Studio Capital have refused to designate the most knowledgeable witness available to them on each of the topics which survived motion practice and have instead attempted to compel Plaintiff to pick either Ms. Sutter or Mr. Martinez as the 30(b)(6) witness without adequate information as to which of them is more knowledgeable on which topics. As a result of this impasse, no progress has been made on scheduling that deposition ordered by the Magistrate.

4.   30(b)(6) Deposition of L&M Arts.   Plaintiff's motion to compel this deposition was only recently fully briefed and awaits disposition by the Magistrate Judge. [Dkt. 230, 253, 263]

**PLEADINGS:**

Plaintiff filed a sealed motion for leave to file a third amended complaint on June 6th [Dkt. 252]. Defendants both filed oppositions on June 28, 2012 [Dkt. 269 and 270]. Plaintiff's reply will be due on July 12th.

**SETTLEMENT:**

Plaintiff has proposed a mediation to be conducted in Dallas, Texas prior to August 31, 2012 utilizing either Harlan Martin or Earl Hale as mediator. Defendants have indicated that they are willing to agree to either of the mediators suggested, but only on the condition that the mediation occur in New York rather than Dallas. Plaintiff is willing to agree to conduct the mediation in New York and to absorb the additional expense of Ms. Hoffman and Mr. Wulff traveling to New York on two conditions: (1) Defendants will absorb any other additional costs attributable to the inconvenient choice of mediation which would presumably include compensating the mediator for three days' time instead of one, the mediator's travel costs and the mediator's costs for accommodations in New York, and (2) that conducting the mediation in New York not result in a delay in the mediation, i.e. if one of the mediators can be scheduled for one day in Dallas in August, but not for three days to conduct the mediation in New York then the mediation would be conducted in Dallas. While Plaintiff is willing to continue to discuss this arrangement, no arrangements have been finalized at this time and it may

be necessary to seek assistance from the Court to secure a timely mediation of this case.

        RESPECTFULLY SUBMITTED,

        SHACKELFORD, MELTON & MCKINLEY LLP

By:    /s/ Bart Wulff
        Bart Wulff
        State Bar No. 22086100
        3333 Lee Parkway, Tenth Floor
        Dallas, TX  75219
        BWULFF@shacklaw.net
        Tel: (214) 780-1400
        Fax: (214) 780-1401

WILLKIE FARR & GALLAGHER LLP

        Roger Netzer
        Mary Eaton
        Deirdre Hykal
        787 Seventh Avenue
        New York, NY  10019-6099
        rnetzer@willkie.com
        Tel: (212) 728-8000
        Fax: (212) 728-8111

*Attorneys for Plaintiff*

## CERTIFICATE OF CONFERENCE

Between June 27, 2012 and today, Bart Wulff has attempted to secure agreement to a joint status report with opposing counsel on numerous occasions, including June 27, June 29, July 5 and July 9, but has been unsuccessful in securing agreement to a final document acceptable to all parties.

By:    /s/ Bart Wulff
        Bart Wulff

## CERTIFICATE OF SERVICE

The undersigned certifies that a true copy of the foregoing is being served electronically via ECF on all counsel of record on the 10th day of July 2012.

By: /s/ Bart Wulff
Bart Wulff