In The United States District Court
For The Northern District Of Texas
Dallas Division

| | | |
|---|---|---|
| Marguerite Hoffman, | § | |
| | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:10-cv-0953-D |
| | § | |
| L&M Arts, David Martinez and | § | |
| Studio Capital, Inc., | § | |
| | § | |
|     Defendants. | § | |

**REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANTS STUDIO CAPITAL INC.'S AND DAVID MARTINEZ'S SEALED EMERGENCY MOTION TO QUASH AND FOR <u>PROTECTIVE ORDER</u>**

Gordon M. Shapiro
Kurt Schwarz
Stephanie C. Sparks
JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202
Telephone: (214) 953-6000
Facsimile: (214) 953-5822

*Counsel to Studio Capital, Inc. and David Martinez*

Jonathan I. Blackman (*pro hac vice*)
Howard S. Zelbo (*pro hac vice*)
David H. Herrington (*pro hac vice*)
Melissa K. Marler (*pro hac vice*)
Jamie L. Rietema (*pro hac vice*)
Esti T. Tambay (*pro hac vice*)
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

Defendants Studio Capital, Inc. and David Martinez (collectively, "Defendants") respectfully submit this reply brief in further support of their Sealed Emergency Motion to Quash and for Protective Order (the "Motion").

## ARGUMENT

Plaintiff's opposition to the Motion provides no answer to the facts set forth in the Motion that support the relief Defendants request. Unlike Defendants' Motion, Plaintiff fails to provide any declaration supporting the alleged facts stated in her opposition brief. The facts supporting the relief Defendants request stand unrebutted.

<u>First</u>, Plaintiff agreed to a schedule that provided for her expert to be deposed before Defendants' expert, consistent with the position Defendants made clear all along that Plaintiff, bearing the burden of proof, should produce her expert for deposition first. Indeed, she initially agreed to make Wiener available June 26, 27, or 28 before suddenly changing her position and claiming he was not available until July 3. That claim was squarely contradicted by Wiener's testimony at his deposition that, not only was he available on those dates, he in fact was meeting with Plaintiff's counsel *each one of those days* plus June 29 – no doubt preparing the improper 45-page so-called "supplemental" report Plaintiff delivered to Defendants on the afternoon of June 29. Plaintiff suggests that this "supplement" – served seven months after the Scheduling Order's deadline for expert reports and five months after the deadline for rebuttal expert reports – was somehow proper because the initial expert reports were submitted before discovery was completed. Opp. at 6. Of course, if Plaintiff thought expert reports were due too early, she could have moved to amend the Scheduling Order. That aside, as is more fully set forth in Defendants' motion to strike Wiener's "supplemental" report, the untimely report – which purports to be an appraisal of the Painting as of April 24, 2007 – does not rely on *any* information that was not available to Wiener as of the original deadline. It is Wiener who appears to have "blindered"

himself to the facts in the case, ignoring deposition testimony of Sotheby's auctioneer Tobias Meyer that flatly contradicts Wiener's reliance on alleged statements by Meyer regarding the value of the Painting.

Second, Plaintiff's counsel requested that Wiener's deposition begin at 1:30 p.m. and then terminated it after only four hours of questioning, with the result that the deposition could not be completed that day. Plaintiff does not contend Wiener was unavailable to start his deposition in the morning, but merely points to the fact that L&M Arts' expert witness was available to begin his deposition at 1:30 p.m. on July 5. Opp. at 3. Given this late start, Defendants were able to complete only four hours of questioning before Plaintiff's counsel terminated the deposition.[1] If Wiener had a medical issue, Defendants certainly would have been willing to accommodate that, but, according to Plaintiff's counsel, Wiener was able to teach from 9 to 5 on each of the three days after his deposition following July 4. Herrington Decl. ¶ 7. The result and apparent goal of Plaintiff's maneuvering was to postpone completion of Wiener's deposition until after the date scheduled for Heller. That is contrary to the parties' agreed schedule that provided, based on common practice and the parties' discussions, that the expert for Plaintiff – who bears the burden of proof on her claims – would be deposed first.

Third, Plaintiff has failed to provide a date on which Wiener's deposition can be completed. Plaintiff's opposition claims that Wiener was unavailable the week of July 9, but it gives no explanation, and provides no support in a declaration, for that claim. Plaintiff now suggests Wiener would be available the week of July 16. Opp. at 4. If true, Plaintiff should make Wiener available during that week, and Defendants will make Heller available

---

[1] Plaintiff's suggestion that Defendants' questioning of Wiener was "unorthodox," Opp. at 5, because Defendants questioned Wiener – who submitted an expert report purporting to appraise the value of the Painting – about appraisal standards, is bizarre. Defendants' questioning established that the supposed "valuation" of the Painting in Wiener's report lacked any of the required elements of an appraisal under the standards Wiener himself claims to apply to his work.

3

immediately thereafter. Had Plaintiff simply done so earlier, this motion practice would not have been needed. But what Plaintiff should not be permitted to do is resort to procedural maneuvering – claiming that Wiener was unavailable on dates on which, as he later admitted, he was meeting with Plaintiff's counsel, starting Wiener's deposition late without good cause and then terminating it before completion, and refusing to provide a date on which Wiener's deposition can be finished – all to contrive a way to avoid having Wiener's deposition completed before the deposition of Defendants' expert. Instead, consistent with the Plaintiff's burden of proof, common practice, and the parties' agreed upon schedule and sequence, Plaintiff should be directed to make Wiener available to complete his deposition before the deposition of Heller.

## CONCLUSION

For the foregoing reasons, as well as the reasons stated in Defendants' Motion, Defendants respectfully request that the Court grant their Emergency Motion to Quash and for Protective Order, quash the Heller Subpoena, enter a protective order staying the deposition of Heller until Defendants have had an opportunity to complete the deposition of Wiener, and award Defendants their costs in making this motion.

Dated: July 11, 2012                              Respectfully submitted,

                                                      JACKSON WALKER L.L.P.

                                                      /s/ *Kurt Schwarz*
                                                      Gordon M. Shapiro
                                                      Texas Bar No. 18110600
                                                      Kurt Schwarz
                                                      Texas Bar No. 17871550
                                                      Stephanie C. Sparks
                                                      Texas Bar No. 24042900
                                                      901 Main Street, Suite 6000
                                                      Dallas, Texas 75202
                                                      Telephone: (214) 953-6000
                                                      Facsimile: (214) 953-5822

                                      CLEARY GOTTLIEB STEEN & HAMILTON LLP
                                      Jonathan I. Blackman (*pro hac vice*)
                                      Howard S. Zelbo (*pro hac vice*)
                                      David H. Herrington (*pro hac vice*)
                                      Melissa K. Marler (*pro hac vice*)
                                      Jamie L. Rietema (*pro hac vice*)
                                      Esti T. Tambay (*pro hac vice*)
                                      One Liberty Plaza
                                      New York, New York  10006
                                      Telephone: (212) 225-2000
                                      Facsimile: (212) 225-3999

                                      ATTORNEYS FOR DEFENDANT
                                      STUDIO CAPITAL, INC. AND DAVID
                                      MARTINEZ

## CERTIFICATE OF SERVICE

    The undersigned certifies that copies of the foregoing reply brief were served on the attorneys of record for all parties via the Court's ECF system on this 11th day of July 2012.

                                                                     /s/ *Kurt Schwarz*
                                                                Kurt Schwarz