IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARGUERITE HOFFMAN, | § |
| | § |
| Plaintiff, | § |
| | § Civil Action No. 3:10-CV-0953-D |
| VS. | § |
| | § |
| L&M ARTS, et al., | § |
| | § |
| Defendants. | § |

MEMORANDUM OPINION
AND ORDER

The court must decide whether to grant plaintiff leave to file a third amended complaint even though the deadline has expired for filing motions for leave to amend. For the following reasons, the court grants the motion.[1]

I

Because this case is the subject of two prior opinions, *Hoffman v. L & M Arts*, 774 F.Supp.2d 826 (N.D. Tex. 2011) (Fitzwater, C.J.), and *Hoffman v. L & M Arts*, 2011 WL 3567419 (N.D. Tex. Aug. 15, 2011) (Fitzwater, C.J.) ("*Hoffman II*"), the court need not recount the background facts at length. The court will instead recount the background facts and procedural history that are necessary to understand the present decision.

Plaintiff Marguerite Hoffman ("Hoffman") sold a 1961 Mark Rothko oil painting, Untitled ("the Rothko Painting"), through a private, confidential sale to an undisclosed buyer.

---

[1]Although the briefing on this motion was filed under seal, the court concludes that this memorandum opinion and order need not be filed under seal.

*Hoffman II*, 2011 WL 3567419, at *1. According to Hoffman's second amended complaint, she agreed to the sale only on the condition that defendant L & M Arts ("L & M"), the undisclosed buyer's agent, would "'make maximum effort to keep all aspects of this transaction confidential indefinitely.'" *Id.* (quoting 2d Am. Compl. Ex. A).

In 2010 the buyer of the Rothko Painting—either defendant David Martinez ("Martinez") or defendant Studio Capital, Inc. ("Studio Capital"), acting at Martinez's direction—consigned the Rothko Painting to public auction at Sotheby's, Inc. ("Sotheby's"). *Id.* at *2. The auction was highly publicized, attracting the attention of numerous media sources. *Id.* Hoffman alleges that Martinez, Studio Capital, and L & M, in deliberately publicizing the sale, breached the provision of the contract between Hoffman and L & M ("Contract") that required L & M make "'maximum effort to keep all aspects of this transaction confidential indefinitely.'" *Id.* (quoting 2d Am. Compl. Ex. A).

Hoffman filed suit in state court against Martinez and Studio Capital for breach of contract. *Id.* She then amended her petition to add a claim against L & M for breach of contract and various other claims against Sotheby's and Tobias Meyer ("Meyer"), the Sotheby's Worldwide Head of Contemporary Art and Principal Auctioneer for contemporary art. *Id.* After the case was removed to this court, the court dismissed the action against Meyer for lack of personal jurisdiction and dismissed the claims against Sotheby's and L & M under Rule 12(b)(6). *Id.* Hoffman then filed a second amended complaint reasserting the breach of contract claim against Martinez and Studio Capital and asserting a revised breach of contract claim against L & M. *Id.* The court denied defendants' motion to dismiss the

- 2 -

second amended complaint under Rule 12(b)(6) and for judgment on the pleadings. *Id.* at *11.

Hoffman now seeks leave to file a third amended complaint to add additional facts developed during discovery and to add a claim against L & M for fraudulent inducement. Defendants oppose the motion, contending that the underlying factual basis of Hoffman's proposed cause of action is not new and that they would be seriously prejudiced by the proposed amendment. They also contend that the amendment should not be allowed because it would be futile.

II

Because the standards by which a court evaluates a motion for leave to amend the pleadings vary according to whether the motion was filed before or after the deadline established in the scheduling order, the court must determine, as an initial matter, whether Hoffman's motion was filed before or after the deadline. *See*, *e.g.*, *Orthoflex, Inc. v. Thermotek, Inc.*, 2011 WL 4398279, at *1 (N.D. Tex. Sept. 21, 2011) (Fitzwater, C.J.) ("Motions for leave to amend are typically governed by Rule 15(a)(2), or, if the time to seek leave to amend has expired, by Rule 16(b)(4) and then by Rule 15(a)(2).").

The court's May 6, 2011 amended scheduling order provided that motions for leave to amend the pleadings must be filed no later than October 1, 2011. Hoffman did not file the instant motion for leave to amend until June 7, 2012, eight months after the deadline had expired. She argues that her motion is nonetheless timely because a November 1, 2011 amendment to the scheduling order effectively extended the deadline for filing motions for

leave to amend the pleadings.  Hoffman points to this provision in the November 1, 2011 amendment: "A party must file a motion not otherwise covered by this order no later than June 30, 2012." Nov. 1, 2011 Order at 2. And she argues that her motion is timely because it falls within the category of a motion not otherwise covered.

When the court filed the November 1, 2011 amendment, the October 1, 2011 deadline for filing motions for leave to amend pleadings had already expired.  Thus there was no need to include this or any other expired deadline in amending the scheduling order.  *See, e.g., Cole v. Sandel Med. Indus., L.L.C.*, 413 Fed. Appx. 683, 689 (5th. Cir. 2011) (per curiam) (affirming district court's decision to evaluate motion to amend pleadings under Rule 16 because motion had been filed after scheduling order deadline, and amended scheduling order applied only to future deadlines and had no effect on pleading deadline that had already elapsed when amended order was entered).  The deadline for filing motions for leave to amend pleadings remained October 1, 2011.  Hoffman's motion, filed eight months after this deadline, was untimely.

### III

### A

When, as here, the deadline for seeking leave to amend pleadings has expired, a court considering a motion to amend must first determine whether to modify the scheduling order under the Rule 16(b)(4) good cause standard.  *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003); *Am. Tourmaline Fields v. Int'l Paper Co.*, 1998 WL 874825, at *1 (N.D. Tex. Dec. 7, 1998) (Fitzwater, J.).  To meet the good cause

standard, the party must show that, despite her diligence, she could not reasonably have met the scheduling order deadline. *See S&W Enters.*, 315 F.3d at 535. If the movant satisfies the requirements of Rule 16(b)(4), the court must then determine whether to grant leave to amend under the more liberal standard of Rule 15(a)(2), which provides that "[t]he court should freely give leave when justice so requires." Rule 15(a)(2); *see S&W Enters.*, 315 F.3d at 536; *Am. Tourmaline Fields*, 1998 WL 874825, at *1.

The court assesses four factors when deciding whether to grant an untimely motion for leave to amend under Rule 16(b)(4): "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S&W Enters.*, 315 F.3d at 536 (citation, internal quotation marks, and brackets omitted).

B

1

Hoffman has not explicitly addressed the good cause standard of Rule 16(b)(4), including the first factor, which examines the explanation for the failure to timely move for leave to amend. She does, however, explain that she did not previously seek leave to amend her second amended complaint because it was not until March and April 2012 that she uncovered evidence demonstrating that L&M had fraudulently induced her to enter into the contract for the sale of the Rothko Painting. For example, she alleges she only discovered in March 2012 that L&M did not share with Studio Capital and Martinez a copy of the

- 5 -

Contract, including its confidentiality clause, until this lawsuit commenced in 2010.  She also alleges that she just recently discovered that it was L & M who induced Martinez and Studio Capital to sell the Rothko Painting in 2010.  Hoffman alleges that "[i]t was not until the first deposition in early March that [she] began to understand that she had purposefully been deceived by L&M and it was not until the completion of Robert Mnuchin's deposition on April 24, 2012 that she was in a position to plead her" fraudulent inducement claim.  P. Reply 2.  Defendants respond that Hoffman's new fraud claim is based on underlying facts that were actually pleaded well before discovery began and that the amendment should not be allowed on this basis.

Although the court agrees that Hoffman was aware before the deadline for filing motions for leave to amend the pleadings of many of the facts that she alleges in support of her proposed fraudulent inducement claim, Hoffman has demonstrated that she only recently became aware of certain other facts that support both her existing breach of contract claim and her fraudulent inducement claim.  For example, Hoffman bases her fraudulent inducement claim on the allegation that L&M misrepresented and concealed certain material facts, "including that L&M had made the undisclosed buyer aware of her concerns and of the terms of both contracts."  P. Ex. 2 at 35, ¶ 135 (underlining omitted).  She alleges that she only learned of this fact in March 2012.  P. Br. 4-5.  She also alleges various facts regarding L&M's involvement in the 2010 public auction of the Rothko Painting, which she only recently discovered and which support her breach of contract claim.

2

The second factor considers the importance of the amendment. Although Hoffman does not clearly articulate the importance of the proposed amendment, it is evident that it is important. As explained above, Hoffman seeks not only to allege new facts but to add a claim that potentially provides additional grounds on which to recover against L & M. Moreover, if allowed, Hoffman's new claim will enable her to seek exemplary damages under Tex. Civ. Prac. & Rem. Code Ann. § 41.003 (West 2008).

3

The third factor considers potential prejudice in allowing the amendment. Defendants argue that allowing Hoffman to add an entirely new cause of action would prejudice them because discovery has already closed and, consequently, they will not be able to conduct discovery on the new matters pleaded in the proposed third amended complaint. They also posit that, because at the time Hoffman filed her motion for leave to amend, they contemplated shortly filing a summary judgment motion,[2] allowing the amendment would prejudice them because it would be necessary for them to file a second summary judgment motion.

Although defendants' position is reasonable so far as it goes, defendants have not established that they will likely suffer prejudice that the court cannot cure by reopening of discovery for certain limited purposes and permitting defendants to file a second summary

---

[2]Defendants filed their motions for summary judgment on July 13, 2012.

judgment motion.[3]  For example, Studio Capital and Martinez argue that if the amendment is allowed, they will need to depose Hoffman regarding her alleged reputational damage in the "local community."  They also maintain that it will be necessary to conduct discovery from employees of Christie's to verify whether Hoffman was told that she could secure a higher price through a public auction at Christie's than she would be able to secure through a private sale.  But permitting defendants to conduct discovery on these limited topics would cure this prejudice.  And the court can also grant each defendant leave to file a second summary judgment motion.  *See supra* note 3.

4

The fourth factor considers the availability of a continuance to cure any prejudice. The trial of this case is currently set for November 2012.  The court can continue the trial, if necessary, to cure any prejudice caused by allowing the amended complaint.

5

Finally, the court considers the four factors holistically.  "It does not mechanically count the number of factors that favor each side."  *EEOC v. Serv. Temps, Inc.*, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009) (Fitzwater, C.J.), *aff'd*, 679 F.3d 323 (5th Cir. 2012).  Assessing the factors as a whole, the court holds that Hoffman has met the good cause standard for modifying the scheduling order.  Hoffman has given a sufficient

---

[3]Under N.D. Tex. Civ. R. 56.2(b), leave of court would be required.  *See id.* ("Unless otherwise directed by the presiding judge, or permitted by law, a party may file no more than one motion for summary judgment.").  But the court could grant such leave, if necessary, as a means of curing prejudice for granting leave to amend.

explanation for her failure to timely move for leave to amend, and the amendment she seeks is important.  Moreover, although defendants would be prejudiced if the court did not permit them to conduct limited discovery after the discovery deadline and to file a second summary judgment motion, the availability of these curative procedures is sufficient to address defendants' grounds for asserting prejudice arising from modification of the scheduling order so that Hoffman can file her third amended complaint.

C

The court now decides under the Rule 15(a) standard whether leave to amend should be granted.  *See S&W Enters.*, 315 F.3d at 536.

Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires."  Rule 15(a)(2).  Granting leave to amend, however, "is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (quoting *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. Unit A July 1981)).  The court may consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment.  *Id.* (citing cases).

Defendants argue that the proposed amendments are futile because, to prevail on her fraudulent inducement claim, Hoffman must prove the same elements as her existing breach of contract claim and Hoffman's breach of contract claim fails for the reasons explained in the summary judgment motions.  Defendants also posit that Hoffman's fraudulent

inducement claim fails under the motion to dismiss standard because (1) L & M owed no duty to disclose its relationship with its principal to Hoffman; (2) the fact that L & M's principal was a corporate entity rather than an individual is immaterial; (3) Hoffman did not rely on any alleged statement by L & M; and (4) Hoffman fails to allege, and cannot prove, that L & M's alleged misrepresentations caused her damages.

The court concludes that these grounds are insufficient to support denying leave to amend. As this court has frequently noted,

> the court's almost unvarying practice when futility is raised is to address the merits of the claim or defense in the context of a Rule 12(b)(6) or Rule 56 motion. The court only infrequently considers the merits of new causes of action in the context of Rule 15(a). The court prefers instead to do so in the context of a Rule 12(b)(6) or Rule 56 motion, where the procedural safeguards are surer.

*Garcia v. Zale Corp.*, 2006 WL 298156, at * 1 (N.D. Tex. Feb. 1, 2006) (Fitzwater, J.) (quoting *Poly-Am., Inc. v. Serrot Int'l Inc.*, 2002 WL 206454, at * 1-2 (N.D. Tex. Feb. 7, 2002) (Fitzwater, J.)).[4]

Having considered Hoffman's motion under the standard of Rule 15(a)(2), the court concludes that it should be granted.

---

[4]The court disagrees with Studio Capital and Martinez's argument that Hoffman's amendment is made in bad faith.

\*      \*      \*

For the foregoing reasons, the court grants Hoffman's June 7, 2012 motion for leave to file third amended complaint.  She must file her third amended complaint within seven days of the date this memorandum opinion and order is filed.

**SO ORDERED.**

September 21, 2012.


_____
SIDNEY A. FITZWATER
CHIEF JUDGE

- 11 -