IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARGUERITE HOFFMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:10-cv-00953-D |
| | § | |
| L&M ARTS, DAVID MARTINEZ | § | |
| and STUDIO CAPITAL, INC., | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT L&M ARTS'S REPLY IN SUPPORT OF ITS EMERGENCY MOTION TO
AMEND SCHEDULING ORDER AND RESCHEDULE TRIAL SETTING**

Thomas E. Kurth
Texas State Bar No. 11768500
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219-7673
Telephone: (214) 651-5000
Facsimile: (214) 651-5940
*thomas.kurth@haynesboone.com*

Robert M. Abrahams (pro hac vice)
New York Bar No. 1236538
Kristie M. Blase (pro hac vice)
New York Bar No. 4526448
SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, New York 10022
212-756-2000 Telephone
212-593-5955 Facsimile
*robert.abrahams@srz.com*
*kristie.blase@srz.com*

*Attorneys for Defendant L&M Arts*

**TABLE OF CONTENTS**

SUMMARY ........................................................................................................................... 1

ARGUMENT AND AUTHORITIES ................................................................................... 2

      A.     Defendants Are Entitled To Discovery Directed To The New Fraud Claim
           And New Factual Allegations ................................................................................ 2

           1.     Defendants Must Be Afforded Discovery On Plaintiff's New
                  Fraudulent Inducement Claim ................................................................. 2

           2.     Defendants Are Entitled To Discovery Regarding Plaintiff's New
                  Factual Allegations ................................................................................. 5

      B.     Defendants Are Entitled To File Second Summary Judgment Motions ................ 7

      C.     The Trial Should Be Continued ........................................................................... 9

CONCLUSION AND PRAYER ......................................................................................... 10

CERTIFICATE OF SERVICE ........................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*AMS Staff Leasing, NA, Ltd. v. Associated Contract Truckmen, Inc.*,
No. 3:04-CV-1344-D, 2006 WL 1096777 (N.D. Tex. Apr. 26, 2006) ................................8, 9

*Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc.*,
98 F.3d 13 (2d Cir. 1996) .................................................................................................3

*Diesel Props S.R.L. v. Greystone Bus. Credit II L.L.C.*,
631 F.3d 42 (2d Cir. 2011) .............................................................................................3

*Exxon Corp. v. Emerald Oil & Gas Co., L.C.*,
348 S.W.3d 194 (Tex. 2011) ..........................................................................................4

*Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*,
960 S.W.2d 41 (Tex. 1998) .............................................................................................3

*Kevin M. Ehringer Enters., Inc. v. McData Servs. Corp.*,
646 F.3d 321 (5th Cir. 2011) .........................................................................................3

*Levy v. City of Rio Grande City*,
No. 3:04-CV-0381-B, 2006 WL 3831299 (N.D. Tex. Dec. 28, 2006) ....................................7

*Lewis v. Bank of Am. NA*,
343 F.3d 540 (5th Cir. 2003) .........................................................................................3

*Seghers v. Woodward*,
2008 U.S. Dist. LEXIS 9453 (N.D. Tex. Feb 8, 2008) ..............................................................8

*Tanzman v. La Pietra*,
8 A.D.3d 706 (3d Dep't 2004) ..............................................................................................4

*Wright v. Blythe-Nelson*,
No. CIVA399CV2522D, 2001 WL 804529 (N.D. Tex. July 10, 2001) ................................10

RULES

FED. R CIV. P. 12(b)(1) ..............................................................................................................7

FED. R. CIV. P. 26(b)(1) ............................................................................................................5

FED. R. CIV. P. 45(c)(2)(B) .......................................................................................................10

FED. R. CIV. P. 56(a)...................................................................................................................8

N.D. Tex. Civ. R. 56.2(b) ........................................................................................8

Defendant L&M[1] hereby submits this reply in further support of its Emergency Motion to amend the Scheduling Order to permit Defendants (collectively referring to L&M, Studio Capital, and David Martinez) to take additional discovery, to file a second summary judgment motion and to reschedule the trial (Dkt. No. 372, the "Motion").[2]

## SUMMARY

This Court has already recognized that Defendants would be prejudiced by Plaintiff's late filing of a Third Amended Complaint after the close of discovery and after Defendants, in accordance with the scheduling order in this case, already filed their summary judgment motions. The Court nonetheless granted Plaintiff's motion to file her amended pleading on the basis that the Court could mitigate the prejudice to Defendants by permitting them to take further discovery, file a second summary judgment motion directed to the new pleading and, in the event summary judgment were denied, reschedule the upcoming trial. Order at 8-9. Having obtained leave of Court to file her belated amended complaint on this basis, Plaintiff now seeks to lock in the prejudice to Defendants. Plaintiff wants the benefit of being able to file a very late amended complaint entirely changing the theory of her case – adding a new fraud claim and a multitude of new factual allegations, many of which differ markedly from her prior allegations – while denying Defendants their basic right to take discovery with respect to the new claim and allegations or to file a summary judgment directed to the now-operative complaint. The Federal Rules of Civil Procedure, and basic principles of fairness, do not permit this result.

---

[1] Unless otherwise stated, abbreviations are the same as those used in L&M's opening brief.

[2] The Court ordered L&M to explain "why the [Motion], and any reply brief that it files under seal, should not be unsealed, in whole or in part." (Dkt. No. 374). The Motion was filed under seal because it cited deposition testimony of Hoffman that she had designated as confidential. L&M and Plaintiff have agreed that the Motion need not remain under seal and that this Reply need not be filed under seal. L&M will submit an agreed motion and order to unseal the Motion.

Plaintiff argues that Defendants should have divined what Plaintiff's new allegations would be before the close of discovery merely because Plaintiff had generally indicated an intention to file an amended complaint adding a fraud claim before that time. Plaintiff told a different story in her motion for leave to file the Third Amended Complaint, where she explained her filing an amended complaint after the close of discovery – despite having stated her intention to make that filing months before discovery closed – because the new facts that could justify that filing purportedly had only recently emerged. (Dkt. No. 286 at 2-3).

Plaintiff ignores the extent to which her new pleading changes what this case is about. The way in which a party prepares, conducts discovery, briefs a summary judgment motion and (if necessary) tries a fraud case is radically different from the way a party prepares, conducts discovery, briefs and tries a breach of contract case. This is now an entirely new case. To allow Plaintiff's major pleading amendment after the close of discovery and less than two months before trial, without permitting Defendants to take discovery related to the new claim and new factual allegations and move for summary judgment against the operative complaint, would impose on Defendants the very prejudice the Court specifically recognized in its Order.

## ARGUMENT AND AUTHORITIES

**A.      Defendants Are Entitled To Discovery Directed To The New Fraud Claim And New Factual Allegations**

As demonstrated in L&M's opening brief, Defendants will be seriously prejudiced if not permitted to take discovery on the new fraud claim and new factual allegations.

**1. Defendants Must Be Afforded Discovery On Plaintiff's New Fraudulent Inducement Claim**

Prior to the filing of the Third Amended Complaint, this was solely a breach of contract action. Discovery was appropriately focused on what the parties or their representatives

communicated to each other about the Agreement, the parties' actions under the Agreement, and, with respect to Plaintiff's damage theory, whether Plaintiff could have sold the Painting for more at auction and whether her reputation in the art community was affected after the Painting was sold at auction in 2010.

The case has now fundamentally changed and broadened from what the Agreement means and whether it was breached to whether L&M fraudulently induced Plaintiff to enter into the Agreement. The pleading amendment raises a host of new issues as to liability and damages, including: what representations were made to Plaintiff or her representative Van Doren, whether such representations were false, the materiality of any misrepresentations (or omissions), whether Plaintiff reasonably and justifiably relied on any such representations or omissions in entering into the Agreement, and why, if the alleged representations were important to Plaintiff, they were not referenced in or made part of the Agreement itself.

Plaintiff concedes, as she must, that the elements of breach of contract are vastly different from those of fraud. Pl. Opp. at 1.[3] She nonetheless asserts in conclusory fashion that "[t]he representations that form the basis of Plaintiff's fraudulent inducement claim were included in Plaintiff's Second Amended Complaint" such that "Defendants had ample opportunity to test those allegations." *Id*. at 3. The blackline Plaintiff included in support of her motion for leave to amend (Dkt. No. 252-2) belies that assertion. As is evident from the blackline, in addition to

---

[3] The elements of a breach of contract action are: "1) the existence of a valid contract; 2) performance or tendered performance by the plaintiff; 3) breach of the contract by the defendant; and 4) damages to the plaintiff resulting from the breach." *Lewis v. Bank of Am. NA*, 343 F.3d 540, 545 (5th Cir. 2003) (Texas law); 12(b)(6) Order at 9; *Diesel Props S.R.L. v. Greystone Bus. Credit II L.L.C.*, 631 F.3d 42, 52 (2d Cir. 2011) (New York law). On the other hand, the elements of a fraudulent inducement claim are: "(1) a material misrepresentation, (2) that is false, (3) when the defendant made the representation, the defendant knew it was false or made the statement without any knowledge of its truth, (4) the defendant intended the plaintiff to rely on the representation, and the plaintiff actually relied on the representation, and (5) the defendant's actions caused an injury." *Kevin M. Ehringer Enters., Inc. v. McData Servs. Corp.*, 646 F.3d 321 (5th Cir. 2011) (citing *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998)); *see also Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc.*, 98 F.3d 13, 19 (2d Cir. 1996) (New York law).

adding a new fraud claim, Plaintiff rewrote more than two-thirds of her complaint, a wholly unnecessary exercise if, as Plaintiff now claims, the "same core of facts" were included in both pleadings, *id*. at 1.  More fundamentally, the late introduction of a fraud claim alters the entire nature and complexion of this case, requiring Plaintiff to prove entirely different elements of her claim that Defendants must have the ability to explore in discovery and to test in a motion for summary judgment.

While Plaintiff cites to documents and deposition testimony that deal to some extent with Van Doren's "conversations with Robert Mnuchin" in the context of negotiations for the 2007 Sale, *id*. at 4-8, the small number of citations reveals exactly how limited such testimony was in the context of a breach of contract action, and the need for further inquiry on the statements that were made, including with respect to the critical elements of reliance and causation.[4]  Although Van Doren briefly described Mnuchin's statement about the identity of the buyer, *id*. at 6 (citing Van Doren Dep. 64-66, Pl. App. at 88-90) and Plaintiff testified that Van Doren told her the buyer was a private, serious, European collector in whose collection the Red Rothko would disappear, *id*. at 7 (citing Hoffman Dep. 185-86, Pl. App. at 129-30; *id.* at 190-91, Pl. App. at 134-35; *id.* at 193, Pl. App. at 137), Defendants did not have any reason to and did not fully question them about this topic because it was not at all relevant to a breach of contract case, particularly since the Agreement is silent on who the buyer is and whether the buyer was an individual or a corporation.

---

[4] Under both New York and Texas law, reasonable and justifiable reliance are critical elements of a fraud claim.  *See Tanzman v. La Pietra*, 8 A.D.3d 706, 707 (3d Dep't 2004) (no justifiable reliance where a party has the means to discover a falsehood by the exercise of ordinary intelligence, and fails to make use of those means); *Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 348 S.W.3d 194, 217 (Tex. 2011) (a plaintiff seeking to prevail on a fraud claim must prove that she "suffered an injury by actively and justifiably relying on" the defendant's material misrepresentations).  Plaintiff does not even attempt to demonstrate that Defendants had the opportunity to or did explore these issues – which are not relevant to a breach of contract action – in discovery.

4

Had there been a fraudulent inducement claim at the time of their depositions, L&M would have been able to ask both Plaintiff and Van Doren many additional questions to explore these issues: whether Plaintiff was told or understood specifically that the buyer was an individual rather than a corporation; whether and in what manner she relied [5] on that representation; and, if so, whether and in what respect that was important to her; and, if it was important, why she did not ask for the identity of the buyer or insist on a representation and warranty in the Agreement that the buyer be an individual. The record amply demonstrates that Defendants did not have the opportunity to and did not explore any of these issues and other issues relevant to a fraud claim in discovery before the amendment of the Complaint.[6] They must be afforded the opportunity to do so now.

### 2. Defendants Are Entitled To Discovery Regarding Plaintiff's New Factual Allegations

Plaintiff's assertion that there is "no substantive change" in her pleading when she changed her reference from the "art community" to the "local community," Pl. Opp. at 9, makes no sense. If this was not a substantive change, then why did Plaintiff bother to make it? As the record in this case amply demonstrates, Plaintiff was unable to prove any reputational harm with respect to "the art community whose opinion was paramount to" her, as pled in her Second

---

[5] Plaintiff's bald claim that she "relied" on statements regarding the discretion of the buyer, obviously does not mean the topic of reliance, as an element of a fraudulent inducement claim, has been fully covered in discovery. L&M is entitled to test in discovery why Plaintiff believed the buyer's status as an individual or a company made any difference whatsoever as to the level of discretion with which that buyer might treat the transaction (which goes to materiality, reliance and causation). L&M should also be permitted to explore what Plaintiff would have done had she learned the buyer was a corporation, including whether, given her allegations of financial constraints that led her to sell the Painting, she would have nonetheless sold the Painting to Studio Capital (or whether she would have then sold it to another buyer – be it an individual or corporation – for the same price), which would of course defeat her fraudulent inducement claim.

[6] FED. R. CIV. P. 26(b)(1) authorizes discovery of "any nonprivileged matter that is relevant to any party's claim or defense." Under the rule, Defendants could not have pursued discovery of Plaintiff's new factual allegations even if they could have at the time guessed what they might be, and L&M could not have pursued discovery of Plaintiff's fraud allegations before her pleading amendment was granted.

5

Amended Complaint.  ¶ 60.  The only plausible inference is that Plaintiff has changed her definition of the community in whose eyes she claims her reputation was harmed after the 2010 auction because her prior theory was unsupportable.  Defendants must now be afforded the opportunity to test Plaintiff's new damage theory and allegations.[7]

Plaintiff's statement that she "will not offer proof of reputation damage beyond the art community, including the local community," Pl. Opp. at 9, is no comfort to Defendants.  At the outset, Defendants must have the occasion to explore in discovery what Plaintiff means by her reference to "the art community, including the local community" – an entirely new construct of the relevant community not found in any of her pleadings to date, including the Third Amended Complaint.   Plaintiff's additional and inconsistent assertion that "the change from 'art community' to 'local community' *narrows rather than expands* the scope" of her allegations, *id*. at 10 (emphasis in original), may or may not be true, but, at a minimum, it is an admission that the allegation has in fact changed.[8]

While Defendants agreed to forgo several depositions they had noticed, *id*. at 11, they did so based on an assessment of the relative importance of those depositions in connection with Plaintiff's breach of contract case.  As Defendants argued in their motions for summary judgment, Plaintiff cannot obtain "reputational damage" for a breach of contract claim.[9]  Now

---

[7] Defendants have not identified "[h]ow many non-parties must be deposed, and their identities," Pl. Opp. at 9, because that is exactly the information that will be the subject of their interrogatories.

[8] It would be surprising indeed if Plaintiff made this amendment to narrow the scope of the relevant community, having already failed to prove damages with respect to the supposedly broader community.  In any event, a narrowing of the definition is still a material change.  Plaintiff's mystifying statement that she still intends to offer evidence with respect to the "art community, including the local community" indicates that she has not "narrowed" anything.  This only serves to emphasize the need for further discovery on this issue so that Defendants can understand and then test precisely what Plaintiff is alleging.

[9] *See* Def. L&M Arts's Sealed Brief In Supp. Of Its Mot. For Summ. J. (Dkt. No. 299) at 18; Def. L&M Arts's Sealed Reply Brief In Supp. Of Its Mot. For Summ. J. (Dkt. No. 348) at 12-16; Defs. Studio Capital's and David Martinez's Sealed Brief In Supp. Of Their Mot. For Summ. J. (Dkt. No. 289) at 36-37.

that L&M is faced with an entirely new fraud case, it is Plaintiff who has reanimated the need for those depositions.  The existence of (or lack of) reputational damage in the "local community" is critical given that Plaintiff now seeks tort, rescissionary, and exemplary damages against L&M. Third Am. Compl. ¶¶ 139, 141.[10]

### B.     Defendants Are Entitled To File Second Summary Judgment Motions

L&M (and the other Defendants) should be granted leave to file second summary judgments with respect to the Third Amended Complaint.  This is particularly so given that the new pleading asserts a fraud claim against L&M that was not addressed in the prior summary judgment motions that necessarily focused on Hoffman's then-operative complaint, which asserted *only* a breach of contract claim.  Mot. at 8-9.  Plaintiff's suggestion that L&M should have filed its first motion for summary judgment with respect to a pleading that was not yet filed, as to which the Court had not yet granted leave to file and as to which L&M had good faith grounds for arguing Plaintiff should not be permitted to file, is baseless and unsupported by any rule or case law.[11]  Plaintiff waited until shortly before the motion for summary judgment was due to file her motion for leave to file the Third Amended Complaint, leaving L&M no time to address the fraud claim and new allegations in its summary judgment motion.  More importantly, L&M was required to file its first motion for summary judgment in accordance with the existing scheduling order with respect to the operative complaint on file at the time.

---

[10] Plaintiff concedes that Defendants are entitled to discovery with respect to her new allegation regarding her purported conversation with Christie's in 2007.  Pl. Opp. at 11.

[11] *Levy v. City of Rio Grande City*, No. 3:04-CV-0381-B, 2006 WL 3831299, at *1 (N.D. Tex. Dec. 28, 2006), cited by Plaintiff, is inapposite.  There, the City had sought an extension of the deadlines for trial, the amendment of pleadings, and the filing of dispositive motions after the Texas Supreme Court had handed down decisions that affected its affirmative defenses, but had failed to explain the legal significance of the cases beyond noting that it was "recent and extremely important."  *Id.*  The Court also found that such defenses could be addressed through the "appropriate procedural vehicle," that is, a Rule 12(b)(1) motion.  *Id.* at *3.  By contrast, here, L&M has explained why it is entitled to a second summary judgment motion, and it would not otherwise have *any* alternative procedural vehicle to address an entirely new claim.

The Federal Rules clearly provide that "[a] party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought." FED. R. CIV. P. 56(a).  It would be fundamentally unfair to deny a party the right to move for summary judgment on an amended complaint containing a new claim and material new factual allegations, and Plaintiff has cited *no* case that has ever applied N.D. Tex. Civ. R. 56.2(b)'s requirement that a party seek leave of court to file more than one motion for summary judgment to prevent a party from filing summary judgment with respect to an amended complaint in these circumstances.  Not surprisingly, the Court has expressly recognized that Defendants "would be prejudiced if the court did not permit them . . . to file a second summary judgment motion." Order at 9.

Plaintiff's speculation on the content of a second motion for summary judgment, claiming it is "difficult to envision what basis Defendants could have for such a motion," Pl. Opp. at 12, goes nowhere.  Plaintiff fails to recall L&M's argument in its opposition to Plaintiff's motion for leave to amend that Plaintiff's proposed amendment was futile and would not survive a motion to dismiss (Dkt. No. 270 at 11-18), let alone a summary judgment motion.  Those preliminary arguments would no doubt be further supported by evidence uncovered through additional discovery.  In declining to address L&M's argument that the amendment would be futile, this Court specifically recognized that the merits of Plaintiff's new fraudulent inducement claim *should* be addressed on a second summary judgment motion. Order at 10.[12]

---

[12] Plaintiff's reliance on *Seghers v. Woodward*, 2008 U.S. Dist. LEXIS 9453, at *17-18 (N.D. Tex. Feb 8, 2008) (cited in Pl. Opp. at 12-13) is misplaced.  The court's denial of summary judgment on the fraudulent inducement claim was based on the fact that there were disputes as to the terms of the contract that would affect whether a jury would find whether or not there was a material misrepresentation.  But *Seghers* does not stand for the proposition that no fraudulent inducement case is subject to summary judgment, and this is of course not the law. *See, e.g.*, *AMS Staff Leasing, NA, Ltd. v. Associated Contract Truckmen, Inc.*, No. 3:04-CV-1344-D, 2006 WL 1096777, at *4 (N.D. Tex. Apr. 26, 2006) (Fitzwater, J.) (granting defendants' motion for summary judgment on plaintiff's fraudulent inducement claim).

A court may grant leave to file a second summary judgment motion if "it is more efficient, potentially less costly to the parties, and possibly less burdensome to the court and to jurors to determine whether [certain claims] can be resolved by summary judgment before trying it." *AMS Staff Leasing, NA, Ltd. v. Associated Contract Truckmen, Inc.*, No. 3:04-CV-1344-D, 2006 WL 1096777, at \*7 (N.D. Tex. Apr. 26, 2006) (Fitzwater, J.) (granting plaintiff's motion for leave to file a second summary judgment motion to address the remaining components of defendant's fraud counterclaim after the court had already granted its first motion for summary judgment as to its breach of contract claim). Given that the Third Amended Complaint adds an additional fraudulent inducement claim against L&M, it would be more efficient and less burdensome to address that new claim in a new summary judgment motion based on additional discovery. Plaintiff's new factual allegations, including regarding damages, will also necessitate additional summary judgment briefing on the existing breach of contract claim.

Because this new summary judgment motion would address an entirely new claim, with new elements, it would not be feasible to address it on an accelerated basis. Nor has Plaintiff offered any extraordinary reason why such an accelerated schedule would be appropriate or necessary, particularly given Plaintiff's delay in amending her complaint in the first place. And, as set forth below, there is no practical way in any event to maintain the existing trial schedule in light of Plaintiffs' amendment and, therefore, expedited briefing on summary judgment will not achieve that goal.

C.      **The Trial Should Be Continued**

Having delayed the assertion of her fraud claim until after the close of discovery, Plaintiff now seeks to rush the case to trial before Defendants can test the legal sufficiency of the new claims and allegations by discovery and summary judgment. Plaintiff's suggestion that "the

9

parties should be able to complete additional discovery (if any is necessary) and brief additional summary judgment motions on an expedited schedule prior to the current trial date," Pl. Opp. at 14, is divorced from reality.

Taking just the discovery to which Plaintiff does not object – third party discovery from Christie's – would require adjusting the trial schedule. Christie's would have at least 14 days to respond to a document subpoena, FED. R. CIV. P. 45(c)(2)(B), and considering the realities of scheduling (including the fact that the fall 2012 art auctions, one of the busiest times of year for the Christie's representatives who will likely need to be deposed, are scheduled in early November), it is unlikely that a deposition of a Christie's representative could take place before mid-November, if then. And the other additional discovery to which Defendants are clearly entitled would obviously take even longer. Assuming the Christie's deposition could take place by mid-November and in light of the pre-trial order due 14 days before trial (November 19), Plaintiff apparently suggests a briefing schedule of, at most, a few days. This is obviously not feasible, and thus, even "accelerated" summary judgment briefing would require rescheduling the trial.[13] L&M's proposed schedule would realistically accommodate the third-party and other discovery that needs to take place during auction and holiday seasons, while suggesting a trial date consistent with the time periods in the Court's current schedule. Mot. at 10.

## CONCLUSION AND PRAYER

WHEREFORE, for the foregoing reasons, L&M respectfully requests that the Court grant its motion.

---

[13] It is absurd to suggest that Defendants can take discovery, fully brief an expedited summary judgment motion, and be prepared to submit a timely pretrial order and commence trial on December 3. *Wright v. Blythe-Nelson*, No. CIVA399CV2522D, 2001 WL 804529, at \*5 (N.D. Tex. July 10, 2001) (Fitzwater, J.) (it would be unfair to "allow [plaintiff's late amendment] to dictate the focus of defendants' counsel's attention during the critical period of preparation that every able trial lawyer knows precedes a trial.").

Respectfully submitted,

*/s/ Thomas E. Kurth*
Thomas E. Kurth
Texas State Bar No. 11768500

HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219-7673
Telephone: (214) 651-5000
Facsimile: (214) 651-5940
*thomas.kurth@haynesboone.com*

SCHULTE ROTH & ZABEL LLP
Robert M. Abrahams (pro hac vice)
New York Bar No. 1236538
Kristie M. Blase (pro hac vice)
New York Bar No. 4526448
919 Third Avenue
New York, New York 10022
212-756-2000 Telephone
212-593-5955 Facsimile
*robert.abrahams@srz.com*
*kristie.blase@srz.com*

*Attorneys for Defendant L&M Arts*

## CERTIFICATE OF SERVICE

On October 9, 2012, I electronically submitted the foregoing document to the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. Notice of this filing will be sent to the attorneys of record for all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Thomas E. Kurth*
Thomas E. Kurth

11