In The United States District Court
For The Northern District Of Texas
Dallas Division

| | | |
|---|---|---|
| Marguerite Hoffman, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:10-cv-0953-D |
| | § | |
| L&M Arts, David Martinez and | § | |
| Studio Capital, Inc., | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS STUDIO CAPITAL'S AND DAVID MARTINEZ'S REPLY IN SUPPORT OF DEFENDANT L&M ARTS'S EMERGENCY MOTION TO AMEND SCHEDULING ORDER AND RESCHEDULE TRIAL SETTING**

Defendants Studio Capital, Inc. and David Martinez hereby submit this reply in further support of L&M Arts's Emergency Motion under Federal Rule of Civil Procedure 16(b) and Local Rule 56.2(b) to amend the Scheduling Order to permit Defendants to take additional discovery, to file a second summary judgment motion and to reschedule the trial setting, dated September 28, 2012 (Dkt. No. 372, the "Motion"), and their motion to join L&M in that Motion (Dkt. No. 373, the "Joinder"), which was granted by this Court (Dkt. No. 375).

Studio Capital and Martinez join L&M's reply in support of its Motion. They submit this further reply to address briefly Plaintiff's argument that "since the fraudulent inducement claim is directed solely at L&M, there is no basis for Defendants David Martinez or Studio Capital to file second summary judgment motions." Pl.'s Opp. at 13. To be sure, the Third Amended Complaint continues only to assert a breach of contract claim against Studio Capital and Martinez. However, as described more fully in L&M's reply brief at pages 5 to 7, the Third Amended Complaint includes numerous new and material factual allegations that apply

to the breach of contract claim. These include allegations that go to the heart of her damages theory on the breach of contract claim; specifically, with respect to the scope of the "community" in which she claims her reputation suffered and her new factual allegation that Christie's told Plaintiff she could sell the Red Rothko for more at auction than in a private sale. The Third Amended Complaint expressly incorporates all of the new allegations into her breach of contract claim against Studio Capital and Martinez. Third Am. Compl. ¶ 123.

Studio Capital and Martinez should be permitted to challenge the legal sufficiency of Plaintiff's new allegations in a motion for summary judgment (after further discovery is taken). Studio Capital and Martinez could not have addressed those new allegations in their first motion for summary judgment. That motion was of necessity directed to the Second Amended Complaint, which was the operative pleading on file at the time the motion for summary judgment was required to be filed under the Court's scheduling order. In fact, the only reason there now needs to be a second summary judgment motion is because Plaintiff – having declared an intention to amend her complaint months earlier – waited to move for leave to file the Third Amended Complaint until shortly before summary judgment motions were due. While the Court found that Plaintiff demonstrated good cause for its late filing, there is no basis whatsoever to penalize Studio Capital and Martinez for Plaintiff's late filing and to deny them the right to file a summary judgment motion directed to the current complaint. To the contrary, it would be fundamentally unfair and prejudicial to Studio Capital and Martinez if Plaintiff were permitted to rely on its new allegations but Defendants were not permitted to challenge their legal sufficiency on a motion for summary judgment before trial.

In its Order granting Plaintiff leave to file the Third Amended Complaint, the Court expressly recognized that Defendants "would be prejudiced if the court did not permit them . . .

to file a second summary judgment motion." Order at 9. Plaintiff has presented no basis for the Court to reconsider this conclusion. Accordingly, Studio Capital and Martinez should be granted leave under Fed. R. Civ. P. 56 and N.D. Tex. Civ. R. 56.2(b) to file a second motion for summary judgment and, as set forth in L&M's submissions, Defendants should also be permitted to take discovery with respect to Plaintiff's new allegations, and the trial date should be rescheduled.

Dated: October 9, 2012

Respectfully submitted,

JACKSON WALKER L.L.P.

 /s/ *Kurt Schwarz*
Gordon M. Shapiro
Texas Bar No. 18110600
Kurt Schwarz
Texas Bar No. 17871550
Stephanie C. Sparks
Texas Bar No. 24042900
901 Main Street, Suite 6000
Dallas, Texas  75202
Telephone: (214) 953-6000
Facsimile: (214) 953-5822


CLEARY GOTTLIEB STEEN & HAMILTON LLP
Jonathan I. Blackman (*pro hac vice*)
Howard S. Zelbo (*pro hac vice*)
David H. Herrington (*pro hac vice*)
Melissa K. Marler (*pro hac vice*)
Jamie R. Rietema (*pro hac vice*)
Esti T. Tambay (*pro hac vice*)
One Liberty Plaza
New York, New York  10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

ATTORNEYS FOR DEFENDANTS
STUDIO CAPITAL, INC. AND DAVID
MARTINEZ

## CERTIFICATE OF SERVICE

      The undersigned certifies that copies of the foregoing were served on the attorneys of record for all parties via the Court's ECF system.

                                                          /s/ *Kurt Schwarz*
                                                          Kurt Schwarz