IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARGUERITE HOFFMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:10-CV-0953-D |
| VS. | § | |
| | § | |
| L&M ARTS, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant L&M Arts ("L&M"), joined by defendants Studio Capital, Inc. ("Studio Capital")

and David Martinez ("Martinez"), moves to amend the scheduling order and to reschedule the trial

setting.  Defendants request three forms of relief: additional time to conduct discovery on the

fraudulent inducement claim of plaintiff Marguerite Hoffman ("Hoffman") and new allegations

contained in her third amended complaint; leave to file second summary judgment motions after the

new discovery period closes; and a continuance of the trial setting.[1]  The court grants the motion.[2]

I

In a September 21, 2012 memorandum opinion and order, the court granted Hoffman leave

to file a third amended complaint that, *inter alia*, added a fraudulent inducement claim and new

factual allegations.  *Hoffman v. L & M Arts*, 2012 WL 4321739, at *5 (N.D. Tex. Sept. 21, 2012)

---

[1]In an order filed October 11, 2012, the court vacated the December 3, 2012 trial setting.

[2]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision."  It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

(Fitzwater, C.J.).  In granting the motion, the court addressed defendants' contention that they would be prejudiced because discovery had already closed and they would not be able to conduct discovery on the new matters pleaded in the proposed third amended complaint, and because it would be necessary for them to file second summary judgment motions.  *Id.* at *4.  The court concluded that "[a]lthough defendants' position is reasonable so far as it goes, defendants have not established that they will likely suffer prejudice that the court cannot cure by reopening of discovery for certain limited purposes and permitting defendants to file a second summary judgment motion."  *Id.* Addressing examples of discovery that defendants said they would need, the court concluded that "permitting defendants to conduct discovery on these limited topics would cure this prejudice.  And the court can also grant each defendant leave to file a second summary judgment motion."  *Id.* Considering holistically all the relevant factors to deciding a motion for leave to amend, the court stated:

> Moreover, *although defendants would be prejudiced if the court did not permit them to conduct limited discovery after the discovery deadline and to file a second summary judgment motion*, the availability of these curative procedures is sufficient to address defendants' grounds for asserting prejudice arising from modification of the scheduling order so that Hoffman can file her third amended complaint.

*Id.* (emphasis added).

It follows from the court's reasoning in its September 21, 2012 memorandum opinion and order that defendants should now be permitted to conduct additional discovery and file second summary judgment motions.  The court therefore extends the discovery deadline so that defendants can conduct discovery on Hoffman's fraudulent inducement claim and the new allegations of her third amended complaint, and it grants each defendant leave to file a second summary judgment

motion.

In granting this relief, the court does not suggest that defendants are entitled to obtain any and all the discovery that they contend is necessary. The court concludes that the discovery (1) must comply with Fed. R. Civ. P. 26(b)(1), (2) must relate to Hoffman's fraudulent inducement claim and/or to the new allegations of her third amended complaint; and (3) must not unreasonably duplicate discovery that has already been obtained in this case.[3]

Additionally, because Hoffman's fraudulent inducement claim is asserted only against L&M, if Studio Capital or Martinez files a second summary judgment motion, the motion is limited to grounds that first arose due to the new allegations of Hoffman's third amended complaint. The motion cannot be used to address a deficiency, if any, that the court finds in a ground included in their July 13, 2012 motion for summary judgment. *See Home Depot U.S.A., Inc. v. Nat'l Fire Ins. Co. of Hartford*, 2007 WL 1969752, *2 (N.D. Tex. June 27, 2007) (Fitzwater, J.) (noting that one purpose of local civil rule limiting number of summary judgment motions is that "it also enables the court to regulate successive motions that are filed after the court has devoted time and effort to deciding an initial motion and has identified issues that are not subject to summary disposition, but as to which the movant seeks a second bite at the apple.").

---

[3]The court expresses no view on whether, as Hoffman contends in her opposition response, defendants have already obtained some or all of the discovery they seek. The court recognizes that addressing the scope of permissible discovery in general categorical terms may not deter all disputes concerning the discovery that this memorandum opinion and order allows. But it emphasizes that it expects the parties to make good faith attempts to resolve any disagreements about the scope of permissible discovery.

II

Accordingly, the court extends the discovery deadline to March 15, 2013 for the purpose of permitting defendants to obtain the discovery permitted by this memorandum opinion and order.

Each defendant may file a second motion for summary judgment no later than April 15, 2013.

The court continues the trial to the two-week docket of Monday, August 19, 2013. Because the court has reset this case to this docket without determining whether counsel, their clients, or their witnesses have material conflicts—e.g., conflicting settings in cases that are likely to be tried and prepaid vacations—counsel should alert the court to such conflicts before seeking continuances in other cases, canceling vacations, or instructing clients and witnesses to do so. The court may be able to accommodate such conflicts, if given sufficient notice.

N.D. Tex. Civ. R. 40.1 provides, "Unless the presiding judge orders otherwise, the granting of a motion for continuance will not extend or revive any deadline that has already expired in a case." Therefore, any relief from an expired deadline must be obtained by motion or agreed order (subject to court approval). Unexpired deadlines based on the prior trial setting, however, are hereby reset so that the parties shall now comply with them on the basis of the new setting.

\* \* \*

L&M's September 28, 2012 motion to amend scheduling order and reschedule trial setting, which Studio Capital and Martinez have joined, is granted as set forth in this memorandum opinion

and order.

      **SO ORDERED.**

November 26, 2012.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE