IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARGUERITE HOFFMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:10-CV-0953-D |
| VS. | § | |
| | § | |
| L&M ARTS, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Defendants Studio Capital, Inc. ("Studio Capital") and David Martinez ("Martinez"), joined by defendant L&M Arts ("L&M"),[1] move to strike the supplemental expert report of Victor Wiener ("Wiener") as untimely. In a December 6, 2012 response to the court's inquiry regarding case management, defendants ask the court to reschedule the trial from the two-week docket of August 19, 2013 to the weeks of September 16-27, 2013 based on the unavailability of plaintiff Marguerite Hoffman ("Hoffman"). Concluding that Hoffman's failure to disclose the supplemental report before the discovery deadline was harmless under Fed. R. Civ. P. 37(c)(1), the court denies the motion to strike. The court reschedules the trial to the two-week docket of October 7, 2013.[2]

---

[1] On July 11, 2012 L&M joined the motion to strike filed by Studio Capital and Martinez.

[2] Due to other scheduling conflicts, the court cannot set the case for trial during the September period that defendants request.

I

The scheduling order in this case required that the parties designate expert witnesses by November 30, 2011. Hoffman disclosed on November 30, 2011 the report ("November Report") of her expert, Wiener. In the November Report, Wiener gave two opinions. First, he opined on the value of the 1961 Mark Rothko oil painting, Untitled ("the Rothko Painting"), if sold at public auction on or about April 24, 2007. Second, he opined that defendants failed to make every reasonable effort to keep all aspects of the sale of the Rothko Painting confidential, as required in an April 24, 2007 Letter Agreement. The part of the November Report devoted to Wiener's valuation opinion consisted of two double-spaced pages. Although defendants disclosed their own expert reports and rebuttal reports in compliance with the scheduling order deadlines, Hoffman did not disclose a rebuttal report.

On June 29, 2012, just days before Wiener's scheduled July 3, 2012 deposition, Hoffman served on defendants' counsel the "Supplemental Expert Report of Victor Wiener: Self-Contained Appraisal Report of *Untitled*, 1961 by Mark Rothko" ("Supplemental Report"). The Supplemental Report is 45 single-spaced pages with over 150 pages of exhibits. In the Supplemental Report, Wiener does not change his opinion concerning the fair market value of the Rothko Painting on or about April 24, 2007. Defendants deposed Wiener on July 3, 2012 and again on July 26, 2012, but allegedly did not question him about the contents of his Supplemental Report. Defendants now move under Rules 16(b) and 37(c)

to strike the Supplemental Report as untimely.[3]  Hoffman opposes the motion.

II

Assuming *arguendo* that the Supplemental Report is not a proper supplement under Rule 26(e),[4] the court concludes that the report should not be stricken under Rule 37(c)(1) because Hoffman's failure to make a timely disclosure is harmless.

A

Under Rule 37(c)(1),

> [i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Rule 37(c)(1).[5]

> In evaluating whether a violation of Rule 26 is harmless, the court examines four factors: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose.

---

[3] Rule 16(b)(4) permits a scheduling order to be modified only for good cause and with the judge's consent.  Absent a clear request that the scheduling order be modified, the court will treat defendants' motion to strike as brought under Rule 37(c).

[4] Rule 26(e)(1)(A) requires that a party supplement a Rule 26(a) disclosure "if the party learns that in some material respect the disclosure . . . is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]"

[5] Rule 26(a)(2)(D) requires that the parties make expert disclosures "at the times and in the sequence that the court orders."

*Librado v. M.S. Carriers, Inc.*, 2004 WL 1490304, at *11 (N.D. Tex. June 30, 2004) (Fitzwater, J.).

B

1

The evidence is important. At trial, Hoffman will apparently attempt to establish that she suffered damages as a result of defendants' alleged breach of contract by establishing that she sacrificed the "substantial premium" she could have realized from a public sale of the Rothko Painting. 3d Am. Compl. ¶ 33. Thus she will have to prove at trial that the Rothko Painting would have sold for a higher amount had she sold it at public auction rather than through a private sale. Hoffman will offer the expert testimony of Wiener to establish the value of the Rothko Painting on or about April 24, 2007. Information concerning the proper method of appraising a piece of artwork, and the bases on which Wiener relied to reach his opinion, will be important given that defendants intend to posit that Wiener's valuation methodology is flawed because it relies only on post-April 24, 2007 sales.

Defendants maintain that the Supplemental Report is not important because it follows the same flawed methodology as the original report and is therefore subject to exclusion under Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). The court disagrees. First, the court has not yet addressed defendants' pending motion to strike Wiener's November Report, and, at present, his opinions have not been stricken. Second, to the extent that Wiener's Supplemental Report shores up deficits found

in his November Report, the Supplemental Report is important for that reason.

2

Defendants argue that they will be prejudiced if the Supplemental Report is not stricken. They contend that, at a minimum, they will be required to obtain additional rebuttal reports to address the new opinions contained in the Supplemental Report and to file a new *Daubert* motion directed to the Supplemental Report, all after discovery in this case has closed. They maintain that, even if the court modifies the scheduling order to allow them to obtain new rebuttal opinions, this will cause them to incur substantial additional expenses.

The court is not persuaded that defendants will be prejudiced if the court fails to strike the Supplemental Report. In the sense relevant here, prejudice arises, if at all, from the *timing* of the disclosure rather than from the *content* of the disclosure. If prejudice could be demonstrated based on the *content* of the disclosure, a party could always show prejudice when required to rebut new evidence. The *timing* of the disclosure results in prejudice when, for instance, the opposing party must incur unreasonable additional costs that could have been avoided by an earlier disclosure, or the party is precluded under the scheduling order from developing and presenting rebuttal evidence. Defendants have not shown that they must incur unreasonable additional costs that could have been avoided by an earlier disclosure. And they in fact maintain in their December 6, 2012 response to the court's inquiry regarding case management that, given the extension of the discovery deadline to March 15, 2013, they can now retain an appraisal expert to rebut Wiener's opinions. *See* Ds.

Resp. 2. Although the court disagrees that the discovery deadline has been extended so broadly,[6] it recognizes below under the third factor that such a continuance can be granted. In fact, the court assumes that Hoffman would agree to such a continuance if necessary to avoid the striking of the Supplemental Report.

3

The court next considers the possibility of curing any potential prejudice by granting a continuance. As just noted, the discovery deadline can be continued for this purpose, and defendants recognize that such a continuance would enable them to retain an appraisal expert to rebut Wiener's opinions. If necessary, the court can grant such a continuance as a means of addressing prejudice resulting from the decision not to strike the Supplemental Report. And to avoid delay between now and when such an order is filed, the parties can assume that the court would grant a continuance to enable defendants to retain an appraisal expert, make any necessary expert disclosures, and present any witness for deposition.

---

[6]In defendants' December 6, 2012 response, they assert that, "[g]iven the Court's Order extending the discovery deadline to March 15, 2013, it would now be possible, if the Motion to Strike were denied, for Defendants to retain an appraisal expert to rebut the new opinions offered by Mr. Wiener in his belated 'supplemental' report.'" Ds. Resp. 2. The court's November 26, 2012 order extending the discovery deadline, however, did not reopen all discovery; instead, it reopened discovery related to Hoffman's new fraudulent inducement claim and/or to the new allegations of her third amended complaint. *See Hoffman v. L&M Arts*, 2012 WL 5906722, at *1 (N.D. Tex. Nov. 26, 2012) (Fitzwater, C.J.).

4

Finally, the court considers Hoffman's explanation for failing to disclose the Supplemental Report by the November 30, 2011 scheduling order deadline. Hoffman maintains that the November Report was prepared without the benefit of significant discovery that was later developed. She argues that valuable evidence relevant to Wiener's opinion was obtained during discovery in the spring of 2012, and that all of the data Wiener considered in preparing the Supplemental Report were either cited in the November Report or were uncovered through fact discovery and therefore unavailable at the time Wiener prepared the November Report. For example, the Supplemental Report takes into account a May 2012 sale of a Rothko painting and discusses the newly-discovered fact that the consignor of one of the Rothko "comparables" cited in the November Report was Robert Mnuchin.

Although the Supplemental Report relies on some new facts discovered during early 2012, there are many aspects of the Supplemental Report—such as the lengthy discussion of the various available valuation methodologies and the appropriate method for determining the value of the Rothko Painting—that do not rely on any new facts obtained during discovery and that apparently could have been included in the November Report. Accordingly, this factor weighs only slightly in favor of denying the motion to strike.

5

Considering the four factors holistically,[7] the court concludes that the failure to file the Supplemental Report by the November 30, 2011 deadline was harmless. The disclosure was made over one year before the date of the revised trial setting; the evidence is important to Hoffman's case; defendants either have not shown prejudice from the timing of the disclosure or the court finds that any prejudice can be cured; and the availability of a continuance of the discovery deadline sufficiently addresses any prejudice resulting from the decision not to strike the Supplemental Report.

III

In the court's November 26, 2012 memorandum opinion and order, it continued the trial to the two-week docket of August 19, 2013. Because of Hoffman's unavailability during this period, the court reschedules trial to the two-week docket of October 7, 2013.

---

[7]The court considers the four-factor test holistically. *Hoffman v. L & M Arts*, 2012 WL 4321739, at *4 (N.D. Tex. Sept. 21, 2012) (Fitzwater, C.J.) ("'It does not mechanically count the number of factors that favor each side.'" (quoting *EEOC v. Serv. Temps, Inc.*, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009) (Fitzwater, C.J.), *aff'd*, 679 F.3d 323 (5th Cir. 2012))) (addressing motion for leave to amend).

* * *

For the foregoing reasons, the July 11, 2012 motion to strike of Studio Capital and Martinez, joined by L&M on July 11, 2012, is denied. The court reschedules the trial of this case to the two-week docket of October 7, 2013.

**SO ORDERED.**

January 8, 2013.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE