In The United States District Court
For The Northern District Of Texas
Dallas Division

| | | |
|---|---|---|
| Marguerite Hoffman, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:10-cv-0953-D |
| | § | |
| L&M Arts, David Martinez and | § | |
| Studio Capital, Inc., | § | |
| | § | |
| Defendants. | § | |

## MOTION TO EXTEND TIME FOR EXPERT DISCOVERY

COME NOW, Defendants Studio Capital, Inc. and David Martinez (together, "Defendants") and file this their Motion to Extend Time for Expert Discovery and for grounds therefor would show unto the Court the following:

1.   On November 1, 2011, the Court entered the Second Amended Scheduling Order in this case, setting the deadline for the submission of expert reports as November 30, 2011 and the deadline for rebuttal expert reports as January 31, 2012.  *See* Second Amended Scheduling Order, dated Nov. 1, 2011 (Dkt. No. 155).  The parties subsequently agreed to extend the deadline for rebuttal expert reports until February 3, 2012.

2.   After the expiry of those deadlines, on June 29, 2012, Plaintiff served a "supplemental" expert report from its expert, Victor Wiener, which Defendants moved to strike on July 11, 2012.  *See* Defs.' Sealed Motion to Strike "Supplemental" Expert Report of Victor Wiener ("Motion to Strike") (Dkt. No. 277).

3.   On January 8, 2013 this Court entered a Memorandum Opinion and Order

("Opinion") (Dkt. No. 396) denying Defendants' motion to strike while recognizing that, in order

to cure the prejudice that would otherwise result from Plaintiff's reliance on the untimely report,

a continuance of the expert discovery deadlines would be proper in order to allow Defendants "to

retain an appraisal expert to rebut Wiener's opinions."  Op. at 6.  The Court instructed:

> If necessary, the court can grant such a continuance as a means of
> addressing prejudice resulting from the decision not to strike the
> Supplemental Report.  And to avoid delay between now and when
> such an order is filed, the parties can assume that the court would
> grant a continuance to enable defendants to retain an appraisal
> expert, make any necessary expert disclosures, and present any
> witness for deposition.

*Id.* at 6.

4.   As the Court also recognized, Mr. Wiener's June 29, 2012 report is not only

significantly longer and more detailed than Mr. Wiener's initial report, *see id.* at 2, it also

includes a new "lengthy discussion of the various available valuation methodologies and the

appropriate method for determining the value of the Rothko Painting," *id.* at 7.  In fact, the June

29, 2012 report purports to be a "Self-Contained Appraisal Report," ostensibly prepared in

accordance with the Uniform Standards of Professional Appraisal Practice ("USPAP"), and

contains entirely new opinions and conclusions based on these standards.  For these and further

reasons as set out in the Motion to Strike, Defendants require an appraisal expert with expertise

in USPAP to rebut the entirely new methodology in the June 29, 2012 report.  *See* Motion to

Strike at 9-10; *see also* Defs.' Reply In Further Support of Their Sealed Motion to Strike

"Supplemental" Expert Report of Victor Wiener, dated August 24, 2012 ("Reply") (Dkt. No.

351) at 4-7.  Absent an extension of the expert discovery period to allow the opportunity for

Defendants to have such appraisal expert review the June 29, 2012 report and submit a rebuttal

report, and for depositions of Mr. Wiener and Defendants' appraisal expert on the June 29, 2012

report and rebuttal appraisal, Defendants will suffer significant prejudice.  *See* Op. at 6.

5.   Despite the Court's statement in the Opinion that "the court assumes that

Hoffman would agree to such a continuance if necessary to avoid the striking of the

Supplemental Report[,]" *id.*, Plaintiff has not responded to Defendants' attempts to obtain her

consent in connection with this motion.  Specifically, on January 10, 2013 the parties met and

conferred regarding the extension of the expert discovery period, but – despite additional

attempts by Defendants to move this discussion forward – Plaintiff has made no response

whatsoever.  Defendants cannot continue to wait while Plaintiff drags her feet if they are to avoid

the "prejudice resulting from the decision not to strike the Supplemental Report."  *Id.*

6.   Thus, as contemplated by the Court's Opinion, Defendants respectfully request

that the Court grant a continuance of the expert discovery deadlines until March 15, 2013 (which

is already the deadline for the other new discovery permitted by the Court's Order of November

26, 2012 (Dkt. 388)) in order to (1) allow Defendants to obtain an expert appraisal opinion in

rebuttal to Mr. Wiener's supplemental report, and (2) provide sufficient time for the parties to

conduct the depositions of both Mr. Wiener and Defendants' rebuttal expert.

**REQUEST FOR EXPEDITED BRIEFING SCHEDULE AND CONSIDERATION**

7.   Because the Court has already indicated its intention to grant the requested

continuance, and because Defendants wish to complete the necessary additional expert discovery

in an expedited fashion consistent with the deadline already set by this Court for the completion

of other new discovery, Defendants respectfully request that the Court consider this motion on an

emergency basis and order an expedited briefing schedule.  Defendants request that the Court

order Plaintiff to file any opposition to this Motion within five business days of service of this

Motion, and direct that reply briefs be filed within two business days of service of opposition briefs.

WHEREFORE, PREMISES CONSIDERED, Defendants pray this Court grant this Motion and extend the expert discovery deadline to March 15, 2013.

Dated: January 18, 2013

Respectfully submitted,

JACKSON WALKER L.L.P.

__/s/ Kurt Schwarz__
Gordon M. Shapiro
Texas Bar No. 18110600
Kurt Schwarz
Texas Bar No. 17871550
Stephanie C. Sparks
Texas Bar No. 24042900
901 Main Street, Suite 6000
Dallas, Texas  75202
Telephone: (214) 953-6000
Facsimile: (214) 953-5822

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Jonathan I. Blackman (*pro hac vice*)
Howard S. Zelbo (*pro hac vice*)
David H. Herrington (*pro hac vice*)
Melissa K. Marler (*pro hac vice*)
Jennifer Philbrick McArdle (*pro hac vice*)
Esti T. Tambay (*pro hac vice*)
One Liberty Plaza
New York, New York  10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

ATTORNEYS FOR DEFENDANTS
STUDIO CAPITAL, INC. AND DAVID
MARTINEZ

## CERTIFICATE OF CONFERENCE

On January 10, 2013, David Herrington requested that counsel for Plaintiff agree to an extension of the expert discovery deadline.  Counsel for Plaintiff, Roger Netzer, informed Mr. Herrington by phone that he would take the matter under consideration and respond no later than Monday, January 14, 2013.  However, Defendants have not received a response from Mr. Netzer despite additional attempts by Defendants to reach an agreement.

_/s/ Kurt Schwarz_
Kurt Schwarz

## CERTIFICATE OF SERVICE

The undersigned certifies that copies of the foregoing were served on the attorneys of record for all parties via the Court's ECF system.

_/s/ Kurt Schwarz_
Kurt Schwarz