IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARGUERITE HOFFMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:10-cv-00953-D |
| | § | |
| L&M ARTS, DAVID MARTINEZ and STUDIO CAPITAL, INC., | § | |
| | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT L&M ARTS'S EXPEDITED MOTION TO COMPEL PLAINTIFF TO RESPOND TO INTERROGATORIES AND BRIEF IN SUPPORT**

Defendant L&M Arts ("L&M"), pursuant to Federal Rule of Civil Procedure 37(a), files this Expedited Motion to Compel Plaintiff to Respond to L&M's Interrogatories and Brief In Support, and respectfully shows the Court as follows:

**INTRODUCTION AND SUMMARY OF ARGUMENT**

This motion seeks discovery which this Court has already held L&M is entitled to receive, namely complete responses to L&M's interrogatories concerning Plaintiff's new fraudulent inducement claim and new factual allegations in her Third Amended Complaint. Despite the Court's order of November 26, 2012 that specifically permitted new discovery as to these two new subjects, Plaintiff objects that L&M is not entitled to this further discovery, claiming that L&M has had sufficient discovery during prior depositions, that L&M conceded that such discovery was not necessary, and that, although tailored to these new subjects, L&M's interrogatories are somehow beyond the scope of this Court's prior order. Plaintiff's objections are meritless and are a patent attempt to run out the clock on the new discovery the Court specifically authorized by stonewalling and forcing L&M to re-litigate issues that have already

been settled by the Court's prior order.

**REQUEST FOR EXPEDITED BRIEFING SCHEDULE AND CONSIDERATION**

Discovery is scheduled to close on March 15, 2013, less than two months from now, and L&M's further discovery – including further depositions of Plaintiff and her agent on her new fraudulent inducement claim and new factual allegations – will be contingent at least in part on Plaintiff's responses to its interrogatories. L&M respectfully requests that the Court consider this Motion on an emergency basis and order an expedited briefing schedule. L&M requests that the Court order Plaintiff to file any opposition to this Motion within five (5) business days of service of this Motion, and direct that reply briefs be filed within two (2) business days of service of opposition briefs.

**PROCEDURAL BACKGROUND AND SUMMARY OF DISCOVERY SOUGHT**

On September 21, 2012, the Court granted Plaintiff's motion to file an amended complaint. (Dkt. No. 369, "Order on Am. Compl."). Because Plaintiff's motion had been filed after the close of discovery, the Court acknowledged in that Order that "defendants would be prejudiced if the court did not permit them to conduct limited discovery after the discovery deadline." (*Id.* at 9). The Court specifically referred to the possibility of "depos[ing] Hoffman regarding her alleged reputational damage in the 'local community,'" as well as to potential discovery from employees of Christie's. (*Id.* at 8).

On September 28, 2012, the same day Plaintiff filed her Third Amended Complaint, L&M filed an emergency motion seeking, in part, to amend the scheduling order so as to conduct limited discovery into Plaintiff's new fraudulent inducement claim and new factual allegations. (Dkt. No. 372, "L&M Discovery Motion"). In that Motion, L&M expressly stated that it intended "to serve interrogatories and a request for production of documents to identify the

evidentiary basis, witnesses, and documents alleged to support the elements of [Hoffman's] new claim of fraudulent inducement as well as evidence that may be relevant to defenses that L&M may be entitled to assert." (*Id.* at 4). The Discovery Motion also sought discovery to test allegations in Plaintiff's new complaint, including requests that she explain what is meant by the "local community" in which she now claims to have been damaged – as opposed to her prior allegation that such damage was in the "*art* community" – (*id.* at 6-7) and "interrogatory responses from Hoffman identifying persons with knowledge of [Plaintiff's] alleged conversation [with Christie's]." (*Id.* at 8).

Plaintiff's opposition, filed October 5, 2012 (Dkt. No. 377, "Pl. Opp."), asserted in a conclusory fashion that "[t]he representations that form the basis of Plaintiff's fraudulent inducement claim were included in Plaintiff's Second Amended Complaint" such that "Defendants had ample opportunity to test those allegations." (*Id.* at 3). L&M's reply, filed October 9, 2012 (Dkt. No. 379, "L&M Reply"), specifically discussed the type of discovery L&M would have sought had a fraudulent inducement claim been operative when prior depositions were taken (*id.* at 2-5) and why it was entitled to test Plaintiff's new damage theory. (*Id.* at 5-7).

On November 26, 2012, the Court granted L&M's motion, rejecting Plaintiff's claims that sufficient discovery had been taken on her new claim and allegations. (Dkt. No. 388, "Discovery Order"). In doing so, the Court extended the discovery deadline to March 15, 2013, and stated that Defendants could take new discovery that "relate[s] to Hoffman's fraudulent inducement claim and/or to the new allegations of her third amended complaint" and "must not unreasonably duplicate discovery that has already been obtained in this case." (*Id.* at 3).

Following the Court's direction, on December 7, 2012, L&M served interrogatories on

Plaintiff. App. at 2-11 (L&M Interrogatories, dated Dec. 7, 2012). Those interrogatories sought information directly relevant to Plaintiff's new fraudulent inducement claim and/or the new allegations of her Third Amended Complaint.

On January 10, 2013, Plaintiff served her responses, in which she objected to every interrogatory, and "subject to" these objections, gave answers that were both highly evasive and incomplete. App. at 13-31 (Pl.'s Resp. and Obj.). Her objections repeatedly state that the information sought is "beyond the scope of permissible discovery as set forth in the November 26 Order," that "Defendants have previously conducted, and Plaintiff has previously responded to, discovery on this issue," including during depositions of Hoffman and her agent, John Van Doren, and that L&M had "conceded" in prior briefing to oppose Plaintiff's belated amendment to her complaint that Plaintiff's fraudulent inducement claim "ha[d] already been subject to discovery." (*Id.*). In essence, Plaintiff raises the same objections that had already been the subject of her opposition to L&M's discovery motion, and that this Court had already rejected in its Order.

On January 14, 2013, L&M requested to meet and confer with Plaintiff. On January 17, 2013, L&M's counsel spoke with Plaintiff's counsel and forwarded a draft of this Motion to Plaintiff's counsel in an attempt to determine if agreement could be reached. Plaintiff's counsel has not substantively responded. Although this Court has "emphasize[d] that it expects the parties to make good faith attempts to resolve any disagreements about the scope of permissible discovery" pursuant to its Order (Order at 3, n.3), Plaintiff has categorically refused to provide any discovery on the topics this Court has already found L&M was entitled to investigate, forcing L&M to move to compel that discovery.

## ARGUMENT AND AUTHORITIES

The Federal Rules of Civil Procedure provide that a party "may move for an order compelling an answer, designation, production, or inspection" if "a party fails to answer an interrogatory submitted under Rule 33." FED. R. CIV. P. 37(a)(3)(B)(iii). For purposes of Rule 37(a), "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." FED. R. CIV. P. 37(a)(4); *see also Two Guys Recycling, LLC v. Will Transport, Inc.*, No. 11-0048, 2011 WL 4502658, at * 3 (W.D. La. Sept. 28, 2011).

### A. L&M Is Entitled To Full And Complete Responses To Its Interrogatories Concerning Hoffman's New Factual Allegations

The Court has already recognized that Defendants are entitled to discovery concerning Plaintiff's new theory that her reputation was damaged within the "local community" (Third Am. Compl. ¶ 115) rather than the "art community" (Second Am. Compl. ¶ 60). (Order on Am. Compl. at 8; Discovery Order at 3). As L&M has already shown, Plaintiff changed her damages theory after she was unable to provide any evidence of any reputational harm with respect to "the art community whose opinion was paramount to her." (L&M Discovery Motion at 6-8; L&M Reply at 5-7). The reference to a "local community" was never presented before Plaintiff's Third Amended Complaint, and Defendants therefore had no opportunity to conduct discovery into this theory.

L&M's Interrogatories No. 2 and No. 3 request that Plaintiff define this "local community" by identifying persons who belong to it. App. at 9 (L&M Interrogatories No. 2 and 3 at 8). Plaintiff objected to those responses as "beyond the scope of permissible discovery as set forth in the November 26 Order" and instead referred L&M to prior deposition transcripts. App. at 17-19 (Pl.'s Resp. and Obj. at 5-7). But as the deposition transcript to which Plaintiff refers makes absolutely clear, the questions at that deposition concerned alleged reputational damage in

the "*art* community" – which was then the subject of Plaintiff's allegations – not the "*local* community" that is now the subject of her allegations. *See* App. at 37-40 (Hoffman Dep. 105-08) (asking "who are the members of the *art* community that is referred to here, in that sentence?"; referring to paragraph 60 of the Second Amended Complaint) (emphasis added); App. at 41-53 (*id.* at 110-22) ("Did it damage your standing in the *art* community?") (emphasis added); App. at 54-55 (*id.* at 233-34) ("was there any harm to your reputation that caused financial damage to you?"); App. at 56-61 (*id.* at 283-88) (asking about possible criticism by the Dallas Museum of Art, in any emails, or blogs); App. at 64 (Van Doren Dep. 164) ("In the wake of the auction of the Red Rothko at Sotheby's, to your knowledge, within the *art* community of which Ms. Hoffman was a member, were any of those folks critical of her to you, in remarks to you?") (emphasis added).

Plaintiff previously claimed that this was not a "substantive change" to her damages theory, Pl. Opp. at 9, while also inconsistently asserting without explanation that the change "narrows rather than expands the scope" of her allegations. *Id.* at 10 (emphasis omitted). If this were true, there was no reason for her to make the change; the fact that she made it obviously shows it is not true, and L&M is entitled to the discovery on what she now claims to be the relevant community for her damage claim.

Similarly, this Court has already recognized that Defendants are entitled to discovery about the call Christie's allegedly made to Plaintiff in 2007. (Order on Am. Compl. at 8; Discovery Order at 3). Indeed, Plaintiff initially conceded that Defendants were entitled to this discovery. (Pl. Opp. at 11). However, Plaintiff now objects that even this information is "beyond the scope of permissible discovery" in this Court's Order and again refers Defendants to prior deposition testimony on this general subject, before stating that she is not aware of anyone

with any knowledge of the purpose of Christie's call, other than the caller, Jennifer Vorbach. App. at 19-20 (Pl.'s Resp. and Obj. at 7-8). However, Plaintiff's denial of knowledge (as well as the cited pages from Hoffman's deposition testimony) are directly *contrary* to the new allegations of her Third Amended Complaint. *See* Third Am. Compl. ¶ 56 ("[t]he purpose of Christie's call was to stress to Plaintiff that if she would allow an auction house such as Christie's to market the Red Rothko she would secure a higher price than could be secured through the private transaction she was pursuing"). L&M is entitled to inquire into this new allegation regarding the reason for this call: that is one of the clear purposes of the discovery the Court permitted.

**B. L&M Is Entitled To Full And Complete Responses To Its Interrogatories Concerning Hoffman's New Fraudulent Inducement Claim**

This Court has already acknowledged that L&M is now facing a significantly new case (with entirely new elements) because of Plaintiff's new and belated fraudulent inducement claim. (Order on Am. Compl. at 8; Discovery Order at 3). As L&M has previously shown, in support of the motion the Court granted, the new allegation requires discovery into "what representations were made to Plaintiff or her representative Van Doren, whether such representations were false, the materiality of any misrepresentations (or omissions), whether Plaintiff reasonably and justifiably relied on any such representations or omissions in entering into the Agreement, and why, if the alleged representations were important to Plaintiff, they were not referenced in or made part of the Agreement itself." (L&M Reply at 3). To elucidate the nature of her new fraudulent inducement claim, L&M posed several interrogatories on this topic.

First, L&M asked that Plaintiff "identify each buyer by entity status (*e.g.*, individual, corporation, partnership, etc.) of each work of art sold . . . since the first announcement of the Bequest to the Dallas Museum of Art on or before February 16, 2005." App. at 9 (L&M

Interrogatory No. 1 at 8). Plaintiff again objected to providing such responses as "beyond the scope of permissible discovery." App. at 17 (Pl.'s Resp. and Obj. at 5). However, this interrogatory goes to the heart of whether Mnuchin's alleged misrepresentation that the buyer in the 2007 Sale was an "individual" was material to Hoffman – if she has sold other works of art to galleries or corporations, that would be probative of the fact that the statement regarding the status of the purchaser in this case was not material to her. Plaintiff further objects on the basis that "it seeks confidential information of Plaintiff and/or third parties." (*Id.*). However, L&M is not seeking the *identity* of any buyers, only their generic status – as individuals, corporations, partnerships, etc. – which would in no way compromise any confidentiality. In fact, when a dealer used by Hoffman for certain sales, Roland Augustine, was asked to identify buyers of artworks he had sold on behalf of Hoffman by their status, he did so willingly, and his counsel – who is also Plaintiff's counsel – had no objection to his giving a general description of the buyer. App. at 69-75 (Augustine Dep. 60, 79, 82-83, 92, 131-32). Interrogatory No. 1 simply asks for this same generic information about Plaintiff's other sales, in light of her new fraudulent inducement claim regarding the alleged material misrepresentation of the buyer's status and her alleged reliance on it.

L&M's other interrogatories also sought specific information related to the new fraudulent inducement claim. App. at 10-11 (Interrogatory Nos. 5-12).[1] For each interrogatory, Plaintiff claimed that it was "beyond the scope" of this Court's Order and that L&M had

[1] These include identifying: each person with knowledge of communications between Hoffman, Van Doren, and L&M (Interrogatory No. 5); each material fact allegedly misrepresented or concealed by L&M (Interrogatory Nos. 6-7); the specific damages suffered as a direct and proximate result of such alleged material misrepresentations or omissions (Interrogatory No. 8); the factual and legal bases for her claimed entitlement to exemplary damages (Interrogatory No. 9); the factual and legal bases for the claim that L&M misrepresented its relationship with the undisclosed buyer (Interrogatory No. 10); specific instructions, if any, that Plaintiff gave Van Doren with respect to the sale of the Painting (Interrogatory No. 11); and, in specific detail, all alleged damages, including each document and witness on which Plaintiff is relying (Interrogatory No. 12).

previously "conceded" in its Opposition to Plaintiff's Motion to Amend that these allegations were the subject of her prior pleadings and "thus have already been subject to discovery." App. at 21-30 (Pl.'s Resp. and Obj. to Interrogatory Nos. 6-12).[2] Both of these claims are entirely unfounded. Plaintiff has previously cited deposition testimony she claimed dealt to some extent with Van Doren's "conversations with Robert Mnuchin" in the context of negotiations for the 2007 Sale. (Pl. Opp. at 4-8). Before the amendment of her complaint, L&M did not have any reason to question Hoffman or Van Doren fully about alleged statements about the identity of the buyer or the materiality of other representations Mnuchin may have made. (L&M Reply at 4-5). L&M is entitled to explore these facts and new allegations fully now that the complaint contains a whole new fraud claim.

Following these meritless objections, Plaintiff's cursory responses essentially replicate allegations from her complaint, without any further details.[3] These responses are evasive, do not provide L&M with any substantive discovery, and were clearly not intended to do so. They are patently insufficient: L&M is entitled to full discovery on Plaintiff's fraudulent inducement claim, including specific and detailed answers to these interrogatories.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, L&M respectfully requests that the Court grant its Motion to Compel and compel Plaintiff respond fully and in detail to L&M's

[2] Plaintiff also took this opportunity to accuse L&M of "continu[ing] to misrepresent and/or conceal those facts" and Defendants Studio Capital and David Martinez of "contest[ing] the veracity of certain facts L&M has contended or admitted are true." (*Id.*). These accusations are baseless, but the fact that Hoffman makes them itself indicates that she views these matters as related to her fraudulent inducement claim.

[3] Plaintiff also includes several general objections, stating that her responses "are given without prejudice to Plaintiff's right to produce evidence of any subsequent facts or interpretations thereof, or to add to , modify or otherwise change or amend the responses herein" and that "[t]o the extent that Plaintiff identifies facts in response to an Interrogatory herein, she does so without prejudice to establish at a later date any additional facts that may be discovered as a result of any additional investigation or discovery." App. at 14 (Pl.'s Resp. and Obj. at 2). However, this Court's order entitled only *Defendants* to further discovery. As concerns Plaintiff, discovery has been closed. Defendants should not be subject to ever changing theories of Plaintiff's case and her gamesmanship in deciding when and how to disclose facts that purportedly substantiate her claims.

interrogatories, and grant such other and further relief to which L&M may be justly and equitably entitled.

Dated: January 18, 2013

Respectfully submitted,

*/s/ Thomas E. Kurth*

Thomas E. Kurth
Texas State Bar No. 11768500

HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219-7673
214-651-5000 Telephone
214-651-5940 Facsimile
*thomas.kurth@haynesboone.com*

SCHULTE ROTH & ZABEL LLP
Robert M. Abrahams (pro hac vice)
New York Bar No. 1236538
Kristie M. Blase (pro hac vice)
New York Bar No. 4526448
919 Third Avenue
New York, New York 10022
212-756-2000 Telephone
212-593-5955 Facsimile
*robert.abrahams@srz.com*
*kristie.blase@srz.com*

*Attorneys for Defendant L&M Arts*

**CERTIFICATE OF CONFERENCE**

Counsel for Defendant L&M initiated telephone and email communications to Plaintiff's counsel, beginning on January 11, 2013, in an attempt to meet and confer on Plaintiff's deficient interrogatory responses. On January 17, 2013, L&M's counsel spoke with Plaintiff's counsel and forwarded a draft of this Motion to Plaintiff's counsel in an attempt to determine if agreement could be reached. Plaintiff's counsel has not substantively responded. As a result, the issues contained in this Motion are effectively opposed and are presented for determination by the Court.

*/s/ Thomas E. Kurth*
Thomas E. Kurth

**CERTIFICATE OF SERVICE**

On January 18, 2013, I electronically submitted the foregoing document to the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. Notice of this filing will be sent to the attorneys of record for all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Thomas E. Kurth*
Thomas E. Kurth