IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARGUERITE HOFFMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:10-CV-0953-D |
| VS. | § | |
| | § | |
| L&M ARTS, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant L&M Arts ("L&M") objects to the magistrate judge's August 9, 2012 order denying L&M's May 15, 2012 sealed motion for protective order.[1] The court re-refers L&M's motion for protective order to the magistrate judge for further proceedings.[2]

I

Hoffman noticed L&M for a Fed. R. Civ. P. 30(b)(6) deposition. The notice of deposition included 80 topics, 26 of which were substantive factual topics and 54 of which covered information technology issues. L&M is controlled by two principals, Robert Mnuchin ("Mnuchin") and Dominique Lévy ("Lévy"). In March and April 2012, plaintiff

---

[1]The magistrate judge's August 9, 2012 order was filed under seal, and L&M filed its objections to the order under seal. The court has determined, however, that this memorandum opinion and order need not be sealed.

[2]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

Marguerite Hoffman ("Hoffman") deposed Mnuchin and Lévy.

L&M objected to the notice, and Hoffman agreed to eliminate topics A(15) and A(22), and to remove from topic A(12) relationships with L&M's attorneys and several other persons, paring the list from 35 to 21 persons. L&M later identified for Hoffman certain deposition testimony of Mnuchin and Lévy that L&M said was responsive to the unobjectionable topics from the Rule 30(b)(6) deposition notice. Hoffman and L&M could not resolve L&M's other objections, and Hoffman objected to L&M's deposition designations.

L&M moved for a protective order, requesting that the court limit Hoffman's Rule 30(b)(6) notice to L&M's document retention and collection efforts in this case and its electronic and physical filing systems. Defendant Studio Capital, Inc. ("Studio Capital") moved for a protective order from a Rule 30(b)(6) deposition notice served on it that included topics nearly identical to the ones in the notice served on L&M. In a June 21, 2012 sealed order, Judge Stickney granted Studio Capital's motion, limiting the scope of the Rule 30(b)(6) deposition to eliminate the following topics, concluding that they were "not relevant and discoverable":

> (a) testimony regarding Studio Capital's present and anticipated future relationships with twenty individuals and entities unrelated to the Painting [at issue in this case]; (b) testimony regarding Studio Capital's beneficial owners who were unaware of the Painting; (c) testimony regarding Studio Capital['s] acquisition or sale of other artwork besides the Red Rothko and the Korean Rothko; and (d) testimony regarding complex ESI issues that expand beyond Studio Capital's document retention and collection efforts for this case and the general structure of

>its email systems.

June 21, 2012 Order at 1 (bracketed material added).

Although the topics included in the Rule 30(b)(6) deposition notice served on Studio Capital were largely the same as those included in the notice served on L&M, Judge Stickney denied L&M's motion for protective order in all respects, stating:

>The Court is aware that L&M Arts is a small company, but the Federal Rules of Civil Procedure allow a 30(b)(6) representative to be deposed. Even though L&M Arts has offered to allow the previous testimony of its principals to be used as answers by its corporate representative, Plaintiff is not bound to accept the same. The Court has further reviewed L&M Arts's arguments to limit the scope of the deposition. Again, Plaintiff is entitled to take the 30(b)(6) deposition and therefore while it may appear duplicative, Plaintiff is allowed to cover in its deposition these noticed areas of inquiry.

August 9, 2012 Order at 1. Judge Stickney did not narrow any of the topics in the Rule 30(b)(6) notice served on L&M.

L&M objects to the August 9, 2012 order, contending that it is erroneous, contrary to Judge Stickney's other discovery orders in this case, and contrary to controlling law.

II

"When a party appeals a magistrate judge's order, [it] must demonstrate how the order is reversible under the applicable standard of review—*de novo* for error of law, clear error for fact findings, or abuse of discretion for discretionary matters." *Jefferson-Pilot Life Ins. Co. v. Bellows*, 2003 WL 21501904, at *1 (N.D. Tex. June 24, 2003) (Fitzwater, J.). "Except as to issues of law that are reviewed *de novo*, district judges do not sit as second-tier

decisionmakers concerning discovery matters referred to the magistrate judge." *Nunn v. State Farm Mut. Auto. Ins. Co.*, 2010 WL 2044477, at *4 (N.D. Tex. May 24, 2010) (Fitzwater, C.J.). "And in matters of discretion—and discovery decisions are usually quintessential examples of the exercise of discretion—district judges do not substitute their own judgment for that of the magistrate judge." *Id.*

Although L&M appears to argue that Judge Stickney committed an error of law,[3] it has not demonstrated that Judge Stickney erred in any respect in his legal conclusions. Instead, L&M is challenging Judge Stickney's discretionary discovery decisions, which the court reviews only for abuse of discretion.

Before the court can conduct adequate review under the abuse of discretion standard, however, it must re-refer L&M's May 15, 2012 sealed motion for protective order to Judge

---

[3]*See, e.g.*, L&M Br. 5 ("L&M believes that the magistrate did not apply the Rule 26(b)(1) standard here, because applying it requires limiting the Notice to topics as they relate to the Painting and limiting Schedule B to L&M's document collection and retention efforts and its electronic and physical filing systems."); *id.* at 7 ("The Discovery Order provides no analysis of [the Rule 26(c)] burden or even consideration of the burden that Plaintiff's duplicative deposition request places on L&M."); *id.* at 8 ("Based on the written order, Magistrate Judge Stickney does not appear to have balanced Plaintiff's claimed interest in taking a duplicative deposition of a corporate designee . . . against the serious and unnecessary burden that it would place on L&M"); *id.* ("The Discovery Order directly contradicts prior orders entered in this case and therefore, should be reversed as erroneous."); L&M Reply 1 ("Magistrate Judge Stickney misapplied the law in the Discovery Order at issue simply by not applying his own prior rulings in this case."); *id.* at 2 ("Initially it is important to note that L&M's Objections are premised on arguments that the legal conclusions in Magistrate Judge Stickney's August 9, 2012 Discovery Order were erroneous and represent misapplications of the law. L&M's Objections are generally based on the failure to properly apply the Magistrate's previous orders in this case and the failure to limit discovery topics pursuant to established standards of discovery. Both of these grounds are purely legal. . . . [and] call for a *de novo* review by the Court.").

Stickney for further proceedings. This is required because there is an unexplained, putative inconsistency between his June 21, 2012 order concerning the Rule 30(b)(6) notice served on Studio Capital and the instant August 9, 2012 order concerning the Rule 30(b)(6) notice served on L&M. Although the noticed topics were nearly identical, Judge Stickney limited the scope of the Rule 30(b)(6) deposition of Studio Capital yet did not similarly limit the scope of the Rule 30(b)(6) deposition of L&M. The court has found no basis in the record to conclude that it was not an abuse of discretion for the motions for protective order to be given disparate treatment.[4]

Accordingly, the court re-refers L&M's May 15, 2012 sealed motion for protective

---

[4] Judge Stickney held a hearing on a number of evidentiary issues on June 18, 2012, just before issuing the June 21, 2012 order. The following exchange occurred at the conclusion of the hearing regarding L&M's motion for protective order:

> MR. WULFF [Hoffman's counsel]: You know, also don't—let's don't overlook that there is a 30(b)(6) motion as to L&M as well.
> THE COURT: Right. What's L&M planning to do about the 30(b)(6)?
> MR. KURTH [L&M's counsel]: They've filed a response. We filed a reply this week, Your Honor.
> THE COURT: Oh, all right. Okay. It's not ripe then?
> MR. KURTH: No, Your Honor.
> THE COURT: All right. I'm going to go through these again and try and prepare some orders and get them out as soon as I can. Thank you[.]

June 18, 2012 Hrg. Tr. 78-79. Although during the hearing the parties argued at length about how discovery should be limited, Judge Stickney did not say anything that would enable the court to determine on review why L&M's motion for protective order should be treated differently from Studio Capital's motion.

order to Judge Stickney for further proceedings. If he reaches the same result as in his August 9, 2012 order, he should provide an explanation on the record or in a written order of why L&M is not entitled to the same or similar relief as he granted Studio Capital. If he reaches a different result, he should provide a sufficient explanation on a hearing record or in a written order to permit the court to review the decision if it is challenged.

\* \* \*

Accordingly, the court re-refers L&M's May 15, 2012 sealed motion for protective order to the magistrate judge for further proceedings consistent with this memorandum opinion and order.

**SO ORDERED.**

February 21, 2013.

                                                            SIDNEY A. FITZWATER
                                                            CHIEF JUDGE