IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARGUERITE HOFFMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:10-CV-0953-D |
| VS. | § | |
| | § | |
| L&M ARTS, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

On August 26, 2013 defendants Studio Capital, Inc. and David Martinez filed a motion on

choice of law, and defendant L&M Arts ("L&M") filed a motion for order resolving conflict of laws.

Previously, defendants asserted that plaintiff Marguerite Hoffman's ("Hoffman's") breach of

contract claim is governed by New York law, but they acknowledged that the elements are the same

under Texas or New York law.  Hoffman argued that Texas law governs her breach of contract

claim, but she agreed that the court need not resolve this conflict of law issue.  *See Hoffman v. L&M*

*Arts*, 2013 WL 432771, at *5 n.4 (N.D. Tex. Feb. 5, 2013) (Fitzwater, C.J.).  Defendants now

maintain that the choice of law question will impact an issue to be resolved at trial: whether

Hoffman can recover attorney's fees if she prevails on her breach of contract claim.  For reasons the

court will explain, it will defer a ruling on this issue until after trial, unless the parties and their

counsel certify that they hold the good faith belief that there is a reasonable probability that a ruling

on the choice of law issue will enable the parties to settle the case without a trial.[*]

---

[*]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion"
adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the
court" because it "sets forth a reasoned explanation for [the] court's decision."  It has been written,
however, primarily for the parties, to decide issues presented in this case, and not for publication in

First, the court concludes that the parties were not required to present choice of law issues by pretrial motion.  Although substantive motions that raise choice of law issues can be filed under such rules as Fed. R. Civ. P. 12(b)(6), 12(c), and 56, such motions are made at the option of the movant.  Choice of law is not a matter that must be presented by pretrial motion.  *See* Rule 12(h).  And the court did not impose a pretrial deadline under Rule 16(b) for raising choice of law issues.  Although it is often helpful to resolve such issues pretrial, absent a court-ordered deadline, a party can wait until trial to raise a choice of law issue, such as during a Rule 50(a) motion for judgment as a matter of law or when addressing the jury charge.  Accordingly, defendants did not waive their positions on choice of law by waiting until now to raise the matter.

Second, given the issue that defendants contend is impacted by whether New York or Texas law controls—Hoffman's right to recover attorney's fees for breach of contract—the court need not decide this issue until after trial.  To be entitled to recover such fees, Hoffman must first prevail on her breach of contract claim.  Then, assuming she prevails, Rule 54(d)(2)(A) provides that her "claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages."  Reviewing Hoffman's third amended complaint, it is apparent that she is seeking attorney's fees provided for by Texas law when a party recovers for breach of contract, *see* 3d Am. Compl. ¶ 132, not fees that Texas law requires be proved at trial as an element of damages.  *See, e.g., CSMG Techs., Inc. v. Allison*, 2009 WL 2242351, at *2 (S.D. Tex. July 24, 2009) (explaining distinction between "the handling of attorneys fees claims between claims that are not part of the underlying substantive claim, which must be made by motion, and claims that are an element of damages" (quoting

---

an official reporter, and should be understood accordingly.

- 2 -

*Carolina Power & Light Co. v. Dynegy Mktg. & Trade,* 415 F.3d 354, 359 (4th Cir.2005))); *ABB, Inc. v. Pena*, 2011 WL 906651, at *4 (S.D. Tex. Mar. 15, 2011) (stating that Rule 54(d)(2) and court's corresponding local rule controlled when party may move for attorney's fees under Tex. Civ. Prac. & Rem. Code Ann. § 38.001).   The choice of law issue can therefore await trial and, if necessary, a post-trial motion for attorney's fees.

Although it appears that the choice of law issue can be decided after trial, L&M requests that it be resolved beforehand.  In a September 3, 2013 response to order regarding sealed motion on choice of law, L&M states:

> Additionally, to the extent the Court has not yet decided the procedure to be applied in addressing choice-of-law issues in this case, L&M respectfully requests the opportunity to be heard on that issue through a short written submission.  The Court's decision on choice of law will determine whether Hoffman is entitled to attorneys' fees in the event that she prevails on her breach of contract claim and, therefore, may have a significant impact on the total amount of L&M's potential liability and affect the parties' settlement positions.  For that reason, L&M believes that the Court should decide this issue in advance of trial, and respectfully requests the opportunity to explain its position in short written submission.

L&M Sept. 3, 2013 Resp. at 2.  Given L&M's position, the court adopts the following procedure.

1.      If, no later than September 12, 2013, the parties submit a joint written statement, signed by at least one attorney per party, certifying that the parties and their counsel hold the good faith belief that there is a reasonable probability that a ruling on the choice of law issue will enable the parties to settle the case without a trial, the court will attempt to decide the choice of law issue before the trial commences.  If this certification is submitted, Hoffman will be permitted to file, no later than September 19, 2013, a brief setting forth her position on the choice of law issue.  Although the court may permit additional briefing, no other briefs may be filed on this issue without leave of

court.

      2.     If the joint certification is not submitted, the court will await a decision on the choice of law issue until after trial.

**SO ORDERED.**

September 5, 2013.

 

SIDNEY A. FITZWATER
CHIEF JUDGE