IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARGUERITE HOFFMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:10-CV-0953-D |
| VS. | § | |
| | § | **SEALED OPINION** |
| L&M ARTS, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

The court grants in part and denies in part plaintiff Marguerite Hoffman's ("Hoffman's") June 18, 2013 motion to compel defendant L&M Arts to provide further testimony ("Motion to Compel Testimony"), and grants in part and denies in part Hoffman's June 18, 2013 sealed second motion to compel defendant L&M Arts to comply with its discovery obligations and for sanctions ("Motion to Compel Discovery").[1]  Because in deciding the motions to compel the court has been able to identify any new arguments that are improperly raised, the court denies L&M Arts's ("L&M's") August 5, 2013 motion to disregard new arguments and materials or, in the alternative, for leave to file surreply.

---

[1]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

I

In her Motion to Compel Testimony, Hoffman seeks to compel defendant L&M to answer questions concerning the September 2012 separation of its two principals, to produce a copy of the separation agreement, and to answer questions concerning L&M's net worth.

Questions about the role, if any, that Hoffman, the 2007 sale of the Rothko painting, or the instant litigation played in the separation of L&M's two principals, Dominique Lévy ("Lévy") and Robert Mnuchin ("Mnuchin"), fall at least to some extent within the scope of deposition topics A(4),[2] A(11),[3] and A(12),[4] which have twice been approved by United

_____

[2]Topic A(4) seeks testimony regarding

> [t]he sale of the Painting referenced in the Letter Agreement (the "2007 Sale"), including but not limited to the reasons for such sale, any negotiations concerning the 2007 Sale, the identity of each and every person with whom [L&M] (or any of its officers, directors, members, partners, employees, agents or other representatives) communicated concerning the 2007 Sale, the identity of each and every person at or affiliated with [L&M] (including officers, directors, members, partners, employees, agents or other representatives) who communicated concerning the 2007 Sale, and the knowledge of any person concerning the 2007 Sale, as well as all communications between or among any persons whatsoever concerning any of the above subjects.

P. Mot. to Compel Testimony App. 5 (bold font and italics omitted).

[3]Topic A(11) seeks testimony regarding

> [t]he Plaintiff, including but not limited to Plaintiff's acquisition of the Painting in 1998, Plaintiff's sale of the Painting in 2007, the allegations made against Plaintiff in the present litigation concerning her alleged gift of the Painting to the Dallas Museum of Art, as well as all communications between or among any

States Magistrate Judge Paul D. Stickney. *See* Aug. 9, 2012 Order 1; Mar. 19, 2013 Amended Order 4. Accordingly, the court grants Hoffman's Motion to Compel Testimony to the extent she seeks testimony concerning communications between Lévy and Mnuchin about Hoffman, the instant litigation, and/or the 2007 sale of the Rothko painting in connection with L&M's dissolution in 2012.

Questions concerning L&M's net worth and whether L&M can satisfy a judgment in Hoffman's favor are not within the scope of the noticed Rule 30(b)(6) deposition topics. If Hoffman sought discovery concerning L&M's net worth and ability to satisfy a judgment, she should have included these as topics in her Rule 30(b)(6) notice. Accordingly, the court denies Hoffman's Motion to Compel Testimony to the extent she seeks testimony regarding

---

persons whatsoever concerning any of the above subjects.

*Id.* at 8.

[4]Topic A(12) seeks testimony regarding

> [t]he relationship between or among [L&M] (on the one hand) and [listing of multiple persons and entities, including Lévy and Mnuchin] (on the other hand), including but not limited to the existence, duration or terms of such relationship, the type of such relationship (including any agency relationship), the reason for or purpose of such relationship, the knowledge of any person as to the existence, duration, terms or purpose of the relationship, as well as all communications between or among any persons whatsoever concerning any of the above subjects.

*Id.* at 8-10.

L&M's net worth and ability to satisfy a judgment.[5]

Hoffman seeks to compel L&M to produce any separation agreement executed in connection with L&M's break-up, arguing that this document "most likely directly addresses Plaintiff, her lawsuit, and any possible financial dealings between Plaintiff and L&M."  P. Mot. to Compel Testimony 12.[6]  L&M disagrees with Hoffman's argument that L&M's alleged separation agreement comes within the scope of topics A(2), A(4), and A(11).[7]  It suggests in a footnote that, rather than permit Hoffman to re-depose L&M, the court should implement a procedure under which the parties stipulate regarding whether there is an L&M separation agreement and, if so, whether the agreement mentions Hoffman or this litigation. D. Resp. to Mot. to Compel Testimony 19 n.10.  Because a procedure of the type L&M proposes, with the added protection of an *in camera* inspection, will enable Hoffman to obtain the discovery she seeks (assuming it exists), the court orders as follows.  Within 14 days of the date this memorandum opinion and order is filed, L&M must provide Hoffman a proposed stipulation that addresses (1) whether there is an L&M separation agreement, (2)

---

[5]Hoffman also maintains that questions relating to L&M's net worth are relevant to the determination of the size and availability of exemplary damages.  Because the court has since granted summary judgment dismissing Hoffman's tort claim, this ground now appears to be inapposite.

[6]In her reply, Hoffman argues that the separation agreement is relevant to L&M's net worth.  The court is not relying on this ground in making its ruling.

[7]L&M also maintains that Hoffman's request for the separation agreement is untimely. The court declines to hold that the request is untimely, given Hoffman's contention that she was unaware that Lévy and Mnuchin completely ended their relationship until Lévy was deposed.

whether the agreement mentions Hoffman and/or this lawsuit, and (3) if there is an L&M

separation agreement that mentions Hoffman and/or this lawsuit, what it says.  If the

proposed stipulation states that there is a separation agreement, L&M must submit to the

court directly in a sealed envelope (not filed with the clerk) a copy of the separation

agreement.  It must also submit, unsealed, a copy of the proposed stipulation.  The court will

verify through *in camera* inspection that the proposed stipulation is factually accurate and

will notify the parties, who can then enter into the stipulation.

Except to the extent the court is granting Hoffman's Motion to Compel Testimony,

the motion is denied.

## II

In her Motion to Compel Discovery, Hoffman seeks an order compelling L&M to

search for and produce all relevant documents of Dominique Levy Fine Art, SA ("DLFA

Geneva") and Dominique Levy Fine Art, LLC ("DLFA NY") (collectively, DLFA, unless

the context otherwise requires).[8]  In response, L&M states:

> In an effort to resolve this issue, L&M contacted counsel for
> DLFA NY, who agreed to search that server for all documents
> containing any one of the twenty search terms that L&M used
> to locate its own responsive documents.  DLFA NY has agreed
> to give L&M's counsel all responsive, non-privileged
> documents that hit on those terms, subject of course to the
> Court's prior discovery orders and L&M's prior objections.
> L&M will promptly produce those documents upon receipt,
> which it anticipates this week.

---

[8]DLFA NY is now known as Dominique Levy Gallery, LLC.  *See* D. Resp. to Mot.
to Compel Discovery 6.

D. Resp. to Mot. to Compel Discovery 6.  Although L&M appears to have produced some of the documents stored on DLFA NY's New York server, Hoffman objects to L&M's search and production methodology and argues that certain documents still appear to be missing.

The court orders L&M itself to perform a search of *all* DLFA NY and DLFA Geneva documents, including those located in New York and in Switzerland.  As explained above, L&M appears not to object to the production of DLFA documents stored on its New York server.  With regard to DLFA documents stored in Switzerland, Hoffman has shown that these documents are within L&M's control.  Under Fed. R. Civ. P. 34, "documents are considered to be under a party's control for discovery purposes when that party has the right, authority, or practical ability to obtain the documents from a nonparty to the suit."  *Shell Global Solutions (US) Inc. v. RMS Eng'g, Inc.*, 2011 WL 3418396, at *2 (S.D. Tex. Aug. 3, 2011) (citing cases).  One of L&M's former principals, Lévy, co-owns DLFA Geneva with her mother and functions as DLFA Geneva's manager.  In addition, there is evidence that DLFA Geneva and L&M exchanged documents in the ordinary course of business, that the two entities did not keep their files wholly separate, and that DLFA Geneva played a large role in the 2007 sale of the Rothko painting, earning a substantial commission for its part.  L&M argues that "there is ample reason to believe that the majority shareholder [of DLFA Geneva] would not" "approve a decision to allow L&M to search DLFA Geneva's documents with the purpose of producing them in U.S. litigation."  D. Resp. to Mot. to

Compel Discovery 9-10.[9]  Yet L&M has not made a sufficient showing that Lévy—who is

one of two co-owners and a minority shareholder of DLFA Geneva—lacks the right or

practical ability to access responsive DLFA documents stored in Switzerland.  *See, e.g.,*

*Cooper Indus., Inc. v. British Aerospace, Inc.,* 102 F.R.D. 918, 920 (S.D.N.Y. 1984)

(ordering production of documents from British affiliate of defendant where defendant had

submitted "nothing more than conclusory statements to show that these documents are not

in its custody or control" and noting "[t]he fact that the documents are situated in a foreign

country does not bar their discovery.").  Accordingly, within 28 days of the date this

memorandum opinion and order is filed, L&M must produce any additional responsive

documents to Hoffman in the manner required by Rule 34(b)(2)(E) ("A party must produce

documents as they are kept in the usual course of business or must organize and label them

to correspond to the categories in the request.").  At the time L&M makes this production,

it must certify in writing to Hoffman and to the court that (1) it has already fully complied

with Hoffman's discovery requests and there are no additional responsive documents to be

---

[9]L&M also cites Swiss Penal Code Art. 271, which provides that "[a]ny person who carries out activities on behalf of a foreign state on Swiss territory without lawful authority, where such activities are the responsibility of a public authority or public official . . . is liable to a custodial sentence not exceeding three years or to a monetary penalty, or in serious cases to a custodial sentence of not less than one year," but it fails to explain how the production of DLFA documents stored in Switzerland would violate Swiss law.  *See* D. Resp. to Mot. to Compel Discovery 10 (asserting that "Swiss law *appears* to prohibit providing documents" for use in litigation in the United States, but failing to develop this argument beyond citing the Swiss Penal Code (emphasis added)).

produced, or (2) that it is producing to Hoffman all additional responsive documents.[10]

Hoffman also requests that L&M be required to produce L&M_ARTS0000113 in unredacted form, arguing that L&M improperly redacted the document on grounds of "confidentiality," notwithstanding that the court entered a protective order that covers such information.  P. Mot. to Compel Discovery Obligations 9; *see also id.* at 16 n.12.  Because L&M has not demonstrated in response why an unredacted version cannot be produced within the protective scope of the protective order, the court grants this request.[11]  L&M must produce the unredacted version within 14 days of the date this memorandum opinion and order is filed.

Hoffman seeks an order compelling L&M to produce John Servino ("Servino") as its Rule 30(b)(6) designee to testify knowledgeably about L&M's document management, preservation, and collection efforts.  The court grants this request.  As Judge Stickney explained in his March 19, 2013 Amended Order,

> L&M has an extensive history of misconduct in [the electronically stored information] area . . . .  L&M repeatedly represented, to this Court and Plaintiff, that it had produced all responsive documents and that it had complied with running the agreed upon search terms.  However, on more than one

---

[10]This does not require L&M to produce privileged documents, documents that L&M has been excused from producing under the terms of a prior discovery order, or documents that are subject to a prior objection.  If L&M withholds production on any such basis, however, it must advise Hoffman so that she can seek any available relief.

[11]L&M argues that Hoffman's request for this document is untimely.  It has not shown, however, nor does it argue, that it would be prejudiced by having to produce an unredacted copy of a document that it has already produced in redacted form.

> occasion, L&M later produced additional responsive documents.
> Due to L&M's questionable document collection and production
> efforts, the Court found that Plaintiff should be allowed a
> broader range of discovery as to this topic against L&M[.]

Mar. 19, 2013 Amended Order 4 (citations omitted).  Because Lévy was unable to testify

competently regarding the various noticed technology topics, the court orders L&M to

produce Servino, who Hoffman argues (and L&M does not dispute) "is the person

responsible for maintaining L&M's servers, computer network, and mobile devices and

worked directly with L&M's counsel to conduct the searches in question."  P. Mot. to

Compel Discovery 22.  Within 14 days of the date this memorandum opinion and order is

filed, L&M must provide Hoffman a list of dates on which Servino can be available for a

Rule 30(b)(6) deposition.  Hoffman need not take the deposition, however, until L&M has

complied with the court's memorandum opinion and order regarding the production of DLFA

documents.

## III

In both motions to compel, Hoffman requests that L&M be sanctioned for its alleged

abuse of the discovery process.  The court defers a ruling on the issue of sanctions until after

the trial is completed, which will enable the court to consider the appropriateness of sanctions

in the context of the entire litigation.

## IV

The court has filed this memorandum opinion and order under seal because briefing

has been filed under seal.  It is not apparent, however, that any part of the memorandum

opinion and order should remain sealed.  Accordingly, unless within 14 days of the date this memorandum opinion and order is filed a party moves the court to maintain specified parts under seal, the court will order the memorandum opinion and order unsealed.  Any such motion may be filed under seal.

**SO ORDERED.**

October 2, 2013.

SIDNEY A. FITZWATER
CHIEF JUDGE

- 10 -