IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARGUERITE HOFFMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:10-CV-0953-D |
| VS. | § | |
| | § | |
| L&M ARTS, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM DECISION

After the jury returned its verdict, the court directed that plaintiff Marguerite Hoffman ("Hoffman") elect her remedy. In a January 3, 2014 letter to the court, Hoffman maintains that she is entitled to elect to recover all of the damages that the jury found in answer to Question No. 3(A) and (C). Alternatively, she requests that the court award the sum of $1.2 million that the jury found in answer to Question No. 3(C). Defendants maintain in a January 3, 2014 joint objection that, because Hoffman is seeking all the damages awarded by the jury and has not elected a remedy, as the court required, she has waived her right to elect a remedy and the court should enter a take nothing judgment, or, alternatively, should require that she immediately elect a remedy.

The court disagrees with defendants that Hoffman's position should result in the entry of a take nothing judgment. Hoffman is entitled to maintain that she should recover all the compensatory damages that the jury found, without forgoing her right to recover any compensatory damages at all.

The court nevertheless declines to hold at this juncture that Hoffman is entitled to all the compensatory damages that the jury found in response to Question No. 3(A) and (C). Therefore, the court is entering judgment in favor of Hoffman in the amount of her alternative request for judgment in the sum of $450,000 from defendant L&M Arts and the sum of $750,000 from

defendants Studio Capital, Inc. and David Martinez. Hoffman can challenge this decision, as can defendants, by such means as a timely motion to alter or amend the judgment. The court is also awarding in the judgment other relief available under Texas law for breach of contract. A party can challenge the awarding of this relief by such means as a timely motion to alter or amend the judgment, or, in the case of attorney's fees and nontaxable expenses, in the context of Hoffman's anticipated motion for attorney's fees and nontaxable expenses.

January 7, 2014.

                                                SIDNEY A. FITZWATER
                                                CHIEF JUDGE