IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARGUERITE HOFFMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:10-CV-0953-D |
| VS. | § | |
| | § | |
| L&M ARTS, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

The court addresses in this memorandum opinion and order the motions that remain pending in this case.[1]

I

The court assumes the parties' familiarity with its prior memorandum opinions and orders and memorandum decision, including its memorandum opinion and order granting the Fed. R. Civ. P. 50(b) motion of defendants Studio Capital, Inc. ("Studio Capital") and David Martinez ("Martinez"), and granting in part and denying in part defendant L&M Arts's ("L&M's") Rule 50(b) motion. *See Hoffman v. L & M Arts*, 2014 WL 4375667 (N.D. Tex.

---

[1] In this memorandum opinion and order, the court addresses the following motions: plaintiff Marguerite Hoffman's ("Hoffman's") November 25, 2013 motion for sanctions against defendant L&M Arts; Hoffman's February 13, 2014 motion for attorney's fees and related nontaxable expenses; Hoffman's March 12, 2014 motion to increase the amount of costs taxed against defendants; defendants' March 12, 2014 motion to retax costs; Hoffman's October 2, 2014 motion to amend the amended judgment; Hoffman's October 2, 2014 motion to reconsider order overturning the jury's verdict on the Martinez defendants' liability for breach of contract; and Hoffman's October 8, 2014 motion to retax costs.

Sept. 4, 2014) (Fitzwater, C.J.) ("*Hoffman VI*").

II

In *Hoffman VI* the court concluded, in relevant part, that plaintiff Marguerite Hoffman ("Hoffman") was entitled to recover from L&M the sum of $500,000 that the jury found in response to Question No. 3(A). *Id.* at *24. But because Hoffman had not moved to alter or amend the January 7, 2014 judgment, it appeared that the court lacked jurisdiction to award her this relief in the amended judgment it was entering on September 4, 2014. *Id.* at *20. It was therefore necessary for the court in its amended judgment to dismiss Hoffman's action against L&M, after which Hoffman would be able to file a timely motion to alter or amend the amended judgment, in response to which the court would enter a second amended judgment that would enable her to recover the sum of $500,000 under her alternative election. *Id.*

Hoffman has complied with the procedure specified in *Hoffman VI* by filing a timely motion to alter or amend the amended judgment. L&M's opposition arguments do not persuade the court to deny her motion to the extent she seeks the relief made available to her in *Hoffman VI*. Accordingly, Hoffman's October 2, 2014 motion to amend the amended judgment is granted to the extent permitted by *Hoffman VI*. It is denied to the extent that she also seeks the relief requested in her October 2, 2014 motion to reconsider order overturning the jury's verdict on the Martinez defendants' liability for breach of contract.

III

Hoffman's October 2, 2014 motion to reconsider order overturning the jury's verdict on the Martinez defendants' liability for breach of contract—which is actually a second Rule 59(e) motion to alter or amend the judgment, *see* P. Mot. Reconsider 1—is denied. First, the court is not persuaded that it erred in *Hoffman VI* when granting the Rule 50(b) motion of defendants Studio Capital and Martinez in light of the arguments and evidence on which Hoffman relied in response. Second, the court declines to consider new arguments that Hoffman failed to make and evidence that she failed to cite in response to the Rule 50(b) motion. Hoffman had ample opportunity in her briefing and at oral argument to present all the arguments and to cite all the evidence that she believed supported the verdict and warranted denying the Rule 50(b) motion of defendants Studio Capital and Martinez.

IV

A

There remain pending Hoffman's November 25, 2013 motion for sanctions against L&M; Hoffman's February 13, 2014 motion for attorney's fees and related nontaxable expenses; Hoffman's March 12, 2014 motion to increase the amount of costs taxed against defendants; defendants' March 12, 2014 motion to retax costs; and Hoffman's October 8, 2014 motion to retax costs. In *Hoffman VI* the court noted that these motions[2] remained pending for decision. *Hoffman VI*, 2014 WL 4375667, at *24 n.27. It denied the motions to

---

[2]The court did not include the October 8, 2014 motion, which was filed after *Hoffman VI* was decided.


the extent they were brought against or by Studio Capital and Martinez because Hoffman's actions against these defendants were being dismissed by the September 4, 2014 amended judgment. The court stated that the motions would otherwise remain pending to the extent brought against or by L&M. *Id.*

As evidenced by the court's decision to treat the motions as pending, the court has attempted where possible to reduce the parties' costs in this already expensive litigation, such as by avoiding the refiling of motions. But because of the procedural posture of this case, the court now concludes that the motions must be denied without prejudice, although it will allow the parties to adopt prior pleadings using a procedure specified below.

B

Because the court is today entering the second amended judgment contemplated in *Hoffman VI*, Hoffman's February 13, 2014 motion for attorney's fees and related nontaxable expenses is premature and perhaps incomplete. Hoffman's March 12, 2014 motion to increase the amount of costs taxed against defendants, and defendants' March 12, 2014 motion to retax costs, relate to the clerk of court's taxation of costs based on the January 7, 2014 judgment, and Hoffman's October 8, 2014 motion to retax costs relates to the clerk of court's taxation of costs based on the September 4, 2014 amended judgment, all of which will be superseded by the clerk of court's taxation of costs based on the second amended judgment. The court therefore concludes that these motions should be denied without prejudice to moving anew for such relief if a party is aggrieved by the clerk of court's

taxation of costs based on the second amended judgment filed today.[3]

C

Although Hoffman's November 25, 2013 pretrial motion for sanctions against L&M is not mooted *per se* by the entry of the amended and second amended judgments, it is possible that Hoffman will opt not to press the motion. First, during the pretrial conference, the court denied Hoffman's requests in the motion for a spoliation instruction and an adverse inference instruction. Second, the court's subsequent substantive rulings resulting in the second amended judgment arguably impact Hoffman's ability to demonstrate that any misconduct by L&M caused her to suffer prejudice. The court therefore denies the motion without prejudice to its being refiled no later than the date that Hoffman's motion for attorney's fees and related nontaxable expenses is due.

D

To assist the parties in reducing their costs incurred in refiling motions or filing new motions as a result of today's decisions, the court will allow the parties to adopt prior pleadings, provided they clearly identify the pleading and part thereof that they are citing. A party may use any citation method that enables the court to efficiently locate the portion of the prior pleading on which the party is relying in the refiled or new motion, response, or reply, or any prior appendix filed in support of any such pleading.

---

[3]The court assumes that a party will make a timely request for the clerk of court to tax costs based on the second amended judgment.

V

On March 14, 2014 the mediator filed with the clerk of court an alternative dispute resolution summary that indicated that the case had not settled but that "[t]he mediator is continuing to work with the parties." Mar. 14, 2014 ADR Summary at 1. Now that the court has decided post-judgment motions, it reiterates the sentiments expressed in its February 14, 2014 order referring this case to mediation. This is a case that should be settled before the parties incur still further costs associated with additional proceedings in this court and on appeal. The court urges them to come to a mutually-agreeable resolution of this litigation. It is willing to grant reasonable extensions to filing deadlines to enable settlement negotiations to be conducted.

\* \* \*

Hoffman's October 2, 2014 motion to amend the amended judgment is granted to the extent permitted by *Hoffman VI*, and a second amended judgment is filed today. Hoffman's October 2, 2014 motion to reconsider order overturning the jury's verdict on the Martinez defendants' liability for breach of contract is denied. Hoffman's November 25, 2013 motion

for sanctions against L&M, Hoffman's February 13, 2014 motion for attorney's fees and related nontaxable expenses, Hoffman's March 12, 2014 motion to increase the amount of costs taxed against defendants, defendants' March 12, 2014 motion to retax costs, and Hoffman's October 8, 2014 motion to retax costs are denied without prejudice.

**SO ORDERED**.

December 1, 2014.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE