IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARGUERITE HOFFMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:10-CV-0953-D |
| VS. | § | |
| | § | |
| L&M ARTS, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Marguerite Hoffman's ("Hoffman's") motion for attorney's fees and related nontaxable expenses presents the question whether Tex. Civ. Prac. & Rem. Code Ann. § 38.001 (West 2015) authorizes the recovery of attorney's fees from a limited liability company ("LLC"). Concluding that it does not, and considering Hoffman's recognition that such fees are unavailable under New York law, the court denies the motion.

I

Because this case is the subject of several prior memorandum opinions and orders, *see, e.g., Hoffman v. L & M Arts*, 2014 WL 4375667 (N.D. Tex. Sept. 4, 2014) (Fitzwater, C.J.) ("*Hoffman VI*"), *appeals docketed*, Nos. 15-10046 (5th Cir. Jan. 20, 2015), and 15-10090 (5th Cir. Feb. 6, 2015), the court will limit its discussion of the background facts and procedural history to what is pertinent to Hoffman's motion for attorney's fees.

Following a trial and the adjudication of post-judgment motions, the court entered a second amended judgment in favor of Hoffman against defendants L&M Arts ("L&M") on

her breach of contract claim.   In the second amended judgment, the court ordered that Hoffman recover such attorney's fees and nontaxable expenses as the court might award by separate memorandum opinion and order "if Hoffman establishes by separate timely motion that L&M is liable for attorney's fees and nontaxable expenses."  2d Am. J. at 2.  Hoffman now moves for such an award under § 38.001.

L&M opposes the motion.[1]  It maintains that New York law controls whether attorney's fees are awardable, and, because both sides agree that such fees are not recoverable under New York law, Hoffman cannot recover attorney's fees on her breach of contract claim.  Alternatively, L&M contends that, even if Texas law controls, Hoffman cannot recover under § 38.001 because that statute does not authorize the recovery of attorney's fees from an LLC.

Because it is undisputed that Hoffman cannot recover attorney's fees from L&M for breach of contract under New York law, the court will assume *arguendo* that Texas law

---

[1]On February 13, 2014 Hoffman filed a motion for attorney's fees and related nontaxable expenses.  The court later granted L&M's motion to bifurcate consideration of the motion and decide first whether L&M was liable for such fees and expenses before requiring briefing on the amount of an award.  In *Hoffman v. L & M Arts*, 2014 WL 6766020, at *2 (N.D. Tex. Dec. 1, 2014) (Fitzwater, J.), the court denied without prejudice Hoffman's motion for attorney's fees—which had been filed before the court entered the second amended judgment—as "premature and perhaps incomplete."  Hoffman then filed her second motion for attorney's fees and related nontaxable expenses.  Under the court's February 14, 2014 bifurcation order, the parties' briefing has related to whether such fees and expenses are recoverable, but not to the amount of such an award.

controls, and it will not engage in a choice-of-law analysis.[2]

## II

As a preliminary matter, the court considers Hoffman's contention that L&M has waived the argument that § 38.001 does not allow her to recover attorney's fees.

## A

Hoffman maintains that L&M waived its contention that § 38.001 does not authorize a recovery against an LLC by failing to include it in the joint pretrial order and by otherwise failing to raise the issue at any time before it filed its post-trial motion to bifurcate fee proceedings. She posits that she had no notice that L&M intended to rely on this defense to her claim for attorney's fees until more than one month after trial, and that she faces severe and irreparable prejudice because she has incurred substantial attorney's fees with the understanding that, if she prevailed at trial, Texas law would apply and she would be entitled

---

[2]At earlier points in this litigation, it was unnecessary for the court to decide whether New York or Texas law governed Hoffman's breach of contract claim because the parties agreed that the law of each state was alike in all material respects. *See, e.g., Hoffman v. L & M Arts*, No. 3:10-CV-0953-D, slip op. at 1 (N.D. Tex. Sept. 5, 2013) (Fitzwater, C.J.) (addressing defendants' motion for order resolving conflict of laws, and noting that defendants had previously acknowledged that the elements of Hoffman's breach of contract claim were the same under Texas or New York law and that Hoffman had agreed that the court need not resolve this conflict of law issue) (citing *Hoffman v. L & M Arts*, 2013 WL 432771, at *5 n.4 (N.D. Tex. Feb. 5, 2013) (Fitzwater, C.J.)). And because the court holds that Hoffman cannot recover attorney's fees against L&M under Texas law, it is still unnecessary for the court to undertake a choice-of-law analysis because it is settled that, "[i]f the laws of the states do not conflict, then no choice-of-law analysis is necessary." *Schneider Nat'l Transp. v. Ford Motor Co.*, 280 F.3d 532, 536 (5th Cir. 2002) (quoting *W.R. Grace & Co. v. Continental Cas. Co.*, 896 F.2d 865, 874 (5th Cir. 1990); *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. CNA Ins. Cos.*, 28 F.3d 29, 32 n.3 (5th Cir. 1994)). In that case, the court applies forum law to the dispute. *Id.*

to recover her attorney's fees from L&M.

B

Hoffman's waiver arguments lack force.  Although the pretrial order governs the issues that were tried,[3] defendants challenged Hoffman's right to recover attorney's fees in the pretrial order.  Their primary position was that New York law controlled and that such fees are not recoverable under New York law.  *See* Pretrial Order at 7 (L&M's Summary of Defenses No. 6) ("L&M contends that New York law applies to Hoffman's claims and that, as a result, Hoffman is not entitled to any award of attorney's fees in the unlikely event that she prevails on her breach of contract claim against any Defendant."); *id*. at 9 (Studio Capital, Inc. and David Martinez Summary of Defenses No. 8) ("Plaintiff's breach of contract claim is governed by New York law.  Were Plaintiff to prevail on her breach of contract claim, she cannot recover attorneys' fees, which are not recoverable under New York law.").  Were the court not concluding today that attorney's fees are unavailable under Texas law—thereby eliminating the necessity of making a choice-of-law ruling—it would be deciding the question that defendants clearly preserved in the pretrial order: whether New York law governs Hoffman's right to recover attorney's fees for breach of contract.  L&M

---

[3]"The joint pretrial order supersedes all pleadings and governs the issues and evidence to be presented at trial." *E.E.O.C. v. Serv. Temps, Inc.*, 2010 WL 5108733, at *3 (N.D. Tex. Dec. 9, 2010) (Fitzwater, C.J.) (citing *Quick Techs., Inc. v. Sage Grp., PLC*, 313 F.3d 338, 345-46 n.5 (5th Cir. 2002)), *aff'd*, 679 F.3d 323 (5th Cir. 2012).  "'Once the [pretrial] order is entered, it controls the scope and course of the trial.'" *Schadler v. Anthem Life Ins. Co.*, 147 F.3d 388, 392-93 n.4 (5th Cir. 1998) (quoting *Valley Ranch Dev. Co. v. FDIC*, 960 F.2d 550, 554 (5th Cir. 1992)).  "If a claim or issue is omitted from the order, it is waived." *Id.*

- 4 -

cannot be said to have waived its defense under such circumstances.  In other words, the court cannot by its choice of an efficient analytical process cause a party to waive a defense that it clearly preserved and that would have been addressed had the court chosen another, equally available approach to deciding the question.

Moreover, L&M also listed a more general contested issue of law that was not dependent on which state's law applied: "Whether Hoffman is entitled to any attorneys' fees in the unlikely event she prevails."  *Id.* at 21 (L&M's Contested Issue of Law No. 20).  The disputed question the court is now deciding—whether Hoffman may recover attorney's fees from L&M on her breach of contract claim—is therefore preserved in the pretrial order and not waived.

C

The court also declines to accept Hoffman's argument that she will face "severe and irreparable prejudice" from L&M's belated assertion of this defense.  P. 12/15/14 Br. 18. Hoffman has been aware throughout this litigation that defendants relied in various respects on New York law (even though in certain instances they acknowledged that no conflict-of-law determination was needed because Texas and New York law were not materially different).  *See, e.g., Hoffman v. L & M Arts*, 2013 WL 432771, at *5 n.4 (N.D. Tex. Feb. 5, 2013) (Fitzwater, C.J.) ("Defendants maintain that New York law controls, but they acknowledge that the elements are the same under Texas or New York law.  Hoffman agrees that the court need not resolve this conflict-of-law issue, but she posits that Texas law governs." (citations omitted)); *Hoffman v. L & M Arts*, 2013 WL 4511473, at *1 n.2 (N.D.

- 5 -

Tex. Aug. 26, 2013) (Fitzwater, C.J.) ("In her brief, Hoffman primarily cites Texas law. L&M argues that New York law applies to Hoffman's fraudulent inducement claim because any purported representations by L&M occurred in New York. But it also maintains that the court need not decide at this stage whether New York or Texas law applies to this claim. Accordingly, the court will assume that Texas law governs Hoffman's fraudulent inducement claim and will apply Texas law in addressing the issues presented in L&M's motion."). It should therefore come as no surprise that L&M would rely on New York law to argue that Hoffman cannot recover attorney's fees. And as explained above, were the court not opting to decide the attorney's fees question on the more efficient basis that Texas law—like New York law—does not authorize Hoffman to recover such fees, it would be deciding whether New York law governs her contract claim.

Moreover, defendants made clear to Hoffman before the commencement of trial that they contested her right to recover attorney's fees and that choice of law did matter in this context. Several months before trial, defendants Studio Capital, Inc. and David Martinez filed a motion on choice of law, and L&M filed a motion for order resolving conflict of laws, in which they asked that the court decide whether Hoffman could recover attorney's fees. In its motion, L&M specifically stated:

> Additionally, to the extent the Court has not yet decided the procedure to be applied in addressing choice-of-law issues in this case, L&M respectfully requests the opportunity to be heard on that issue through a short written submission. The Court's decision on choice of law will determine whether Hoffman is entitled to attorneys' fees in the event that she prevails on her breach of contract claim and, therefore, may

- 6 -

have a significant impact on the total amount of L&M's potential liability and affect the parties' settlement positions. For that reason, L&M believes that the Court should decide this issue in advance of trial, and respectfully requests the opportunity to explain its position in short written submission.

*Hoffman v. L & M Arts*, No. 3:10-CV-0953-D, slip op. at 3 (N.D. Tex. Sept. 5, 2013) (Fitzwater, C.J.) (quoting L&M Sept. 3, 2013 Resp. at 2). While it is true that L&M did not contend that attorney's fees were unavailable under Texas law—indeed, it argued that choice of law mattered because attorney's fees *were* available under Texas law but *not* under New York law—the court held that defendants had not waived the choice-of-law issue and that the court need not decide the question until after trial.

First, the court concludes that the parties were not required to present choice of law issues by pretrial motion. Although substantive motions that raise choice of law issues can be filed under such rules as Fed. R. Civ. P. 12(b)(6), 12(c), and 56, such motions are made at the option of the movant. Choice of law is not a matter that must be presented by pretrial motion. *See* Rule 12(h). And the court did not impose a pretrial deadline under Rule 16(b) for raising choice of law issues. Although it is often helpful to resolve such issues pretrial, absent a court-ordered deadline, a party can wait until trial to raise a choice of law issue, such as during a Rule 50(a) motion for judgment as a matter of law or when addressing the jury charge. Accordingly, defendants did not waive their positions on choice of law by waiting until now to raise the matter.

Second, given the issue that defendants contend is impacted by whether New York or Texas law controls—Hoffman's right to recover attorney's fees for breach of contract—the court need not decide this issue until after trial. To be entitled to recover such fees, Hoffman must first prevail on her breach of contract claim. Then, assuming she prevails, Rule 54(d)(2)(A) provides that her "claim for attorney's fees and related nontaxable expenses must be made by motion unless the

- 7 -

substantive law requires those fees to be proved at trial as an element of damages." Reviewing Hoffman's third amended complaint, it is apparent that she is seeking attorney's fees provided for by Texas law when a party recovers for breach of contract, *see* 3d Am. Compl. ¶ 132, not fees that Texas law requires be proved at trial as an element of damages. The choice of law issue can therefore await trial and, if necessary, a post-trial motion for attorney's fees.

*Id.* at 2-3 (some citations omitted).

In sum, defendants made clear throughout the litigation that they were relying on New York law; before the trial started, they asked the court to decide whether New York or Texas law governed the recovery of attorney's fees for breach of contract; the court deferred until after trial the determination whether New York or Texas law governs; and the court is deciding this question based on Texas law because it concludes that attorney's fees are unavailable under Texas law or New York law. Under these circumstances, L&M has not caused Hoffman to incur severe and irreparable prejudice due to the timing of its assertion that attorney's fees are unavailable under Texas law.

### III

The court now turns to the question whether Hoffman may recover attorney's fees from L&M under Texas law.

### A

Section 38.001 provides that, if a claim is for at least one of eight specific categories, "[a] person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs." Section 38.001(8) applies to a valid claim

for "an oral or written contract."  Hoffman has recovered from L&M on a valid claim for a

written contract.  The question presented is whether L&M, an LLC, is "an individual or

corporation" within the meaning of § 38.001.

Where, as here, the court is exercising diversity jurisdiction, it is *Erie*-bound[4] to apply

the law as would a Texas court.  *See, e.g., Allstate Ins. Co. v. Shelby*, 672 F. Supp. 956, 958

(N.D. Tex. 1987) (Fitzwater, J.).  The Supreme Court of Texas has not yet addressed whether

§ 38.001 permits the recovery of attorney's fees from an LLC.  When there is no binding

decision of the Supreme Court of Texas on the question, this court must make an

"*Erie*-guess," i.e., a prediction of how that court would resolve the issue if presented with the

same case.  *See, e.g., Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 229 (5th Cir. 2010)

(citing *Six Flags, Inc. v. Westchester Surplus Lines Ins. Co.*, 565 F.3d 948, 954 (5th Cir.

2009)).  "While decisions of intermediate state appellate courts provide guidance, they are

not controlling.  If a state's highest court has not ruled on the issue in question, a federal

court must determine, to the best of its ability, what the highest court of the state would

decide."  *United Teacher Assocs. Ins. Co. v. Union Labor Life Ins. Co.*, 414 F.3d 558, 565-66

(5th Cir. 2005) (citations omitted).

B

When construing a statute, Texas courts attempt "to determine and give effect to the

Legislature's intent," looking "first to the 'plain and common meaning of the statute's

---

[4]*Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

words.'" *State ex rel. State Dep't of Highways & Pub. Transp. v. Gonzalez*, 82 S.W.3d 322, 327 (Tex. 2002) (quoting *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865 (Tex. 1999)); *see also* Tex. Gov't Code Ann. § 312.005 (West 2013) ("In interpreting a statute, a court shall diligently attempt to ascertain legislative intent and shall consider at all times the old law, the evil, and the remedy."); *Am. Home Prods. Corp. v. Clark*, 38 S.W.3d 92, 95 (Tex. 2000) ("When we construe a statute, our objective is to determine and give effect to the Legislature's intent."). If a statute's meaning is unambiguous, Texas courts generally interpret the statute according to its plain meaning. *Gonzalez*, 82 S.W.3d at 327. This is because "it is a fair assumption that the Legislature tries to say what it means, and therefore the words it chooses should be the surest guide to legislative intent." *Fitzgerald*, 996 S.W.2d at 866. "Also, ordinary citizens should be able to rely on the plain language of a statute to mean what it says." *Id.*

Section 38.001 differentiates between who may recover attorney's fees and from whom such fees may be recovered. A "person" may recover attorney's fees, but such fees may only be recovered from "an individual or corporation." The Texas Code Construction Act[5] broadly defines "person" to include a "corporation, organization, government or governmental subdivision or agency, business trust, estate, trust, partnership, association, and any other legal entity." Tex. Gov't Code Ann. § 311.005(2) (West 2013). In specifying from

---

[5]Although chapter 38 of the Texas Civil Practice and Remedies Code does not define the term "person," Tex. Civ. Prac. & Rem. Code Ann. § 1.002 (West 2002) provides that the Texas Code Construction Act applies to the construction of its provisions, except as expressly provided.

whom such fees may be recovered, however, § 38.001 does not use the term "person." Instead, it provides that attorney's fees may be recovered from "an individual or corporation." Neither the Civil Practice and Remedies Code nor the Code Construction Act defines the term "individual" or "corporation." Thus while it is apparent from the text of § 38.001 that the universe of those who may recover attorney's fees is broader than those from whom such fees may be recovered, the court must still decide whether an LLC falls within the scope of "an individual or corporation."

To make this determination, the court must give these terms their ordinary meaning. *See TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011) ("Undefined terms in a statute are typically given their ordinary meaning . . . [a]nd if a statute is unambiguous, we adopt the interpretation supported by its plain language."); *cf. Powell v. Stover*, 165 S.W.3d 322, 326 (Tex. 2005) (relying on dictionary to define ordinary meaning of word).

## C

An LLC is clearly not an "individual" under the ordinary meaning of that term. *See Merriam-Webster's Collegiate Dictionary* 635 (11th ed. 2003) (defining "individual" as "a single human being as contrasted with a social group or institution."); *see also Base-Seal, Inc. v. Jefferson Cnty.*, 901 S.W.2d 783, 786 (Tex. App. 1995, writ denied) (defining "individual" as a "human being"). Although the Supreme Court of Texas has not yet

considered the issue, Texas courts of appeals[6] and federal courts interpreting § 38.001 have uniformly held that the term "individual" refers to "humans" and does not include partnerships, limited partnerships, limited liability partnerships, governmental subdivisions, or "other legal entities." *See, e.g., Baylor Health Care Sys. v. Nat'l Elevator Indus. Health Benefit Plan*, 2008 WL 2245834, at *6 (N.D. Tex. June 2, 2008) (Solis, J.) ("[T]he Court finds that the plain language of Section 38.001 of the Texas Civil Practice[] & Remedies Code is unambiguous and that an ERISA plan . . . is not an 'individual or corporation' under Section 38.001[.]"); *Ganz v. Lyons P'ship, L.P.*, 173 F.R.D. 173, 176 (N.D. Tex. 1997) (Urbom, J.) (holding that attorney's fees are not recoverable from partnership or limited partnership because, in drafting § 38.001, Texas legislature "eliminated [the word 'person' from the second clause] and substituted 'individual,' a narrower term that by common meaning does not include a partnership, limited or otherwise."); *Fleming & Assocs., L.L.P. v. Barton*, 425 S.W.3d 560, 575 (Tex. App. 2014, pet. filed) ("[w]hen a statute contains undefined terms, the ordinary meanings of these terms should be applied," and the party seeking to recover fees in this case "is neither an individual nor a corporation: it is an LLP."); *Base-Seal*, 901 S.W.2d at 786 ("A county is a political subdivision of the State; as such, it is neither an individual nor a corporation.").

        In addition to the plain meaning of the term "individual," these cases rely on the

_____

        [6]"In making an [*Erie*] guess in the absence of a ruling from the state's highest court, this Court may look to the decisions of intermediate appellate state courts for guidance." *Howe ex rel. Howe v. Scottsdale Ins. Co.*, 204 F.3d 624, 627 (5th Cir. 2000) (citation omitted).

history of Tex. Civ. Prac. & Rem. Code Ann. § 38.001.  The predecessor statute to § 38.001—Tex. Rev. Civ. Stat. art. 2226 (repealed 1985) ("Article 2226")—provided that "any person, corporation, partnership, or other legal entity having a valid claim against a person or corporation" may seek attorney's fees from such "persons or corporation." *Ganz*, 173 F.R.D. at 175 (quoting Article 2226).  When the Legislature codified article 2226 as part of Chapter 38 of the Texas Civil Practice and Remedies Code, it replaced the category of those who could recover attorney's fees—"person, corporation, partnership, or other legal entity"—with the single term "person," and it changed the category of those from whom fees could be recovered from "persons or corporation" to "individual or corporation." *Fleming*, 425 S.W.3d at 575.  Courts interpreting the amended statute have explained what the Legislature intended when making these changes:

> The drafters of the amended statute, the present section 38.001, dealt specifically with both those entities who can make claims and those against whom claims may be made for attorney's fees. As to the ones against whom claims may be made, the legislature changed the phrase "person or corporation" to "individual or corporation." The natural and logical explanation is that the legislature, knowing that the Code Construction Act defined "person" to include "partnerships," among others, thereby intended to exclude those who by definition are not "individuals" or "corporations." It excluded "partnerships." To now read "partnerships" back in would defy the ordinary expectation of the legislative act. . . . The legislature obviously knew that "person" included "partnerships." It eliminated that word and substituted "individual," a narrower term that by common meaning does not include a partnership, limited or otherwise.

*Ganz*, 173 F.R.D. at 176; *accord Baylor Health Care Sys.*, 2008 WL 2245834, at *6;

- 13 -

*Fleming*, 425 S.W.3d at 575.[7]  The reasoning of these cases is persuasive.

Hoffman argues that the term "individual" should be construed to include LLCs because the Business Organizations Code defines a "domestic entity" to include an LLC, and, under Tex. Bus. Org. Code Ann. § 2.101 (West 2012), "'*a domestic entity has the same powers as an individual* to take action necessary or convenient to carry out its business and affairs,' including the power to 'sue [and] be sued,' 'make contracts,' and '*incur liabilities*.'" P. 2/3/15 Reply 7-8 (quoting Tex. Bus. Org. Code Ann. § 2.101).  This reasoning is unpersuasive.

First, there is no indication in § 38.001, the Business Organizations Code, or the Code Construction Act that Texas intends in every instance to define terms such as "individual" according to an entity's powers—in other words, to provide that a legal entity that has the same powers as an "individual" is an "individual" wherever that term is used without being further defined.  Moreover, if any definition should be borrowed from the Business

---

[7]Hoffman correctly points out that the change from "persons or corporation" to "individual or corporation" was made primarily because the Code Construction Act defined the term "person" to include governmental entities, and the drafters of § 38.001 wanted to ensure that the codified version of Article 2226 did not authorize the recovery of attorney's fees against governmental entities.  *See Fleming*, 425 S.W.3d at 575 ("the revisor's note [to § 38.001] indicates that the term 'person' was changed to 'individual' primarily to avoid application of the Code Construction Act's definition of 'person,' which could potentially subject governmental entities to liability.").  Even so, the fact remains that the drafters of § 38.001 knew that the term "person" would include other non-corporate entities (such as partnerships and "other legal entities"), yet effectively chose not to include "other legal entities"—a term that could include LLCs—when it changed the word "person" to "individual."  "Because the legislature removed the reference to 'person' and replaced it with 'individual[,'] . . . to now read 'other legal entities' back in would defy the plain meaning of the statute."  *Baylor Health Care Sys.*, 2008 WL 2245834, at *6.

- 14 -

Organizations Code, it is arguably the specific definition of "Individual," which requires no functional analogizing or inferential reasoning to discern its meaning. "'Individual' means a natural person." Tex. Bus. Org. Code Ann. § 1.002(38).

Second, the term "domestic entity" is defined in § 1.002(18) of the Business Organizations Code as "an organization formed under or the internal affairs of which are governed by this code." This would include corporations. If the term "individual" includes any "domestic entity," and if a corporation is a "domestic entity," there would be no need to include the term corporation in the phrase "individual or corporation" found in § 38.001. The term "individual" would include a corporation. Accordingly, this cannot be a correct interpretation of the term "individual" because it would render the term "corporation" superfluous. *See, e.g., Columbia Med. Ctr. of Las Colinas, Inc. v. Hogue*, 271 S.W.3d 238, 256 (Tex. 2008) ("The Court must not interpret the statute in a manner that renders any part of the statute meaningless or superfluous." (citing *City of Marshall v. City of Uncertain*, 206 S.W.3d 97, 105 (Tex. 2006))).

The court concludes that the plain meaning of the term "individual" does not include business entities such as LLCs, and, accordingly, makes an *Erie* prediction that the Supreme Court of Texas would not interpret the term "individual" in § 38.001 to include an LLC.

D

The court considers next whether the Supreme Court of Texas would interpret the term "corporation" in § 38.001 to include an LLC.

"LLCs are a comparatively recent innovation in business organizational form, in

- 15 -

essence affording the corporation-like benefit of limited liability but with partnership tax treatment."[8] *Shook v. Walden*, 368 S.W.3d 604, 613 n.10 (Tex. App. 2012, pet. denied); *see also SJ Med. Ctr., L.L.C. v. Estahbanati*, 418 S.W.3d 867, 874-75 (Tex. App. 2013, no pet.) ("Limited liability companies have been said to offer 'the best of both worlds—the limited liability of a corporation and the favorable tax treatment of a partnership.'" (quoting *Historic Boardwalk Hall, LLC v. Comm'r*, 694 F.3d 425, 429, n.1 (3d Cir. 2012)). LLCs, however, are separate and distinct legal entities, governed by a separate title within the Business Organizations Code. They are neither included in the Code's definition of "corporation," *see* Tex. Bus. Orgs. Code Ann. § 1.002(14) (defining "corporation" as "an entity governed as a corporation under Title 2 [addressing corporations] or Title 7 [addressing professional entities]" (footnotes omitted)), nor are they "included in the ordinary meaning of the word 'partnership.'" *SJ Med. Ctr.*, 418 S.W.3d at 875 (citation omitted).

Hoffman contends that Texas and other courts have consistently recognized that LLCs are functionally equivalent to corporations. She cites Tex. Bus. Orgs. Code Ann. § 101.002(b), which defines a corporation to include an LLC for purposes of member liability. *See id.* ("For purposes of the application of Subsection (a) . . . a reference to 'corporation' or 'corporate' includes a 'limited liability company.'"). Although Hoffman is correct that LLCs and corporations are treated similarly for some purposes, *see, e.g., McCarthy v. Wani*

---

[8]Texas first authorized the creation of LLCs through its 1991 enactment of the Texas Limited Liability Company Act. *Shook v. Walden*, 368 S.W.3d 604, 613 (Tex. App. 2012, pet. denied).

*Venture, A.S.*, 251 S.W.3d 573, 590 (Tex. App. 2007, pet. denied) ("Texas courts and other jurisdictions[] have applied to LLCs the same state law principles for piercing the corporate veil that they have applied to corporations."), LLCs and corporations are distinct legal entities.  Otherwise, there would be no need, for example, for Texas law to provide that corporations and LLCs are to be treated the same in certain enumerated circumstances.  *See* Tex. Bus. Orgs. Code Ann. § 101.002(b).  Provisions of law that apply to corporations would necessarily pertain to LLCs.

The history of § 38.001 and its predecessor statute supports the conclusion that the term "corporation" does not include an LLC.  Article 2226 provided that "any person, corporation, partnership, or other legal entity having a valid claim against a person or corporation" could recover attorney's fees against the "persons or corporation."  Article 2226. When construing statutes, Texas courts presume that the statutory language was chosen purposefully and deliberately.  *Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 635 (Tex. 2010).  They do not interpret a statute "in a manner that renders any part of the statute meaningless or superfluous."  *Columbia Med. Ctr.*, 271 S.W.3d at 256 (citing *City of Marshall*, 206 S.W.3d at 105).  Accordingly, because the first clause of Article 2226 separately listed the terms "person," "corporation," "partnership," and "other legal entity," each term must have a distinct meaning.  The term "corporation" should not be interpreted to include a "partnership" or any "other legal entity."  *See Columbia Med. Ctr.*, 271 S.W.3d at 256.  And because "courts should not give an undefined statutory term a meaning out of harmony or inconsistent with other provisions," *Texas Department of*

*Transportation v. Needham*, 82 S.W.3d 314, 318 (Tex. 2002), the term "corporation" must have the same meaning each time it is used in the statute.  In other words, under Article 2226, if a corporation did not include a "partnership" or any "other legal entity" when determining *eligibility* for fees, it did not include a "partnership" or any "other legal entity" when determining *liability* for fees.  Article 2226 clearly distinguished between corporations, on the one hand, which could both recover attorney's fees and from whom attorney's fees could be awarded, and "partnerships" and "other legal entities," on the other hand, which could themselves recover attorney's fees but from whom such fees could not be recovered.  "The statute . . . explicitly created dissimilar classes: It allowed persons, corporations, partnerships and other legal entities to recover attorney's fees, but exposed only persons and corporations to liability for attorney's fees." *Lake LBJ Mun. Util. Dist. v. Coulson*, 839 S.W.2d 880, 891 (Tex. App. 1992, no writ).

When Article 2226 was later codified, the term "corporation" was not changed.  Thus the considerations discussed above regarding the Legislature's changing the term "person" to "individual" do not apply.  Instead, because there was no intent to make a substantive change, and because the term "corporation" was not altered during codification, the court can only interpret the term "corporation" in § 38.001 to have the same meaning as the term "corporation" in Article 2226.  And because the term "corporation" in Article 2226 did not include a "partnership" or "other legal entity," the term "corporation" in § 38.001 likewise does not include a "partnership" or "other legal entity."  Among the categories "corporation," "partnership," and "other legal entity," an LLC is best understood as falling within the third

- 18 -

category.  It is neither a corporation nor a partnership, *per se*, although it has attributes of both.  As an "other legal entity," an LLC is not an entity from whom attorney's fees may be recovered under § 38.001.

E

Hoffman contends that, because § 38.001 was intended only to codify Article 2226 rather than to modify its scope, prevailing plaintiffs may recover attorney's fees under § 38.001 from the same categories of defendants from whom they could have recovered under Article 2226, and that "[t]here is little question that article 2226 permitted recovery of attorney's fees from non-corporate private entities."  P. 12/15/14 Br. 19 (citing cases).  The court disagrees.

First, as the court has explained above, Article 2226 distinguished between the categories of those who could recover attorney's fees and those from whom fees could be recovered.  Article 2226 authorized a recovery of attorney's fees from a "person" or a "corporation."  A prevailing party could not recover from a "partnership" or "other legal entity."

Second, although Hoffman is able to cite instances in which Texas courts, including the Supreme Court of Texas, have awarded attorney's fees under Article 2226 against non-corporate entities, none of these cases squarely addresses the question whether attorney's fees are recoverable against such entities under Article 2226.  So far as the court can determine, the issue of recoverability from the particular type of party was not presented on appeal.  *See Baylor Health Care Sys.*, 2008 WL 2245834, at *4 (concluding that cases

awarding attorney's fees against other types of business entities under § 38.001 were unpersuasive because "none of these cases address the issue of the recoverability of statutory attorney's fees from a defendant under the 'individual or corporation' language because the issue was not presented on appeal.").

Third, even if, before codification, Texas courts permitted attorney's fees to be recovered from non-corporate business entities, when "specific provisions of a 'nonsubstantive' codification and the code as a whole are direct, unambiguous, and cannot be reconciled with prior law, the codification rather than the prior, repealed statute must be given effect." *Fleming Foods of Tex., Inc. v. Rylander*, 6 S.W.3d 278, 286 (Tex. 1999). Therefore, because the wording of § 38.001 differs from Article 2226 and clearly limits those against whom attorney's fees may be recovered to an "individual" and a "corporation," even if Texas courts had previously permitted attorney's fees to be recovered from entities other than corporations under Article 2226, the clear language of § 38.001 would control. *See Fleming*, 425 S.W.3d at 575; *see also Baylor Health Care Sys.*, 2008 WL 2245834, at *6 (following *Fleming Foods*).

The court is also unpersuaded by decisions, including of the Supreme Court of Texas, that have awarded attorney's fees to non-corporate business entities under § 38.001. In each case, although the court permitted an attorney's fee award against a business entity other than a corporation, there is no indication that the question whether such an award was permitted under § 38.001 was raised or considered. *See Baylor Health Care Sys.*, 2008 WL 2245834, at *4 (noting that in no case considered was "issue of the recoverability of statutory

- 20 -

attorney's fees . . . presented on appeal").  For example, Hoffman relies on *Midland Western Building L.L.C. v. First Service Air Conditioning Contractors, Inc.*, 300 S.W.3d 738 (Tex. 2009) (per curiam).  But in that case, the only issue raised on appeal was whether the jury erred in awarding no attorney's fees against an LLC where the attorney had offered evidence of attorney's fees.  *Id.* at 739.  The Supreme Court of Texas neither cited § 38.001 nor found it necessary to analyze whether § 38.001 permitted an award of attorney's fees from an LLC. And there is no indication that the appellant challenged the recovery of attorney's fees on the ground that they were unavailable from an LLC.  Generally, "[i]n its review of a civil matter, an appellate court has no discretion to fabricate an issue not raised in the appellant's brief, even though the court may perceive that the ends of justice require such a course." *Bankhead v. Maddox*, 135 S.W.3d 162, 163-64 (Tex. App. 2004, no pet.).  Although under the "fundamental-error doctrine," Texas courts will, "in rare instances . . . review certain types of unpreserved or unassigned error," *In re B.L.D.*, 113 S.W.3d 340, 350 (Tex. 2003), there is no suggestion that the unauthorized award of attorney's fees would constitute one such "rare instance," thus requiring the appellate court to raise this issue *sua sponte*.

F

In sum, based on the plain meaning of the terms "individual" and "corporation," the history of § 38.001 and its predecessor, Article 2226, and the construction given to § 38.001 by Texas courts of appeals and federal courts (including judges of this court), the court makes an *Erie* prediction that the Supreme Court of Texas would hold that an LLC is neither an "individual" nor a "corporation" within the meaning of § 38.001, and that a party with a

valid claim cannot recover attorney's fees from an LLC under § 38.001.  Because it is undisputed that L&M is an LLC, Hoffman cannot recover attorney's fees and nontaxable expenses under § 38.001.

*   *   *

Accordingly, because Hoffman cannot recover attorney's fees and related nontaxable expenses from L&M under New York or Texas law, her motion for attorney's fees and related nontaxable expenses is denied.

**SO ORDERED.**

March 6, 2015.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE