IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARGUERITE HOFFMAN, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:10-CV-0953-D |
| VS. § | |
| § | |
| L&M ARTS, et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Marguerite Hoffman ("Hoffman") moves for sanctions against defendant L&M Arts ("L&M") and to retax costs awarded by the clerk of court in favor of defendants David Martinez and Studio Capital, Inc. (collectively, "the Martinez defendants").[1] For the reasons explained, the court grants in part and denies in part both motions.

I

Because this case is the subject of several prior memorandum opinions and orders, *see, e.g., Hoffman v. L & M Arts*, 2014 WL 4375667 (N.D. Tex. Sept. 4, 2014) (Fitzwater, C.J.) ("*Hoffman VI*"), *appeals docketed*, Nos.15-10046 (5th Cir. Jan. 20, 2015), and 15-10090 (5th Cir. Feb. 6, 2015), the court will limit its discussion of the background facts and

---

[1]As permitted in the court's December 1, 2014 memorandum opinion and order, these are refiled motions that followed the entry of the second amended judgment. *See Hoffman v. L & M Arts*, 2014 WL 6766020, at *2-3 (N.D. Tex. Dec. 1, 2014) (Fitzwater, J.). Except where the specific context requires, the court will refer to the motions without noting that they are refiled. Because the court permitted the parties to adopt prior briefing when making or responding to refiled motions, there are instances where the court relies on a response that predates, but applies equally to, the refiled motion.

procedural history to what is pertinent to Hoffman's present motions.

In March 2011 Hoffman served her first set of requests for the production of documents on L&M. Rather than promptly produce all responsive documents, L&M produced documents in small batches, each time representing that its production was "complete," only to later produce responsive documents that should have been included in earlier productions. Hoffman contends the form and manner of L&M's document productions raised serious questions about the integrity of its search and production process.

In April 2012 Hoffman noticed L&M's deposition under Fed. R. Civ. P. 30(b)(6) ("Rule 30(b)(6) Notice"). She included L&M's document management, preservation, and collection efforts in the matters on which L&M would be asked to testify. L&M objected to the Rule 30(b)(6) Notice and sought a protective order. In a March 19, 2013 amended order, Judge Stickney denied L&M's motion and explained why the Rule 30(b)(6) Notice was appropriate:

> L&M has an extensive history of misconduct in [discovery]. L&M repeatedly represented, to this Court and Plaintiff, that it had produced all responsive documents and that it had complied with running the agreed upon search terms. However, on more than one occasion, L&M later produced additional responsive documents. Due to L&M's questionable document collection and production efforts, the Court found that Plaintiff should be allowed a broader range of discovery as to this topic against L&M than Studio Capital.

March 19, 2013 Order at 4 (citations omitted).

In April 2013 L&M designated Dominique Lévy ("Lévy") to testify as its Rule 30(b)(6) witness. During the deposition, L&M's counsel instructed her not to answer

questions regarding the 2012 dissolution of L&M.  It also became apparent that Lévy was not competent to testify about L&M's information technology ("IT") systems or its document collection and production process.  Finally, when asked about L&M's efforts to search for and produce responsive documents from DL Fine Art, SA ("DLFA Geneva") and Dominique Levy Fine Art, LLC ("DLFA NY"), Lévy testified that, despite the fact that most (if not all) of these documents were stored on servers located at L&M's New York offices, L&M did not undertake any search for documents belonging to DLFA Geneva or DLFA NY.

After Lévy's deposition, Hoffman filed a June 18, 2013 motion to compel L&M to provide further testimony, and a June 18, 2013 second motion to compel defendant L&M to comply with its discovery obligations and for sanctions.  In an October 2, 2013 memorandum opinion and order,[2] the court granted both motions in part.  It ordered L&M (1) to perform a search of all DLFA documents, including those located in New York and in Switzerland; (2) to produce John Servino ("Servino"), L&M's IT support consultant, for a deposition under Rule 30(b)(6) to testify knowledgeably about L&M's document management, preservation, and collection efforts; and (3) to produce a competent witness to testify concerning communications between Lévy and Robert Mnuchin ("Mnuchin") about Hoffman, the instant litigation, and/or the 2007 sale of the Rothko painting in connection with L&M's dissolution in 2012.  "The court defer[red] a ruling on the issue of sanctions until after the trial [was] completed, which [would] enable the court to consider the

---

[2]The memorandum opinion and order was initially filed under seal and later unsealed.

appropriateness of sanctions in the context of the entire litigation." October 2, 2013 Mem. Op. at 9.

In her instant motion for sanctions, Hoffman contends that L&M did not comply with the October 2, 2013 Memorandum Opinion. She maintains that L&M produced documents on October 30, 2013 that contained incorrectly redacted documents, contained emails from Lévy's domestic email account that L&M had not previously produced, and failed to include a contract between DLFA Geneva and Studio Capital, which Lévy claimed to have dictated to her assistant. Hoffman posits that, despite L&M's certification that it had conducted a diligent search of all DLFA documents within its control and was producing all additional non-privileged documents, she later discovered (during the deposition of Servino) that L&M did not itself conduct a search for documents located in Geneva, as required, could not vouch for the search that was conducted, and never provided any explanation why certain DLFA Geneva documents that should have been produced were not.

Hoffman also contends that she discovered during the Servino deposition that L&M had not taken appropriate steps to preserve and collect relevant documents in connection with this litigation, and that L&M's representations to the contrary must have been knowingly false when made. Hoffman maintains that Servino was not competent to testify regarding a number of issues, including the DLFA Geneva documents and their production, L&M's preservation efforts prior to his involvement in discovery in this case (18 months after L&M's duty to preserve arose), L&M's collection efforts, and the unexplained gaps in L&M's production.

Finally, Hoffman posits that L&M's compliance with the court's directive that it produce a representative witness to testify about L&M's dissolution in 2012 was equally deficient. Although Hoffman's counsel had initially attempted to question Lévy on issues related to L&M's dissolution, L&M refused to produce Lévy again, instead producing Mnuchin on November 22, 2013, allegedly in an effort to cover up the fact that a key reason why Lévy wished to separate from Mnuchin was his having caused L&M to breach L&M's contract with Hoffman. According to Hoffman, Mnuchin did not have any direct recollection of any of the subjects on which the court ordered L&M to testify.

Hoffman contends that, because the trial was set to begin in December 2013, she did not move to compel L&M to comply with its discovery obligations. Instead, she filed a motion for sanctions, seeking an adverse inference instruction based on L&M's spoliation of relevant evidence and a monetary award based on Servino's alleged incompetence as a Rule 30(b)(6) witness. The court heard Hoffman's motion at the pretrial conference. After considering the parties' positions, the court declined to give the jury a spoliation instruction, finding that Hoffman had failed to make a sufficient showing that L&M had destroyed documents in bad faith. The court reserved a ruling on the motion to the extent it sought other sanctions.

In December 2013 Hoffman's breach of contract claim and defendants' waiver defenses were tried to a jury, which found in Hoffman's favor as to all three defendants. Defendants moved for post-judgment relief, which the court granted in favor of the Martinez defendants and granted in part and denied in part as to L&M. *Hoffman VI*, 2014 WL

4375667, at *24. Due to the procedural posture of the case, in order to grant Hoffman the relief to which she was entitled, it was necessary for Hoffman to file a motion to alter or amend the judgment and for the court to enter a second amended judgment. *Id.* at *20. In its memorandum opinion and order that addressed Hoffman's motion and accompanied the second amended judgment, the court denied without prejudice Hoffman's pending pretrial motion for sanctions against L&M. The court noted that "[a]lthough Hoffman's November 25, 2013 pretrial motion for sanctions against L&M is not mooted *per se* by the entry of the amended and second amended judgments, it is possible that Hoffman will opt not to press the motion." *Hoffman v. L & M Arts*, 2014 WL 6766020, at *2 (N.D. Tex. Dec. 1, 2014) (Fitzwater, J.) ("*Hoffman VII*"). The court therefore denied the motion "without prejudice to its being refiled." *Id.*

Hoffman has refiled her motion for sanctions against L&M under Rule 37, seeking the following: an award of attorney's fees that she maintains she incurred litigating her right to discovery through multiple motions over several years; the costs of preparing for and taking three court-ordered Rule 30(b)(6) depositions, "only to be presented with incompetent witnesses," P. 12/15/14 Mot. Sanctions 25; and the expenses she incurred investigating her spoliation claim.

Hoffman also moves to retax costs. After the court entered the second amended judgment, the clerk of court taxed costs in favor of the Martinez defendants against Hoffman in the sum of $30,129.67. Hoffman challenges $22,049.80 of these taxed costs: $3,894.05 for the deposition of John Van Doren ("Van Doren"); $2,657.00 for "subsistence" costs for

- 6 -

the Martinez defendants' expert, Elin Lake-Ewald ("Dr. Lake-Ewald"); and $15,498.75 for "in-court audio-visual services" provided by Legal Media Inc. ("Legal Media") during trial.

L&M opposes Hoffman's motion for sanctions, and the Martinez defendants oppose her motion to retax costs.

II

The court considers first whether Hoffman is entitled to recover the attorney's fees she incurred in connection with her motions to compel discovery.[3]

Rule 37(a)(5) provides that, when a motion for an order compelling discovery is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless, *inter alia*, "the opposing party's nondisclosure, response, or objection was substantially justified" or "other circumstances make an award of expenses unjust."

In her December 15, 2014 refiled motion for sanctions, Hoffman seeks "the attorney fees she has incurred in being forced to litigate her undisputed right to this discovery through multiple motions over many years." P. 12/15/14 Mot. Sanctions 25. In *Hoffman VII* the court permitted Hoffman to "refile" her prior motions for sanctions, and noted that "[t]o

---

[3]L&M argues that Hoffman has only requested sanctions based on L&M's violations of the court's October 2, 2013 Memorandum Opinion. But Hoffman clearly states in her motion for sanctions that she is "address[ing] the sanctions requests she previously made in each of the three prior Sanctions Motions that the Court previously deferred." P. 12/15/14 Mot. Sanctions 1 n.2.

assist the parties in reducing their costs incurred in *refiling motions* or filing *new motions as a result of today's decisions*," the parties could adopt prior pleadings. *Hoffman VII*, 2014 WL 6766020, at *3. The court did not authorize Hoffman to seek sanctions on grounds not previously raised or to revive prior motions for sanctions on which the court has already ruled. Accordingly, Hoffman is only entitled to recover sanctions with respect to the previously-filed motions to compel in which she requested sanctions and the court deferred rulings. The court thus concludes that Hoffman is only eligible to recover the attorney's fees she incurred in connection with her June 18, 2013 motion to compel L&M to provide further testimony, and her June 18, 2013 second motion to compel defendant L&M to comply with its discovery obligations and for sanctions.

L&M opposes Hoffman's sanctions motion, contending that the court should consider that she was not prejudiced by the discovery abuses she alleges—indeed, she was able to obtain a favorable jury verdict at trial—and should conclude that the award of attorney's fees would be unjust. The court disagrees. Although L&M is correct that Hoffman may not be able to show prejudice in the sense that she was prevented from fully presenting her case at trial, she is nonetheless entitled to recover the attorney's fees that she was required to incur in litigating her right to the discovery to which she was entitled. It would be strange indeed if the Federal Rules permitted a party to withhold discovery to which the requesting party was clearly entitled and then defeat an award of sanctions on the basis that the requesting party had not been injured as a result. This is not supported by Rule 37. Moreover, if this were the rule, it would create a perverse incentive for a party to disregard its discovery

obligations. If the party intentionally failed to produce damaging evidence, it might prevail at trial. But if its opponent prevailed at trial despite the party's misconduct, the party would not be sanctioned for failing to comply with its discovery obligations.

III

Hoffman next requests the costs she incurred "in preparing for and taking three court-ordered Rule 30(b)(6) depositions only to be presented with incompetent witnesses." P. 12/15/14 Mot. Sanctions 25.

A

Hoffman is entitled to recover the attorney's fees and expenses that she incurred in preparing for and taking the April 12, 2013 deposition of Lévy. In his March 19, 2013 Order, Judge Stickney ordered L&M to produce a Rule 30(b)(6) witness to testify regarding the noticed topics. L&M produced Lévy, but, as this court concluded in its October 2, 2013 Memorandum Opinion, "Lévy was unable to testify competently regarding the various noticed technology topics," and she refused to answer "[q]uestions about the role, if any, that Hoffman, the 2007 sale of the Rothko painting, or the instant litigation played in the separation of L&M's two principals, [Lévy] and [Mnuchin]," even though these questions "fall at least to some extent within the scope of deposition topics A(4), A(11), and A(12), which have twice been approved by [Judge Stickney]." October 2, 2013 Mem. Op. at 2-3, 9 (footnotes omitted).

Under Rule 37(b)(2)(C), if a party fails to comply with a court order regarding discovery, "the court must order the disobedient party, the attorney advising that party, or

both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Lévy's refusal and/or inability to answer questions within the scope of Hoffman's noticed Rule 30(b)(6) topics, which had already been approved by Judge Stickney, constituted a failure to comply with a court order regarding discovery. Accordingly, the court orders L&M to pay Hoffman's reasonable expenses, including attorney's fees and related costs, incurred in connection with the April 2013 deposition of Lévy.

B

Hoffman is not entitled to an award of attorney's fees or costs incurred in connection with the November 4, 2013 deposition of Servino. As Hoffman acknowledges, Servino "was certainly competent to testify as to some issues" and provided complete answers to many of the questions he was asked during his deposition. P. 11/25/13 Mot. Sanctions 13. He testified at length about L&M's IT systems, including its back-up and retention systems, and about the searches he performed for L&M in connection with this case. Regarding L&M's efforts to preserve documents prior to his involvement in September 2011, Servino testified, based on a review of Lévy's deposition transcript and his own discussion with Lévy, that she had instructed her staff, including Leila Saadai, to look for documents pertaining to the transaction. And regarding L&M's search of the DLFA Geneva documents, Servino testified that L&M requested that NAT Services (a fiduciary services company and the exclusive custodian of DLFA Geneva records and documents in Switzerland) conduct a search of its files using the same 20 search terms L&M used to locate documents on its own servers.

A company offering a rule 30(b)(6) witness "must make a conscientious good-faith endeavor to . . . *prepare* those persons in order that they can answer fully, completely, unevasively, the questions posed . . . as to the relevant subject matters." *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006) (citations and internal quotation marks omitted). Having reviewed the transcript of Servino's deposition, the court concludes that Servino was adequately prepared to answer questions on the noticed deposition topics. Neither his inability to explain why certain documents were missing from L&M's document production nor his lack of knowledge of the details regarding the storage, preservation, and production of the DLFA Geneva documents renders him an incompetent witness. *Cf. Resolution Trust Corp. v. S. Union Co.*, 985 F.2d 196, 196-97 (5th Cir. 1993) (affirming award of costs and fees incurred in the deposition of a witness who "possessed no knowledge relevant to the subject matters identified in the Rule 30(b)(6) notice" such that his "appearance [was], for all practical purposes, no appearance at all."). Although Hoffman may have been entitled to answers on these questions, she is not entitled to sanctions. Servino's "deposition can hardly be said to be tantamount to a failure to appear under Rule 37," thereby warranting sanctions. *Alexander v. Fed. Bureau of Investigation*, 186 F.R.D. 137, 143 (D.D.C. 1998).

C

Similarly, Hoffman is not entitled to attorney's fees or costs incurred in connection with the November 22, 2013 deposition of Mnuchin. For the first time in her December 15, 2014 refiled motion for sanctions, Hoffman challenges L&M's production of Mnuchin as a

witness to testify about L&M's 2012 dissolution. As explained above, in *Hoffman VII* the court permitted Hoffman to "refile" her prior motions for sanctions, not to seek sanctions on grounds not previously raised. And given that Hoffman knew of the supposed "deficiencies" in Mnuchin's deposition on the date the deposition took place—November 22, 2013—yet failed to seek sanctions as a result of these alleged deficiencies at any time prior to the court's entering the second amended judgment, the court concludes that Hoffman's motion in this respect is untimely and should not be considered.[4] *See, e.g., Mercy v. Cnty. of Suffolk, N.Y.*, 748 F.2d 52, 55-56 (2d Cir. 1984) ("[A] motion for Rule 37 sanctions should be promptly made, thereby allowing the judge to rule on the matter when it is still fresh in his mind. The motion should be deemed waived if it is not made prior to judgment and if the judgment entered does not . . . expressly reserve the right to make the motion thereafter."); *Citgo Petroleum Corp. v. Odfjell Seachem*, 2013 WL 2289951, at *11 (S.D. Tex. May 23, 2013) ("Rule 37 does not impose a specific time limit for filing motions for sanctions. However, an unreasonable delay may render a motion for sanctions under Rule 37 untimely.").

IV

Finally, Hoffman moves the court to award the expenses she incurred in investigating her spoliation claim. Because Hoffman was unsuccessful on the merits of her request for a spoliation instruction, the court denies her motion for fees in this respect.

---

[4]Although Hoffman does not specifically request sanctions as a result of L&M's alleged breach of the court's order to search for and produce all responsive DLFA NY and DLFA Geneva documents, to the extent she intends to request sanctions on this basis, her request is untimely for the same reasons.

V

Because the court cannot determine from Hoffman's current motion what attorney's fees and expenses she reasonably incurred in connection with her June 18, 2013 motion to compel defendant L&M to provide further testimony, her June 18, 2013 second motion to compel defendant L&M to comply with its discovery obligations and for sanctions, and her April 12, 2013 deposition of Lévy, it directs that, within 28 days of the date this memorandum opinion and order is filed, she submit a brief and supporting appendix containing the materials necessary to support a specific award of attorney's fees and expenses. L&M may file an opposition brief and any supporting appendix within 21 days of the date Hoffman makes her filing.[5] Hoffman may file a reply brief and any supporting appendix within 14 days of the date L&M makes its filing.

VI

The court now considers Hoffman's motion to retax costs.

A

After the court entered the second amended judgment, the clerk of court taxed costs in favor of the Martinez defendants against Hoffman in the sum of $30,129.67. Hoffman moves to retax costs, challenging $22,049.80 of the taxed costs: $3,894.05 for the Van Doren deposition; $2,657.00 for "subsistence" costs for the Martinez defendants' expert, Dr. Lake-

---

[5]If L&M unreasonably opposes the fees or expenses that Hoffman seeks, the court may award Hoffman her attorney's fees and expenses incurred in preparing the pleadings that the court now requires.

- 13 -

Ewald; and $15,498.75 for "in-court audio-visual services" provided by Legal Media during trial.

B

A prevailing party in a civil action is entitled to recover its costs unless the court otherwise directs. Rule 54(d). Taxable costs include: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) witness fees and related expenses; (4) printing costs; (5) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case. 28 U.S.C. § 1920. *See* 28 U.S.C. §§ 1821 & 1920. A district court may decline to award statutory costs, but may not award costs omitted from the statute. *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987); *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993).

C

Hoffman contends the Martinez defendants should not be allowed to recover the sum of $3,894.05 for the Van Doren deposition because this amount includes incidental charges for "roughdraft/ASCII," "Interactive Realtime," "Exhibit Package," "Litigation Support Package," and "Shipping & Handling," none of which is permitted under 28 U.S.C. § 1920. The Martinez defendants respond that, although the invoice does include line items for each of these expenses, these are "phantom charges," and they should be allowed to recover the cost of the deposition. Martinez Ds. 10/23/14 Br. 2.

A prevailing party is entitled to recover the costs of taking, transcribing, and

reproducing depositions that are "necessarily obtained for use in the case." 28 U.S.C. § 1920(2) (allowing "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case"). "However, [a] plaintiff is not entitled to recover incidental costs associated with these depositions, such as the cost of ASCII disks and delivery charges." *Harris Corp. v. Sanyo N. Am. Corp.*, 2002 WL 356755, at *3 (N.D. Tex. Mar. 4, 2002) (Kaplan, J.). "The burden is on the party seeking recovery of costs to show what portion of a particular invoice is recoverable." *Halliburton Energy Servs., Inc. v. M-I, LLC*, 244 F.R.D. 369, 372 (E.D. Tex. 2007). When the party fails to meet this burden, the court can disallow all costs and limit the recovering party to the basic transcript charge, where those charges are itemized. *See id.* at 372-73 ("The burden is on the party seeking recovery of costs to show what portion of a particular invoice is recoverable. M–I did not meet that burden with respect to those invoices that are not itemized. Therefore, the Court will only allow recovery for the basic transcript charge of $3.50 per page for those invoices that are itemized."). Here, however, the bill of costs that the Martinez defendants filed, *see* 12/3/14 Bill of Costs at 14, lacks the necessary detail to make any award. Accordingly, the court disallows the entire sum of $3,894.05 for the Van Doren deposition.

D

Hoffman next objects to "subsistence" costs in the amount of $2,657.00 for the Martinez defendants' expert witness, Dr. Lake-Ewald.

Hoffman contends that the Martinez defendants have not met their burden of demonstrating that the costs of Dr. Lake-Ewald for "Direct/ Travel Expenses: Car service/

meals/ flights" are recoverable under 28 U.S.C. §§ 1821 and 1920(3).[6] In response, the Martinez defendants provide invoices and an itemized list of Dr. Lake-Ewald's expenses, reducing her airfare to an amount equal to the lowest rate available on a date approximately the same number of days prior to the flight as when Dr. Lake-Ewald's ticket was purchased, and allegedly reducing her hotel expenses to an amount equal to the maximum per-diem allowance prescribed by the Administrator of General Services for official travel in the Dallas area by employees of the federal government.

28 U.S.C. § 1821(c)(1) requires that a witness who travels by common carrier "shall utilize a common carrier at the most economical rate reasonably available." The Martinez defendants attempt to prove that $983.00 is the lowest rate available on a date approximately the same number of days prior to flight as when Dr. Lake-Ewald's ticket was purchased, but they fail to provide evidence that $983.00 was the lowest rate available at the time Dr. Lake-Ewald purchased her ticket. Indeed, for the same travel dates, Hoffman seeks only $640 for the travel of her expert. Accordingly, the court reduces the taxable costs for Dr. Lake-Ewald's airfare from $983.00 to $640.

Regarding hotel costs, 28 U.S.C. § 1821(d)(2) provides "[a] subsistence allowance for a witness shall be paid in an amount not to exceed the maximum per diem allowance prescribed by the Administrator of General Services . . . for official travel in the area of attendance by employees of the Federal Government." The federal employee rate for lodging

---

[6]In her reply, Hoffman appears to have abandoned her objection to the reasonableness of the costs of Dr. Lake-Ewald's car service.

December 2013 is $108.00 per night. Based on this, the Martinez defendants are entitled to recover the sum of $1,188.00 for Dr. Lake-Ewald's hotel expenses.

Accordingly, the court reduces the taxable portion of Dr. Lake-Ewald's costs from $2,657.00 to $2,127.57.

E

Finally, Hoffman objects to the Martinez defendants' request for $15,498.75 for "in-court audio-visual services" provided during trial by Legal Media, contending that the Martinez defendants did not receive advance authorization to incur this cost and that the amount is unreasonable.

The Martinez defendants respond on several grounds that they should be permitted to recover this cost: first, the Fifth Circuit case on which the pretrial approval rule is based has been abrogated by the Supreme Court's subsequent decision in *Crawford Fitting*, 482 U.S. 437, and the only Fifth Circuit case since *Crawford Fitting* to discuss the issue of whether costs relating to the production of exhibits are taxable—*Perez v. Pasadena Independent School District*, 165 F.3d 368 (5th Cir. 1999)—indicates that they are recoverable under the facts of this case; second, the plain language of 28 U.S.C. § 1920 and cases from other jurisdictions indicate that such costs are taxable; and, third, Hoffman cannot contend that the amount requested is unreasonable because she seeks an even greater amount for audiovisual services against L&M if the court decides that such costs are taxable.

"In the Fifth Circuit, expenses for the production of various types of non-testimonial evidence—such as photographs, maps, charts, graphs, and other demonstrative aids—are

taxable as costs provided the prevailing party obtained court approval before incurring the expense." *Fast Memory Erase, LLC v. Spansion, Inc.*, 2010 WL 5093945, at *6 (N.D. Tex. Nov. 10, 2010) (Kaplan, J.) (citing *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 335 (5th Cir. 1995) (per curiam)). "[A]bsent pretrial approval of the exhibits . . . a party may not later request taxation of the production costs to its opponent." *Arrieta v. Yellow Transp., Inc.*, 2010 WL 4314298, at *2 (N.D. Tex. Oct. 26, 2010) (Fitzwater, C.J.) (quoting *La. Power*, 50 F.3d at 335) (internal quotation marks omitted); *see also Auto Wax Co. v. Mark V Prods., Inc.*, 2002 WL 265091, at *11 (N.D. Tex. Feb. 22, 2002) (Lynn, J.) (disallowing as taxable cost expenses of leasing audiovisual equipment to display exhibits at trial because Fifth Circuit law holds that such expenses can be taxed as costs only if court gave pretrial authorization to incur expense of leasing and using equipment, and concluding that court neither implicitly nor explicitly authorized party to incur such costs). Although the court approved the Martinez defendants' use at trial of in-court audiovisual services, it did not approve these expenses before they were incurred.

The Martinez defendants' reliance on *Perez* is misplaced because that case is distinguishable factually and procedurally. In *Perez* the Fifth Circuit, while citing its *Louisiana Power* precedent, held that the district court did not abuse its discretion in approving costs for trial exhibits where the "defendants listed the trial exhibits in the pretrial order and provided the court a copy of their trial notebooks." *Perez*, 165 F.3d at 374 (citing *La. Power*, 50 F.3d at 335). But the court also noted that the plaintiffs had neither challenged the necessity of the copies nor provided any support for their assertion that the district court

- 18 -

abused its discretion by failing to require that defendants produce receipts. In the present case, Hoffman has challenged the awardability of such costs where prior approval was not obtained.

Accordingly, the court disallows the sum of $15,498.75 that the Martinez defendants incurred for "in-court audio-visual services" provided during trial by Legal Media.

\* \* \*

For the foregoing reasons, the court grants in part and denies in part Hoffman's December 15, 2014 motion for sanctions, and its directs that Hoffman submit her brief and evidence supporting her claim for attorney's fees and expenses within 28 days of the date this memorandum opinion and order is filed. The court grants in part and denies in part Hoffman's December 29, 2014 renewed motion to retax costs.

**SO ORDERED**.

March 6, 2015.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE